# EXHIBIT F

# TAB 1

**Bexar County, TX Official Records Search**
**Alamo Heights, San Antonio, TX 78209**
**Results for "340 Treeline Park" (Sept. 27, 2021)**
**https://bexar.tx.publicsearch.us/**



🔍 **NEW SEARCH**   ✕

**1-41 of 41 results for "340 Treeline Park + 01/01/1753-09/...**

**Department:** Land Records | **Arranged By** Recorded Date ■ | **Results Per Page:** 50 ■ | ✏ **Edit Search Criteria**

**CERTIFIED THROUGH:**
**9/23/2021**

≡   ▼ Add to Cart

### Document Types ⌄

🔍 Filter Document Types

› OPR

› UCC RP

### Recorded Years ⌄

☐ **2020-Present (4)**   ›

☐ **2010-2019 (31)**   ›

☐ **2000-2009 (6)**   ›



DEED                                           Add To Cart ■

*03/20/2003*

| | |
|---|---|
| Document Number: | 20030068891 |
| Number of Pages: | 2 |
| Recorded Date: | 03/20/2003 |
| Consideration: | 32800 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/9899/1870 |
| Instrument Date: | 03/17/2003 |

Bacfi 22536216389 1 22—2079 WARRANTY DEED WITH VENDOR'S LIEN STATE OF TEXAS § mow ALL MEN BY THESE PRESENTS: COUNTY or BEXAR § DATE: March 5, 2003 That Timberwow Development Company, a Texas Limited P

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| TIMBERWOOD DEVELOPMENT COMPANY | HERNANDEZ ALBERT | Subdivision- Name: TIMBERWOOD PARK #22 Block: 94, PlatRef - 09501 / 0092  BEING TRACT 1 | 340 TREELINE PARK D216, SAN ANTONIO, TEXAS, 78209 |

RELEASE                                        Add To Cart ■

*12/10/2003*

| | |
|---|---|
| Document Number: | 20030318327 |
| Number of Pages: | 1 |
| Recorded Date: | 12/10/2003 |

Consideration:      0

| | |
|---|---|
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/10466/104 |
| **Instrument Date:** | 09/04/2003 |

Dani}? EEEEEE 1 8387 Recording Requested By: Edit Default Recording Reg. Bv When Recorded Return To: Nancy Lipton 8511 Fairway Trl Fairoaks Ranch, TX 78015 RELEASE OF LIEN Washington Mutual — "316

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| WASHINGTON MUTUAL BANK FA | LIPTON BARRY<br><br>LIPTON NANCY J | | 340 TREELINE PARK #832, SAN ANTONIO, TEXAS, 78209 |

---

E A S E M E N T             Add To Cart ■

### *04/02/2004*

| | |
|---|---|
| **Document Number:** | 20040069557 |
| **Number of Pages:** | 4 |
| **Recorded Date:** | 04/02/2004 |
| **Consideration:** | 0 |
| | |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/10656/2325 |
| **Instrument Date:** | 01/14/2004 |

efib eta??? 1. Grant of Easement In consideration of $10, and for other good and valuable consideration, the receipt and sufficiency of which are aclmowledged, ("Owner") grants Time Warner Cable, San A

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| CRESCENT HOLDING LLP | TIME WARNER CABLE INC SAN ANTONIO DIVISION | Subdivision- Name: LORENZ ADDN Lot: 67 NCB: 11929, CBLK: 5011,, PlatRef - 03025 / 0163<br><br>Survey- Name: 1 Survey: 599<br><br>And 1 more... | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |



### AGREEMENT

Add To Cart ■

### 07/27/2007

| | |
|---|---|
| Document Number: | 20070176259 |
| Number of Pages: | 26 |
| Recorded Date: | 07/27/2007 |
| Consideration: | 22750000 |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/13018/2186 |
| Instrument Date: | 07/26/2007 |

Book 13018 Page 2186 26pgs Doc# 20070176259 FILED BY PRESIDIO TITLE Loan No.: 50-2860942
The Crescent Apartments PARTIAL LOAN ASSUMPTION AGREEMENT Dated: July 9—0, 2007
Property Location: 340 Treelin

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| SCI CRESCENT SA FUND 14 LLC<br><br>SCI CRESCENT SA FUND 16 LLC<br><br>And 12 more... | WACHOVIA BANK NATIONAL ASSOCIATION | BEING 14.60A<br><br>Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 09525 / 0151<br><br>And 2 more... | 340 TREELINE PARK, SAN ANTONIO, TEXAS |

### UCC

Add To Cart ■

*07/22/2009*



| Document Number: | 20090139423 |
| --- | --- |
| Number of Pages: | 2 |
| Recorded Date: | 07/22/2009 |
| Consideration: | 0 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/14091/1934 |
| Instrument Date: | 07/22/2009 |

llllllllllllgllglylllllllllllllllllllllll |||| UCC FINANCING STATEMENT AMENDMENT FOLLOW INSTRUCTIONS (front and back) CAREFULLY A, NAME & PHONE or CONTACT AT FILER [optional] Kelli Cunningham (405

| Grantor | Grantee | Legal Description | Property Address |
| --- | --- | --- | --- |
| SCI CRESCENT SA FUND LLC | US BANK NATIONAL ASSOCIATION | UCC ASSIGNMENT | 340 TREELINE PARK, SAN ANTONIO, TEXAS |
| SCI CRESCENT SA FUND 12 LLC | | | |
| And 13 more... | | | |

UCC                                          Add To Cart ■

*07/22/2009*

| Document Number: | 20090139422 |
| --- | --- |
| Number of Pages: | 2 |
| Recorded Date: | 07/22/2009 |
| Consideration: | 0 |

| | |
|---|---|
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/14091/1932 |
| **Instrument Date:** | 07/22/2009 |

lllllllllallllllyllyllglyllllllllllllllllll ucc FINANCING STATEMENT AMENDMENT FOLLOW INSTRUCTIONS front and back CAREFULLY A NAME & PHONE OF CONTACT AT FILER [optional] Kelli Cunningham (405) 236—

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| SCI CRESCENT SA FUND 20 LLC | US BANK NATIONAL ASSOCIATION | UCC ASSIGNMENT | 340 TREELINE PARK, SAN ANTONIO, TEXAS |
| SCI CRESCENT SA FUND 13 LLC | | | |
| And 12 more... | | | |

---

AFFIDAVIT            Add To Cart ◼

*06/01/2010*

| | |
|---|---|
| **Document Number:** | 20100096301 |
| **Number of Pages:** | 2 |
| **Recorded Date:** | 06/01/2010 |
| **Consideration:** | 11015.89 |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/14501/2117 |
| **Instrument Date:** | 05/25/2010 |

it!"llilllllziglgiglggiwllminimumIn -51- AFFIDAVIT CLAIMING MECHANIC'S AND MATERIALMAN'S LIEN AND TEXAS CONSTITUTIONAL LIEN FOR REMOVABLES STATE OF TEXAS COUNTY OF BEXAR BEFORE ME, the undersigned aut

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| | | | |

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|
| SCI CRESCENT-PUENTE FUND LLC | IMPACT FLOORS OF TEXAS LP | Subdivision- Name: CRESCENT Lot: 67 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

### RELEASE

Add To Cart ■

## 10/28/2010



| | |
|---|---|
| Document Number: | 20100194558 |
| Number of Pages: | 2 |
| Recorded Date: | 10/28/2010 |
| Consideration: | 11015.89 |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/14704/721 |
| Instrument Date: | 10/25/2010 |

5 ' ' IIIIIIIIIIIIIIIIIII|II|IIIIIII||I__|IIIIIIII|II||I —81—2 210 0190 RELEASE OF MECHANIC 'S LIEN STATE OF TEXAS COUNTY OF BEXAR 1. Impact Floors of Texas, L.P., (Hereinafter "Claimant"), cau

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|
| IMPACT FLOORS OF TEXAS LP | SCI CRESCENT-PUENTE FUND LLC | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, ALAMO HEIGHTS, TEXAS, 78209 |

### AFFIDAVIT

Add To Cart ■

## 06/20/2011



| | |
|---|---|
| Document Number: | 20110105495 |
| Number of Pages: | 9 |
| Recorded Date: | 06/20/2011 |
| Consideration: | 3919.8 |

| Document Status: | Complete |
| Book/Volume/Page: | OPR/15008/1222 |
| Instrument Date: | 06/15/2011 |

MECHANIC'S AND MATERIALMAN'S LIEN AFFIDAVIT THE STATE OF TEXAS § § IIIIIIIIIIIIIIIIIIIII IIIIIIIIIIIIIIIIIIIIIIIII COUNTY OF BEXAR § 1 010'" BEFORE ME, the undersigned authority, on this day perso

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| SCT CRESCENT PUENTE FUND LLC | ARBOR CONTRACT CARPET INC | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

STATEMENT                                    Add To Cart ■

*07/14/2011*

| Document Number: | 20110122907 |
| Number of Pages: | 2 |
| Recorded Date: | 07/14/2011 |
| Consideration: | 1095 |

| Document Status: | Complete |
| Book/Volume/Page: | OPR/15045/1284 |
| Instrument Date: | 07/14/2011 |

MAIN STREET Q LU g PROPERTIES ® 0 ' I m IIIIIIIIJIIIIMIIIIIIIIIII2IIIIIIII_III1IIIIIIIIIIIIIIIII ii'éli'iéli'rfié'ccéflffi internacional Realty SCI CRESENT — PUENTE FUND LLC Austin, TX 405 N. St. Mary

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| POPE NADIA<br>PRIETO ANDREA | MAIN STREET PROPERTIES | Subdivision- Name: CRESCENT APARTMENTS Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

---

### RELEASE

Add To Cart ◼



## *10/03/2011*

| | |
|---|---|
| Document Number: | 20110176663 |
| Number of Pages: | 3 |
| Recorded Date: | 10/03/2011 |
| Consideration: | 0 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/15164/609 |
| Instrument Date: | 09/30/2011 |

RELEASE OF MECHANIC'S AND MATERIALMAN 'S LIEN mmmmm g
[llllllllllzllyllgllyﬂﬂﬂglllllllllllllllllll COUNTY OF BEXAR S BEFORE ME, the undersigned authority,
personally appeared David E. Thomas, Affian

---

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ARBOR CONTRACT CARPET INC | NOT GIVEN | Subdivision- Name: CRESCENT APARTMENTS Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

---

### AFFIDAVIT

Add To Cart ◼



## *06/22/2015*

| | |
|---|---|
| Document Number: | 20150111529 |
| Number of Pages: | 3 |
| Recorded Date: | 06/22/2015 |
| Consideration: | 27075.91 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/17303/1062 |
| Instrument Date: | 06/18/2015 |



) are A "MED HIIII ll li" || lllllllllllflllllll P 2—20150111529 STATUTORY AFFIDAVIT FOR FIXING MECHANIC'S LIEN ON REAL PROPERTY 1, Darlene Kirk, affiant, as agent for Color Genesis Contract Services,

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| INTERNATIONAL REALTY MANAGEMENT<br><br>SCI CRESCENT-PUENTE FUND LLC | COLOR GENESIS CONTRACT SERVICES LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151<br><br>SEE INSTR | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |

