# Exhibit 3

34604 201

**NOT SUBJECT TO RECORDATION TAX.** This Purchase Money Deed of Trust secures the purchase money for the property subject to the lien hereof and is exempt from Recordation Tax pursuant to Section 12-108(i) of the Tax Property Article of the Annotated Code of Maryland.

**BEDFORD UNITED, LLC**, a
Delaware limited liability company

as Grantor

to

**SUSAN E. MILNE, ESQ.**

as Trustee

For the Benefit of

**ARBOR REALTY SR, INC.**, a
Maryland corporation

as Beneficiary

**PURCHASE MONEY DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING**

Dated as of April 10, 2013

PREPARED BY AND UPON RECORDATION RETURN TO:

Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Attn: Gerald M. Joseph, Esq.

Tax Id Numbers:
17-1955137
17-1955145
17-1955152

Return To:
First American Title Insurance Co., - NCS
Attn: Mark Stanley
401 E. Pratt Street Suite 323
Baltimore, MD 21202

410-246-6548

2 of 4
595064MD01

134758.00465/7229474v.1

34604   202

THIS PURCHASE MONEY DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "Deed of Trust") is made as of the 10th day of April, 2013 by **BEDFORD UNITED, LLC**, a Delaware limited liability company, having an address at 2607 Nostrand Avenue, Brooklyn, New York 11210 ("Grantor"), to **SUSAN E. MILNE, ESQ.**, as Trustee ("Trustee"), having an address at c/o First American Title Insurance Company 401 E. Pratt Street, Suite 323 Baltimore, MD 21202, for the benefit of **ARBOR REALTY SR, INC.**, a Maryland corporation, having an address at 333 Earle Ovington Boulevard, Uniondale, New York 11553 ("Beneficiary").

WITNESSETH:

WHEREAS, Grantor is the owner of the Property (hereinafter defined).

WHEREAS, Grantor and Beneficiary are entering into a certain Loan Agreement of even date herewith ("Loan Agreement") pursuant to which Beneficiary will make a loan ("Loan") to Grantor in the maximum principal amount of **$23,080,000.00**, being all or a part of the purchase money for the property (as defined below). The Loan also will be evidenced by Grantor's promissory note to Beneficiary of even date herewith ("Note").

WHEREAS, the obligations of Grantor under the Note are to be secured, in part, by this Deed of Trust;

NOW THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, and the mutual covenants herein contained, the parties hereto do hereby agree as follows:

ARTICLE 1
DEFINED TERMS

Capitalized terms used in this Deed of Trust and not specifically defined in this Deed of Trust have the meanings provided in the Loan Agreement.

ARTICLE 2
OBLIGATIONS SECURED

This Deed of Trust is given to secure the payment of the principal of, prepayment premium (if any) and interest on the Loan Amount and all other obligations, liabilities or sums due or to become due under the Loan Agreement, the Note, or any other Loan Document, including, without limitation, interest on said obligations, liabilities or sums, the Exit Fee, and amounts advanced by Beneficiary to protect and preserve the Property and the liens hereby created for the benefit of Beneficiary (collectively, the "Debt"), and the performance of all other covenants, obligations and liabilities of Grantor pursuant to the Loan Documents (collectively with the Debt, the "Obligations").



PRINCE GEORGE'S COUNTY, MD
APPROVED BY _____
#09
APR 1 2 2013
$ __N/A__ RECORDATION TAX PAID
$ __N/A__ TRANSFER TAX PAID

134758.00465/7229474v.1

34604 203

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0203, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

ARTICLE 3
GRANT OF SECURITY

3.01 <u>Deed of Trust Property</u>. Grantor does hereby irrevocably grant, bargain, sell, alien, demise, release, convey, assign, transfer, deed, hypothecate, pledge, set over, mortgage, warrant and confirm to Trustee, forever with power of sale, all right, title and interest of Grantor in and to all of the following property, rights, interests and estates, now owned or hereafter acquired (collectively, the "<u>Property</u>"):

(a) the real property described in Exhibit A attached hereto and made a part hereof (individually and collectively, the "<u>Premises</u>");

(b) (i) all buildings, foundations, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements of every kind or nature now or hereafter located on the Premises (collectively, the "<u>Improvements</u>"); and (ii) to the extent permitted by law, the name or names, if any, as may now or hereafter be used for each Improvement, and the goodwill associated therewith;

(c) all easements, rights-of-way, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, ditches, ditch rights, reservoirs and reservoir rights, air rights and development rights, lateral support, drainage, gas, oil and mineral rights, tenements, hereditaments and appurtenances of any nature whatsoever, in any way belonging, relating or pertaining to the Premises or the Improvements and the reversion and reversions, remainder and remainders, whether existing or hereafter acquired, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and any and all sidewalks, drives, curbs, passageways, streets, spaces and alleys adjacent to or used in connection with the Premises and/or Improvements and all the estates, rights, titles, interests, property, possession, claim and demand whatsoever, both in law and in equity, of Grantor of, in and to the Premises and Improvements every part and parcel thereof, with the appurtenances thereto;

