# Exhibit 10

35441   021

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0021, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Clerk of the
Circuit Court

2013 NOV 26  AM 11: 31

PR GEO CO LiD #69

**BEDFORD UNITED, LLC** and **VICTORIA UNITED, LLC**
(Trustor)

to

**TERRENCE M. SULLIVAN** and/or **THOMAS D. GIBBONS**
(Trustee)

for the Benefit of

**GERMAN AMERICAN CAPITAL CORPORATION**
(Beneficiary)

**DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS
AND SECURITY AGREEMENT**

Dated:  As of November 13, 2013

```
IMP FD SURE $        40.00
RECORDING FEE        75.00
TOTAL               115.00
Rest PG05    Rcpt # 38473
AMB    NWR   Blk # 3125
                  11:30 am
```

| | | | |
|---|---|---|---|
| Location: | 1400 University Boulevard E. Hyattsville, Maryland 20783 | Location: | 1407 Merrimac Drive Hyattsville, Maryland 20783 |
| County: | Prince George's County | County: | Prince George's County |

PREPARED BY ~~AND UPON~~
~~RECORDATION RETURN TO:~~

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
Attention: Corey Tessler, Esq

Record & Return to:
Madison Title Agency, LLC
National Commercial Dept.
1125 Ocean Avenue
Lakewood, NJ 08701
MTA __09-2-765__

**THIS IS A REFINANCE OF DEED OF TRUST RECORDED AMONG THE LAND RECORDS OF PRINCE GEORGE'S COUNTY AT LIBER 34604, FOLIO 201 IN THE ORIGINAL PRINCIPAL AMOUNT OF $23,080,000.00 WITH AN OUTSTANDING PRINCIPAL BALANCE OF $23,080,000.00 and DEED OF TRUST RECORDED AMONG THE LAND RECORDS OF PRINCE GEORGE'S COUNTY AT LIBER 34604, FOLIO 153 IN THE ORIGINAL PRINCIPAL AMOUNT OF $4,690,000.00 WITH AN OUTSTANDING PRINCIPAL BALANCE OF $4,690,000.00.**

NY:1588817.5

35441   022

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0022, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT

THIS **DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT** (this *"Deed of Trust"*) is made as of this 13th day of November, 2013, by **BEDFORD UNITED, LLC**, a Delaware limited liability company, and **VICTORIA UNITED, LLC**, a Delaware limited liability company, each having its principal place of business at 2607 Nostrand Avenue, Brooklyn, New York 11210, jointly and severally as trustor (individually and collectively, *"Trustor"*) to **TERRENCE M. SULLIVAN**, a natural person, and/or **THOMAS D. GIBBONS**, a natural person, each having an office at 2275 Research Boulevard, Suite 720, Rockville, Maryland 20850, either of whom may act, as trustee ("*Trustee*"), for the benefit of **GERMAN AMERICAN CAPITAL CORPORATION**, a Maryland corporation, having an address at 60 Wall Street, 10th Floor, New York, New York 10005, as beneficiary (together with its successors and/or assigns, *"Beneficiary"*).

### W I T N E S S E T H :

A.    This Deed of Trust is given to secure a loan (the *"Loan"*) in the principal sum of THIRTY-THREE MILLION AND NO/100 DOLLARS ($33,000,000.00) or so much thereof as may be advanced pursuant to that certain Loan Agreement dated as of the date hereof between Trustor and Beneficiary (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the *"Loan Agreement"*), and evidenced by that certain Promissory Note dated the date hereof made by Trustor to Beneficiary (such Note, together with all extensions, renewals, replacements, restatements or modifications thereof, being hereinafter referred to as the *"Note"*). Capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Loan Agreement.

B.    Trustor desires to secure the payment of the outstanding principal amount of the Loan together with all interest accrued and unpaid thereon and all other sums (including the Prepayment Fee) due to Beneficiary in respect of the Loan and the Loan Documents (the *"Debt"*) and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents.

C.    This Deed of Trust is given pursuant to the Loan Agreement, and payment, fulfillment and performance by Trustor of its obligations thereunder and under the other Loan Documents are secured hereby, and each and every term and provision of the Loan Agreement, the Note, and that certain Assignment of Leases and Rents of even date herewith made by Trustor in favor of Beneficiary delivered in connection with this Deed of Trust (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the *"Assignment of Leases"*), including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Deed of Trust.

NOW THEREFORE, in consideration of the making of the Loan by Beneficiary and the covenants, agreements, representations and warranties set forth in this Deed of Trust:

NY:1588817.5

35441    023

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0023, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

# ARTICLE I.

## GRANTS OF SECURITY

**Section 1.01.**    **Trust Property**.   Trustor does hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey unto Trustee, in trust for the benefit of Beneficiary and its successors and assigns, WITH POWER OF SALE, all right, title, interest and estate of Trustor now owned, or hereafter acquired, in and to the following (collectively, the *"Property"*);

(a)    Land.   The real property described in **Exhibit A-1** and **Exhibit A-2** attached hereto and made a part hereof (collectively, the *"Land"*);

(b)    Additional Land.   All additional lands, estates and development rights hereafter acquired by Trustor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of this Deed of Trust;

(c)    Improvements.   The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the *"Improvements"*);

(d)    Easements.   All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(e)    Equipment.   All "equipment," as such term is defined in Article 9 of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Trustor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Trustor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the *"Equipment"*).   Notwithstanding the foregoing, Equipment shall not include any property belonging to Tenants under Leases except to the extent that Trustor shall have any right or interest therein;

(f)    Fixtures.   All Equipment now owned, or the ownership of which is hereafter acquired, by Trustor which is so related to the Land and Improvements forming part of

2

35441   024

the Property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Trustor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the *"Fixtures"*). Notwithstanding the foregoing, "Fixtures" shall not include any property which Tenants are entitled to remove pursuant to Leases except to the extent that Trustor shall have any right or interest therein;

(g)     Personal Property.  All furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Uniform Commercial Code), other than Fixtures, which are now or hereafter owned by Trustor and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the *"Personal Property"*), and the right, title and interest of Trustor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (as amended from time to time, the *"Uniform Commercial Code"*), superior in lien to the lien of this Deed of Trust, and all proceeds and products of any of the above;

(h)     Leases and Rents.  All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any Person is granted a possessory interest in, or right to use or occupy all or any portion of the Land and the Improvements, and every modification, amendment or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases, or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, heretofore or hereafter entered into, whether before or after the filing by or against Trustor of any petition for relief under 11 U.S.C. §101 et seq., as the same may be amended from time to time (the *"Bankruptcy Code"*) (collectively, the *"Leases"*), and all right, title and interest of Trustor, its successors and assigns, therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including

3

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0024, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   025

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0025, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements, whether paid or accruing before or after the filing by or against Trustor of any petition for relief under the Bankruptcy Code (collectively, the *"Rents"*), and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment and performance of the Obligations, including the payment of the Debt;

    (i) <u>Condemnation Awards</u>.   All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of such right), or for a change of grade, or for any other injury to or decrease in the value of the Property, subject to application in accordance with the terms of the Loan Agreement;

    (j) <u>Insurance Proceeds</u>.   All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments or settlements made in lieu thereof, for damage to the Property, subject to application in accordance with the terms of the Loan Agreement;

    (k) <u>Tax Certiorari</u>.   All refunds, rebates or credits in connection with any reduction in Taxes or Other Charges charged against the Property as a result of tax certiorari proceedings or any other applications or proceedings for reduction;

    (l) <u>Rights</u>.   The right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Beneficiary in the Property;

    (m) <u>Agreements</u>.   All agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Trustor therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Trustor thereunder;

    (n) <u>Intellectual Property</u>.   All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, URLs or other online media, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

    (o) <u>Accounts</u>.   All reserves, escrows and deposit accounts maintained by Trustor with respect to the Property, including, without limitation, all accounts established or maintained pursuant to the Loan Agreement, the Cash Management Agreement, the Clearing Account Agreement or any other Loan Document, together with all deposits or wire transfers made to such accounts, and all cash, checks, drafts, certificates, securities, investment property, financial assets, instruments and other property held therein from time to time, and all proceeds, products, distributions, dividends and/or substitutions thereon and thereof, but specifically excluding Borrowers' Operating Account;

4

NY:1588817.5

35441   026

(p)   Uniform Commercial Code Property.  All documents, instruments, chattel paper and intangibles, as the foregoing terms are defined in the Uniform Commercial Code, and general intangibles relating to the Property;

(q)   Minerals.  All minerals, crops, timber, trees, shrubs, flowers and landscaping features now or hereafter located on, under or above the Land;

(r)   Proceeds.  All proceeds of any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether in cash or in liquidation or other claims, or otherwise; and

(s)   Other Rights.  Any and all other rights of Trustor in and to the items set forth in Subsections (a) through (r) above.

