IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, INC., et al, <br> Plaintiffs | * | |
| v. | * | Civil Action No. 8:21-cv-01778-DKC |
| ARBOR REALTY TRUST, INC., et al, <br> Defendants. | * | |
| | * | |

******

# HYATTSVILLE DEFENDANTS' MOTION TO DISMISS
# FIRST AMENDED COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Victoria United, LLC ("Victoria United"), Bedford United, LLC ("Bedford United"), Hyattsville United, LLC ("Hyattsville United"), and Arbor Management Acquisition Company, LLC ("AMAC") (collectively, the "Hyattsville Defendants"), by and through their undersigned counsel, respectfully move to dismiss Plaintiffs' CASA de Maryland, Inc. ("CASA"), Anita Ramirez ("Ms. Ramirez"), Ramiro Lopez ("Mr. Lopez"), Ervin Obdulio Rodas ("Mr. Rodas"), Jesus Gonzalez ("Mr. Gonzalez"), Maria Arely Bonilla ("Ms. Bonilla"), Maria Lara ("Ms. Lara"), and Norma Guadalupe Beltran ("Ms. Beltran") (collectively, "Plaintiffs") putative class action First Amended Complaint (ECF No. 43) ("FAC") for failure to state a claim. In support of this Motion, the Hyattsville Defendants state the following:

1. On January 10, 2022, Plaintiffs filed the eight-count FAC, asserting the following individual and putative class member claims against the Hyattsville Defendants: (1) violations of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, 3604(a), 3604(b), 3617, (Counts I–IV);

(2) breaches of the express and implied terms of Plaintiffs' lease agreements (Counts V–VI); and (3) violation of Maryland's common law prohibition against civil conspiracy (Count VIII).  Each of Plaintiffs' claims are defective.

2. Plaintiffs' attempt to treat seven legally-distinct corporate entities as a singular entity—the "Arbor Related Defendants"—throughout the majority of the FAC fails to put the Hyattsville Defendants on notice of the claims against them.  Due to this impermissible use of group pleading, Plaintiffs fail to state a claim.  Further, Plaintiffs' FAC contains no plausible basis for the Court to disregard the corporate forms of these distinct entities and pierce the corporate veil.  As a result, each Defendant's liability must be assessed on an individual basis.

3. Plaintiffs' FHA claims are deficient and must be dismissed.  First, Plaintiffs fail to attribute individual policies to individual Defendants and fail to establish common ownership of the properties that the FAC uses as comparables, which render the FHA claims implausible as a matter of law.  Second, Plaintiffs have not established that they suffered discrimination within the meaning of the FHA because they have not plausibly pled a prima facie claim for disparate impact or discriminatory intent.  Plaintiffs also have failed to satisfy the additional statutory requirements of the FHA under Sections 3601 and 3617.  Count VIII—Plaintiffs' derivative claim of civil conspiracy to violate the FHA—also is defective.  Because Plaintiffs have not plausibly stated a claim under the FHA and their civil conspiracy claim is premised upon violations of the FHA, the claim for civil conspiracy also must be dismissed for lack of a predicate violation.

4. Plaintiffs fail to state a claim for breach of the express or implied terms of the lease agreements in Counts V and VI because they cannot establish privity between Plaintiffs and the Hyattsville Defendants.  In particular, (i) Plaintiffs do not allege that Hyattsville United or AMAC owe contractual obligations to Plaintiffs and (ii) neither Ms. Ramirez nor CASA have contractual

relationships with any Defendant and thus cannot maintain breach claims as unintended third-party beneficiaries. As a result, this Court should dismiss Counts V and VI brought by all Plaintiffs against Hyattsville United and AMAC, as well as the claims brought on behalf of Ms. Ramirez and CASA for lack of a contractual relationship.

5. In addition to the merits, CASA lacks both (i) representational standing to bring claims on behalf of its members for money damages and (ii) organizational standing to pursue money damages on its own behalf for the state law contract claims. Further, it is plain from the face of Plaintiffs' FAC that they seek damages for breach of contract beyond those permitted by the continuing breach theory. These claims therefore are time barred and should be dismissed.

6. Because Plaintiffs already have amended their complaint and still have been unable to remedy their pleading deficiencies, any further amendment would be futile. Accordingly, the FAC should be dismissed with prejudice for failure to state a claim.

**WHEREFORE**, for the reasons set forth above and in the accompanying memorandum, the Hyattsville Defendants respectfully request that the present Motion to Dismiss be **GRANTED** and the FAC be **DISMISSED WITH PREJUDICE**.

Dated: February 18, 2022                    Respectfully submitted,

*/s/ Benjamin B. Klubes*
Benjamin B. Klubes (Bar Number 08085)
Amanda R. Lawrence (*pro hac vice*)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
bklubes@buckleyfirm.com
alawrence@buckleyfirm.com

*Counsel for Defendants*,
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served this 18th day of February, 2022 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

                                                                                */s/ Benjamin B. Klubes*
                                                       Benjamin B. Klubes (Bar Number 08085)
                                                       *Counsel for Defendants*,
                                                       *Bedford United, LLC*
                                                       *Victoria United, LLC*
                                                       *Hyattsville United, LLC*
                                                       *Arbor Management Acquisition Company, LLC*

## **INDEX OF EXHIBITS**

| EXHIBIT | DOCUMENT |
|---|---|
| A | Certificates of Satisfaction – Bedford United, LLC (July 8, 2014) and Victoria United, LLC (Sept. 17, 2014) |
| B | Letters from PG DPIE to Victoria United, LLC (Sept. 7, 2018) and Bedford United, LLC (Feb. 8, 2019) |
| C | Maryland Department of Assessments and Taxation, Real Property Data Search Results for 7 Properties in HUD DC Market |
| D | Maryland Department of Assessments and Taxation, Real Property Data Search Results for Bedford Station and Victoria Station |
| E | New York City Property Records for 10 Rutgers St., Manhattan, NY 10002 |
| F | Bexar County, TX Official Records Search for Alamo Heights, San Antonio, TX 78209 |
| G (5 Parts) | Named Plaintiffs' Lease Agreements |