IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| CASA DE MARYLAND, INC., *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> ARBOR REALTY TRUST, INC., *et al.* <br><br> **Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

**MOTION TO OPEN DISCOVERY, TO COMPEL A RULE 26(f)
CONFERENCE AND TO SET A SCHEDULING HEARING**

*COME NOW* Plaintiffs, by and through undersigned counsel, and respectfully move for leave to open discovery, to compel the parties to engage in a Rule 26(f) meeting, and to set a hearing to enter a scheduling order. In support of this, Plaintiffs state the following:

**I.     INTRODUCTION**

This is a class action brought by tenants of apartment complexes in Hyattsville, Maryland known as Bedford Station Apartments and also Victoria Station Apartments (collectively "BVS"). CASA de Maryland, a non-profit organization with substantial personal interest in the well-being of the BVS tenants also has filed suit seeking to vindicate its own rights. Plaintiffs have made several claims against the Defendants, including violations of the Fair Housing Act, Breach of the Implied Warranty of Habitability, Breach of Contract, and Civil Conspiracy. While the pending motions to dismiss may present complex issues for review, Plaintiffs ask for something far simpler: a review that reveals that granting all the motions to dismiss in their entirety will not end the litigation because a full dismissal is not sought.

Defendants each filed motions to dismiss, asserting specific claims should be dismissed as to each individually. However, Bedford United, LLC and Victoria United, LLC (two of the named

1

Defendants) make only a motion for partial dismissal. These Defendants do not seek to dismiss the breach of contract or breach of implied warranty claims that are asserted against them. Instead, Defendants asserted: "Plaintiffs' contractual relationships are with RMS as agent for the owner of the properties—Bedford United and Victoria United, and therefore no claims may be maintained against Hyattsville United or AMAC…". Doc. 46-1, pp. 30-31. Further, the motion is unambiguous in the limited relief it seeks, specifically in that it does not seek dismissal of Plaintiffs' breach of contract claims against **Bedford United, LLC or Victoria United, LLC**, only against the parent entities:

> …this Court should dismiss Counts V and VI brought by all Plaintiffs against Hyattsville United and AMAC…

Doc. 46 ¶ 4. Nowhere in the motion or accompanying memorandum does Bedford United, LLC or Victoria United, LLC seek dismissal of the breach of contract or breach of implied warranty of habitability claim against it.

Since the filing of these non-dispositive motions to dismiss, Defendants have indicated that each are unwilling to engage in discovery or even a Rule 26(f) conference.

Plaintiffs do not ask the Court to settle any dispute on the allegations in the Amended Complaint, or the merits of the breach of contract action. Plaintiffs simply ask the Court to find that because there is no motion to dismiss all claims against Bedford United, LLC and Victoria United, LLC, the parties shall engage in discovery. Therefore, all that is required is a quick look to confirm that the complex motions filed by each of the Defendants are not dispositive of the entire claim.

II. **LEGAL STANDARD**

The court has "wide discretion" to control the discovery process. *Thigpen v. United States*, 800 F.2d 393, 397 (4th Cir. 1986). A court may, within its discretion, "stay discovery pending determination of a dispositive motion[.]" *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202-03 (D. Md. 2006) (quoting *Tilley v. U.S.*, 270 F.Supp.2d 731, 734 (M.D.N.C.2003); 2 Discovery Proceedings in Federal Court § 20:4 (3d ed., last updated Aug. 2006)) (citations omitted in *Baron*). However, a court

"should generally not do so… if 'resolution of the motion will not dispose of the entire case.'" *Baron* at 203 (quoting *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C.1988) (citing *Lugo v. Alvarado,* 819 F.2d 5 (1st Cir.1987)); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 3 (D.D.C. 2001) (quoting *Keystone Coke Co. v. Pasquale,* No. CIV. A. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. 1999)).

### III. ARGUMENT

#### a. The motions to dismiss are not dispositive of the entire matter.

It is undeniable that finding in favor of each Defendant on every issue raised in each motion to dismiss is not dispositive of the litigation. Bedford United, LLC and Victoria United, LLC are represented jointly and filed a consolidated motion to dismiss along with Defendants Hyattsville United, LLC and Arbor Management Acquisition Company, LLC (AMAC). Doc. 46. These Defendants group themselves together and identify as the "Hyattsville Defendants." *Id.* But none of them moves to dismiss all claims against Bedford United, LLC and Victoria United, LLC. In fact, in an effort to limit their own exposure, the Hyattsville Defendants argue that the breach of contract and breach of the implied warranty of habitability[1] claims are proper against Bedford United, LLC and Victoria United, LLC. *See* Doc. 46-1, p. 31 ("It is clear from the allegations of the FAC itself, as well as the plain terms of Plaintiffs' lease agreements, that Plaintiffs do not have a contractual relationship with any entity other than RMS as agent for Bedford United and Victoria United. Accordingly, Plaintiffs cannot maintain contract claims against Hyattsville United or AMAC."). There is no attempt to gain dismissal of this cause of action against Bedford United, LLC or Victoria United, LLC, here,

---

[1] Hyattsville Defendants treat this as a claim for breach of an implied term of a contract, but it is a claim that sounds in tort, and not contract as owners and managers of residential land have a legal duty to maintain the premises in compliance with local code. *See* Doc. 53, p. 47 (quoting *Richwind v. Brunson*, 335 Md. at 671-72 ("We therefore conclude that a private cause of action in a landlord/tenant context can arise from a violation of any statutory duty or implied warranty created by the Baltimore City Code. If Richwind violated one of the city code provisions, that violation could provide **the basis for a negligence action** against it and its agent, Scoken Management Corporation.") (emphasis in original removed and emphasis supplied).

or anywhere within any part of the motion to dismiss. Therefore, the discovery process is ultimately inescapable.