LIEN           Add To Cart ■

## *02/25/2016*

| | |
|---|---|
| Document Number: | 20160034481 |
| Number of Pages: | 4 |
| Recorded Date: | 02/25/2016 |
| Consideration: | 31010.03 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/17712/363 |
| Instrument Date: | 01/27/2016 |

Book 17712 Page 363 4pgs Doc# 20160034481 NOTICE OF CONSTITUTIONAL LIEN STATE OF TEXAS § COUNTY OF BEXAR g BEFORE ME, the undersigned authority, personally appeared NAUM RAVIT'SKY, who, upon his oath

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| SCI CRESCENT SA FUND 18 LLC<br><br>CRESCENT APARTMENTS<br><br>And 14 more... | ELITE APARTMENT SERVICES INC<br><br>ELITE APARTMENT SERVICES-SAN ANTONIO | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |



LIEN                                    Add To Cart  ■

*04/21/2016*

| | |
|---|---|
| **Document Number:** | 20160073275 |
| **Number of Pages:** | 2 |
| **Recorded Date:** | 04/21/2016 |
| **Consideration:** | 2158.36 |
| | |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/17810/2460 |
| **Instrument Date:** | 04/15/2016 |

ll lllZll l lZllllllllllllllll'lllll lllllll 63007 LIEN AFFIDAVIT AND CLAIM The State of TEXAS § County of Bexar § |, Diana Alvarez, affiant as agent for Maintenance Supply Headquarters, L.P., doi

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| CRESCENT APARTMENTS<br><br>SCI CRESCENT-PUENTE FUND LLC | MAINTENANCE SUPPLY HEADQUARTERS LP | Subdivision- Lot: 67, 83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209-1888 |



RELEASE                                 Add To Cart  ■

*11/07/2016*

| | |
|---|---|
| **Document Number:** | 20160220886 |

Number of Pages:        2

Recorded Date:          11/07/2016

Consideration:          31010.03

Document Status:        Complete

Book/Volume/Page:       OPR/18191/774

Instrument Date:        10/31/2016

Book 18191 Page 774 2pgs V Doc# 20160220886 RELEASE OF CONSTITUTIONAL LIEN STATE OF
TEXAS § _ § KNOW ALL MEN BY THESE PRESENTS: COUNTY OF BEXAR § The undersigned, of the
County of Bexar and State of

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ELITE APARTMENT SERVICES INC | CRESCENT APARTMENTS<br><br>SCI CRESCENT-PUENTE FUND LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163<br><br>And 1 more... | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |

MECHANICS LIEN                                   Add To Cart ■

### 04/27/2017

Document Number:        20170078652

Number of Pages:        6

Recorded Date:          04/27/2017

Consideration:          17452.53

Document Status:        Complete

Book/Volume/Page:       OPR/18479/1989

Instrument Date:        04/27/2017



Book 18479 Page 1989 6pgs Doc# 20170078652 MECHANIC'S AND MATERIALMAN'S LIEN AFFIDAVIT
STATE OF TEXAS § COUNTY OF BEXAR g BEFORE ME, the undersigned authority, personally
appeared NAUM RAVITSKY, who,

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| SCI CRESCENT SA FUND LLC<br><br>CRESCENT APARTMENTS<br><br>And 13 more... | ELITE APARTMENT SERVICES-SAN ANTONIO<br><br>ELITE APARTMENT SERVICES INC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |

## POWER OF ATTORNEY

Add To Cart ■

### 06/13/2017



| Document Number: | 20170113257 |
|---|---|
| Number of Pages: | 4 |
| Recorded Date: | 06/13/2017 |
| Consideration: | 0 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18566/493 |
| Instrument Date: | 05/03/2017 |

Book 18566 Page 493 4pgs Doc# 20170113257 LIMITED POWER OF ATTORNEY I, the undersigned, the authorized Member of SCI CRESCENT SA FUND 17, LLC, a Delaware limited liability company (the "LLC") hereby

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| SCI CRESCENT SA FUND 17 LLC | NATIONAL ASSET SERVICES INC | | 340 TREELINE PARK, SAN ANTONIO, TEXAS, - |

## ASSIGNMENT

Add To Cart ■

### 06/13/2017

| | |
|---|---|
| Document Number: | 20170113374 |
| Number of Pages: | 18 |
| Recorded Date: | 06/13/2017 |
| Consideration: | 32750000 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18566/1217 |
| Instrument Date: | 06/12/2017 |



Book 18566 Page 1217 18pgs Doc# 201701 13374 AH EBEX CRESCENT, LLC to ARBOR COMMERCIAL MORTGAGE, LLC ASSIGNMENT 0F LEASES AND RENTS Dated as of June 12, 2017 Location: 340 Treelinc Park, San Anto

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| AH EBEX CRESCENT LLC | ARBOR COMMERCIAL MORTGAGE LLC | Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163<br><br>Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, - |

---

DEED OF TRUST                                             Add To Cart ■

*06/13/2017*

| | |
|---|---|
| Document Number: | 20170113373 |
| Number of Pages: | 24 |
| Recorded Date: | 06/13/2017 |
| Consideration: | 32750000 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18566/1193 |
| Instrument Date: | 06/12/2017 |

Book 18566 Page 1193 24pgs Doc# 20170113373 NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TR

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|
| AH EBEX CRESCENT LLC | ARBOR COMMERCIAL MORTGAGE LLC | Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163 <br><br> Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, - |

### UCC 1 REAL PROPERTY

*06/13/2017*

Add To Cart ■

| | |
|---|---|
| **Document Number:** | 20170113375 |
| **Number of Pages:** | 8 |
| **Recorded Date:** | 06/13/2017 |
| **Consideration:** | 0 |
| | |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/18566/1235 |
| **Instrument Date:** | 06/13/2017 |

Book 18566 Page 1235 8pgs Doc# 20170113375 UCC FINANCING STATEMENT FOLLOWINSTRUCTIONS A. NAME & PHONE OF CONTACT AT FILER (optional) Steve A. Hantz, Esq. a. E-MAIL CONTACT AT FILER (optional) C

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|------------------|------------------|
| AH EBEX CRESCENT LLC | ARBOR COMMERCIAL MORTGAGE LLC | Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163 <br><br> Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, - |

---

RELEASE                                    Add To Cart ■

### 06/13/2017



| | |
|---|---|
| **Document Number:** | 20170113241 |
| **Number of Pages:** | 2 |
| **Recorded Date:** | 06/13/2017 |
| **Consideration:** | 2158.36 |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | OPR/18566/432 |
| **Instrument Date:** | 04/21/2017 |

Book 18566 Page 432 2pgs Doc# 20170113241 UNCONDITIONAL — FINAL WAIVER AND RELEASE Property Name: Crescent Apartments Project Location: 340 Treeline Park San Antonio, TX Undersigned's Customer: SCI C

---

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|------------------|------------------|
| MAINTENANCE SUPPLY HEADQUARTERS | INTERNACIONAL REALTY INC <br><br> SCI CRESCENT-PUENTE FUND LLC | | 340 TREELINE PARK, SAN ANTONIO, TEXAS, - |



RELEASE                                              Add To Cart ■

## 06/27/2017



| Document Number: | 20170123362 |
|---|---|
| Number of Pages: | 2 |
| Recorded Date: | 06/27/2017 |
| Consideration: | 20385.84 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18591/587 |
| Instrument Date: | 06/09/2017 |

Book 18591 Page 587 2pgs Doc# 20170123362 inicrnocionol .» I" WAIVER AND RELEASE OF LIEN
PROPERTY ADDRESS: OWNER'S MANAGING AGENT: Crescent at Alamo Heights Intemacional
Realty Management, LLC 340

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ELITE APARTMENT SERVICES INC | CRESCENT AT ALAMO HEIGHTS<br><br>INTERNACIONAL REALTY MANAGEMENT LLC | | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |

RELEASE                                              Add To Cart ■

## 07/11/2017

| Document Number: | 20170134039 |
|---|---|
| Number of Pages: | 3 |
| Recorded Date: | 07/11/2017 |
| Consideration: | 0 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18618/1232 |
| Instrument Date: | 07/10/2017 |

Book 18618 Page 1232 3pgs L -- When Recorded Return To: Prepared By: CT LIEN SOLUTIONS CT LIEN SOLUTIONS PO BOX 29071 FRAVALLIKA GELLA GLENDALE. CA 91209-9071 PO BOX 29071 Phone 800-331-3282 GLENDA

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|
| US BANK NATIONAL ASSOCIATION | SCI CRESCENT SA FUND 10 LLC | | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |
| | SCI CRESCENT-JADE FUND 5 LLC | | |
| | And 12 more... | | |

**RELEASE**                                              Add To Cart ■

*07/11/2017*

| | |
|---|---|
| Document Number: | 20170134040 |
| Number of Pages: | 3 |
| Recorded Date: | 07/11/2017 |
| Consideration: | 22750000 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18618/1235 |
| Instrument Date: | 07/10/2017 |

Book 18618 Page 1235 3pgs Doc# 20170134040 When Recorded Return To: ' Prepared By: CT LIEN SOLUTIONS CT LIEN SOLUTIONS PO BOX 29071 PO BOX 29071 GLENDALE, CA 91209-9071 GLENDALE, CA 91209-9071 Phon

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|

| Grantor | Grantee | Legal Description | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |
|---|---|---|---|
| US BANK NATIONAL ASSOCIATION | SCI CRESCENT-JADE FUND 5 LLC | | |
| | SCI CRESCENT-JADE FUND 7 LLC | | |
| | And 12 more... | | |

## UCC 1 REAL PROPERTY

Add To Cart ■

### 09/29/2017



| Document Number: | 20170193667 |
|---|---|
| Number of Pages: | 8 |
| Recorded Date: | 09/29/2017 |
| Consideration: | 0 |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18767/2482 |
| Instrument Date: | 09/29/2017 |

Book 18767 Page 2482 8pgs Doc# 20170193667 ||||I UCC FINANCING STATEMENT AMENDMENT FOLLOW INSTRUCTIONS A. NAME 8 PHONE OF CONTACT AT FILER (optional) Phone: (300) 331—3232 Fax: (313) 662-4141 B. E-MAI

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| AH EBEX CRESCENT LLC | ACM CAP ONE FUNDING LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |
| ARBOR COMMERCIAL MORTGAGE LLC | | Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163 | |
| | | And 1 more... | |

## UCC 1 REAL PROPERTY

Add To Cart ■

### 12/28/2017



| Document Number: | 20170254292 |
|---|---|
| Number of Pages: | 8 |
| Recorded Date: | 12/28/2017 |
| Consideration: | 0 |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18919/1318 |
| Instrument Date: | 12/28/2017 |

Book 18919 Page 1318 8pgs Doc# 20170254292 |||| UCC FINANCING STATEMENT AMENDMENT FOLLOW INSTRUCTIONS A. NAME 8 PHONE OF CONTACT AT FILER (optional) Phone: (300) 331—3232 Fax: (313) 662-4141 B. E-MAI