(d) all machinery, equipment, fittings, apparatus, appliances, furniture, furnishings, tools, fixtures (including, but not limited to, all heating air conditioning, ventilating, waste disposal, sprinkler and fire and theft protection equipment, plumbing, lighting, communications and elevator fixtures) and other property of every kind and nature whatsoever owned by Grantor, or in which Grantor has or shall have an interest, now or hereafter located upon, or in, and used in connection with the Premises or the Improvements, or appurtenant thereto, and all building equipment, materials and supplies of any nature whatsoever owned by Grantor, or in which Grantor has or shall have an interest, now or hereafter located upon, or in, and used in connection with the Premises or the Improvements or appurtenant thereto, (all of the foregoing items described in this paragraph (D) collectively, the "<u>Equipment</u>"), all of which, and any replacements, modifications, alterations and additions thereto, to the extent permitted by applicable law, shall be deemed to constitute fixtures (the "<u>Fixtures</u>"), and are part of the real estate and security for the payment of the Debt and the performance of Grantor's obligations. To the extent any portion of the Equipment is not real property or Fixtures under applicable law, it

2

134758.00465/7229474v.1

34604  204

shall be deemed to be personal property, and this Deed of Trust shall constitute a security agreement creating a security interest therein in favor of Beneficiary under the UCC (hereinafter defined);

(e)     all awards or payments, including interest thereon, which may hereafter be made with respect to the Premises, the Improvements, the Fixtures, or the Equipment, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of said right), or for a change of grade, or for any other injury to or decrease in the value of the Premises, the Improvements or the Equipment or refunds with respect to the payment of property taxes and assessments, and all other proceeds of the conversion, voluntary or involuntary, of the Premises, Improvements, Equipment, Fixtures or any other Property or part thereof into cash or liquidated claims;

(f)     all leases, tenancies, licenses and other agreements affecting the use, enjoyment or occupancy of the Premises, the Improvements, the Fixtures, or the Equipment or any portion thereof now or hereafter entered into and all reciprocal easement agreements, license agreements, and other agreements with tenants or occupants and fee owners of property contiguous to or surrounding the Premises (the "Leases"), together with all cash or security deposits, advance rentals and payments of similar nature and guarantees or other security held by Grantor in connection therewith to the extent of Grantor's right or interest therein and all remainders, reversions and other rights and estates appurtenant thereto, and all base, fixed, percentage or additional rents, and other rents, oil and gas or other mineral royalties, and bonuses, issues and profits from the Premises, the Improvements, the Fixtures or the Equipment plus all rents, common area charges and other payments (the "Rents") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

(g)     all proceeds of and any unearned premiums on any insurance policies covering the Premises, the Improvements, the Fixtures, or the Equipment, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Premises, the Improvements, the Fixtures or the Equipment and all refunds or rebates of Impositions, and interest paid or payable with respect thereto;

(h)     all right, title and interest of every nature of Grantor in all monies deposited or to be deposited in any funds or accounts maintained or deposited with Beneficiary, or its assigns, in connection herewith;

(i)     all Property Agreements, accounts receivable, contract rights, franchises, interests, estate or other claims, both at law and in equity, relating to the Premises, the Improvements, the Fixtures or the Equipment, not included in Rents;

(j)     all claims against any Person with respect to any damage to the Premises, the Improvements, the Fixtures or Equipment including, without limitation, damage arising from any defect in or with respect to the design or construction of the improvements, the Fixtures or the Equipment and any damage resulting therefrom;

3

134758.00465/7229474v.1

34604  205

(k)   all deposits or other security or advance payments, including rental payments made by or on behalf of Grantor to others, with respect to (i) insurance policies, (ii) utility services, (iii) cleaning, maintenance, repair or similar services, (iv) refuse removal or sewer service, (v) parking or similar services or rights and (vi) rental of Equipment, if any, relating to or otherwise used in the operation of the Premises, Improvements, the Fixtures or Equipment;

(l)   all intangible property relating to the Premises, the Improvements, the Fixtures or the Equipment or its operation, including, without limitation, trade names, trademarks, logos, building names and goodwill;

(m)   all advertising material, guaranties, warranties, building permits, other permits, licenses, plans and specifications, shop and working drawings, soil tests, appraisals and other documents, materials and/or personal property of any kind now or hereafter existing in or relating to the Premises, the Improvements, the Fixtures, and the Equipment;

(n)   all drawings, designs, plans and specifications prepared by the architects, engineers, interior designers, landscape designers and any other consultants or professionals for the design, development, construction, repair and/or improvement of the Property, as amended from time to time;

(o)   the right, in the name of and on behalf of Grantor, to appear in and defend any action or proceeding brought with respect to the Premises, the Improvements, the Fixtures or the Equipment and to commence any action or proceeding to protect the interest of Beneficiary in the Premises, the Improvements, the Fixtures or the Equipment; and

(p)   all proceeds of each of the foregoing.