AND, without limiting any of the other provisions of this Deed of Trust, to the extent permitted by applicable law, Trustor expressly grants to Beneficiary, as secured party, a security interest in the portion of the Property which is or may be subject to the provisions of the Uniform Commercial Code which are applicable to secured transactions; it being understood and agreed that the Improvements and Fixtures are part and parcel of the Land (the Land, the Improvements and the Fixtures collectively referred to as the *"Real Property"*) appropriated to the use thereof and, whether affixed or annexed to the Land or not, shall for the purposes of this Deed of Trust be deemed conclusively to be real estate and mortgaged hereby.

Section 1.02.   **Assignment of Rents**.  Trustor hereby absolutely and unconditionally assigns to Beneficiary all of Trustor's right, title and interest in and to all current and future Leases and Rents; it being intended by Trustor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only.  Nevertheless, subject to the terms of the Assignment of Leases, the Cash Management Agreement, and Section 7.01(j) of this Deed of Trust, Beneficiary grants to Trustor a revocable license to collect, receive, use and enjoy the Rents.  Trustor shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums.

Section 1.03.   **Security Agreement**.  This Deed of Trust is both a real property mortgage and a "security agreement" within the meaning of the Uniform Commercial Code.  The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Trustor in the Property.  By executing and delivering this Deed of Trust, Trustor hereby grants to Beneficiary, as security for the Obligations, a security interest in the Fixtures, the Equipment, the Personal Property and the other property constituting the Property to the full extent that the Fixtures, the Equipment, the Personal Property and such other property may be subject to the Uniform Commercial Code (said portion of the Property so subject to the Uniform Commercial Code being called the *"Collateral"*).  If an Event of Default shall occur and be continuing, Beneficiary, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing, the right to take possession of the Collateral or any part thereof, and to take such other measures as Beneficiary may reasonably deem necessary for the care, protection and preservation of the Collateral.  Upon request or

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0026, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   027

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0027, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

demand of Beneficiary after the occurrence and during the continuance of an Event of Default, Trustor shall, at its expense, assemble the Collateral and make it available to Beneficiary at a convenient place (at the Land if tangible property) reasonably acceptable to Beneficiary. Trustor shall pay to Beneficiary on demand any and all reasonable expenses, including reasonable attorneys' fees and costs, incurred or paid by Beneficiary in protecting its interest in the Collateral and in enforcing its rights hereunder with respect to the Collateral after the occurrence and during the continuance of an Event of Default. Any notice of sale, disposition or other intended action by Beneficiary with respect to the Collateral sent to Trustor in accordance with the provisions hereof at least ten (10) Business Days prior to such action, shall, except as otherwise provided by applicable law or the Loan Agreement, constitute reasonable notice to Trustor. The proceeds of any disposition of the Collateral, or any part thereof, may, except as otherwise required by applicable law, be applied by Beneficiary to the payment of the Debt in such priority and proportions as Beneficiary in its discretion shall deem proper. The principal place of business of Trustor (Debtor) is as set forth on page one hereof and the address of Beneficiary (Secured Party) is as set forth on page one hereof. Further, the Trustor acknowledges and agrees that pursuant to the terms and conditions of this Deed of Trust, from and after an Event of Default, the Beneficiary and/or the Trustee each has rights of possession in the Personal Property superior to the Trustor's rights of possession and, to the fullest extent permissible under applicable law, such acknowledgement and agreement by Trustor waives any rights to the contrary as may otherwise be available pursuant to Section 7-110 of the Criminal Law Article of the Annotated Code of Maryland and/or any other provisions of applicable law.

**Section 1.04.**   **Fixture Filing**. Certain of the Property is or will become "fixtures" (as that term is defined in the Uniform Commercial Code) on the Land, described or referred to in this Deed of Trust, and this Deed of Trust, upon being filed for record in the real estate records of the city or county wherein such fixtures are situated, shall operate also as a financing statement naming Trustor as the Debtor and Beneficiary as the Secured Party filed as a fixture filing in accordance with the applicable provisions of said Uniform Commercial Code upon such of the Property that is or may become fixtures.

## CONDITIONS TO GRANT

TO HAVE AND TO HOLD the above granted and described Property unto and to the use and benefit of Beneficiary and its successors and assigns, forever;

PROVIDED, HOWEVER, these presents are upon the express condition that, if Trustor shall well and truly pay and perform the Obligations (including the payment of the Debt) at the time and in the manner provided in this Deed of Trust, the Note, the Loan Agreement and the other Loan Documents, and shall well and truly abide by and comply with each and every covenant and condition set forth herein and in the Note, the Loan Agreement and the other Loan Documents, these presents and the estate hereby granted shall cease, terminate and be void; provided, however, that Trustor's obligation to indemnify and hold harmless Beneficiary pursuant to the provisions hereof shall survive any such payment or release, but only with respect to acts, matters, events or conditions occurring or relating prior to such payment or release.

NY:1588817.5

35441   028

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0028, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

## ARTICLE II.

## DEBT AND OBLIGATIONS SECURED

**Section 2.01.** **Obligations**.  This Deed of Trust and the grants, assignments and transfers made in Article 1 are given for the purpose of securing the Obligations, including, but not limited to, the Debt.

**Section 2.02.** **Other Obligations**.  This Deed of Trust and the grants, assignments and transfers made in Article 1 are also given for the purpose of securing the following (collectively, the *"Other Obligations"*):

(a)    the performance of all other obligations of Trustor contained herein;

(b)    the performance of each obligation of Trustor contained in the Loan Agreement and in each other Loan Document; and

(c)    the performance of each obligation of Trustor contained in any renewal, extension, amendment, modification, consolidation, change of, or substitution or replacement for, all or any part of the Note, the Loan Agreement or any other Loan Document.

**Section 2.03.** **Debt and Other Obligations**.  Trustor's obligations for the payment of the Debt and the performance of the Other Obligations shall be referred to collectively herein as the *"Obligations."*

**Section 2.04.** **Intentionally Omitted.**

**Section 2.05.** **Loan Repayment and Defeasance**.  Provided no Event of Default exists, the Lien of this Deed of Trust shall be terminated, released and reconveyed of record by Beneficiary (and the Trustee, to the extent required by law to effect a full and proper termination, release and reconveyance) prior to the Maturity Date only in accordance with the terms and provisions set forth in the Loan Agreement.

## ARTICLE III.

## TRUSTOR COVENANTS

Trustor covenants and agrees that throughout the term of the Loan:

**Section 3.01.** **Payment of Debt**.  Trustor will pay the Debt at the time and in the manner provided in the Loan Agreement, the Note and this Deed of Trust.

**Section 3.02.** **Incorporation by Reference**.  All the covenants, conditions and agreements contained in (a) the Loan Agreement, (b) the Note, and (c) all and any of the other Loan Documents, are hereby made a part of this Deed of Trust to the same extent and with the same force as if fully set forth herein.  Without limiting the generality of the foregoing, Trustor (i) agrees to insure, repair, maintain and restore damage to the Property, pay Taxes and Other Charges, and comply with Legal Requirements, in accordance with the Loan Agreement, and

7

NY:1588817.5

35441   029

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0029, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

(ii) agrees that the Insurance Proceeds and Awards shall be settled, held, applied and/or disbursed in accordance with the Loan Agreement.

      **Section 3.03.**   **Performance of Other Agreements**.  Trustor shall observe and perform each and every term, covenant and provision to be observed or performed by Trustor pursuant to the Loan Agreement, any other Loan Document and any other agreement or recorded instrument affecting or pertaining to the Property, and any amendments, modifications or changes thereto.

## ARTICLE IV.

## OBLIGATIONS AND RELIANCES

      **Section 4.01.**   **Relationship of Trustor and Beneficiary**.  The relationship between Trustor and Beneficiary is solely that of debtor and creditor, and Beneficiary has no fiduciary or other special relationship with Trustor, and no term or condition of any of the Loan Agreement, the Note, this Deed of Trust or the other Loan Documents shall be construed so as to deem the relationship between Trustor and Beneficiary to be other than that of debtor and creditor.

      **Section 4.02.**   **No Reliance on Beneficiary**.  The general partners, members, principals and (if Trustor is a trust) beneficial owners of Trustor, as applicable, are experienced in the ownership and operation of properties similar to the Property, and Trustor and Beneficiary are relying solely upon such expertise and business plan in connection with the ownership and operation of the Property.  Trustor is not relying on Beneficiary's expertise, business acumen or advice in connection with the Property.

      **Section 4.03.**   **No Beneficiary Obligations**.

          (a)     Notwithstanding the provisions of Subsections 1.01(h) and (m) or Section 1.02, Beneficiary is not undertaking the performance of (i) any obligations under the Leases, or (ii) any obligations with respect to any other agreements, contracts, certificates, instruments, franchises, permits, trademarks, licenses or other documents.