Defendants' collective "group pleading" argument likewise does not merit a stay of discovery. First, a plain reading of the Hyattsville Defendants' group pleading argument is devoid of any effort to suggest that Bedford United and Victoria United are not parties to the contract; instead, the Defendants acknowledge Bedford United and Victoria United as the landowners and parties to the landlord-tenant contract. *See* Doc. 46-1, p. 5 ("In addition to asserting claims against Bedford United, Victoria United, and RMS based on their ownership and management of BVS, Plaintiffs also assert claims against a large number of unrelated corporate entities that have no cognizable connection to the facts alleged in the FAC."); *see also id.* pp. 5-7. To the contrary, the Hyattsville Defendants admit that the allegations specifically and correctly allege contract claims against Bedford United and Victoria United. "Plaintiffs' allegations simply show…Bedford United and Victoria United temporarily assigned the leases and rents of BVS…". *Id.* p. 7. This facial admission of what the allegations "show" eliminates any suggestions that the breach of contract allegations against Bedford United and Victoria United fail to satisfy FRCP 8 due to so-called "group pleading." Instead, all opposing parties acknowledge that breach of contract and warranty claims are pled against these two specific entities.

**b. There is a need to commence discovery.**

In furtherance of the objectives of the settled law to commence discovery in the face of a motion to dismiss that does not dispute of all the claims, there is also an important need to begin discovery as soon as permissible. Plaintiffs currently live in wholly unacceptable, unsafe, and dangerous living conditions which are truly life-threatening. The Amended Complaint identifies many of these problems with photographic specificity, but Plaintiffs literally reside in homes that may suffer collapsed ceilings while they are sleeping or bathing, that expose them to dangerous environmental toxins, and that have ongoing electrical defects that may harm health and human safety. Plaintiffs

4

understand litigation is a process, and discovery in this case may be complex. Plaintiffs also understand that there are issues raised in the motions to date which may be time consuming for the Court, and so a quick resolution of those issues may not be likely or even possible. But that is more reason to begin the inevitable discovery process sooner rather than later.

### c. Specific relief sought

Plaintiffs specifically seek the opening of the discovery process by ordering the parties to engage in a Rule 26(f) conference and allow the parties to begin discovery to the full extent of the rules with a scheduling conference to be set and a scheduling order to be entered.

In the alternative, Plaintiffs suggest after a court ordered rule 26(f) conference, Plaintiffs be permitted to 1) serve written discovery under Federal Rules of Civil Procedure 33, 34 and 36 upon Beford United, LLC and Victoria United, LLC; 2) serve written discovery pursuant to Rule 34 upon all other named defendants; and 3) serve subpoenas for production of documents upon any non-parties consistent with the scope of discovery in Rules 26 and 45.

### IV.   CONCLUSION

Discovery is expected to be protracted and complex, and this long process will begin with each of the Defendants and any non-party suggesting that reviewing and producing documents will be time-consuming and require more than the thirty-days allotted by the Federal Rules. At this time, it is not only appropriate under the law but also necessary and imperative to proceed this case through the discovery process to resolution in as efficiently a manner as possible. This need precludes the desire to delay discovery until partial motions to dismiss are decided and then necessarily start from square one at a later date. Therefore, the Court should compel the discovery process to begin.

**WHEREFORE**, Plaintiffs respectfully request an order opening discovery, compelling the parties to engage in a Rule 26(f) conference to address the topics required therein, and to set an initial hearing to set a scheduling conference for discovery. **In the alternative**, Plaintiffs seek an order

compelling limited discovery that allows Plaintiffs to serve discovery pursuant to Rules 33, 34 and 36 upon Bedford United, LLC and Victoria United, LLC, serve discovery pursuant to Rule 34 upon all other parties, and serve subpoenas upon any non-party consistent with Rule 26(b) and 45.

                Respectfully submitted,

**The Donahue Law Firm, LLC**

*/s/ P. Joseph Donahue*
P. Joseph Donahue, Esquire
Bar Number: 06245
18 West Street
Annapolis, Maryland 21401
Telephone: 410-280-2023
pjd@thedonahuelawfirm.com

**Nidel & Nace, P.L.L.C.**

*/s/ Jonathan Nace*
Jonathan Nace, Esquire
Bar Number: 18246
One Church Street
Suite 802
Rockville, MD 20850
Telephone: (202) 780-5153
jon@nidellaw.com

## Rule 104.7 Certificate

This is to certify that on May 9, 2022 at 10:00 am the parties held a meet and confer via telephone conference to discuss Plaintiffs request to engage in a Rule 26(f) conference, to commence discovery and set a scheduling order, or in the alternative to commence discovery in the alternative relief requested herein. Plaintiffs also requested that the parties begin to consider the need and terms of a protective order and/or electronic stored information order. Defendants each indicated they will oppose the opening of discovery but may consider negotiating the terms of confidentiality or an ESI order.

*/s/ Jonathan Nace*
Jonathan Nace, Esquire
Bar Number: 18246

**Rule 105.6 Request for Hearing**

Plaintiffs respectfully request a hearing on all issues raised herein.

>                             */s/ Jonathan Nace*
>                             Jonathan Nace, Esquire
>                             Bar Number: 18246

**CERTIFICATE OF SERVICE**

This is to certify that on this 12th day of May 2022, I caused a copy of the foregoing to be served upon the Court and all parties via ECF service.

/s/ Jonathan Nace
Jonathan Nace, Esquire