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ACM CAP ONE FUNDING LLC<br><br>AH EBEX CRESCENT LLC | ARBOR REALTY SR INC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163<br><br>And 1 more... | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |

UCC 1 REAL PROPERTY                                          Add To Cart ▪

## 12/29/2017

| Document Number: | 20170254840 |
|---|---|
| Number of Pages: | 8 |
| Recorded Date: | 12/29/2017 |
| Consideration: | 0 |
| Document Status: | Complete |
| Book/Volume/Page: | OPR/18921/436 |
| Instrument Date: | 12/29/2017 |

Book 18921 Page 436 8pgs Doc# 20170254840 |||I UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS A. NAME 8 PHONE OF CONTACT AT FILER (optional) Phone: (300) 331—
3232 Fax: (313) 662-4141 B. E-MAIL

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|------------------|------------------|
| ARBOR REALTY SR INC | ARBOR REALTY COMMERCIAL REAL ESTATE NOTES 2017-FL3 LTD | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, PlatRef - 9525 / 151 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209- |
| | | Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, PlatRef - 3025 / 163 | |
| | | And 1 more... | |

LIEN

*11/27/2018*

Add To Cart ■

| | |
|---|---|
| **Document Number:** | 20180231257 |
| **Number of Pages:** | 4 |
| **Recorded Date:** | 11/27/2018 |
| **Consideration:** | 25000 |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | --/--/-- |
| **Instrument Date:** | 11/26/2018 |

Prepared by, recording requested by and return to: Name; Haijian Fan Company: APlus
Engineering, LLC Address: 340 Treeline Park Apt 1035 San Antonio, Texas 78209 Phone: 210-776-
6026 Fax: N/A Doo# 2

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|------------------|------------------|
| DE LA GARZA ADRIANA  DE LA GARZA NOE | FAN HAIJIAN | Subdivision- Name: OAKS AT SONTERRA #3A Lot: 22 Block: 18 NCB: 17612, | 340 TREELINE PARK APT 1035, 78209 |

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|

**AFFIDAVIT**             Add To Cart ■

*07/17/2019*

| | |
|---|---|
| Document Number: | 20190136939 |
| Number of Pages: | 3 |
| Recorded Date: | 07/17/2019 |
| Consideration: | 456.55 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 07/15/2019 |

Doo# 20190136939 07/17/2019 1:24PM Page 1 of 3 Lucy Adame—Clark, Bexar County Clerk
AFFIDAVIT FOR MECHANIC'S AND MATERIALMAN'S LIEN State of Texas, County Of Bexar BEFORE
ME, the undersigned authorit

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| AH EBEX CRESCENT LLC QUARRY STATION APARTMENTS | SA QUALITY FENCE LTD | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

**AFFIDAVIT**             Add To Cart ■

*07/17/2019*

| | |
|---|---|
| Document Number: | 20190136937 |
| Number of Pages: | 3 |
| Recorded Date: | 07/17/2019 |
| Consideration: | 147.5 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 07/15/2019 |

Doc# 20190136937 07/17/2019 1:24PM Page 1 of 3 Lucy Adame—Clark, Bexar County Clerk
AFFIDAVIT FOR MECHANIC'S AND MATERIALMAN'S LIEN State of Texas, County Of Bexar BEFORE
ME, the undersigned authorit

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|
| AH EBEX CRESCENT LLC  QUARRY STATION APARTMENTS | SA QUALITY FENCE LTD | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

## RELEASE                                  Add To Cart ■

### 08/08/2019

| | |
|---|---|
| Document Number: | 20190155377 |
| Number of Pages: | 2 |
| Recorded Date: | 08/08/2019 |
| Consideration: | 2248.89 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 08/08/2019 |

Doc# 20190155377 08/08/2019 2:57PM Page 1 of 2 Lucy Adame—Clark, Bexar County Clerk
Sanivac® s" Release of Mechanic's and Materialman's Lien Claimant: Sanivac Davis Mfg. . Property:
Quarry Statio

| Grantor | Grantee | Legal Description | Property Address |
|---------|---------|-------------------|------------------|
| SANIVAC DAVIS MFG | QUARRY STATION APARTMENTS  QUARRY STATION APTS | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

UCC 3 REAL PROPERTY                          Add To Cart ■

### *10/02/2019*

| | |
|---|---|
| Document Number: | 20190198305 |
| Number of Pages: | 8 |
| Recorded Date: | 10/02/2019 |
| Consideration: | 0 |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 10/02/2019 |

υ UCC FINANCING STATEMENT AMENDMENT FOLLOW INSTRUCTIONS A. NAME & PHONE OF CONTACT AT FILER (optional) Name: Wolters Kluwer Lien Solutions Phone: 800—331-3282 Fax: 818-6624141 B. E-MAIL CONTACT A



| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ARBOR REALTY COMMERCIAL REAL ESTATE NOTES 2017-FL3 LTD | AH EBEX CRESCENT LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151 <br><br> TERMINATION <br><br> And 1 more... | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

ASSIGNMENT                          Add To Cart ■

### *10/03/2019*

| | |
|---|---|
| Document Number: | 20190199176 |
| Number of Pages: | 5 |
| Recorded Date: | 10/03/2019 |
| Consideration: | 0 |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |

Instrument Date:            09/26/2019

Doc# 20190199176 1010312019 10:19AM Page 1 of 5 Lucy Adame—Clark, Bexar County Clerk
Prepared by, and after recording return to: Higier Allen & Lautin, RC. 2711 North Haskell Avenue,
Suite 2400 Dalla

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| 340 TREELINE PARK LLC | FEDERAL HOME LOAN MORTGAGE CORPORATION | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, Reference - 3025 / 163 | |

---

### DEED OF TRUST                              Add To Cart ■

*10/03/2019*

| | |
|---|---|
| Document Number: | 20190199175 |
| Number of Pages: | 31 |
| Recorded Date: | 10/03/2019 |
| Consideration: | 0 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 09/26/2019 |



Doc# 20190199175 10I03I2019 10:19AM Page 1 of 31 Lucy Adame—Clark, Bexar County Clerk After
recording return to: Higier Allen & Lautin, RC. 271 1 North Haskell Avenue, Suite 2400 Dallas, Texas
75204

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| | | | |

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| 340 TREELINE PARK LLC | ARBOR AGENCY LENDING LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, Reference - 3025 / 163 | |

---

UCC 3 REAL PROPERTY                     Add To Cart ■

### *10/03/2019*

| | |
|---|---|
| **Document Number:** | 20190199173 |
| **Number of Pages:** | 4 |
| **Recorded Date:** | 10/03/2019 |
| **Consideration:** | 0 |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | --/--/-- |
| **Instrument Date:** | 10/03/2019 |

Doc# 20190199173 10/03/2019 10:19AM Page 1 of4 UCC FINANCING STATEMENT AMENDMENT FOLLOW INSTRUCTIONS A. NAME & PHONE OF CONTACT AT FILER (optional) B. E—MAIL CONTACT AT FILER (optional) C SEN



---

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ARBOR REALTY | AH EBEX CRESCENT LLC | Subdivision- Name: | 340 TREELINE PARK, SAN |

COMMERCIAL REAL
ESTATE NOTES 2017-FL3
LTD

Grantee

ALAMO CEMENT #3C Lot:
83 NCB: 11890,, Reference
- 9525 / 151

ANTONIO, TEXAS, 78209

Property Address

Subdivision- Name:
LORENZ ADDITION Lot: 67
NCB: 11890,, Reference -
3025 / 163

And 1 more...

---

### TERMINATION

Add To Cart ■

## *10/03/2019*

| | |
|---|---|
| Document Number: | 20190199172 |
| Number of Pages: | 4 |
| Recorded Date: | 10/03/2019 |
| Consideration: | 0 |
| | |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 09/26/2019 |

Doc# 20190199172 1010312019 10:19AM Page 1 of 4 Lucy Adame—Clark, Bexar County Clerk
PREPARED BY AND UPON RECORDATION RETURN TO: Arbor Multifamily Lending. LLC 333 Earle
Ovington Blvd, Suite 900 Unio

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ARBOR REALTY COMMERCIAL REAL ESTATE NOTES 2017-FL3 LTD | AH EBEX CRESCENT LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151

Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, Reference - 3025 / 163 | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78209 |

---

### DEED

Add To Cart ■

## *10/03/2019*



| Document Number: | 20190199174 |
| Number of Pages: | 6 |
| Recorded Date: | 10/03/2019 |
| Consideration: | 0 |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 09/26/2019 |

Doc# 20190199174 1010312019 10:19AM Page 1 of 6 Lucy Adame—Clark, Bexar County Clerk
Special Warranty Deed NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON,
YOU MAY REMOVE OR STRIKE ANY

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| AH EBEX CRESCENT LLC | 340 TREELINE PARK LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151 | |
| | | Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, Reference - 3025 / 163 | |

---

AFFIDAVIT                                    Add To Cart ■

*05/06/2020*

| Document Number: | 20200094470 |
| Number of Pages: | 4 |
| Recorded Date: | 05/06/2020 |
| Consideration: | 23858.9 |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 05/05/2020 |

Doc# 20200094470 05/06/2020 4:00PM 1 of 4 Lucy Adame—Clark, Bexar Clerk FOR OF § § OF BEXAR § ME, the undersigned authority, personally appeared Shannon Payne, who, under oath, stated the following:

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| 340 TREELINE PARK LLC | ALLIED FIRE PROTECTION-SA LP | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78253 |

RELEASE                                             Add To Cart ■

## 05/20/2020

| | |
|---|---|
| Document Number: | 20200105132 |
| Number of Pages: | 4 |
| Recorded Date: | 05/20/2020 |
| Consideration: | 23858.9 |
| Document Status: | Complete |
| Book/Volume/Page: | --/--/-- |
| Instrument Date: | 05/19/2020 |

Doc# 20200105132 05/20/2020 12:16PM Page 1 of 4 Lucy Adame-Clark, Bexar County Clerk RELEASE OF LIEN THE STATE OF TEXAS § § COUNTY OF BEXAR § OWNER(S) OF REAL PROPERTY: AH Ebex Crescent, LLC, whose l

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ALLIED FIRE PROTECTION SA LP | 340 TREELINE PARK LLC | Subdivision- Lot: 67,83 NCB: 11890, | 340 TREELINE PARK, SAN ANTONIO, TEXAS, 78253 |

MECHANICS LIEN                                      Add To Cart ■

## 07/12/2021

| | |
|---|---|
| Document Number: | 20210189775 |
| Number of Pages: | 7 |
| Recorded Date: | 07/12/2021 |

Consideration: 432849.32

| | |
|---|---|
| **Document Status:** | Complete |
| **Book/Volume/Page:** | --/--/-- |
| **Instrument Date:** | 07/12/2021 |

Doc# 20210189775 07/12/2021 3:46PM Page 1 of 7 Lucy Adame-Clark, Bexar County Clerk
AFFIDAVIT FOR MECHANIC*S AND MATERIALMAN'S LIEN STATE OF FLORIDA COUNTY OF BROWARD
BEFORE ME, the undersigned autho

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| 340 TREELINE PARK LLC | ABC SUPPLY CO INC<br><br>AMERICAN BUILDERS AND CONTRACTORS SUPPLY CO INC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, Reference - 3025 / 163 | |