TO HAVE AND TO HOLD the Property unto Trustee, its successors and assigns forever, and Grantor does hereby bind itself, its successors and assigns, to WARRANT AND FOREVER DEFEND the title to the Property unto Trustee against every person whomsoever lawfully claiming or to claim the same or any part thereof;

3.02   Assignment of Leases.  In order to further secure payment of the Debt and the performance of the Obligations, Grantor absolutely, presently and unconditionally grants, assigns and transfers to Beneficiary all of Grantor's right, title, interest and estate in, to and under (i) all of the Leases and Existing Guaranties affecting the Property and (ii) the Rents. Unless and until an Event of Default occurs, Grantor shall have a revocable license to collect the Rents (except as otherwise provided in this Deed of Trust) as and when they become due and payable.  During the continuance of an Event of Default, the license granted hereinabove shall be automatically revoked, and Beneficiary or a receiver appointed in accordance with this Deed of Trust may enter upon the Property, and collect, retain and apply the Rents toward payment of the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper. Beneficiary shall be liable to account only for the Rents actually received by Beneficiary pursuant to any provision of any Loan Document.

3.03   Security Agreement.  This Deed of Trust is both a real property mortgage and a "security agreement" within the meaning of the UCC.  The Property includes both real and

4

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0205, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604 206

personal property and all other rights and interests, whether tangible or intangible in nature, of Grantor in the Property. This Deed of Trust is filed as a fixture filing and covers goods that are or are to become fixtures on the Property. Grantor by executing and delivering this Deed of Trust has granted to Beneficiary, as security for the Debt, a security interest in the Property to the full extent that the Property may be subject to the UCC of the State (as defined in Section 3.05). Grantor hereby irrevocably authorizes Beneficiary to prepare, execute and file all initial financing statements, and any restatements, extensions, continuations, renewals or amendments thereof, in such form as Beneficiary may require to perfect or continue the perfection of this security interest or other statutory liens held by Beneficiary. Unless prohibited by applicable law, Grantor agrees to pay all reasonable expenses incident to the preparation, execution, filing and/or recording of any of the foregoing. With respect to any of the Property in which a security interest is not perfected by the filing of a financing statement, Grantor consents and agrees to undertake, and to cooperate fully with Beneficiary, to perfect the security interest hereby granted to Beneficiary in the Property. Without limiting the foregoing, if and to the extent any of the Property is held by a bailee for the benefit of Grantor, Grantor shall promptly notify Beneficiary thereof and, if required by Beneficiary, promptly obtain an acknowledgment from such bailee that is satisfactory to Beneficiary and confirms that such bailee holds the Property for the benefit of Beneficiary as secured party and shall only act upon instructions from Beneficiary with respect to the Property.

3.04   **Pledge of Monies Held**. Grantor hereby pledges to Beneficiary, as security for the Obligations, all money now or hereafter held by Beneficiary in escrow or reserve or on deposit pursuant to the terms hereof or pursuant to the Loan Agreement or any other Loan Document, until expended or applied as provided in this Deed of Trust or such other Loan Document.

3.05   **Satisfaction and Release**. If Grantor shall pay to Beneficiary the Debt, at the times and in the manner stipulated in the Loan Documents, and if Grantor shall perform and observe each of the other Obligations, then these presents and the estate hereby granted shall cease, terminate and be void .

ARTICLE 4<br>GRANTOR'S COVENANTS

4.01   **Payment and Performance**. Grantor will pay the Debt at the time and in the manner provided in the Loan Documents and fully and punctually perform the Obligations when and as required by the Loan Documents. Grantor may not prepay the Debt except as provided in the Loan Agreement.

4.02   **Compliance with Loan Agreement**. Grantor shall comply with all covenants and agreements in the Loan Agreement, including, without limitation, all obligations regarding the ownership, operation, management and condition of the Property and the protection and perfection of the liens hereby created in favor of Beneficiary. All of the covenants in the Loan Agreement are incorporated herein by reference  The covenants set forth in the Loan Agreement include, among other provisions: (a) the prohibition against the further sale, transfer or encumbering of any of the Property or any interest in Grantor without Beneficiary's consent, (b) the obligation to pay when due all Impositions on the Property or assessed against Beneficiary with respect to the Loan, (c) the right of Beneficiary to inspect the Property, (d) the obligation

5

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0206, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

to keep the Property insured, (e) the obligation to enter into Leases for all or any portion of the Property only in accordance with the terms of the Loan Agreement, and (f) the obligation to comply with all legal requirements (including environmental laws), maintain the Property in good condition, and promptly repair any damage or casualty.