          (b)     By accepting or approving anything required to be observed, performed or fulfilled or to be given to Beneficiary pursuant to this Deed of Trust, the Loan Agreement, the Note or the other Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal or insurance policy, Beneficiary shall not be deemed to have warranted, consented to, or affirmed the sufficiency, legality or effectiveness of same, and such acceptance or approval thereof shall not constitute any warranty or affirmation with respect thereto by Beneficiary.

      **Section 4.04.**   **Reliance**.  Trustor recognizes and acknowledges that in accepting the Loan Agreement, the Note, this Deed of Trust and the other Loan Documents, Beneficiary is expressly and primarily relying on the truth and accuracy of the warranties and representations set forth in Article 3 of the Loan Agreement without any obligation to investigate the Property and notwithstanding any investigation of the Property by Beneficiary; that such reliance existed on the part of Beneficiary prior to the date hereof; that the warranties and representations are a material inducement to Beneficiary in making the Loan; and that Beneficiary would not be

8

NY:1588817.5

35441   030

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0030, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

willing to make the Loan and accept this Deed of Trust in the absence of the warranties and representations as set forth in Article 3 of the Loan Agreement.

## ARTICLE V.

## FURTHER ASSURANCES

**Section 5.01.**   **Recording of Deed of Trust, Etc**.   Trustor forthwith upon the execution and delivery of this Deed of Trust and thereafter, from time to time, will cause this Deed of Trust and any of the other Loan Documents creating a Lien or security interest or evidencing the Lien hereof upon the Property and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect and perfect the Lien or security interest hereof upon, and the interest of Beneficiary in, the Property.   Trustor will pay all taxes, filing, registration or recording fees, and all reasonable expenses incident to the preparation, execution, acknowledgment and/or recording of the Note, this Deed of Trust, the other Loan Documents, any note, deed of trust or mortgage supplemental hereto, any security instrument with respect to the Property and any instrument of further assurance, and any modification or amendment of any of the foregoing documents, and all federal, state, county and municipal taxes, duties, imposts, assessments and charges arising out of or in connection with the execution and delivery of this Deed of Trust, any deed of trust or mortgage supplemental hereto, any security instrument with respect to the Property or any instrument of further assurance, and any modification or amendment of any of the foregoing documents, except where prohibited by law so to do.

**Section 5.02.**   **Further Acts, Etc**.   Trustor will, at the cost of Trustor, and without expense to Beneficiary, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, deeds of trust, mortgages, assignments, notices of assignments, transfers and assurances as Beneficiary shall, from time to time, reasonably require, for the better assuring, conveying, assigning, transferring, and confirming unto Beneficiary the property and rights hereby mortgaged, deeded, granted, bargained, sold, conveyed, confirmed, pledged, assigned, warranted and transferred or intended now or hereafter so to be, or which Trustor may be or may hereafter become bound to convey or assign to Beneficiary, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust, or for complying with all Legal Requirements. Trustor, on demand, will execute and deliver, and in the event it shall fail to so execute and deliver, hereby authorizes Beneficiary to execute in the name of Trustor or without the signature of Trustor to the extent Beneficiary may lawfully do so, one or more financing statements to evidence more effectively the security interest of Beneficiary in the Property.   Trustor grants to Beneficiary an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Beneficiary at law and in equity, including, without limitation, such rights and remedies available to Beneficiary pursuant to this Section 5.02.

**Section 5.03.**   **Changes in Tax, Debt, Credit and Documentary Stamp Laws.**

(a)   If any law is enacted or adopted or amended after the date of this Deed of Trust which deducts the Debt from the value of the Property for the purpose of taxation or which

9

NY:1588817.5

35441   031

imposes a tax, either directly or indirectly, on the Debt or Beneficiary's interest in the Property, Trustor will pay the tax, with interest and penalties thereon, if any.  If Beneficiary is advised by counsel chosen by it that the payment of tax by Trustor would be unlawful or taxable to Beneficiary or unenforceable or provide the basis for a defense of usury, then Beneficiary shall have the option by written notice of not less than one hundred twenty (120) days to declare the Debt immediately due and payable, without penalty or premium.

     (b)     Trustor will not claim or demand or be entitled to any credit or credits on account of the Debt for any part of the Taxes or Other Charges assessed against the Property, or any part thereof, and no deduction shall otherwise be made or claimed from the assessed value of the Property, or any part thereof, for real estate tax purposes by reason of this Deed of Trust or the Debt.  If such claim, credit or deduction shall be required by law, Beneficiary shall have the option, by written notice of not less than one hundred twenty (120) days, to declare the Debt immediately due and payable, without penalty or premium.

     (c)     If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note, this Deed of Trust, or any of the other Loan Documents or shall impose any other tax or charge on the same, Trustor will pay for the same, with interest and penalties thereon, if any.

## ARTICLE VI.

## DUE ON SALE/ENCUMBRANCE

**Section 6.01.**    **Beneficiary Reliance**.  Trustor acknowledges that Beneficiary has examined and relied on the experience of Trustor and its general partners, members, principals and (if Trustor is a trust) beneficial owners in owning and operating properties such as the Property in agreeing to make the Loan, and will continue to rely on Trustor's ownership of the Property as a means of maintaining the value of the Property as security for the payment and performance of the Obligations, including the repayment of the Debt.  Trustor acknowledges that Beneficiary has a valid interest in maintaining the value of the Property so as to ensure that, should Trustor default in the payment and/or performance of the Obligations, including the repayment of the Debt, Beneficiary can recover the Debt by a sale of the Property pursuant to applicable law.

**Section 6.02.**    **No Transfer**.  Trustor shall not permit or suffer any Transfer to occur except in accordance with the terms of the Loan Agreement.

## ARTICLE VII.

## RIGHTS AND REMEDIES UPON DEFAULT

**Section 7.01.**    **Remedies**.  Upon the occurrence and during the continuance of any Event of Default, Trustor agrees that Beneficiary may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Trustor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Beneficiary may determine, in its

10

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0031, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   032

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0032, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

sole discretion, to the extent permitted by applicable law, without impairing or otherwise affecting the other rights and remedies of Beneficiary:

    (a)    declare the entire unpaid Debt to be immediately due and payable;

    (b)    give such notice of default and of election to cause the Property to be sold as may be required by law or as may be necessary to cause Trustee to exercise the power of sale granted herein; Trustee shall then record and give such notice of Trustee's sale as then required by law and, after the expiration of such time as may be required by law, may sell the Property at the time and place specified in the notice of sale, as a whole or in separate parcels as directed by Beneficiary, or by Trustor to the extent required by law, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, all in accordance with applicable law. Trustee, from time to time, may postpone or continue the sale of all or any portion of the Property by public declaration at the time and place last appointed for the sale and no other notice of the postponed sale shall be required unless provided by applicable law. Upon any sale, Trustee shall deliver its deed conveying the property sold, without any covenant or warranty, expressed or implied, to the purchaser or purchasers at the sale. The recitals in such deed of any matters or facts shall be conclusive as to the accuracy thereof;

    (c)    institute proceedings, judicial or otherwise, for the complete foreclosure of this Deed of Trust under any applicable provision of law, in which case the Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner, Beneficiary being hereby expressly granted the power to foreclose this Deed of Trust and sell the Property at public auction and convey the same to the purchaser in fee simple;

    (d)    with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Deed of Trust for the portion of the Debt then due and payable, subject to the continuing lien and security interest of this Deed of Trust for the balance of the Obligations not then due, unimpaired and without loss of priority;

    (e)    sell for cash or upon credit the Property or any part thereof and all estate, claim, demand, right, title and interest of Trustor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof, all as may be required or permitted by law; and, without limiting the foregoing:

    (f)    (i) In connection with any sale or sales hereunder, Beneficiary shall be entitled to elect to treat any of the Property which consists of (x) a right in action, or (y) property that can be severed from the Real Property covered hereby, or (z) any improvements (without causing structural damage thereto), as if the same were personal property, and dispose of the same in accordance with applicable law, separate and apart from the sale of the Real Property. Where the Property consists of Real Property, Personal Property, Equipment or Fixtures, whether or not such Personal Property or Equipment is located on or within the Real Property, Beneficiary shall be entitled to elect to exercise its rights and remedies against any or all of the

11

NY:1588817.5

35441   033

Real Property, Personal Property, Equipment and Fixtures in such order and manner as is now or hereafter permitted by applicable law;

       (ii)     Beneficiary shall be entitled to elect to proceed against any or all of the Real Property, Personal Property, Equipment and Fixtures in any manner permitted under applicable law; and if Beneficiary so elects pursuant to applicable law, the power of sale herein granted shall be exercisable with respect to all or any of the Real Property, Personal Property, Equipment and Fixtures covered hereby, as designated by Beneficiary and Beneficiary is hereby authorized and empowered to conduct any such sale of any Real Property, Personal Property, Equipment and Fixtures in accordance with the procedures applicable to Real Property;