RELEASE                                          Add To Cart  ■

*09/21/2021*

| | |
|---|---|
| **Document Number:** | 20210262767 |
| **Number of Pages:** | 3 |
| **Recorded Date:** | 09/21/2021 |
| **Consideration:** | 0 |
| **Document Status:** | Complete |
| **Book/Volume/Page:** | --/--/-- |
| **Instrument Date:** | 09/21/2021 |

Doc# 20210262767 09/21/2021 11:10AM Page 1 of 3 Lucy Adame-Clark, Bexar County Clerk
RELEASE OF MECHANIC'S AND MATERIALMAN'S LIEN KNOW ALL MEN BY THESE PRESENTS STATE
OF TEXAS COUNTY OF BEXAR On July

© 2021 Bexar County, Texas. All Rights Reserved

9/27/2021

| Grantor | Grantee | Legal Description | Property Address |
|---|---|---|---|
| ABC SUPPLY CO INC<br><br>AMERICAN BUILDERS AND CONTRACTORS SUPPLY CO INC | 340 TREELINE PARK LLC | Subdivision- Name: ALAMO CEMENT #3C Lot: 83 NCB: 11890,, Reference - 9525 / 151<br><br>Subdivision- Name: LORENZ ADDITION Lot: 67 NCB: 11890,, Reference - 3025 / 163 | |



# TAB 2

**Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing**
**AH Ebex Crescent, LLC to Arbor Commercial Mortgage, LLC –**
**June 13, 2017**
**https://bexar.tx.publicsearch.us/**

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

(This document serves as a Fixture Filing under Section 9.502 of the Texas Business and Commercial Code)

**AH EBEX CRESCENT, LLC**, a Texas limited liability company

as Grantor

to

**RONALD D. ADDISON**, an individual

as Trustee

For the Benefit of

**ARBOR COMMERCIAL MORTGAGE, LLC**, a New York limited liability company

as Beneficiary

DEED OF TRUST, ASSIGNMENT OF LEASES

AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

---

Dated as of June 12, 2017

Location:     340 Treeline Park, San Antonio, Texas
County:       Bexar

PREPARED BY AND UPON
RECORDATION RETURN TO:
Nelson Mullins Riley & Scarborough LLP
280 Park Avenue, 15th Floor West
New York, NY 10017
Attention: Steven A. Hantz, Esq.

THIS DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "Deed of Trust") is made as of the day of June 12, 2017 by AH EBEX CRESCENT, LLC, a Texas limited liability company, having an address at 333 Earle Ovington Boulevard, Uniondale, New York 11553 ("Grantor"), to RONALD D. ADDISON, an individual, having an address at 1244 Harwood Road, Suite 201, Bedford, Texas 76021, as Trustee ("Trustee"), for the benefit of ARBOR COMMERCIAL MORTGAGE, LLC, a New York limited liability company, having an address at 333 Earle Ovington Boulevard, Uniondale, New York 11553 ("Beneficiary").

## WITNESSETH:

WHEREAS, Grantor is the owner of the Property (hereinafter defined).

WHEREAS, Grantor and Beneficiary are entering into a certain Loan Agreement of even date herewith ("Loan Agreement") pursuant to which Beneficiary will make a loan ("Loan") to Grantor in the maximum principal amount of $32,750,000.00. The Loan also will be evidenced by Grantor's promissory note to Beneficiary of even date herewith ("Note").

WHEREAS, the obligations of Grantor under the Note are to be secured, in part, by this Deed of Trust;

NOW THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, and the mutual covenants herein contained, the parties hereto do hereby agree as follows:

## ARTICLE 1
## DEFINED TERMS

Capitalized terms used in this Deed of Trust and not specifically defined in this Deed of Trust have the meanings provided in the Loan Agreement.

## ARTICLE 2
## OBLIGATIONS SECURED

This Deed of Trust is given to secure the payment of the principal of, prepayment premium (if any) and interest on the Loan and all other obligations, liabilities or sums due or to become due under the Loan Agreement, the Note, or any other Loan Document, including, without limitation, interest on said obligations, liabilities or sums, the Exit Fee, and amounts advanced by Beneficiary to protect and preserve the Property and the liens hereby created for the benefit of Beneficiary (collectively, the "Debt"), and the performance of all other covenants, obligations and liabilities of Grantor pursuant to the Loan Documents (collectively with the Debt, the "Obligations").

## ARTICLE 3
## GRANT OF SECURITY

3.01   Deed of Trust Property.   Grantor does hereby irrevocably grant, bargain, sell, alien, demise, release, convey, assign, transfer, deed, hypothecate, pledge, set over, mortgage,

warrant and confirm to Trustee, forever with power of sale, all right, title and interest of Grantor in and to all of the following property, rights, interests and estates, to the extent now owned or hereafter acquired by Grantor (collectively, the "Property"):

(a)     the real property described in Exhibit A attached hereto and made a part hereof (individually and collectively, the "Premises");

(b)     (i) all buildings, foundations, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements of every kind or nature now or hereafter located on the Premises (collectively, the "Improvements"); and (ii) to the extent permitted by law, the name or names, if any, as may now or hereafter be used for each Improvement, and the goodwill associated therewith;

(c)     all easements, rights-of-way, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, ditches, ditch rights, reservoirs and reservoir rights, air rights and development rights, lateral support, drainage, gas, oil and mineral rights, tenements, hereditaments and appurtenances of any nature whatsoever, in any way belonging, relating or pertaining to the Premises or the Improvements and the reversion and reversions, remainder and remainders, whether existing or hereafter acquired, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and any and all sidewalks, drives, curbs, passageways, streets, spaces and alleys adjacent to or used in connection with the Premises and/or Improvements and all the estates, rights, titles, interests, property, possession, claim and demand whatsoever, both in law and in equity, of Grantor of, in and to the Premises and Improvements every part and parcel thereof, with the appurtenances thereto;

(d)     all machinery, equipment, fittings, apparatus, appliances, furniture, furnishings, tools, fixtures (including, but not limited to, all heating air conditioning, ventilating, waste disposal, sprinkler and fire and theft protection equipment, plumbing, lighting, communications and elevator fixtures) and other personal property and other property of every kind and nature whatsoever owned by Grantor, or in which Grantor has or shall have an interest, now or hereafter located upon, or in, and used in connection with the Premises or the Improvements, or appurtenant thereto, and all building equipment, materials and supplies of any nature whatsoever owned by Grantor, or in which Grantor has or shall have an interest, now or hereafter located upon, or in, and used in connection with the Premises or the Improvements or appurtenant thereto, (all of the foregoing items described in this paragraph (d) collectively, the "Equipment"), all of which, and any replacements, modifications, alterations and additions thereto, to the extent permitted by applicable law, shall be deemed to constitute fixtures (the "Fixtures"), and are part of the real estate and security for the payment of the Debt and the performance of Grantor's obligations. To the extent any portion of the Equipment is not real property or Fixtures under applicable law, it shall be deemed to be personal property, and this Deed of Trust shall constitute a security agreement creating a security interest therein in favor of Beneficiary under the UCC (hereinafter defined);

(e)     all awards or payments, including interest thereon, which may hereafter be made with respect to the Premises, the Improvements, the Fixtures, or the Equipment, whether from the exercise of the right of eminent domain (including but not limited to any transfer made

2

in lieu of or in anticipation of the exercise of said right), or for a change of grade, or for any other injury to or decrease in the value of the Premises, the Improvements or the Equipment or refunds with respect to the payment of property taxes and assessments, and all other proceeds of the conversion, voluntary or involuntary, of the Premises, Improvements, Equipment, Fixtures or any other Property or part thereof into cash or liquidated claims;

(f)     all leases, tenancies, licenses and other agreements affecting the use, enjoyment or occupancy of the Premises, the Improvements, the Fixtures, or the Equipment or any portion thereof now or hereafter entered into and all license agreements and other agreements with tenants (the "Leases"), together with all rents (including additional rents of any kind and percentage rents), rent equivalents, moneys payable as damages (including payments by reason of the rejection of a Lease in a bankruptcy proceeding) or in lieu of rent or rent equivalents, royalties (including, without limitation, all oil and gas or other mineral royalties and bonuses), income, receivables, receipts, revenues, deposits (including security, utility and other deposits), accounts, cash, issues, profits, charges for services rendered, and other payments and consideration of whatever form or nature received by or paid to or for the account of or benefit of Grantor or any of its agents or employees from any and all sources arising from or attributable to the Premises, the Improvements, the Fixtures or the Equipment, including charges for oil, gas, water, steam, heat, ventilation, air-conditioning, electricity, license fees, maintenance fees, charges for taxes, operating expenses or other amounts payable to Grantor (or for the account of Grantor), revenues from telephone services, laundry, vending, television and all receivables, customer obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of the Premises or rendering of services by Grantor, Property Manager, or any of their respective agents or employees and proceeds, if any, from business interruption or other loss of income insurance (the "Rents") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

(g)     all proceeds of and any unearned premiums on any insurance policies covering the Premises, the Improvements, the Fixtures, or the Equipment, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Premises, the Improvements, the Fixtures or the Equipment and all refunds or rebates of Impositions, and interest paid or payable with respect thereto;

(h)     all right, title and interest of every nature of Grantor in all monies deposited or to be deposited in any funds or accounts maintained or deposited with Beneficiary, or its assigns, in connection herewith;

(i)     all Property Agreements, accounts receivable, contract rights, franchises, interests, estate or other claims, both at law and in equity, relating to the Premises, the Improvements, the Fixtures or the Equipment, not included in Rents;

(j)     all claims against any Person with respect to any damage to the Premises, the Improvements, the Fixtures or Equipment including, without limitation, damage arising from any defect in or with respect to the design or construction of the improvements, the Fixtures or the Equipment and any damage resulting therefrom;

3

(k)     all deposits or other security or advance payments, including rental payments made by or on behalf of Grantor to others, with respect to (i) insurance policies, (ii) utility services, (iii) cleaning, maintenance, repair or similar services, (iv) refuse removal or sewer service, (v) parking or similar services or rights and (vi) rental of Equipment, if any, relating to or otherwise used in the operation of the Premises, Improvements, the Fixtures or Equipment;

(l)     all intangible property relating to the Premises, the Improvements, the Fixtures or the Equipment or its operation, including, without limitation, trade names, trademarks, logos, building names and goodwill;

(m)     all advertising material, guaranties, warranties, building permits, other permits, licenses, plans and specifications, shop and working drawings, soil tests, appraisals and other documents, materials and/or personal property of any kind now or hereafter existing in or relating to the Premises, the Improvements, the Fixtures, and the Equipment;

(n)     all surveys, drawings, designs, plans and specifications prepared by the architects, engineers, interior designers, landscape designers and any other consultants or professionals for the design, development, construction, repair and/or improvement of the Property, as amended from time to time;

(o)     the right, in the name of and on behalf of Grantor, to appear in and defend any action or proceeding brought with respect to the Premises, the Improvements, the Fixtures or the Equipment and to commence any action or proceeding to protect the interest of Beneficiary in the Premises, the Improvements, the Fixtures or the Equipment;

(p)     Any Rate Cap Agreement, including, but not limited to, all "accounts", "chattel paper", "general intangibles" and "investment property" (as such terms are defined in the Uniform Commercial Code as from time to time in effect) constituting or relating to the foregoing; and all products and proceeds of any of the foregoing; and

(q)     all proceeds of each of the foregoing.