4.03   Warranty of Title. Grantor warrants that (a) it holds, subject only to the Permitted Encumbrances, good, insurable and marketable fee simple title to the Premises and the Improvements and Fixtures (together with the Premises, collectively, the "Realty") and to all easements and rights benefiting the Realty and has the right to mortgage, give, grant, bargain, sell, alien, enfeoff, convey, confine, pledge, assign and/or hypothecate the Property. Grantor further covenants to warrant and forever defend Beneficiary from and against all persons claiming any interest in the Property (other than tenants of the Property claiming rights to occupy portions of the Property, as tenants only).

ARTICLE 5
DEFAULT

5.01   Events of Default. The occurrence of an "Event of Default" as that term is defined under the Loan Agreement shall constitute an "Event of Default" under this Deed of Trust.

5.02   Remedies.

(a)   If an Event of Default occurs, Beneficiary may, at its option, and without prior notice or demand, exercise and hereby is authorized and empowered by Grantor so to exercise, any or all of the remedies set forth in the Loan Agreement (including, without limitation, the right to accelerate the Loan) or otherwise permitted by law or in equity, including, without limitation, the following remedies.

(b)   Any time after an Event of Default, Beneficiary shall have the power to sell the Property or any part thereof at public auction, in such manner, at such time and place, upon such terms and conditions, and upon such public notice as Beneficiary may deem best for the interest of Beneficiary, and as may be required or permitted by applicable law, consisting of advertisement in a newspaper of general circulation in the jurisdiction and for such period as applicable law may require and at such other times and by such other methods, if any, as may be required by law to convey the Property in simple by Beneficiary's deed with special warranty of title or assignment to and at the cost of the purchaser, who shall not be liable to see to the application of the purchase money. The proceeds or avails of any sale made under or by virtue of this Section, together with any other sums that then may be held by Beneficiary under this Deed of Trust or the Loan Agreement, whether under the provisions of this Section or otherwise, shall be applied as follows:

> i.   First, to the payment of the third-party costs and expenses after Event of Default incurred in connection with any such sale and to advances, fees and expenses, including, without limitation, reasonable fees and expenses of Beneficiary's legal counsel as applicable, and of any judicial proceedings wherein the same may

134758.00465/7229474v.1

34604 208

        be made, and of all expenses, liabilities and advances reasonably made or incurred by Beneficiary under this Deed of Trust, the Loan Agreement and/or the other Loan Documents, together with interest as provided herein on all such advances made by Beneficiary, and all Impositions, except any Impositions or other charges subject to which the Property shall have been sold;

  ii.    Second, to the payment of the whole amount then due, owing and unpaid under the Note for principal and interest thereon, with interest on such unpaid principal at the Default Rate from the date of the occurrence of the earliest Event of Default that formed a basis for such sale until the same is paid;

  iii.    Third, to the payment of any other portion of the Debt required to be paid by Borrower pursuant to any provision of this Deed of Trust, the Loan Agreement, the Note, or any of the other Loan Documents; and

  iv.    Fourth, the surplus, if any, to Borrower unless otherwise required by Legal Requirements.

    (c)    Beneficiary and any receiver or custodian of the Property or any part thereof shall be liable to account for only those rents, issues, proceeds and profits actually received by it.

    (d)    Beneficiary may adjourn from time to time any sale by it to be made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale or sales and, except as otherwise provided by any applicable provision of Legal Requirements, Beneficiary, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

    (e)    Upon the completion of any sale or sales made by Beneficiary under or by virtue of this Section, Beneficiary, or any officer of any court empowered to do so, shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, granting, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold. Beneficiary is hereby irrevocably appointed the true and lawful attorney-in-fact of Borrower (coupled with an interest), in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the property and rights so sold and for that purpose Beneficiary may execute all necessary instruments of conveyance, assignment, transfer and delivery, and may substitute one or more persons with like power, Borrower hereby ratifying and continuing all that its said attorney-in-fact or such substitute or substitutes shall lawfully do by virtue hereof. Nevertheless, Borrower, if so requested by Beneficiary, shall ratify and confirm any such sale or sales by executing and delivering to Beneficiary, or to such purchaser or purchasers all such instruments as may be advisable, in the sole judgement of Beneficiary, for such purpose, and as may be designated in such request. Any such sale or sales made under or by virtue of this Section, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or a judgment or decree of

7

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0208, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Borrower in and to the property and rights so sold, and shall, to the fullest extent permitted under Legal Requirements, be a perpetual bar, both at law and in equity against Borrower and against any and all Persons claiming or who may claim the same, or any part thereof, from, through or under Borrower.

(f) In the event of any sale made under or by virtue of this Section (whether made under the power of sale herein granted or under or by virtue of judicial proceedings or a judgment or decree of foreclosure and sale), the entire Debt immediately thereupon shall, anything in the Loan Documents to the contrary notwithstanding, become due and payable.