       (iii)    Should Beneficiary elect to sell any portion of the Property which is Real Property or which is Personal Property, Equipment or Fixtures that the Beneficiary has elected under applicable law to sell together with Real Property in accordance with the laws governing a sale of the Real Property, Beneficiary shall give such notice of the occurrence of an Event of Default, if any, and its election to sell such Property, each as may then be required by law. Thereafter, upon the expiration of such time and the giving of such notice of sale as may then be required by law, subject to the terms hereof and of the other Loan Documents, and without the necessity of any demand on Trustor, Beneficiary at the time and place specified in the notice of sale, shall sell such Real Property or part thereof at public auction to the highest bidder for cash in lawful money of the United States. Beneficiary may from time to time postpone any sale hereunder by public announcement thereof at the time and place noticed for any such sale; and

       (iv)    If the Property consists of several lots, parcels or items of property, Beneficiary shall, subject to applicable law, (A) designate the order in which such lots, parcels or items shall be offered for sale or sold, or (B) elect to sell such lots, parcels or items through a single sale, or through two or more successive sales, or in any other manner Beneficiary designates. Any Person, including Trustor or Beneficiary, may purchase the Property at any sale hereunder. Should Beneficiary desire that more than one sale or other disposition of the Property be conducted, Beneficiary shall, subject to applicable law, cause such sales or dispositions to be conducted simultaneously, or successively, on the same day, or at such different days or times and in such order as Beneficiary may designate, and no such sale shall terminate or otherwise affect the Lien of this Deed of Trust on any part of the Property not sold until all the Obligations have been satisfied in full. In the event Beneficiary elects to dispose of the Property through more than one sale, except as otherwise provided by applicable law, Trustor agrees to pay the costs and expenses of each such sale and of any judicial proceedings wherein such sale may be made;

       (g)     institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, in the Note, in the Loan Agreement or in the other Loan Documents;

       (h)     recover judgment on the Note either before, during or after any proceedings for the enforcement of this Deed of Trust or the other Loan Documents;

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0033, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   034

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0034, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

(i) apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Trustor, any guarantor or indemnitor with respect to the Loan or any Person otherwise liable for the payment of the Debt or any part thereof;

(j) the license granted to Trustor under Section 1.02 hereof shall automatically be revoked and Beneficiary may enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Trustor and its agents and servants therefrom, without liability for trespass, damages or otherwise and exclude Trustor and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Trustor agrees to surrender possession of the Property and of such books, records and accounts to Beneficiary upon demand, and thereupon Beneficiary may (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business thereat; (ii) complete any construction on the Property in such manner and form as Beneficiary deems advisable; (iii) make alterations, additions, renewals, replacements and improvements to or on the Property; (iv) exercise all rights and powers of Trustor with respect to the Property, whether in the name of Trustor or otherwise, including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants and demand, sue for, collect and receive all Rents of the Property and every part thereof; (v) require Trustor to pay monthly in advance to Beneficiary, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Property as may be occupied by Trustor; (vi) require Trustor to vacate and surrender possession of the Property to Beneficiary or to such receiver and, in default thereof, Trustor may be evicted by summary proceedings or otherwise; and (vii) apply the receipts from the Property to the payment and performance of the Obligations (including, without limitation, the payment of the Debt), in such order, priority and proportions as Beneficiary shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees and costs) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, Other Charges, Insurance Premiums and other expenses in connection with the Property, as well as just and reasonable compensation for the services of Beneficiary, its counsel, agents and employees;

(k) exercise any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing: (i) the right to take possession of the Fixtures, the Equipment and/or the Personal Property, or any part thereof, and to take such other measures as Beneficiary may deem necessary for the care, protection and preservation of the Fixtures, the Equipment and the Personal Property, and (ii) request Trustor, at its sole cost and expense, to assemble the Fixtures, the Equipment and/or the Personal Property and make it available to Beneficiary at a convenient place acceptable to Beneficiary.  Any notice of sale, disposition or other intended action by Beneficiary with respect to the Fixtures, the Equipment and/or the Personal Property sent to Trustor in accordance with the provisions hereof at least ten (10) days prior to such action, shall constitute commercially reasonable notice to Trustor;

(l) apply any sums then deposited or held in escrow or otherwise by or on behalf of Beneficiary in accordance with the terms of the Loan Agreement, this Deed of Trust or any other Loan Document to the payment of the following items in any order in its sole discretion:

13

35441   035

PRINCE GEORGES COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0035, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

(i)      Taxes and Other Charges;

(ii)     Insurance Premiums;

(iii)    Interest on the unpaid principal balance of the Note;

(iv)     Amortization of the unpaid principal balance of the Note; and/or

(v)      All other sums payable pursuant to the Note, the Loan Agreement, this Deed of Trust and the other Loan Documents, including, without limitation, the Prepayment Fee, if applicable, and advances made by Beneficiary pursuant to the terms of this Deed of Trust;

(m)     pursue such other remedies as may be available at law or in equity; and/or

(n)     apply the undisbursed balance of any Net Proceeds Deficiency deposit, together with interest thereon, to the payment of the Debt in such order, priority and proportions as Beneficiary shall deem to be appropriate in its sole discretion.

In the event of a sale, by foreclosure, power of sale or otherwise, of less than all of Property, this Deed of Trust shall continue as a Lien and security interest on the remaining portion of the Property unimpaired and without loss of priority.

**Section 7.02.    Application of Proceeds**.  The purchase money proceeds and avails of any disposition of the Property or any part thereof, or any other sums collected by Beneficiary pursuant to the Note, this Deed of Trust or the other Loan Documents, may be applied by Beneficiary to the payment of the Obligations in such priority and proportions as Beneficiary in its discretion shall deem proper, to the extent consistent with law.

**Section 7.03.    Right to Cure Defaults**.  During the continuance of any Event of Default, Beneficiary may, but without any obligation to do so and without notice to or demand on Trustor and without releasing Trustor from any obligation hereunder, perform the obligations in Default in such manner and to such extent as Beneficiary may deem necessary to protect the security hereof.  Beneficiary is authorized to enter upon the Property for such purposes or appear in, defend or bring any action or proceeding to protect its interest in the Property or to foreclose this Deed of Trust or collect the Debt, and the cost and expense thereof (including reasonable attorneys' fees and disbursements to the extent permitted by law), with interest thereon at the Default Rate for the period after notice from Beneficiary that such cost or expense was incurred to the date of payment to Beneficiary, shall constitute a portion of the Debt, shall be secured by this Deed of Trust and the other Loan Documents and shall be due and payable to Beneficiary upon demand.

**Section 7.04.    Other Rights, Etc**.

(a)      The failure of Beneficiary to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Deed of Trust.  Trustor shall not be relieved of Trustor's obligations hereunder by reason of (i) the failure of Beneficiary to comply with any request of Trustor or any guarantor or indemnitor with respect to the Loan to take any action to foreclose this Deed of Trust or otherwise enforce any of the provisions hereof or of the

14

NY:1588817.5

35441   036

Note or the other Loan Documents, (ii) the release, regardless of consideration, of the whole or any part of the Property, or of any Person liable for the Obligations or any portion thereof, or (iii) any agreement or stipulation by Beneficiary extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Deed of Trust or the other Loan Documents.

        (b)    It is agreed that the risk of loss or damage to the Property is on Trustor, and Beneficiary shall have no liability whatsoever for any decline in value of the Property, for failure to maintain the Policies, or for failure to determine whether insurance in force is adequate as to the amount of risks insured. Possession by Beneficiary shall not be deemed an election of judicial relief, if any such possession is requested or obtained, with respect to any Property or collateral not in Beneficiary's possession.

        (c)    Beneficiary may resort for the payment and performance of the Obligations (including, but not limited to, the payment of the Debt) to any other security held by Beneficiary in such order and manner as Beneficiary, in its discretion, may elect. Beneficiary may take action to recover the Debt, or any portion thereof, or to enforce the Other Obligations or any covenant hereof, without prejudice to the right of Beneficiary thereafter to foreclose this Deed of Trust. The rights of Beneficiary under this Deed of Trust shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Beneficiary shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision. Beneficiary shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

        **Section 7.05.**   **Right to Release Any Portion of the Property**. Beneficiary may release any portion of the Property for such consideration as Beneficiary may require without, as to the remainder of the Property, in any way impairing or affecting the Lien or priority of this Deed of Trust, or improving the position of any subordinate lienholder with respect thereto, except to the extent that the Debt shall have been reduced by the actual monetary consideration, if any, received by Beneficiary for such release, and Beneficiary may accept by assignment, pledge or otherwise any other property in place thereof as Beneficiary may require without being accountable for so doing to any other lienholder. This Deed of Trust shall continue as a Lien and security interest in the remaining portion of the Property.