TO HAVE AND TO HOLD the Property unto Trustee, its successors and assigns forever, and Grantor does hereby bind itself, its successors and assigns, IN TRUST, WITH POWER OF SALE, to secure payment to Beneficiary of the Debt at the time and in the manner provided for its payment in the Loan Agreement, the Note and in this Deed of Trust, to WARRANT AND FOREVER DEFEND the title to the Property unto Trustee against every person whomsoever lawfully claiming or to claim the same or any part thereof;

3.02     <u>Assignment of Leases</u>.   In order to further secure payment of the Debt and the performance of the Obligations, Grantor absolutely, presently and unconditionally grants, assigns and transfers to Beneficiary all of Grantor's right, title, interest and estate in, to and under (i) all of the Leases and Existing Guaranties affecting the Property and (ii) the Rents. Unless and until an Event of Default occurs, Grantor shall have a revocable license to collect the Rents (except as otherwise provided in this Deed of Trust) as and when they become due and payable. During the continuance of an Event of Default, the license granted hereinabove shall be automatically revoked, and Beneficiary or a receiver appointed in accordance with this Deed of Trust may

4

enter upon the Property, and collect, retain and apply the Rents toward payment of the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper. Beneficiary shall be liable to account only for the Rents actually received by Beneficiary pursuant to any provision of any Loan Document.

3.03    Security Agreement. This Deed of Trust is both a real property mortgage and a "security agreement" within the meaning of the UCC. The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Grantor in the Property. This Deed of Trust is filed as a fixture filing and covers goods that are or are to become fixtures on the Property. Grantor by executing and delivering this Deed of Trust has granted to Beneficiary, as security for the Debt, a security interest in the Property to the full extent that the Property may be subject to the UCC of the State (as defined in Section 3.05). Grantor hereby irrevocably authorizes Beneficiary to prepare, execute and file all initial financing statements, and any restatements, extensions, continuations, renewals or amendments thereof, in such form as Beneficiary may require to perfect or continue the perfection of this security interest or other statutory liens held by Beneficiary. Unless prohibited by applicable law, Grantor agrees to pay all reasonable expenses incident to the preparation, execution, filing and/or recording of any of the foregoing. With respect to any of the Property in which a security interest is not perfected by the filing of a financing statement, Grantor consents and agrees to undertake, and to cooperate fully with Beneficiary, to perfect the security interest hereby granted to Beneficiary in the Property. Without limiting the foregoing, if and to the extent any of the Property is held by a bailee for the benefit of Grantor, Grantor shall promptly notify Beneficiary thereof and, if required by Beneficiary, promptly obtain an acknowledgment from such bailee that is satisfactory to Beneficiary and confirms that such bailee holds the Property for the benefit of Beneficiary as secured party and shall only act upon instructions from Beneficiary with respect to the Property.

3.04    Pledge of Monies Held. Grantor hereby pledges to Beneficiary, as security for the Obligations, all money now or hereafter held by Beneficiary in escrow or reserve or on deposit pursuant to the terms hereof or pursuant to the Loan Agreement or any other Loan Document, until expended or applied as provided in this Deed of Trust or such other Loan Document.

3.05    Satisfaction and Release. If Grantor shall pay to Beneficiary the Debt, at the times and in the manner stipulated in the Loan Documents, and if Grantor shall perform and observe each of the other Obligations, then these presents and the estate hereby granted shall cease, terminate and be void .

ARTICLE 4
GRANTOR'S COVENANTS

4.01    Payment and Performance. Grantor will pay the Debt at the time and in the manner provided in the Loan Documents and fully and punctually perform the Obligations when and as required by the Loan Documents. Grantor may not prepay the Debt except as provided in the Loan Agreement.

4.02    Compliance with Loan Agreement. Grantor shall comply with all covenants and agreements in the Loan Agreement, including, without limitation, all obligations regarding the

5

ownership, operation, management and condition of the Property and the protection and perfection of the liens hereby created in favor of Beneficiary.  All of the covenants in the Loan Agreement are incorporated herein by reference  The covenants set forth in the Loan Agreement include, among other provisions:   (a) the prohibition against the further sale, transfer or encumbering of any of the Property or any interest in Grantor without Beneficiary's consent, except as otherwise permitted therein, (b) the obligation to pay when due all Impositions on the Property or assessed against Beneficiary with respect to the Loan, (c) the right of Beneficiary to inspect the Property, subject to the conditions set forth in the Loan Agreement, (d) the obligation to keep the Property insured, (e) the obligation to enter into Leases for all or any portion of the Property only in accordance with the terms of the Loan Agreement, and (f) the obligation to comply with all legal requirements (including environmental laws), maintain the Property in the condition required under the Loan Agreement, and promptly repair any damage or casualty if and to the extent required under the Loan Agreement.

4.03   Warranty of Title.  Grantor warrants that (a) it holds, subject only to the Permitted Encumbrances, good, insurable and indefeasible fee simple title to the Premises and the Improvements (together with the Premises, collectively, the "Realty") and Fixtures, and to all easements and rights benefiting the Realty and has the right to mortgage, give, grant, bargain, sell, alien, enfeoff, convey, confine, pledge, assign and/or hypothecate the Property.  Grantor further covenants to warrant and forever defend Beneficiary from and against all persons claiming any interest in the Property (other than tenants of the Property claiming rights to occupy portions of the Property, as tenants only), except with respect to the Permitted Encumbrances.

## ARTICLE 5
## DEFAULT

5.01   Events of Default.  The occurrence of an "Event of Default" as that term is defined under the Loan Agreement shall constitute an "Event of Default" under this Deed of Trust.

5.02   Remedies.

(a)   If an Event of Default occurs, Beneficiary may, at its option, and without prior notice or demand, exercise and hereby is authorized and empowered by Grantor so to exercise, any or all of the remedies set forth in the Loan Agreement or any other Loan Document (including, without limitation, the right to accelerate the Loan) or otherwise permitted by law or in equity.

(b)   Beneficiary's remedies under this Deed of Trust are cumulative with the remedies provided in the other Loan Documents, by law or in equity and may be exercised independently, concurrently or successively in Beneficiary's sole discretion and as often as occasion therefor shall arise.  Beneficiary's delay or failure to accelerate the Loan or exercise any other remedy upon the occurrence of an Event of Default shall not be deemed a waiver of such right as remedy.  No partial exercise by Beneficiary of any right or remedy will preclude further exercise thereof.  Notice or demand given to Grantor in any instance will not entitle Grantor to notice or demand in similar or other circumstances nor constitute Beneficiary's waiver of its right to take any future action in any circumstance without notice or demand

(except where expressly required by this Deed of Trust to be given). Beneficiary may release other security for the Debt, may release any party liable for the Debt, may grant extensions, renewals or forbearances with respect thereto, may accept a partial or past due payment or grant other indulgences, or may apply any other security held by it to payment of the Debt, in each case without prejudice to its rights under this Deed of Trust and without such action being deemed an accord and satisfaction or a reinstatement of the Debt. Beneficiary will not be deemed as a consequence of its delay or failure to act, or any forbearances granted, to have waived or be estopped from exercising any of its rights or remedies.

(c)     Grantor shall pay, on written demand by Beneficiary, all costs incurred by Beneficiary in (a) collecting any amount payable under the Loan Documents, or (b) enforcing its rights under the Loan Documents, in each case whether or not legal proceedings are commenced. Such fees and expenses include, without limitation, reasonable fees for attorneys, paralegals, law clerks and other hired professionals, a reasonable assessment of the cost of services performed by Beneficiary's default management staff, court fees, costs incurred in connection with pre-trial, trial and appellate level proceedings, including discovery, and costs incurred in post-judgment collection efforts or in any bankruptcy proceeding. Amounts incurred by Beneficiary shall be added to the Debt, shall be immediately due and payable, and shall bear interest at the Default Rate from the date of disbursement until paid in full, if not paid in full within five (5) days after Beneficiary's written demand for payment.

5.03   Application of Proceeds.  The proceeds from disposition of the Property shall be applied by Beneficiary to the payment of the Debt (including, without limitation, advances made by Beneficiary and enforcement costs incurred by Beneficiary) in such priority and proportion as Beneficiary determines in its sole discretion.

5.04   Continuing Lien; Right to Release Property.  If less than all of the Property is, at any time, sold through foreclosure, power of sale, or otherwise, or if Beneficiary releases any portion of the Property (for whatever consideration Beneficiary deems appropriate), this Deed of Trust shall continue as a lien and security interest on the remaining portion of the Property, unimpaired and without loss of priority.

ARTICLE 6
WAIVERS

6.01   Waiver of Rights of Redemption, Marshalling and Other Rights.  Grantor hereby waives, to the fullest extent permitted by law, the benefit of all laws, now or hereafter in force, providing for (a) the valuation or appraisement of the Property, or any part thereof, prior to any sale or sales thereof pursuant to this Deed of Trust or any decree, judgment or order of a court of competent jurisdiction; (b) the right to stay or extend any such proceeding, to have this Deed of Trust reinstated or to redeem the Property or any portion thereof so sold; (c) rights of marshalling relating to any such sale or sales; (d) any right to require that the Property be sold as separate tracts or units in connection with enforcement of this Deed of Trust; and (e) the benefit of any moratorium, exemption or homestead rights now or hereafter provided. Grantor makes such waivers on its own behalf and on behalf of all parties now or hereafter claiming or having an interest (direct or indirect) by, through or under Grantor.

6.02    Waiver of Counterclaim.  Grantor hereby waives, to the fullest extent permitted by law, the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Beneficiary arising out of, or in any way connected with, the Obligations.

6.03    Waiver of Foreclosure Defense.  Grantor hereby waives, to the fullest extent permitted by law, any defense Grantor might have by reason of Beneficiary's failure to make any tenant or tenant of the Property a party defendant in any foreclosure instituted by Beneficiary.

6.04    Waiver of Notices Generally.  Grantor hereby waives, to the fullest extent permitted by law, its rights to notice from Beneficiary except when this Deed of Trust or the other Loan Documents expressly provides for Beneficiary to give notice to Grantor.

6.05    Waiver of Statute of Limitations and Laches.  Grantor hereby waives, to the fullest extent permitted by law, the benefit of any statute of limitations or laches defense to payment of the Debt or performance of the Obligations.

6.06    WAIVER OF TRIAL BY JURY.  GRANTOR WAIVES ITS RIGHT, TO THE FULLEST EXTENT PERMITTED BY LAW, AND AGREES NOT TO ELECT, A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER.

6.07    Consent to Jurisdiction.  Grantor hereby consents and submits to the exclusive jurisdiction and venue of any state or federal court sitting in the county and state where the Premises are located with respect to any legal action or proceeding arising with respect to this Deed of Trust or any other Loan Document and waives all objections which it may have to such jurisdiction and venue. Nothing herein shall, however, preclude or prevent Beneficiary from bringing actions against Grantor in any other jurisdiction as may be necessary to enforce or realize upon the security herein provided.