(g) Upon any sale made under or by virtue of this Section (whether made under the power of sale herein granted or under or by virtue of judicial proceedings or a judgment or decree of foreclosure and sale), Beneficiary may bid for and acquire the Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Debt the net sales price after deducting therefrom the expenses of the sale and the costs of the action.

(h) No recovery of any judgment by Beneficiary and no levy of an execution under any judgment upon the Property or any part thereof or upon any other property of Borrower shall release the lien of this Deed of Trust upon the Property or any part thereof, or any liens, rights, powers or remedies of Beneficiary hereunder, but such liens, rights, powers and remedies of Beneficiary shall continue unimpaired until all amounts due under this Deed of Trust, the Loan Agreement, the Note and the other Loan Documents are paid in full.

(i) Beneficiary's remedies under this Deed of Trust are cumulative with the remedies provided in the other Loan Documents, by law or in equity and may be exercised independently, concurrently or successively in Beneficiary's sole discretion and as often as occasion therefor shall arise. Beneficiary's delay or failure to accelerate the Loan or exercise any other remedy upon the occurrence of an Event of Default shall not be deemed a waiver of such right as remedy. No partial exercise by Beneficiary of any right or remedy will preclude further exercise thereof. Notice or demand given to Grantor in any instance will not entitle Grantor to notice or demand in similar or other circumstances nor constitute Beneficiary's waiver of its right to take any future action in any circumstance without notice or demand (except where expressly required by this Deed of Trust to be given). Beneficiary may release other security for the Debt, may release any party liable for the Debt, may grant extensions, renewals or forbearances with respect thereto, may accept a partial or past due payment or grant other indulgences, or may apply any other security held by it to payment of the Debt, in each case without prejudice to its rights under this Deed of Trust and without such action being deemed an accord and satisfaction or a reinstatement of the Debt. Beneficiary will not be deemed as a consequence of its delay or failure to act, or any forbearances granted, to have waived or be estopped from exercising any of its rights or remedies.

(j) Grantor shall pay, on written demand by Beneficiary, all costs incurred by Beneficiary in (a) collecting any amount payable under the Loan Documents, or (b) enforcing its rights under the Loan Documents, in each case whether or not legal proceedings are commenced. Such fees and expenses include, without limitation, reasonable fees for attorneys, paralegals, law

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0209, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604  210

clerks and other hired professionals, a reasonable assessment of the cost of services performed by Beneficiary's default management staff, court fees, costs incurred in connection with pre-trial, trial and appellate level proceedings, including discovery, and costs incurred in post-judgment collection efforts or in any bankruptcy proceeding. Amounts incurred by Beneficiary shall be added to the Debt, shall be immediately due and payable, and shall bear interest at the Default Rate from the date of disbursement until paid in full, if not paid in full within five (5) days after Beneficiary's written demand for payment.

5.03   **Application of Proceeds**. The proceeds from disposition of the Property shall be applied by Beneficiary to the payment of the Debt (including, without limitation, advances made by Beneficiary and enforcement costs incurred by Beneficiary) in such priority and proportion as Beneficiary determines in its sole discretion.

5.04   **Continuing Lien; Right to Release Property**. If less than all of the Property is, at any time, sold through foreclosure, power of sale, or otherwise, or if Beneficiary releases any portion of the Property (for whatever consideration Beneficiary deems appropriate), this Deed of Trust shall continue as a lien and security interest on the remaining portion of the Property, unimpaired and without loss of priority.

## ARTICLE 6
## WAIVERS

6.01   **Waiver of Rights of Redemption, Marshalling and Other Rights**. Grantor hereby waives, to the fullest extent permitted by law, the benefit of all laws, now or hereafter in force, providing for (a) the valuation or appraisement of the Property, or any party thereof, prior to any sale or sales thereof pursuant to this Deed of Trust or any decree, judgment or order of a court of competent jurisdiction; (b) the right to stay or extend any such proceeding, to have this Deed of Trust reinstated or to redeem the Property or any portion thereof so sold; (c) rights of marshalling relating to any such sale or sales; (d) any right to require that the Property be sold as separate tracts or units in connection with enforcement of this Deed of Trust; and (e) the benefit of any moratorium, exemption or homestead rights now or hereafter provided. Grantor makes such waivers on its own behalf and on behalf of all parties now or hereafter claiming or having an interest (direct or indirect) by, through or under Grantor.

6.02   **Waiver of Counterclaim**. Grantor hereby waives, to the fullest extent permitted by law, the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Beneficiary arising out of, or in any way connected with, the Obligations.

6.03   **Waiver of Foreclosure Defense**. Grantor hereby waives, to the fullest extent permitted by law, any defense Grantor might have by reason of Beneficiary's failure to make any tenant or tenant of the Property a party defendant in any foreclosure instituted by Beneficiary.

6.04   **Waiver of Notices Generally**. Grantor hereby waives, to the fullest extent permitted by law, its rights to notice from Beneficiary except when this Deed of Trust or the other Loan Documents expressly provides for Beneficiary to give notice to Grantor.