        **Section 7.06.**   **Violation of Laws**. If the Property is not in full material compliance with all Legal Requirements, Trustor shall take the necessary actions to cause such compliance with all Legal Requirements, subject to the terms of the Loan Agreement.

        **Section 7.07.**   **Right of Entry**. Upon reasonable notice to Trustor, and subject to the rights of Tenants, Beneficiary and its agents shall have the right to enter and inspect the Property at all reasonable times.

15

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0036, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   037

## ARTICLE VIII.

## INDEMNIFICATION

**Section 8.01.**   <u>Mortgage and/or Intangible Tax</u>.   Trustor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless Beneficiary and any Person claiming by or through Beneficiary (collectively with Beneficiary, the "***Indemnified Parties***") from and against any and all Losses imposed upon or incurred by or asserted against any Indemnified Party and directly or indirectly arising out of or in any way relating to any mortgage, recording, stamp, intangible or other similar taxes required to be paid by any Person under applicable Legal Requirements in connection with the execution, delivery, recordation, filing, registration, perfection or enforcement of this Deed of Trust or any of the Loan Documents (but excluding any income, franchise or other similar taxes).

**Section 8.02.**   <u>Duty to Defend; Attorneys' Fees and Other Fees and Expenses</u>. Upon written request by any Indemnified Party, Trustor shall defend such Indemnified Party (if requested by any Indemnified Party, in the name of the Indemnified Party) by attorneys and other professionals approved by the Indemnified Parties.   Notwithstanding the foregoing, if the defendants in any such claim or proceeding include both Trustor and any Indemnified Party and Trustor and such Indemnified Party shall have reasonably concluded that there are any legal defenses available to it and/or other Indemnified Parties that are different from or in addition to those available to Trustor, such Indemnified Party shall have the right to select separate counsel to assert such legal defenses and to otherwise participate in the defense of such action on behalf of such Indemnified Party.   Upon demand, Trustor shall pay or, in the sole and absolute discretion of Beneficiary, reimburse, Beneficiary for the payment of the reasonable fees and disbursements of attorneys, engineers, environmental consultants, laboratories and other professionals in connection therewith.

## ARTICLE IX.

## WAIVERS

**Section 9.01.**   <u>Waiver of Counterclaim</u>.   To the extent permitted by applicable law, Trustor hereby waives the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Beneficiary arising out of or in any way connected with this Deed of Trust, the Loan Agreement, the Note, any of the other Loan Documents or the Obligations.

**Section 9.02.**   <u>Marshalling and Other Matters</u>.   To the extent permitted by applicable law, Trustor hereby waives the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein.   Further, to the extent permitted by applicable law, Trustor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Deed of Trust on behalf of Trustor, and on behalf of each and every Person acquiring any interest in or title to the Property subsequent to the date of this Deed of Trust.

16

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0037, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   038

**Section 9.03.**   <u>Waiver of Notice</u>.   To the extent permitted by applicable law, Trustor shall not be entitled to any notices of any nature whatsoever from Beneficiary, except with respect to matters for which this Deed of Trust or the Loan Documents specifically and expressly provide for the giving of notice by Beneficiary to Trustor, and except with respect to matters for which Beneficiary is required by applicable law to give notice, and Trustor hereby expressly waives the right to receive any notice from Beneficiary with respect to any matter for which this Deed of Trust does not specifically and expressly provide for the giving of notice by Beneficiary to Trustor.

**Section 9.04.**   <u>Waiver of Statute of Limitations</u>.   To the extent permitted by applicable law, Trustor hereby expressly waives and releases its right to plead any statute of limitations as a defense to the payment and performance of the Obligations (including, without limitation, the payment of the Debt).

**Section 9.05.**   <u>Waiver of Jury Trial</u>.   **TRUSTOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND FOREVER WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST, WITH REGARD TO THE NOTE, THIS DEED OF TRUST OR THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.   THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY TRUSTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY TRUSTOR.**

**Section 9.06.**   <u>Survival</u>.   The indemnifications made pursuant to <u>Article 8</u> herein and the representations and warranties, covenants, and other obligations arising under the Environmental Indemnity, shall continue indefinitely in full force and effect and shall survive and shall in no way be impaired by (a) any satisfaction, release or other termination of this Deed of Trust or any other Loan Document, (b) any assignment or other transfer of all or any portion of this Deed of Trust or any other Loan Document or Beneficiary's interest in the Property (but, in such case, such indemnifications shall benefit both the Indemnified Parties and any such assignee or transferee), (c) any exercise of Beneficiary's rights and remedies pursuant hereto, including, but not limited to, foreclosure or acceptance of a deed in lieu of foreclosure, any exercise of any rights and remedies pursuant to the Loan Agreement, the Note or any of the other Loan Documents, any transfer of all or any portion of the Property (whether by Trustor or by Beneficiary following foreclosure or acceptance of a deed in lieu of foreclosure or at any other time), (d) any amendment to this Deed of Trust, the Loan Agreement, the Note or any other Loan Document, and/or (e) any act or omission that might otherwise be construed as a release or discharge of Trustor from the Obligations or any portion thereof.  Notwithstanding the foregoing, Trustor shall not be obligated to indemnify any Indemnified Party for any event or condition, that (i) first arises on or after the date on which Beneficiary (or its transferee) acquires title or control of the Property (whether at foreclosure sale, acceptance by Beneficiary of a conveyance in lieu of foreclosure or similar transfer) or after a receiver has been appointed for the Property; provided

17

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0038, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   039

that the obligation of Trustor to indemnify the Indemnified Parties pursuant to this Agreement shall continue in perpetuity after Beneficiary (or its transferee) acquires title or control of the Property unless such specified event or condition occurs during the period of ownership of Beneficiary (or its transferee, as applicable) and provided that Trustor shall bear the burden of proving pursuant to a final judicial determination that such specified event or condition occurred during the period of ownership; or (ii) is finally judicially determined to have arisen due solely to Beneficiary's willful misconduct or gross negligence.

## ARTICLE X.

## EXCULPATION

The provisions of <u>Section 10.1</u> of the Loan Agreement are hereby incorporated by reference into this Deed of Trust to the same extent and with the same force as if fully set forth herein.

## ARTICLE XI.

## NOTICES

All notices or other written communications hereunder shall be delivered in accordance with <u>Section 10.6</u> of the Loan Agreement.

## ARTICLE XII.

## APPLICABLE LAW

**Section 12.01.   Governing Law; Jurisdiction; Service of Process.  WITH RESPECT TO MATTERS RELATING TO THE CREATION, PERFECTION AND PROCEDURES RELATING TO THE ENFORCEMENT OF THIS DEED OF TRUST, THIS DEED OF TRUST SHALL BE GOVERNED BY, AND BE CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, IT BEING UNDERSTOOD THAT, EXCEPT AS EXPRESSLY SET FORTH ABOVE IN THIS PARAGRAPH AND TO THE FULLEST EXTENT PERMITTED BY THE LAW OF SUCH STATE, THE LAW OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES SHALL GOVERN ALL MATTERS RELATING TO THIS DEED OF TRUST AND THE OTHER LOAN DOCUMENTS AND ALL OF THE INDEBTEDNESS OR OBLIGATIONS ARISING HEREUNDER OR THEREUNDER. ALL PROVISIONS OF THE LOAN AGREEMENT INCORPORATED HEREIN BY REFERENCE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES, AS SET FORTH IN THE GOVERNING LAW PROVISION OF THE LOAN AGREEMENT.**

**Section 12.02.   Usury Laws**.   Notwithstanding anything to the contrary, (a) all agreements and communications between Trustor and Beneficiary are hereby and shall automatically be limited so that, after taking into account all amounts deemed to constitute

18

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0039, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

NY:1588817.5

35441   040

interest, the interest contracted for, charged or received by Beneficiary shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Trustor to Beneficiary, and (c) if through any contingency or event, Beneficiary receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Trustor to Beneficiary, or if there is no such indebtedness, shall immediately be returned to Trustor.

Section 12.03.  **Provisions Subject to Applicable Law**.   All rights, powers and remedies provided in this Deed of Trust may be exercised only to the extent that the exercise thereof does not violate any applicable provisions of law and are intended to be limited to the extent necessary so that they will not render this Deed of Trust invalid, unenforceable or not entitled to be recorded, registered or filed under the provisions of any applicable law.  If any term of this Deed of Trust or any application thereof shall be invalid or unenforceable, the remainder of this Deed of Trust and any other application of the term shall not be affected thereby.