ARTICLE 7
MISCELLANEOUS

7.01    Covenants Run with the Land.  All of the grants, covenants, terms, provisions and conditions herein shall run with the Premises, shall be binding upon Grantor and shall inure to the benefit of Beneficiary, subsequent holders of this Deed of Trust and their successors and assigns.  Without limitation to any provision hereof, the term "Grantor" shall include and refer to the mortgagor named herein, any subsequent owner of the Property, and its respective heirs, executors, legal representatives, successors and assigns.

7.02    Subrogation.  If the Loan is used to pay, satisfy, discharge, extend or renew any indebtedness secured by a pre-existing mortgage, or other lien encumbering the Property ("Prior Lien"), then to the extent of funds so used, Beneficiary shall automatically, and without further action on its part, be subrogated to all rights, including lien priority, held by the holder of the indebtedness secured by the Prior Lien, whether or not the Prior Lien is released, and such former rights are not waived but rather are continued in full force and effect in favor of Beneficiary and are merged with the lien and security interest created herein as cumulative security for payment of the Debt and performance of the Obligations.

7.03   Applicable Law.  This Deed of Trust and the obligations arising hereunder shall be governed by, and construed in accordance with, the laws of the State (without regard principles of conflicts of law) applicable to contracts made and performed in such State and any applicable law of the United States of America.

7.04   No Merger.   In the event that Beneficiary should become the owner of the Property, there shall be no merger of the estate created by this Deed of Trust with the fee estate in the Property.

7.05   Advances.  This Deed of Trust shall cover any and all advances made pursuant to the Loan Documents, rearrangements and renewals of the Debt and all extensions in the time of payment thereof, even though such advances, extensions or renewals be evidenced by new promissory notes or other instruments hereafter executed and irrespective of whether filed or recorded.  Likewise, the execution of this Deed of Trust shall not impair or affect any other security that may be given to secure the payment of the Debt, and all such additional security shall be considered as cumulative.  The taking of additional security, execution of partial releases of the security, or any extension of time of payment of the Debt shall not diminish the force, effect or lien of this Deed of Trust and shall not affect or impair the liability of Grantor and shall not affect or impair the liability of any maker, surety, or endorser for the payment of the Debt.

7.06   No Modifications.  This Deed of Trust may not be changed, amended or modified, except in a writing expressly intended for such purpose and executed by Grantor and Beneficiary.

7.07   Notices.  Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Loan Agreement and in conformity with applicable law.

7.08   Inconsistencies.  In the event of any inconsistency between this Deed of Trust and the Loan Agreement, the terms hereof shall be controlling as necessary to create, preserve and/or maintain a valid security interest upon the Property, otherwise the provisions of the Loan Agreement shall be controlling.  The terms of the Loan Agreement are hereby incorporated herein and expressly made a part hereof by this reference.

ARTICLE 8
STATE PROVISIONS

8.01   Inconsistencies.  Where any provision of this Deed of Trust is inconsistent with any provision of State law, the provisions of State law shall take precedence over the provisions of this Deed of Trust, but shall not invalidate or render unenforceable any other provisions of this Deed of Trust that can be construed in a manner consistent with State law.

8.02   Assignment of Leases and Rents Amended.  The assignments of Leases and Rents set forth in this Deed of Trust are not intended to constitute payment to Beneficiary or Trustee except to the extent that the Rents are actually received by Beneficiary (as opposed to constituting a portion of the voluntary payments of principal and interest on the Note) and are not used for the operation or maintenance of the Property or for the payment of costs and expenses in

connection therewith, taxes, assessments, water charges, sewer rents, and other charges levied, assessed or imposed against the Property, insurance premiums, costs and expenses with respect to any litigation affecting the Property, the leases, the concessions thereunder, any wages and salaries of employees for the Property, commissions of agents and reasonable attorneys' fees. The term Rents as used herein shall mean the gross rents without deduction or offsets of any kind.

8.03    Additional Remedy Provisions.

(a)    Delivery Upon Sale.  Upon the completion of any sale or sales pursuant hereto, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold by general warranty of title binding on Grantor.  Trustee is hereby irrevocably appointed the true and lawful attorney of Grantor, in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the Property and rights so sold and for that purpose Trustee may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof.  Any sale or sales made under or by virtue of this section, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Grantor in and to the properties and rights so sold, and shall be a perpetual bar both at law and in equity against Grantor and against any and all persons claiming or who may claim the same, or any part thereof from, through or under Grantor.

(b)    Option to Bid.  Upon any sale made under or by virtue of this paragraph, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Beneficiary may bid for and acquire the Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Debt the net sales price.

(c)    Remaining Liens.  No recovery of any judgment by Beneficiary and no levy of an execution under any judgment upon the Property or upon any other property of Grantor shall affect in any manner or to any extent the lien of this Deed of Trust upon the Property or any part thereof, or any liens, rights, powers or remedies of Beneficiary hereunder, but such liens, rights, powers and remedies of Beneficiary shall continue unimpaired as before.

(d)    No Waiver of Remedies.  Beneficiary may resort to any remedies and the security given by the Note, the Loan Agreement, this Deed of Trust or the other Loan Documents in whole or in part, and in such portions and in such order as determined by Beneficiary's sole discretion.  No such action shall in any way be considered a waiver of any rights, benefits or remedies evidenced or provided by the Note, the Loan Agreement, this Deed of Trust or any of the other Loan Documents.  The failure of Beneficiary to exercise any right, remedy or option provided in the Note, the Loan Agreement, this Deed of Trust or any of the other Loan Documents shall not be deemed a waiver of such right, remedy or option or of any covenant or obligation secured by the Note, the Loan Agreement, this Deed of Trust or the other Loan

Documents. No acceptance by Beneficiary of any payment after the occurrence and during the continuance of any Event of Default and no payment by Beneficiary of any obligation for which Grantor is liable hereunder shall be deemed to waive or cure any Event of Default with respect to Grantor's liability to pay such obligation except to the extent funds are so applied by Beneficiary. No sale of all or any portion of the Property, no forbearance on the part of Beneficiary, and no extension of time for the payment of the whole or any portion of the Debt or any other indulgence given by Beneficiary to Grantor, shall operate to release or in any manner affect the interest of Beneficiary in the remaining Property or the liability of Grantor to pay the Debt. No waiver by Beneficiary shall be effective unless it is in writing and then only to the extent specifically stated. All costs and expenses of Beneficiary in exercising its rights and remedies under this Deed of Trust (including reasonable attorneys' fees and disbursements to the extent permitted by law), shall be paid by Grantor immediately upon notice from Beneficiary, and such costs and expenses shall constitute a portion of the Debt and shall be secured by this Deed of Trust.

(e)     No Waiver Continued.  The interests and rights of Beneficiary under the Note, the Loan Agreement, this Deed of Trust or in any of the other Loan Documents shall not be impaired by any indulgence, including (i) any renewal, extension or modification which Beneficiary may grant with respect to any of the Debt, (ii) any surrender, compromise, release, renewal, extension, exchange or substitution which Beneficiary may grant with respect to the Property or any portion thereof; or (iii) any release or indulgence granted to any maker, endorser, guarantor or surety of any of the Debt.

(f)     Foreclosure.  Upon the occurrence and during the continuance of any Event of Default, and in addition to any remedies set forth in this Deed of Trust and the Loan Agreement, Beneficiary may request Trustee to proceed with foreclosure under the power of sale which is hereby conferred, such foreclosure to be accomplished in accordance with the following provisions:

(i)     Sale.  Trustee is hereby authorized and empowered, and it shall be Trustee's special duty, upon such request of Beneficiary, to sell the Property, or any part thereof, at public auction to the highest bidder for cash, with or without having taken possession of same. Any such sale (including notice thereof) shall comply with the applicable requirements, at the time of the sale, of Section 51.002 of the Texas Property Code or, if and to the extent such statute is not then in force, with the applicable requirements, at the time of the sale, of the successor statute or statutes, if any, governing sales of Texas real property under powers of sale conferred by deeds of trust. If there is no statute in force at the time of the sale governing sales of Texas real property under powers of sale conferred by deeds of trust, such sale shall comply with applicable law, at the time of the sale, governing sales of Texas real property under powers of sale conferred by deeds of trust. Should Beneficiary have elected to accelerate the indebtedness and Debt secured hereby, Beneficiary may initiate foreclosure of the Property by requesting the Trustee to effectuate a non-judicial foreclosure sale. The Trustee of this Deed of Trust shall then sell, or offer for sale, the Property at public sale to the highest bidder for cash during a three hour period between the hours of ten o'clock a.m. and four o'clock p.m. whose earliest point in time is specified, on the first

11

Tuesday of any month, at the area officially designated for holding such sales at the courthouse of any county in the State of Texas in which any part of the Property is situated, after having given notice of the date, the time period, place and terms of said sale in accordance with the laws of the State of Texas then in force and governing said sales of real property and improvements under powers conferred by deeds of trust. The Property shall be sold by posting, or causing to be posted, at least twenty-one (21) consecutive days prior to the date of said sale, written or printed notice thereof at the courthouse door in each of the counties in which the Property is situated, designating the county where the Property will be sold and designating the date, the time period, the place and the terms of sale. A copy of such notice shall also be filed in the office of the County Clerk in each county of the State of Texas in which any part of the Property is situated at least twenty-one (21) consecutive days before the date of said sale of the Property. Beneficiary shall have the right to become the purchaser at any sale held by any Trustee or substitute or successor Trustee, or by any receiver or public officer. Any Beneficiary purchasing at any such sale shall have the right to credit the secured indebtedness owing to such Beneficiary upon the amount of its bid entered at such sale to the extent necessary to satisfy such bid. Said Trustee may appoint an attorney-in-fact to act in its stead as Trustee to conduct sale as hereinbefore provided. Grantor authorizes and empowers the Trustee to sell the Property, in lots or parcels or as a whole, and to execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance thereto of the estate of title then existing on the Property and bills of sale with covenants of general warranty. Grantor binds himself to warrant and forever defend the title of such purchaser or purchasers when so made by the Trustee, and agrees to accept proceeds of said sale, if any, which are payable to Grantor as provided herein. Trustee or his successor or substitute may appoint or delegate any one or more persons as agent to perform any act or acts necessary or incident to any sale held by Trustee, including the posting and filing of notices, but not the conduct of sale or the accounting and administration of the proceeds generated by such sale.