9

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0210, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604 211

6.05 Waiver of Statute of Limitations and Laches. Grantor hereby waives, to the fullest extent permitted by law, the benefit of any statute of limitations or laches defense to payment of the Debt or performance of the Obligations.

6.06 WAIVER OF TRIAL BY JURY. MORTGAGOR WAIVES ITS RIGHT, TO THE FULLEST EXTENT PERMITTED BY LAW, AND AGREES NOT TO ELECT, A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS DEED OF TRUST OR THE RELATIONSHIP BETWEEN THE PARTIES AS BORROWER AND LENDER.

6.07 Consent to Jurisdiction. Grantor hereby consents and submits to the exclusive jurisdiction and venue of any state or federal court sitting in the county and state where the Land is located with respect to any legal action or proceeding arising with respect to this Deed of Trust or any other Loan Document and waives all objections which it may have to such jurisdiction and venue. Nothing herein shall, however, preclude or prevent Beneficiary from bringing actions against Grantor in any other jurisdiction as may be necessary to enforce or realize upon the security herein provided.

ARTICLE 7
MISCELLANEOUS

7.01 Covenants Run with the Land. All of the grants, covenants, terms, provisions and conditions herein shall run with the Premises, shall be binding upon Grantor and shall inure to the benefit of Beneficiary, subsequent holders of this Deed of Trust and their successors and assigns. Without limitation to any provision hereof, the term "Grantor" shall include and refer to the mortgagor named herein, any subsequent owner of the Property, and its respective heirs, executors, legal representatives, successors and assigns.

7.02 Subrogation. If the Loan is used to pay, satisfy, discharge, extend or renew any indebtedness secured by a pre-existing mortgage, or other lien encumbering the Property ("Prior Lien"), then to the extent of funds so used, Beneficiary shall automatically, and without further action on its part, be subrogated to all rights, including lien priority, held by the holder of the indebtedness secured by the Prior Lien, whether or not the Prior Lien is released, and such former rights are not waived but rather are continued in full force and effect in favor of Beneficiary and are merged with the lien and security interest created herein as cumulative security for payment of the Debt and performance of the Obligations.

7.03 Applicable Law. This Deed of Trust and the obligations arising hereunder shall be governed by, and construed in accordance with, the laws of the State applicable to contracts made and performed in such State and any applicable law of the United States of America.

7.04 No Merger. In the event that Beneficiary should become the owner of the Property, there shall be no merger of the estate created by this Deed of Trust with the fee estate in the Property.

7.05 Advances. This Deed of Trust shall cover any and all advances made pursuant to the Loan Documents, rearrangements and renewals of the Debt and all extensions in the time of payment thereof, even though such advances, extensions or renewals be evidenced by new

10

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0211, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604 212

promissory notes or other instruments hereafter executed and irrespective of whether filed or recorded. Likewise, the execution of this Deed of Trust shall not impair or affect any other security that may be given to secure the payment of the Debt, and all such additional security shall be considered as cumulative. The taking of additional security, execution of partial releases of the security, or any extension of time of payment of the Debt shall not diminish the force, effect or lien of this Deed of Trust and shall not affect or impair the liability of Grantor and shall not affect or impair the liability of any maker, surety, or endorser for the payment of the Debt.

7.06  No Modifications. This Deed of Trust may not be changed, amended or modified, except in a writing expressly intended for such purpose and executed by Grantor and Beneficiary.

7.07  Notices. Notices shall be given under this Deed of Trust in conformity with the terms and conditions of the Loan Agreement and in conformity with applicable law.

7.08  Inconsistencies. In the event of any inconsistency between this Deed of Trust and the Loan Agreement, the terms hereof shall be controlling as necessary to create, preserve and/or maintain a valid security interest upon the Property, otherwise the provisions of the Loan Agreement shall be controlling. The terms of the Loan Agreement are hereby incorporated herein and expressly made a part hereof by this reference.

7.09  Limitation of Liability. The provisions of this Deed of Trust are, notwithstanding anything to the contrary herein, subject to the provisions of Section 13.26 of the Loan Agreement which are incorporated herein in reference as if herein set forth in full.

ARTICLE 8
STATE PROVISIONS

8.01  Inconsistencies. Where any provision of this Deed of Trust is inconsistent with any provision of State law, the provisions of State law shall take precedence over the provisions of this Deed of Trust, but shall not invalidate or render unenforceable any other provisions of this Deed of Trust that can be construed in a manner consistent with State law.