## ARTICLE XIII.

## DEFINITIONS

Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Deed of Trust may be used interchangeably in the singular or plural form and the word "Trustor" shall mean "each Trustor and any subsequent owner or owners of the Property or any part thereof or any interest therein," the word "Beneficiary" shall mean "Beneficiary and any subsequent holder of the Note," the word "Note" shall mean "the Note and any other evidence of indebtedness secured by this Deed of Trust," the word "Property" shall include any portion of the Property and any interest therein, and the phrases "attorneys' fees", "legal fees" and "counsel fees" shall include any and all attorneys', paralegal and law clerk fees and disbursements, including, but not limited to, fees and disbursements at the pre-trial, trial and appellate levels, incurred or paid by Beneficiary in protecting its interest in the Property, the Leases and/or the Rents and/or in enforcing its rights hereunder.  Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms.

## ARTICLE XIV.

## MISCELLANEOUS PROVISIONS

Section 14.01.  **No Oral Change**.  This Deed of Trust, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Trustor or Beneficiary, but only by an agreement in writing signed by the party(ies) against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

19

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0040, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   041

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0041, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

**Section 14.02.**   <u>**Successors and Assigns**</u>.  This Deed of Trust shall be binding upon, and shall inure to the benefit of, Trustor and Beneficiary and their respective successors and permitted assigns, as set forth in the Loan Agreement.

**Section 14.03.**   <u>**Inapplicable Provisions**</u>.  If any provision of this Deed of Trust is held to be illegal, invalid or unenforceable under present or future laws effective during the term of this Deed of Trust, such provision shall be fully severable and this Deed of Trust shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Deed of Trust, and the remaining provisions of this Deed of Trust shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Deed of Trust, unless such continued effectiveness of this Deed of Trust, as modified, would be contrary to the basic understandings and intentions of the parties as expressed herein.

**Section 14.04.**   <u>**Headings, Etc**</u>.  The headings and captions of the various Sections of this Deed of Trust are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

**Section 14.05.**   <u>**Subrogation**</u>.  If any or all of the proceeds of the Note have been used to extinguish, extend or renew any indebtedness heretofore existing against the Property, then, to the extent of the funds so used, Beneficiary shall be subrogated to all of the rights, claims, liens, titles and interests existing against the Property heretofore held by, or in favor of, the holder of such indebtedness and such former rights, claims, liens, titles and interests, if any, are not waived, but rather are continued in full force and effect in favor of Beneficiary and are merged with the Lien and security interest created herein as cumulative security for the payment, performance and discharge of the Obligations (including, but not limited to, the payment of the Debt).

**Section 14.06.**   <u>**Entire Agreement**</u>.  The Note, the Loan Agreement, this Deed of Trust and the other Loan Documents constitute the entire understanding and agreement between Trustor and Beneficiary with respect to the transactions arising in connection with the Obligations and supersede all prior written or oral understandings and agreements between Trustor and Beneficiary with respect thereto.  Trustor hereby acknowledges that, except as incorporated in writing in the Note, the Loan Agreement, this Deed of Trust and the other Loan Documents, there are not, and were not, and no Persons are or were authorized by Beneficiary to make, any representations, understandings, stipulations, agreements or promises, oral or written, with respect to the transaction which is the subject of the Note, the Loan Agreement, this Deed of Trust and the other Loan Documents.

**Section 14.07.**   <u>**Limitation on Beneficiary's Responsibility**</u>.  No provision of this Deed of Trust shall operate to place any obligation or liability for the control, care, management or repair of the Property upon Beneficiary, nor shall it operate to make Beneficiary responsible or liable for any waste committed on the Property by the Tenants or any other Person, or for any dangerous or defective condition of the Property, or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any Tenant, licensee, employee or stranger.  Nothing herein contained shall be construed as constituting Beneficiary a "mortgagee in possession."

NY:1588817.5

35441   042

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0042, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

**Section 14.08.   Recitals**.   The recitals hereof are a part hereof, form a basis for this Deed of Trust and shall be considered prima facie evidence of the facts and documents referred to therein.

**Section 14.09.   Trustee; Successor Trustee**.   Trustee shall not be liable for any error of judgment or act done by Trustee, or be otherwise responsible or accountable under any circumstances whatsoever, except if the result of Trustee's gross negligence or willful misconduct.  Trustee shall not be personally liable in case of entry by him or anyone acting by virtue of the powers herein granted him upon the Property for debts contracted or liability or damages or damages incurred in the management or operation of the Property.  Trustee shall have the right to rely on any instrument, document or signature authorizing or supporting any action taken or proposed to be taken by him hereunder or believed by him to be genuine.  Trustee shall be entitled to reimbursement for actual reasonable expenses incurred by him in the performance of his duties hereunder (except to the extent due to Trustee's gross negligence or willful misconduct) and to reasonable and customary compensation for such of his services hereunder as shall be rendered.  Trustor will, from time to time, reimburse Trustee for and save and hold him harmless from and against any and all loss, liability, damage and reasonable cost and expense whatsoever incurred by him in the performance of his duties.  All monies received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other monies (except to the extent required by law) and Trustee shall be under no liability for interest on any monies received by him hereunder.  Trustee may resign by giving of notice of such resignation in writing to Beneficiary.  If Trustee shall die, resign or become disqualified from acting in the execution of this trust or shall fail or refuse to exercise the same when requested by Beneficiary or if for any or no reason and without cause Beneficiary shall prefer to appoint a substitute trustee to act instead of the original Trustee named herein, or any prior successor or substitute trustee, Beneficiary shall, without any formality or notice to Trustor or any other person, have full power to appoint a substitute trustee and, if Beneficiary so elects, several substitute trustees in succession who shall succeed to all the estate, rights, powers and duties of the aforenamed Trustee.   Each appointment and substitution shall be evidenced by an instrument in writing which shall recite the parties to, and the book and page of record of, this Deed of Trust, and the description of the real property herein described, which instrument, executed and acknowledged by Beneficiary, shall (i) be conclusive proof of the proper substitution and appointment of such successor Trustee or Trustees, (ii) duly assign and transfer all the estates, properties, rights, powers and trusts of Trustee so ceasing to act and (iii) be notice of such proper substitution and appointment to all parties in interest.  In addition, such Trustee ceasing to act shall duly assign, transfer, and deliver any of the property and monies held by Trustee to the successor Trustee so appointed in its or his place.  The Trustee may act in the execution of this trust and may authorize one or more parties to act on his behalf to perform the ministerial functions required of him hereunder, including without limitation, the transmittal and posting of any notices and it shall not be necessary for any Trustee to be present in person at any foreclosure sale.

**Section 14.10.   Joint and Several Liability**.   If Trustor consists of more than one person or entity, each shall be jointly and severally liable to perform the obligations of Trustor under this Deed of Trust.

NY:1588817.5

35441    043

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0043, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

## ARTICLE XV.

## STATE-SPECIFIC PROVISIONS

**Section 15.01.    Principles of Construction**.    In the event of any inconsistencies between the terms and conditions of this <u>Article 15</u> and the other terms and conditions of this Deed of Trust, the terms and conditions of this <u>Article 15</u> shall control and be binding.

**Section 15.02.**    Should Beneficiary have elected to accelerate the Debt, Beneficiary may initiate foreclosure of the Property by requesting the Trustee to effectuate a foreclosure sale which shall be made either pursuant to the power of sale granted to the Trustee herein or pursuant to an order or decree of a court having jurisdiction (the Trustor hereby assenting to the passage of such an order or decree).    The Trustee shall then sell, or offer for sale, the Property at public sale in accordance with the Maryland Rules of Procedure and other applicable laws or regulations, after such advertisements, and at such time and place and upon such terms as the Trustee deems appropriate or as may be required by the Maryland Rules of Procedure or other applicable laws.    If the advertisement of sale so discloses, a foreclosure sale may be made subject to one or more leases entered into subsequent to the recording of this Deed of Trust or otherwise subordinate hereto.    Beneficiary shall have the right to become the purchaser at any sale held by any Trustee or substitute or successor Trustee, or by any receiver or public officer.    Any Beneficiary purchasing at any such sale shall have the right to credit the secured obligations owing to such Beneficiary upon the amount of its bid entered at such sale to the extent necessary to satisfy such bid.    Said Trustee may appoint an attorney-in-fact to act in its stead as Trustee to conduct sale as hereinbefore provided.    Trustor authorizes and empowers the Trustee to sell the Property, in lots or parcels or as a whole, and to execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance thereto of the estate of title then existing on the Property and bills of sale.    Trustor binds itself to warrant and forever defend the title of such purchaser or purchasers, and agrees to accept proceeds of said sale, if any, which are payable to Trustor as provided herein.

**Section 15.03.**    In the event foreclosure proceedings are instituted following an Event of Default but the Debt is paid before sale of the Property, a commission shall be due and owing to the Trustee equal to one-half (1/2) of the percentage allowed to trustees for making sales of property by virtue of a decree of court of equity in the State of Maryland, calculated as though the Property were sold for the principal amount of the secured obligations then due and owing, and the sale may proceed unless payment thereof is made prior to the sale.