(ii)   <u>Right to Require Proof of Financial Ability and/or Cash Bid</u>.   To the extent permitted by applicable law, any time during the bidding, Trustee may require a bidding party (A) to disclose its full name, state and city of residence, occupation, and specific business office location, and the name and address of the principal the bidding party is representing (if applicable), and (B) to demonstrate reasonable evidence of the bidding party's financial ability (or, if applicable, the financial ability of the principal of such bidding party), as a condition to the bidding party submitting bids at the foreclosure sale. If any such bidding party (the "<u>Questioned Bidder</u>") declines to comply with Trustee's requirement in this regard, or if such Questioned Bidder does respond but Trustee, in Trustee's sole and absolute discretion, deems the information or the evidence of the financial ability of the Questioned Bidder (or, if applicable, the principal of such bidding party) to be inadequate, then Trustee may continue the bidding with reservation; and in such event (1) Trustee shall be authorized to caution the Questioned Bidder concerning the legal obligations to be incurred in submitting bids, and (2) if the Questioned Bidder is not the highest bidder at the sale, or if having been the

highest bidder the Questioned Bidder fails to deliver the cash purchase price payment promptly to Trustee, all bids by the Questioned Bidder shall be null and void. Trustee may, in Trustee's sole and absolute discretion, determine that a credit bid may be in the best interest of Grantor and Beneficiary, and elect to sell the Property for credit or for a combination of cash and credit; provided, however, that Trustee shall have no obligation to accept any bid except an all cash bid. In the event Trustee requires a cash bid and cash is not delivered within a reasonable time after conclusion of the bidding process, as specified by Trustee, but in no event later than 3:45 p.m. local time on the day of sale, then said contingent sale shall be null and void, the bidding process may be recommenced, and any subsequent bids or sale shall be made as if no prior bids were made or accepted.

(iii)    Sale Subject to Unmatured Debt.  In addition to the rights and powers of sale granted under the preceding provisions of this subsection (f), if default is made in the payment of any installment of the Debt and is not cured within applicable cure periods, Beneficiary may, at Beneficiary's option, at once or at any time thereafter while any matured installment remains unpaid, without declaring the entire Debt to be due and payable, orally or in writing direct Trustee to enforce this Deed of Trust and to sell the Property subject to such unmatured Debt and to the rights, powers, liens, security interests, and assignments securing or providing recourse for payment of such unmatured Debt, in the same manner, all as provided in the preceding provisions of this subsection.  Sales made without maturing the Debt may be made hereunder whenever there is a default in the payment of any installment of the Debt, without exhausting the power of sale granted hereby, and without affecting in any way the power of sale granted under this subsection, the unmatured balance of the Debt or the rights, powers, liens, security interests, and assignments securing or providing recourse for payment of the Debt.

(iv)    Partial Foreclosure.  Sale of a part of the Property shall not exhaust the power of sale, but sales may be made from time to time until the Debt is paid in full.  It is intended by each of the foregoing provisions of this subsection that Trustee may, after any request or direction by Beneficiary, sell not only the Land and Improvements, but also the Fixtures, Equipment, Personal Property and other property and interests constituting a part of the Property or any part thereof, along with the Land and Improvements or any part thereof, as a unit and as a part of a single sale, or may sell at any time or from time to time any part or parts of the Property separately from the remainder of the Property.  It shall not be necessary to have present or to exhibit any of the Property at any sale.  Any sale of personal property made hereunder shall be deemed to have been a public sale conducted in a commercially reasonable manner if held contemporaneously with, or as part of, and upon the same notice as required for the sale of real property under the power of sale granted herein.

(v)    Trustee's Deeds.  After any sale under this subsection, Trustee shall make good and sufficient deeds, assignments, and other conveyances to the purchaser or purchasers thereunder in the name of Grantor, conveying the Property or any part

13

thereof so sold to the purchaser or purchasers with general warranty of title by Grantor. It is agreed that in any deeds, assignments or other conveyances given by Trustee, any and all statements of fact or other recitals therein made as to the identity of Beneficiary, the occurrence or existence of any Event of Default, the notice of intention to accelerate, or acceleration of, the maturity of the Debt, the request to sell, notice of sale, time, place, terms and manner of sale, and receipt, distribution, and application of the money realized therefrom, the due and proper appointment of a substitute trustee, and without being limited by the foregoing, any other act or thing having been duly done by or on behalf of Beneficiary or by or on behalf of Trustee, shall be taken by all courts of law and equity as prima facie evidence that such statements or recitals state true, correct, and complete facts and Grantor does hereby ratify and confirm any and all acts that Trustee may lawfully do in the premises by virtue hereof.

8.04  Deficiency.  In the event an interest in any of the Property is foreclosed upon pursuant to a judicial or non-judicial foreclosure sale, Grantor agrees as follows: notwithstanding the provisions of Sections 51.003, 51.004, and 51.005 of the Property Code (as the same may be amended from time to time), and to the extent permitted by law, Grantor agrees that Beneficiary shall be entitled to seek a deficiency judgment from Grantor and any other party obligated on the Note equal to the difference between the amount owing on the Note and the amount for which the Property was sold pursuant to judicial or nonjudicial foreclosure sale. Grantor expressly recognizes that this section constitutes a waiver of the above-cited provisions of the Property Code which would otherwise permit Grantor and other persons against whom recovery of deficiencies is sought or Guarantor independently (even absent the initiation of deficiency proceedings against them) to present competent evidence of the fair market value of the Property as of the date of the foreclosure sale and offset against any deficiency the amount by which the foreclosure sale price is determined to be less than such fair market value. Grantor further recognizes and agrees that this waiver creates an irrebuttable presumption that the foreclosure sale price is equal to the fair market value of the Property for purposes of calculating deficiencies owed by Grantor, Guarantor, and others against whom recovery of a deficiency is sought.

8.05  Usury.  It is the intent of the Beneficiary and the Grantor in the execution of the Note, this Indenture and all other instruments now or hereafter securing the Note or executed in connection therewith or under any other written or oral agreement by the Grantor in favor of the Beneficiary to contract in strict compliance with applicable usury law. In furtherance thereof, the Beneficiary and the Grantor stipulate and agree that none of the terms and provisions contained in the Note, this Indenture or any other instrument securing the Note or executed in connection herewith, or in any other written or oral agreement by the Grantor in favor of the Beneficiary, shall ever be construed to create a contract to pay for the use, forbearance or detention of money, interest at a rate in excess of the maximum interest rate permitted to be charged by applicable law; that neither the Grantor nor any guarantors, endorsers or other parties now or hereafter becoming liable for payment of the Note or the other indebtedness secured hereby shall ever be obligated or required to pay interest on the Note or on indebtedness arising under any instrument securing the Note or executed in connection therewith, or in any other written or oral agreement by the Grantor in favor of the Beneficiary, at a rate in excess of the maximum interest that may be lawfully charged under applicable law; and that the provisions of

this subsection shall control over all other provisions of the Note, this Indenture and any other instruments now or hereafter securing the Note or executed in connection herewith or any other oral or written agreements which may be in apparent conflict herewith. The Beneficiary expressly disavows any intention to charge or collect excessive unearned interest or finance charges in the event the maturity of the Note is accelerated. If the maturity of the Note shall be accelerated for any reason or if the principal of the Note is paid prior to the end of the term of the Note, and as a result thereof the interest received for the actual period of existence of the loan evidenced by the Note exceeds the applicable maximum lawful rate, the Beneficiary shall, at its option, either refund to the Grantor the amount of such excess or credit the amount of such excess against the principal balance of the Note then outstanding and thereby shall render inapplicable any and all penalties of any kind provided by applicable law as a result of such excess interest. In the event that the Beneficiary shall contract for, charge or receive any amount or amounts and/or any other thing of value which are determined to constitute interest which would increase the effective interest rate on the Note or the other indebtedness secured hereby to a rate in excess of that permitted to be charged by applicable law, an amount equal to interest in excess of the lawful rate shall, upon such determination, at the option of the Beneficiary, be either immediately returned to Grantor or credited against the principal balance of the Note then outstanding or the other indebtedness secured hereby, in which event any and all penalties of any kind under applicable law as a result of such excess interest shall be inapplicable.

8.06    Inapplicability of Credit Code.  In no event shall the provisions of Chapter 346 of the Texas Finance Code (which regulates certain revolving credit loan accounts and revolving triparty accounts) apply to the loan evidenced by the Loan Documents and/or secured hereby.

8.07    Entire Agreement.  THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS EMBODY THE FINAL, ENTIRE AGREEMENT AMONG THE PARTIES HERETO AND SUPERSEDE ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THE SUBJECT MATTER HEREOF AND THEREOF AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OR PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF THE PARTIES HERETO. THERE ARE NO ORAL AGREEMENTS AMONG THE PARTIES HERETO.

8.08    Maturity Date. The obligations under the Note have a final maturity date of June 11, 2020, subject to extension under the Loan Agreement.

8.09    Notice of Indemnification.  GRANTOR ACKNOWLEDGES THAT THIS SECURITY INSTRUMENT PROVIDES FOR INDEMNIFICATION OF BENEFICIARY AND TRUSTEE BY GRANTOR.  EXCEPT FOR THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF BENEFICIARY AND/TRUSTEE, OR THEIR RESPECTIVE AGENTS, EMPLOYEES OR CONTRACTORS WHICH SHALL BE EXCLUDED FROM THE INDEMNIFICATION OBLIGATIONS OF GRANTOR, IT IS SPECIFICALLY INTENDED BY GRANTOR, BENEFICIARY, AND TRUSTEE THAT ALL INDEMNITY OBLIGATIONS ASSUMED BY GRANTOR HEREUNDER BE WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF (INCLUDING PREEXISTING CONDITIONS), STRICT LIABILITY, OR THE NEGLIGENCE OF ANY PARTY OR PARTIES (INCLUDING BENEFICIARY AND TRUSTEE) WHETHER SUCH NEGLIGENCE BE SOLE, JOINT OR

CONCURRENT, OR PASSIVE. THE PARTIES SPECIFICALLY INTEND THAT BENEFICIARY AND TRUSTEE ARE TO BE INDEMNIFIED AGAINST THEIR OWN NEGLIGENCE. NOTWITHSTANDING THE FOREGOING OR ANY CONTRARY PROVISION IN THE LOAN DOCUMENTS, IN NO EVENT SHALL GRANTOR'S INDEMNIFICATION OBLIGATIONS INCLUDE ANY LIABILITY ARISING OUT OF ANY INJURY, DAMAGE OR LOSSES FIRST OCCURRING AFTER THE DATE BENEFICIARY ACQUIRES TITLE AND HAS ASSUMED POSSESSION AND CONTROL OF THE PROPERTY THROUGH POWER OF SALE, FORECLOSURE OR DEED IN LIEU OF FORECLOSURE.

8.010 _Future Advances._ This Deed of Trust shall secure any and all future advances of the proceeds of the Loan made to Grantor by Beneficiary pursuant to the terms of the Loan Agreement. This provision shall not constitute an obligation upon or commitment of Beneficiary to make additional advances or loans to Grantor.

8.011 _Additional Waivers._ To the extent not prohibited by applicable law, Grantor waives all rights and remedies under (i) Chapter 34 of the Texas Business & Commerce Code, as amended from time to time and under any other applicable law with respect to the rights of the sureties, and (ii) Sections 51.003, 51.004, 51.005 and the thirty (30) day notice period set forth in 64.060(a) of the Texas Property Code, as amended. Grantor further waives all rights to receive or require notice of intention to accelerate any of the Indebtedness and notice of acceleration of any of the Obligations.