8.02  Assent to Decree/Power of Sale. In the event the Trustees or Beneficiary elect to institute proceedings for foreclosure under this Deed of Trust, the Grantor hereby (i) assents to the passage of a decree or decrees for the sale or sales of all or any part of the Property, and/or (ii) authorizes and empowers the Trustees to sell all or any part of the Property. Any sale of all or any part of the Property, whether by way of assent to decree or power of sale, shall be carried out in accordance with the applicable laws of the State of Maryland and rules of court relating to foreclosures of deeds of trust which do not materially change or impair the remedy. The assent to decree and power of sale herein granted shall not be deemed to be exhausted in the event that a foreclosure proceeding is dismissed, canceled or delayed before the Obligations are paid in full. In the event of default by any purchaser at any such sale, the Trustees shall have the power to resell all or any part of the Property. In connection with any such sale, the Trustees may procure such title and other reports, surveys, audits, inspections, environmental studies, tax histories and appraisals as necessary or desirable, and may make such repairs and improvements to the Property

134758.00465/7229474v.1

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0212, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604  213

as they deem advisable, the cost of all of which shall constitute and be a part of the Obligations. In case of any such sale under this Deed of Trust, the Property may be sold as an entirety or in parcels, by one sale or by several sales, as may be deemed by the Trustees to be appropriate and without regard to any right of the Grantor or any other person to the marshalling of assets. Immediately upon the first insertion of the advertisement of the sale of all or any part of the Property, there shall become due and owing by the Grantor all expenses incident to such sale and a commission on the total amount of the Obligations then due equal to one-half of the percentage allowed as commission to trustees making sales under orders or decrees of the equity court having jurisdiction, and no person shall be required to receive only the aggregate amount of the Obligations to the date of payment unless the same is accompanied by a tender of such expenses and commission. Any sale hereunder may be made at public auction, at such time or times, at such place or places, and upon such terms and conditions and after such previous public notice as the Trustees shall deem appropriate and advantageous and as required by applicable laws. Upon the terms of such sale being complied with, the Trustees shall convey to, and at the cost of, the purchaser or purchasers the interest of the Grantor in the Property so sold, free and discharged of and from all estate, title or interest of the Grantor, at law or in equity, such purchaser or purchasers being hereby discharged from all liability to see to the application of the purchase money.

## ARTICLE 9
## CONCERNING THE TRUSTEE

9.01   <u>No Required Action</u>.   Trustee shall not be required to take any action toward the execution and enforcement of the trust hereby created or to institute, appear in, or defend any action, suit, or other proceeding in connection therewith where, in his opinion, such action would be likely to involve him in expense or liability, unless requested so to do by a written instrument signed by Beneficiary and, if Trustee so requests, unless Trustee is tendered security and indemnity satisfactory to Trustee against any and all cost, expense, and liability arising therefrom. Trustee shall not be responsible for the execution, acknowledgment, or validity of the Loan Documents, or for the proper authorization thereof, or for the sufficiency of the lien and security interest purported to be created hereby, and Trustee makes no representation in respect thereof or in respect of the rights, remedies, and recourse of Beneficiary.

9.02   <u>Certain Rights</u>.   With the approval of Beneficiary, Trustee shall have the right to take any and all of the following actions: (i) to select, employ, and consult with counsel (who may be, but need not be, counsel for Beneficiary) upon any matters arising hereunder, including the preparation, execution, and interpretation of the Loan Documents, and shall be fully protected in relying as to legal matters on the advice of counsel, (ii) to execute any of the trusts and powers hereof and to perform any duty hereunder either directly or through his agents or attorneys, (iii) to select and employ, in and about the execution of his duties hereunder, suitable accountants, engineers and other experts, agents and attorneys-in-fact, either corporate or individual, not regularly in the employ of Trustee (and Trustee shall not be answerable for any act, default, negligence, or misconduct of any such accountant, engineer or other expert, agent or attorney-in-fact, if selected with reasonable care, or for any error of judgment or act done by Trustee in good faith, or be otherwise responsible or accountable under any circumstances whatsoever, except for Trustee's gross negligence or bad faith), and (iv) any and all other lawful action that Beneficiary may instruct Trustee to take to protect or enforce Beneficiary's rights hereunder. Trustee shall not be personally liable in case of entry by Trustee, or anyone entering

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0213, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604  214

by virtue of the powers herein granted to Trustee, upon the Property for debts contracted for or liability or damages incurred in the management or operation of the Property. Trustee shall have the right to rely on any instrument, document, or signature authorizing or supporting any action taken or proposed to be taken by Trustee hereunder, believed by Trustee in good faith to be genuine. Trustee shall be entitled to reimbursement for expenses incurred by Trustee in the performance of Trustee's duties hereunder and to reasonable compensation for such of Trustee's services hereunder as shall be rendered. Grantor will, from time to time, pay the compensation due to Trustee hereunder and reimburse Trustee for, and save Trustee harmless against, any and all liability and expenses which may be incurred by Trustee in the performance of Trustee's duties.

9.03   Retention of Money. All moneys received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other moneys (except to the extent required by applicable law), and Trustee shall be under no liability for interest on any moneys received by Trustee hereunder.