**Section 15.04.**    Trustor hereby agrees that the "reasonable fee to the Trustee" shall be in an amount equal to the commission allowed to trustees for making sales of property by virtue of a decree of court of equity in the county in the State of Maryland in which the Property is located.

**Section 15.05.**    Trustor warrants and represents that the Loan is a "commercial loan" as defined in section 12-101(c) of the Commercial Law Articles of the Maryland Code.

**[NO FURTHER TEXT ON THIS PAGE]**

22

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0044, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441    044

 

IN WITNESS WHEREOF, THIS DEED OF TRUST has been executed by Trustor as of the day and year first above written.

**TRUSTOR**:

**BEDFORD UNITED, LLC,**
a Delaware limited liability company

By:   **HYATTSVILLE UNITED, LLC,**
      a Delaware limited liability company,
      its sole member

      By:   **FIRST MARKET MD, LLC,**
            a Delaware limited liability company,
            its Managing Member

            By: _____
               Name: Aaron Kurlansky
               Title: Manager

**VICTORIA UNITED, LLC,**
a Delaware limited liability company

By:   **HYATTSVILLE UNITED, LLC,**
      a Delaware limited liability company,
      its sole member

      By:   **FIRST MARKET MD, LLC,**
            a Delaware limited liability company,
             its Managing Member

            By: _____
               Name: Aaron Kurlansky
               Title: Manager

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0045, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441   045

### ACKNOWLEDGMENT

STATE OF _New York_, COUNTY OF _Kings_, to wit:

On this the _7th_ day of November, 2013, before me, the undersigned officer, personally appeared Aaron Kurlansky, who acknowledged himself to be the Manager of First Market MD, LLC, a Delaware limited liability company, the Managing Member of Hyattsville United, LLC, a Delaware limited liability company, the sole member of Bedford United, LLC, a Delaware limited liability company, and on behalf of said companies did acknowledge that he, as such Manager, being authorized so to do, executed the foregoing instrument for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My commission expires: _6/20/17_

### ACKNOWLEDGMENT

STATE OF _New York_, COUNTY OF _Kings_, to wit:

On this the _7th_ day of November, 2013, before me, the undersigned officer, personally appeared Aaron Kurlansky, who acknowledged himself to be the Manager of First Market MD, LLC, a Delaware limited liability company, the Managing Member of Hyattsville United, LLC, a Delaware limited liability company, the sole member of Victoria United, LLC, a Delaware limited liability company, and on behalf of said companies did acknowledge that he, as such Manager, being authorized so to do, executed the foregoing instrument for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

**JUDY ZUCKER**
**Notary Public, State of New York**
**No. 01ZU6129261**
**Qualified in Kings County**
**My Commission Expires 6/20/2017**

_____
Notary Public

My commission expires: _6/20/17_

[Signature Page - Bedford Station and Victoria Station - Deed of Trust]

35441   046

## EXHIBIT A-1

## LEGAL DESCRIPTION (BEDFORD PROPERTY)

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Hyattsville, County of Prince Georges, State of Maryland.

Parcels lettered "H", "J" and "K" in the subdivision entitled "Langley Park, Plat No. 3", as per plat thereof recorded in Plat Book WWW 16 at Plat 37 among the land records of Prince George's County, Maryland, being in the 17th Election District.

NOTE: Being Parcel No. 17-1955137, 17-1955152, and 17-1955145 of the City of Hyattsville, County of Prince Georges.

NY:1588817.5

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0046, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441    047

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0047, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

## EXHIBIT A-2

## LEGAL DESCRIPTION (VICTORIA PROPERTY)

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Hyattsville, County of Prince Georges, State of Maryland.

Parcel lettered "F" in the subdivision known as "Langley Park, Plat No. 2", as per plat of said subdivision recorded in Plat Book 16, Plat 36, among the Land Records of Prince George's County, Maryland; being in the 17th Election District.

NOTE: Being Parcel No. 17-1906932 of the City of Hyattsville, County of Prince Georges.

NY:1588817.5

35441   048

**ATTORNEY'S CERTIFICATION**

I HEREBY CERTIFY that this Deed of Trust, Assignment of Leases and Rents and Security Agreement was prepared under the supervision of the undersigned, an attorney duly admitted to practice before the Court of Appeals of Maryland.

_____

Print Name:  Joseph B. Hoffman

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0048, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0049, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

35441    049

**Prince George's County Office of Finance, Treasury Division**   County Transfer Tax 1.4%

**Finance Affidavit**   State Recordation Tax 5.50 per 1000.00

PROPERTY TAX ID # _____   (REQUIRED)   (Rounded up to next 500.00)

DO YOU OWN ANY OTHER PROPERTIES?  Y / N  (PLEASE CIRCLE ONE)

I/WE CERTIFY, under the penalties of perjury, that the following are accurate responses regarding the financing we are offering for record on this date in accordance with Tax Property Article 12-102 and County Code 10-187(A).

**REQUIRED INFORMATION:** The following information refers ONLY to the loan(s) being REFINANCED or MODIFIED.

| LIBER/FOLIO(S) | ORIGINAL LOAN AMOUNT(S) | UNPAID PRINCIPAL BALANCE(S) (no interest or |
|---|---|---|
| 1) 34604 - 201 | $23,080,000.00 | $23,080,000.00   penalty to be |
| 2) 34604 - 153 | $4,690,000.00 | $4,690,000.00   added) |

**A.   STATE RECORDATION TAX – PRINCIPAL RESIDENCE**
The "REQUIRED INFORMATION" must be completed when using this clause.

_____ Borrower initials here only if **ALL** qualifications listed below apply:
a.    This is a **refinance** (Paying off an existing loan) of your principal residence.
b.    You are the original mortgagor or assumed the debt from the original mortgagor. (For tax purposes)
*Recordation tax based on difference between new loan amount and the unpaid principal balance of the loan(s) being refinanced.*
**(NOTE: "B-1" or "B-2" MUST be initialed)**

**B.   COUNTY TRANSFER TAX – PRINCIPAL RESIDENCE - (ONLY INITIAL ONE B CLAUSE)**
The "REQUIRED INFORMATION" above MUST be completed if refinancing (Paying off) or modifying (amending) existing loan

**B1.** _____ Borrower initials here only if **ALL** qualifications listed below apply:
a.    This is a (1) **new loan** (NOT Paying off an existing loan) (2) **Modification** (amending an existing loan) or a (3) **refinance** *(Paying off an existing loan)* on your principal residence.
b.    You had a **purchase money** trust/mortgage (Borrowed money to purchase property).
c.    The **purchase money** trust/mortgage has been on **record** for more than 12 months.
*Exempt from County Transfer Tax.*    (NOTE: If refinancing, "A" MUST be initialed)
REQUIRED: You must submit a recorded copy of the deed(s) of trust being refinanced.

**OR**

The "REQUIRED INFORMATION" above MUST be completed if using this clause.

**B2.** _____ Borrower initials here only if **ALL** qualifications listed below apply:
a.    This is a **refinance** (Paying off existing loan) of your principal residence. *and*
b.    You did NOT have a **purchase money** trust/mortgage or purchase money was recorded less than 12 months ago.
*County Transfer Tax on the difference between the new loan amt. and the original amt. of the loan(s) being refinanced.*
REQUIRED: You must submit a recorded copy of the deed(s) of trust being refinanced.  (NOTE: "A" MUST be initialed)

**C.   COUNTY TRANSFER TAX – NON PRINCIPAL RESIDENCE/COMMERCIAL PROPERTY**
The "REQUIRED INFORMATION" above MUST be completed if using this clause.

✗  _____AK_____ Borrower initials here only if **ALL** qualifications listed below apply:
a.    This is a **refinance** (Paying off existing loan)or modification of a property that is **NOT** your principal residence.
b.    You are the original mortgagor or assumed the debt from the original mortgagor. (For tax purposes)
*County Transfer Tax on the difference between the new loan amt. and the original amt. of the loan(s) being refinanced.*
*Recordation tax based on difference between new loan amount and the unpaid principal balance of the loan(s) being refinanced.*
REQUIRED: You must submit a recorded copy of the deed(s) of trust being refinanced/modified.

**\*\*TO QUALIFY FOR REFINANCE EXEMPTIONS – IT MUST BE SAME BORROWERS AND SAME PROPERTY\*\***

I/WE understand that if I/we fail to truthfully answer or provide information to avoid collection of County Transfer and State Recordation Tax, I/we may be found guilty of a misdemeanor and, on conviction, may be subject to a fine not exceeding $5,000.00 or imprisonment not exceeding (18) months or both; and I/We authorize Prince George's County to take the appropriate steps necessary to confirm and verify the information made on this affidavit.

By signing this form, I/WE are affirming under penalties of perjury that the borrower(s) do not claim any other property as their principal residence.