8.012 _Location, State of Formation, Name of Grantor and Organizational ID of Grantor._ Grantor's:

(a) chief executive office is located at 333 Earle Ovington Boulevard, Suite 900, Uniondale, New York 11553;

(b) state of formation is the State of Texas;

(c) exact legal name is as set forth in the first paragraph of this Deed of Trust; and

(d) Organizational Identification Number is 82-1767568.

8.013 _Substitute Trustee._ In case of the resignation of Trustee, or the inability (through death or otherwise), refusal or failure of Trustee to act, or at the option of Beneficiary for any other reason (which reason need not be stated), a substitute Trustee (herein referred to as the "Substitute Trustee") may be named, constituted and appointed by Beneficiary, without other formality than an appointment and designation in writing, which appointment and designation shall be full evidence of the right and authority to make the same and of all facts therein recited, and this conveyance shall vest in the Substitute Trustee the title, powers and duties herein conferred on Trustee originally named herein, and the conveyance of the Substitute Trustee to the purchaser(s) at any sale of the Property or any part thereof shall be equally valid and effective. The right to appoint a Substitute Trustee shall exist as often and whenever from any of said causes, Trustee, original or substitute, resigns or cannot, will not or does not act, or

Beneficiary desires to appoint a new Trustee. No bond shall ever be required of Trustee, original or substitute. The recitals in any conveyance made by Trustee, original or substitute, shall be accepted and construed in court and elsewhere as prima facie evidence and proof of the facts recited, and no other proof shall be required as to the request by Beneficiary to Trustee to enforce this Trust, or as to the notice of or holding of the sale, or as to any particulars thereof, or as to the resignation of Trustee, original or substitute, or as to the inability, refusal or failure of Trustee, original or substitute, to act, or as to the election of Beneficiary to appoint a new Trustee, or as to appointment of a Substitute Trustee, and all prerequisites of said sale shall be presumed to have been performed; and each sale made under the powers herein granted shall be a perpetual bar against Grantor and the successors and assigns of Grantor.

8.014 <u>TEXAS FINANCE CODE SECTION 307.052 COLLATERAL PROTECTION INSURANCE NOTICE</u>: (A) GRANTOR IS REQUIRED TO: (I) KEEP THE PROPERTY INSURED AGAINST DAMAGE IN THE AMOUNT BENEFICIARY SPECIFIES; (II) PURCHASE THE INSURANCE FROM AN INSURER THAT IS AUTHORIZED TO DO BUSINESS IN THE STATE OF TEXAS OR AN ELIGIBLE SURPLUS LINES INSURER; AND (III) NAME BENEFICIARY AS THE PERSON TO BE PAID UNDER THE POLICY IN THE EVENT OF A LOSS; (B) GRANTOR MUST, IF REQUIRED BY BENEFICIARY, DELIVER TO BENEFICIARY A COPY OF THE POLICY AND PROOF OF THE PAYMENT OF PREMIUMS; AND (C) IF GRANTOR FAILS TO MEET ANY REQUIREMENT LISTED IN SUBSECTION (A) OR (B), BENEFICIARY MAY OBTAIN COLLATERAL PROTECTION INSURANCE ON BEHALF OF GRANTOR AT GRANTOR'S EXPENSE.

ARTICLE 9
CONCERNING THE TRUSTEE

9.01 <u>No Required Action</u>. Trustee shall not be required to take any action toward the execution and enforcement of the trust hereby created or to institute, appear in, or defend any action, suit, or other proceeding in connection therewith where, in his opinion, such action would be likely to involve him in expense or liability, unless requested so to do by a written instrument signed by Beneficiary and, if Trustee so requests, unless Trustee is tendered security and indemnity satisfactory to Trustee against any and all cost, expense, and liability arising therefrom. Trustee shall not be responsible for the execution, acknowledgment, or validity of the Loan Documents, or for the proper authorization thereof, or for the sufficiency of the lien and security interest purported to be created hereby, and Trustee makes no representation in respect thereof or in respect of the rights, remedies, and recourse of Beneficiary.

9.02 <u>Certain Rights</u>. With the approval of Beneficiary, Trustee shall have the right to take any and all of the following actions: (i) to select, employ, and consult with counsel (who may be, but need not be, counsel for Beneficiary) upon any matters arising hereunder, including the preparation, execution, and interpretation of the Loan Documents, and shall be fully protected in relying as to legal matters on the advice of counsel, (ii) to execute any of the trusts and powers hereof and to perform any duty hereunder either directly or through his agents or attorneys, (iii) to select and employ, in and about the execution of his duties hereunder, suitable accountants, engineers and other experts, agents and attorneys-in-fact, either corporate or individual, not regularly in the employ of Trustee (and Trustee shall not be answerable for any act, default, negligence, or misconduct of any such accountant, engineer or other expert, agent or

17

attorney-in-fact, if selected with reasonable care, or for any error of judgment or act done by Trustee in good faith, or be otherwise responsible or accountable under any circumstances whatsoever, except for Trustee's gross negligence or bad faith), and (iv) any and all other lawful action that Beneficiary may instruct Trustee to take to protect or enforce Beneficiary's rights hereunder. Trustee shall not be personally liable in case of entry by Trustee, or anyone entering by virtue of the powers herein granted to Trustee, upon the Property for debts contracted for or liability or damages incurred in the management or operation of the Property. Trustee shall have the right to rely on any instrument, document, or signature authorizing or supporting any action taken or proposed to be taken by Trustee hereunder, believed by Trustee in good faith to be genuine. Trustee shall be entitled to reimbursement for expenses incurred by Trustee in the performance of Trustee's duties hereunder and to reasonable compensation for such of Trustee's services hereunder as shall be rendered. Grantor will, from time to time, pay the compensation due to Trustee hereunder and reimburse Trustee for, and save Trustee harmless against, any and all liability and expenses which may be incurred by Trustee in the performance of Trustee's duties.

9.03   Retention of Money.  All moneys received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other moneys (except to the extent required by applicable law), and Trustee shall be under no liability for interest on any moneys received by Trustee hereunder.

9.04   Successor Trustees.   Trustee may resign by the giving of notice of such resignation in writing or verbally to Beneficiary.  If Trustee shall die, resign, or become disqualified from acting in the execution of this trust, or if, for any reason, Beneficiary shall prefer to appoint a substitute trustee or multiple substitute trustees, or successive substitute trustees or successive multiple substitute trustees, to act instead of the aforenamed Trustee, Beneficiary shall have full power to appoint a substitute trustee (or, if preferred, multiple substitute trustees) in succession who shall succeed (and if multiple substitute trustees are appointed, each of such multiple substitute trustees shall succeed) to all the estates, rights, powers, and duties of the aforenamed Trustee.  Such appointment may be executed by any authorized agent of Beneficiary, and if such Beneficiary be a corporation and such appointment be executed in its behalf by any officer of such corporation, such appointment shall be conclusively presumed to be executed with authority and shall be valid and sufficient without proof of any action by the board of directors or any superior officer of the corporation.  Grantor hereby ratifies and confirms any and all acts which the aforenamed Trustee, or his successor or successors in this trust, shall do lawfully by virtue hereof.  If multiple substitute Trustees are appointed, each of such multiple substitute Trustees shall be empowered and authorized to act alone without the necessity of the joinder of the other multiple substitute trustees, whenever any action or undertaking of such substitute trustees is requested or required under or pursuant to this Deed of Trust or applicable law.

9.05   Perfection of Appointment.  Should any deed, conveyance, or instrument of any nature be required from Grantor by any Trustee or substitute Trustee to more fully and certainly vest in and confirm to the Trustee or substitute Trustee such estates, rights, powers, and duties, then, upon request by the Trustee or substitute Trustee, any and all such deeds, conveyances and

18

instruments shall be made, executed, acknowledged, and delivered and shall be caused to be recorded and/or filed by Grantor.

9.06   <u>Succession Instruments</u>.  Any substitute Trustee appointed pursuant to any of the provisions hereof shall, without any further act, deed, or conveyance, become vested with all the estates, properties, rights, powers, and trusts of its or his predecessor in the rights hereunder with like effect as if originally named as Trustee herein; but nevertheless, upon the written request of Beneficiary or of the substitute Trustee, the Trustee ceasing to act shall execute and deliver any instrument transferring to such substitute Trustee, upon the trusts herein expressed, all the estates, properties, rights, powers, and trusts of the Trustee so ceasing to act, and shall duly assign, transfer and deliver any of the property and moneys held by such Trustee to the substitute Trustee so appointed in the Trustee's place.

9.07   <u>No Representation by Trustee or Beneficiary</u>.  By accepting or approving anything required to be observed, performed, or fulfilled or to be given to Trustee or Beneficiary pursuant to the Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, neither Trustee nor Beneficiary shall be deemed to have warranted, consented to, or affirmed the sufficiency, legality, effectiveness, or legal effect of the same, or of any term, provision, or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or affirmation with respect thereto by Trustee or Beneficiary.

[Signature page follows]

19

**IN WITNESS WHEREOF**, Grantor has duly executed this Deed of Trust the day and year first above written.

GRANTOR:

**AH EBEX CRESCENT, LLC,**
a Texas limited liability company

By: _____
Evan N. Goldenberg, Authorized Signatory

STATE OF ___NY___ )
                                                      )
CITY/COUNTY OF ___NY___ )

On this ___7th___ day of ___June___, 2017, before me, a Notary Public in and for said County and State, personally appeared Evan Goldenberg, the individual named in the foregoing instrument, as Authorized Signatory of AH EBEX Crescent, LLC, a Texas limited liability company, as Borrower, which executed the foregoing instrument, and acknowledged that he did sign the foregoing instrument as such Authorized Signatory of Borrower, and that such signing is the free act and deed of said corporation for the uses and purposes therein mentioned.

Witness my hand and official stamp or seal, this ___7th___ day of ___June___, 2017.

**[SEAL]**

_____
Notary Public

My Commission Expires: ___4.25.21___

TALIAH ABDUL KARIM
Notary Public – State of New York
NO. 01AB6126164
Qualified in New York County
My Commission Expires Apr 25, 2021

## EXHIBIT A

## LEGAL DESCRIPTION

**Tract I:**
Lot 83, New City Block 11890, Alamo Cement, Unit 3C, an addition to the City of San Antonio, Bexar County, Texas according to the map or plat thereof, recorded in Volume 9525, Page 151, Deed and Plat Records of Bexar County, Texas.

**Tract II:**

Lot 67, New City Block 11890, Lorenz Addition, an addition to the City of San Antonio, Bexar County, Texas according to the map or plat thereof, recorded in Volume 3025, Page 163, Deed and Plat Records of Bexar County, Texas.

Doc# 20170113373
# Pages 24
06/13/2017   2:54PM
e-Filed & e-Recorded in the
Official Public Records of
BEXAR COUNTY
GERARD C. RICKHOFF
COUNTY CLERK
Fees $114.00

STATE OF TEXAS
COUNTY OF BEXAR
This is to Certify that this document
was e-FILED and e-RECORDED in the Official
Public Records of Bexar County, Texas
on this date and time stamped thereon.
06/13/2017   2:54PM
COUNTY CLERK, BEXAR COUNTY TEXAS