9.04   Successor Trustees. Trustee may resign by the giving of notice of such resignation in writing or verbally to Beneficiary. If Trustee shall die, resign, or become disqualified from acting in the execution of this trust, or if, for any reason, Beneficiary shall prefer to appoint a substitute trustee or multiple substitute trustees, or successive substitute trustees or successive multiple substitute trustees, to act instead of the aforenamed Trustee, Beneficiary shall have full power to appoint a substitute trustee (or, if preferred, multiple substitute trustees) in succession who shall succeed (and if multiple substitute trustees are appointed, each of such multiple substitute trustees shall succeed) to all the estates, rights, powers, and duties of the aforenamed Trustee. Such appointment may be executed by any authorized agent of Beneficiary, and if such Beneficiary be a corporation and such appointment be executed in its behalf by any officer of such corporation, such appointment shall be conclusively presumed to be executed with authority and shall be valid and sufficient without proof of any action by the board of directors or any superior officer of the corporation. Grantor hereby ratifies and confirms any and all acts which the aforenamed Trustee, or his successor or successors in this trust, shall do lawfully by virtue hereof. If multiple substitute Trustees are appointed, each of such multiple substitute Trustees shall be empowered and authorized to act alone without the necessity of the joinder of the other multiple substitute trustees, whenever any action or undertaking of such substitute trustees is requested or required under or pursuant to this Deed of Trust or applicable law.

9.05   Perfection of Appointment. Should any deed, conveyance, or instrument of any nature be required from Grantor by any Trustee or substitute Trustee to more fully and certainly vest in and confirm to the Trustee or substitute Trustee such estates, rights, powers, and duties, then, upon request by the Trustee or substitute Trustee, any and all such deeds, conveyances and instruments shall be made, executed, acknowledged, and delivered and shall be caused to be recorded and/or filed by Grantor.

9.06   Succession Instruments. Any substitute Trustee appointed pursuant to any of the provisions hereof shall, without any further act, deed, or conveyance, become vested with all the estates, properties, rights, powers, and trusts of its or his predecessor in the rights hereunder

13

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0214, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604  215

with like effect as if originally named as Trustee herein; but nevertheless, upon the written request of Beneficiary or of the substitute Trustee, the Trustee ceasing to act shall execute and deliver any instrument transferring to such substitute Trustee, upon the trusts herein expressed, all the estates, properties, rights, powers, and trusts of the Trustee so ceasing to act, and shall duly assign, transfer and deliver any of the property and moneys held by such Trustee to the substitute Trustee so appointed in the Trustee's place.

9.07  <u>No Representation by Trustee or Beneficiary</u>.  By accepting or approving anything required to be observed, performed, or fulfilled or to be given to Trustee or Beneficiary pursuant to the Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, neither Trustee nor Beneficiary shall be deemed to have warranted, consented to, or affirmed the sufficiency, legality, effectiveness, or legal effect of the same, or of any term, provision, or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or affirmation with respect thereto by Trustee or Beneficiary.

[Signature page follows]

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0215, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

34604  216

IN WITNESS WHEREOF, Grantor has duly executed this Deed of Trust the day and year first above written.

                MORTGAGOR:

                **BEDFORD UNITED, LLC**, a
                Delaware limited liability company

            By:    **HYATTSVILLE UNITED, LLC**, a
                    Delaware limited liability company,
                    its sole member

            By:    **FIRST MARKET MD, LLC**, a
                    Delaware limited liability company,
                    its Managing Member

            By: _____
            Name:  Aaron Kurlansky
            Title:    Manager

STATE OF FLORIDA    )
                             : ss.:
COUNTY OF MIAMI-DADE)

On April ___5___, 2013, before me, the undersigned Notary Public, personally appeared **AARON KURLANSKY**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the same instrument.

_____ 
Signature and Office of individual
taking acknowledgment

134758.00465/7229474v.1

34604  217

## **CERTIFICATION**

The undersigned hereby certifies that the above instruments has been prepared by or under the supervision of an attorney admitted to practice before the Court of Appeals of Maryland or by one of the parties named in the above instrument.

_____
Stephen A. Goldberg

After recording, return to:

Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Attn: Carol M. Joseph, Esq.

134758.00465/7229474v.1

34604 218

<u>Exhibit A</u>
Legal Description

All that certain piece or parcel of land, together with the improvements thereon, lying, situate and being in Prince George's County, Maryland, being described as follows:

Parcels lettered "H", "J" and "K" in the subdivision entitled "Langley Park, Plat No. 3", as per plat thereof recorded in Plat Book WWW 16 at Plat 37 among the land records of Prince George's County, Maryland, being in the 17th Election District.

Tax Account Number 17-1955137, 1955145 and 1955152

APN:  17-1955137 and 17-1955145 and 17-1955152

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 34604, p. 0218, MSA_CE64_34912. Date available 04/22/2013. Printed 09/13/2021.

134758.00465/7229474v.1