✗ _____
Signature of Borrower     Signature of Borrower

In the State of ___New York___ , at the County/City of ___Kings___

I HEREBY CERTIFY, on this __12__ day of __Nov__ , 20 __13__ , before me, the subscriber, a Notary Public, in and for said State and County/City, personally appeared, __Aaron Kurlansky__ , known to me to be, (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within affidavit, and acknowledged that he/she/they executed that same for the purposes therein contained, and further acknowledge the information therein is correct, and in my presence signed and sealed the same..

My Commission Expires: __6 , 20 , 17__

PGC TREAS Form #001
Rev 07/2013 (This form may be copied but not altered in any way)
**Alterations that affect taxation of the document will not be accepted.**

Notary Public Signature
NOTE: IT IS ILLEGAL TO NOTARIZE A FORGED SIGNATURE

**JUDY ZUCKER**
Notary Public, State of New York
No. 01ZU6129261
Qualified in Kings County
My Commission Expires 6/20/2017

PRINCE GEORGE'S COUNTY GOVT.
RECEIPT DATE        11/26/2013
ACCOUNT #          1906932
REVIEWER ID        007
RECEIPT #          54
PG DEED TAX        .00
MD DEED TAX        .00
MD TRANSFER ST #1  73,220.00
PG TRANSFER ST #1  28,765.00
PG TRANSFER ST #2  .00
MD TRUST #2        .00
PG TRUST #3        .00
MD TRUST #3        .00
PG TRUST #4        .00
AGRI TRUST #4      .00
AGRI TAX           .00
                   101,985.00

# State of Maryland Land Instrument Intake Sheet

☐ Baltimore City  ☑ County: PRINCE GEORGES

*Information provided is for the use of the Clerk's Office, State Department of Assessments and Taxation, and County Finance Office Only.*
*(Type or Print in Black Ink Only—All Copies Must Be Legible)*

**3544**   **050**

**1 Type(s) of Instruments** — (☑ Check Box if addendum Intake Form is Attached.)
| X | Deed / Deed of Trust | | Mortgage / Lease | Other ASST LEAS | X | Other F/S |

**2 Conveyance Type** Check Box — Improved Sale Arms-Length [1] | Unimproved Sale Arms-Length [2] | Multiple Accounts Arms-Length [3] | Not an Arms-Length Sale [9]

**3 Tax Exemptions** (if applicable) Cite or Explain Authority — Recordation | State Transfer | County Transfer

**4 Consideration and Tax Calculations**

| Consideration Amount | | Finance Office Use Only — Transfer and Recordation Tax Consideration | |
|---|---|---|---|
| Purchase Price/Consideration | $ | Transfer Tax Consideration | $ |
| Any New Mortgage | $ | X ( )% = | $ |
| Balance of Existing Mortgage | $ | Less Exemption Amount − | $ |
| Other: | $ | Total Transfer Tax | $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ) per $500 = | $ |
| Full Cash Value: | $ | TOTAL DUE | $ |

**5 Fees**

| Amount of Fees | Doc. 1 | Doc. 2 | |
|---|---|---|---|
| Recording Charge | $ | $ | Agent: |
| Surcharge | $ | $ | |
| State Recordation Tax | $ | $ | Tax Bill: |
| State Transfer Tax | $ | $ | |
| County Transfer Tax | $ | $ | C.B. Credit: |
| Other | $ | $ | |
| Other | $ | $ | Ag. Tax/Other: |

**6 Description of Property** — SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID No. (1) | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| 17 | 1906932 | 34604/147, 34604/195 | | | ☐ (5) |
| Subdivision Name | | Lot (3a) | Block (3b) | Sect/AR (3c) | Plat Ref. | SqFt/Acreage (4) |

Location/Address of Property Being Conveyed (2)
(VICTORIA) 1407 MERRIMAC DRIVE, (BEDFORD) 1400 UNIVERSITY BLVD., HYATTSVILLE, MD 20783

Other Property Identifiers (if applicable): 17-1955137, 17-1955145, 17-1955152 | Water Meter Account No.

Residential ☑ or Non-Residential ☐  Fee Simple ☑ or Ground Rent ☐ Amount:
Partial Conveyance? ☐ Yes ☐ No  Description/Amt. of SqFt/Acreage Transferred:
If Partial Conveyance, List Improvements Conveyed:

**7 Transferred From**

| Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|
| VICTORIA UNITED, LLC, and BEDFORD UNITED, LLC | VICTORIA UNITED, LLC and BEDFORD UNITED, LLC |
| Doc. 1 – Owner(s) of Record, if Different from Grantor(s) | Doc. 2 – Owner(s) of Record, if Different from Grantor(s) |

**8 Transferred To**

| Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|
| GERMAN AMERICAN CAPITAL CORPORATION | GERMAN AMERICAN CAPITAL CORPORATION |

New Owner's (Grantee) Mailing Address
2607 NOSTRAND AVENUE, BROOKLYN, N.Y., 11210

**9 Other Names to be Indexed**

| Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|

**10 Contact/Mail Information** — Instrument Submitted By or Contact Person
Name: C. WALDMAN
Firm MADISON TITLE AGENCY
Address: 1125 OCEAN AVENUE
LAKEWOOD, N.J. 08701   Phone: ( )
☑ Return to Contact Person  ☐ Hold for Pickup  ☐ Return Address Provided

**11 IMPORTANT:** *BOTH* THE ORIGINAL DEED *AND* A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER

**Assessment Information**
Yes ☐ No ☑  Will the property being conveyed be the grantee's principal residence?
Yes ☐ No ☑  Does transfer include personal property? If yes, identify:
Yes ☐ No ☑  Was property surveyed? If yes, attach copy of survey (if recorded, no copy required).

**Assessment Use Only – Do Not Write Below This Line**

| Terminal Verification | Agricultural Verification | Whole | Part | Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number | Date Received: | Deed Reference: | | Assigned Property No.: |

| | | | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|---|
| Year | 20 | 20 | Zoning | Grid | Plat | Lot |
| Land | | | Use | Parcel | Section | Occ. Cd. |
| Buildings | | | Town Cd. | Ex. St. | Ex. Cd. | |
| Total | | | | | | |

REMARKS:

Distribution: White – Clerk's Office / Pink – Office of Finance   Canary – SDAT / Goldenrod – Preparer   AOC-CC-300 (5/2007)

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0050, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.

**Addendum**
## State of Maryland Land Instrument Intake Sheet
**Baltimore City     County:** PRINCE GEORGES

35441    051

*The addendum form should be used when one transaction involves more than two instruments.*
*Each instrument should be itemized in accordance with Section No. 1 of the Intake Sheet.*
**(Type or Print in Black Ink Only—All Copies Must Be Legible)**

| 5 | | Amount of Fees | Doc. 3 | Doc. 4 | Doc. 5 | Doc. 6 |
|---|---|---|---|---|---|---|
| | (Continued) Fees | Recording Charge | $ | $ | $ | $ |
| | | Surcharge | $ | $ | $ | $ |
| | | State Recordation Tax | $ | $ | $ | $ |
| | | State Transfer Tax | $ | $ | $ | $ |
| | | County Transfer Tax | $ | $ | $ | $ |
| | | Other | $ | $ | $ | $ |
| | | Other | $ | $ | $ | $ |

| 7 | (Continued) Transferred From |
|---|---|

| Doc. 3 – Grantor(s) Names(s) | Doc. 4 – Grantor(s) Names(s) |
|---|---|
| BEDFORD UNITED, LLC | |
| VICTORIA UNITED, LLC | |

| Doc. 5 – Grantor(s) Names(s) | Doc. 6 – Grantor(s) Names(s) |
|---|---|

| Doc. 3 – Owners(s) of Record, if Different from Grantor(s) | Doc. 4 – Owners(s) of Record, if Different from Grantor(s) |
|---|---|

| Doc. 5 – Owners(s) of Record, if Different from Grantor(s) | Doc. 6 – Owners(s) of Record, if Different from Grantor(s) |
|---|---|

| 8 | (Continued) Transferred To |
|---|---|

| Doc. 3 – Grantee(s) Names(s) | Doc. 4 – Grantee(s) Names(s) |
|---|---|
| GERMAN AMERICAN CAPITAL CORPORATION | |

| Doc. 5 – Grantee(s) Names(s) | Doc. 6 – Grantee(s) Names(s) |
|---|---|

| 9 | (Continued) Other Names to be Indexed |
|---|---|

| Doc. 3 – Additional Names to be Indexed (Optional) | Doc. 4 – Additional Names to be Indexed (Optional) |
|---|---|

| Doc. 5 – Additional Names to be Indexed (Optional) | Doc. 6 – Additional Names to be Indexed (Optional) |
|---|---|

**Special Instructions**

Special Recording Instructions (if any)

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35441, p. 0051, MSA_CE64_35750. Date available 12/10/2013. Printed 09/13/2021.