**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF MARYLAND**

CASA DE MARYLAND, INC., et al,
      Plaintiffs

               v.

ARBOR REALTY TRUST, INC., et al,
      Defendants.

\*

\*

\*

\*

Civil Action No. 8:21-cv-01778-DKC

\*\*\*\*\*\*

**HYATTSVILLE DEFENDANTS' OPPOSITION TO MOTION TO OPEN DISCOVERY,**
**TO COMPEL A RULE 26(f) CONFERENCE, AND TO SET A HEARING**

**BUCKLEY LLP**

John B. Williams III (Bar Number 20916)
Amanda R. Lawrence (*pro hac vice*)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
jwilliams@buckleyfirm.com
alawrence@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice*)
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

Dated: May 26, 2022

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

    I.   THERE IS NO BASIS TO DEPART FROM THE DISTRICT OF MARYLAND'S ORDINARY PRACTICE OF COMMENCING DISCOVERY AFTER RULING ON RULE 12 MOTIONS. .................................................................................................. 4

    II.  NOTHING IN PLAINTIFFS' MOTION TO OPEN WARRANTS A DEVIATION FROM THIS DISTRICT'S NORMAL PRACTICE. .................................................... 9

        A.    The Motion to Dismiss is Fully Dispositive of the FAC, But Even if It Were Not, It May Substantially Narrow the Scope of Discovery. ............................. 9

        B.    Contrary to Plaintiffs' Assertions, There is No Need to Prematurely Commence Discovery Since No Party Will be Prejudiced by This Court's Normal Practice. ......................................................................................... 11

        C.    Plaintiffs Seek Relief That is Unsupported by Any Argument. ..................... 13

CONCLUSION.................................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biricik v. Zwifelhofer*,
  No. 7:14-CV-00067-BR, 2014 WL 12774812 (E.D.N.C. June 9, 2014)..................................9

*Briggs v. T & D Plumbing & Heating Co., Inc.*,
  No. WDQ-10-2714, 2011 WL 2970845 (D. Md. July 29, 2011) .........................................5, 6

*Int'l Refugee Assistance Project v. Trump*,
  323 F. Supp. 3d 726 (D. Md. 2018) ................................................................................ *passim*

*Jarvis v. Grady Mgmt. Inc.*,
  No. PJM 09-280, 2009 WL 10685583 (D. Md. Apr. 6, 2009) ...........................................4, 11

*Jien v. Perdue Farms, Inc.*,
  No. 1:19-CV-2521-SAG, 2020 WL 5544183 (D. Md. Sept. 16, 2020)...................................6

*Kennedy v. Hankey Grp.*,
  No. WDQ-09-2890, 2010 WL 1664087 (D. Md. Apr. 22, 2010)..........................................4, 5

*Nagel v. DFL Pizza, LLC*,
  No. 21-cv-00946-DDD-KLM, 2021 WL 5537524 (D. Colo. Oct. 21, 2021)..........................9

*Océ N. Am., Inc. v. MCS Services, Inc.*,
  No. WMN-10-984, 2011 WL 13217390 (D. Md. Mar. 1, 2011)..........................................5, 11

*Rivers v. United States*,
  No. 6:18-cv-00061, 2020 WL 1469475 (W.D. Va. Jan. 24, 2020)........................................12

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
  801 F.3d 412 (4th Cir. 2015) ..................................................................................................6

*Skinner v. Moyer*,
  No. TDC-17-3262, 2020 WL 1065740 (D. Md. Mar. 4, 2020)................................................4

*Stemmons v. Corso*,
  No. ELH-21-1035, 2021 WL 3784889 (D. Md. Aug. 25, 2021)..............................................4

*Thigpen v. United States*,
  800 F.2d 393 (4th Cir. 1986) ..................................................................................................5

*Wymes v. Lustbader*,
  No. WDQ-10-1629, 2012 WL 1819836 (D. Md. May 16, 2012)..........................................4, 5

**Statutes**

28 USC § 3604, *et seq.*............................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ...........................................................................................3, 6

Fed. R. Civ. P. 12 ....................................................................................*passim*

Fed. R. Civ. P. 26 .........................................................................................1, 3

Fed. R. Civ. P. 33 ............................................................................................3

Fed. R. Civ. P. 34 .......................................................................................3, 14

Local Rule 104.4 ...................................................................................3, 4, 5, 8

Defendants Victoria United, LLC ("Victoria United"), Bedford United, LLC ("Bedford United"), Hyattsville United, LLC ("Hyattsville United"), and Arbor Management Acquisition Company, LLC ("AMAC") (collectively, the "Hyattsville Defendants"), by and through their undersigned counsel, hereby oppose the Motion to Open Discovery, to Compel a Rule 26(f) Conference and to Set a Scheduling Hearing (ECF No. 67) ("Motion to Open") filed by Plaintiffs Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, Norma Guadalupe Beltran, and CASA de Maryland, Inc. (collectively, "Plaintiffs").

## INTRODUCTION

This Court should follow its customary practice of commencing discovery after the resolution of Rule 12 motions and the issuance of a scheduling order and deny Plaintiffs' premature attempt to open discovery in their Motion to Open. As this court has stated, "[i]n the normal practice of this District, discovery does not commence until after resolution of a motion to dismiss." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 735 (D. Md. 2018). Here, resolution of the Hyattsville Defendants' Motion to Dismiss has the potential to significantly alter the scope of this litigation and the discovery that may be relevant to the claims, if any, that proceed past the pleadings stage. If the Motion to Dismiss is granted in full, any discovery propounded prior to resolution of the Motion to Dismiss would prove wasteful. Even if the Motion to Dismiss is only granted in part, such a ruling could significantly narrow the scope of discovery, with respect to the issues, claims, and parties in this case. For example, there are numerous arguments for dismissal of the nationwide claims for housing discrimination brought under the Fair Housing Act, 28 U.S.C. § 3604, *et seq.* ("FHA"). *See* ECF Nos. 30, 46. If the FHA claims are dismissed, this case will no longer involve nationwide claims of discrimination at allegedly 139 properties—instead, it will involve simple breach of contract claims brought by tenants of Bedford and Victoria Station ("BVS") against their landlords concerning the habitability of their units. Accordingly,

there is no reason—let alone a "persuasive reason"—to justify deviating from this Court's customary practice. *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d at 735.

## BACKGROUND

The Hyattsville Defendants moved to dismiss the initial complaint on December 20, 2021, in part, "[b]ecause the Complaint is devoid of facts that justify the group pleading, it violates established Fourth Circuit precedent and must be dismissed for failure to state a claim."[1]   ECF No. 30-1 at 13.  In response to Defendants' motions to dismiss, Plaintiffs filed the First Amended Complaint (ECF No. 43) ("FAC") on January 10, 2022, which added allegations in an attempt to address Defendants' group pleading arguments but continued to call all of the Defendants but RMS the "Arbor Related Defendants" and continued to assert all claims but one against all Defendants. FAC ¶ 27 n.3.  The FAC also seeks to certify two classes:  a nationwide class involving tenants at 139 unidentified properties based on the FHA claims and a class of BVS tenants based on certain FHA claims and contract claims.  *Id.* ¶ 242.

The Hyattsville Defendants filed a Motion to Dismiss the FAC for failure to state a claim on February 18, 2022 (ECF No. 46) ("Motion to Dismiss").[2]   Plaintiffs opposed the Motion to Dismiss on March 25, 2022 (ECF No. 53), and the Hyattsville Defendants filed a reply on April 25, 2022 (ECF No. 60).  Accordingly, the Motion to Dismiss became ripe for resolution before this Court at that time.  In the Motion to Dismiss, the Hyattsville Defendants moved to dismiss the entirety of the FAC for several independent bases: first, the Motion to Dismiss argued that the FAC violates Rule 8's notice pleading requirements by engaging in improper group pleading and

---

[1] The Arbor Defendants and RMS each separately moved to dismiss the initial complaint.  ECF Nos. 35, 40.  "Arbor Defendants" and "RMS" have the same meaning as defined in the Motion to Dismiss.

[2] The Arbor Defendants and RMS also filed separate motions to dismiss the FAC.  ECF Nos. 47, 49.

fails to put the Defendants on notice of the allegations brought against them.  Mot. Dismiss at 11–13.  The Hyattsville Defendants stated that because this argument was raised in the motion to dismiss the initial complaint, Plaintiffs filed the FAC, and the defect still existed, that "Plaintiffs' slipshod allegations, combined with the deeper pleading defects [identified elsewhere in the Motion to Dismiss], cannot be remediated by a new pleading.  Therefore, the FAC should be dismissed with prejudice."  *Id.* at 13.  In addition to requesting dismissal with prejudice of the entirety of the FAC, the Motion to Dismiss also raised arguments for dismissing the nationwide FHA claims and the breach of contract claims premised on the condition of BVS.

Just seventeen days after the parties completed briefing the motions to dismiss, Plaintiffs filed the Motion to Open.  Given this timing, it is not surprising that the Court has not issued a scheduling order and no Defendant has answered the FAC.  Nevertheless, Plaintiffs "specifically seek the opening of the discovery process by ordering the parties to engage in a Rule 26(f) conference and [to] allow the parties to begin discovery to the full extent of the rules with a scheduling conference to be set and a scheduling order to be entered."  Mot. Open at 5.  Plaintiffs wish to commence discovery "to the full extent of the rules" on all claims alleged in the FAC against all Defendants.  *Id.*  In the alternative, Plaintiffs seek permission to: "1) serve written discovery under Federal Rules of Civil Procedure 33, 34, and 36 upon Beford [sic] United, LLC and Victoria United, LLC; 2) serve written discovery pursuant to Rule 34 upon all other named defendants, and 3) serve subpoenas for production of documents upon any non-parties consistent with the scope of discovery in Rules 26 and 45."  *Id.*

## LEGAL STANDARD

Local Rule 104.4 provides that "[u]nless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered."

"Under this Court's standard practices, discovery does not commence until after the issuance of a Scheduling Order, which ordinarily occurs once Rule 12 motions are resolved." *Skinner v. Moyer*, No. TDC-17-3262, 2020 WL 1065740, at *6 (D. Md. Mar. 4, 2020). "Accordingly, a party may request, but may not compel, other parties to produce information and provide materials before discovery has commenced." *Kennedy v. Hankey Grp.*, No. WDQ-09-2890, 2010 WL 1664087, at *5 (D. Md. Apr. 22, 2010) (citing L.R. 104.4).

## ARGUMENT

## I.   THERE IS NO BASIS TO DEPART FROM THE DISTRICT OF MARYLAND'S ORDINARY PRACTICE OF COMMENCING DISCOVERY AFTER RULING ON RULE 12 MOTIONS.

"[I]n the normal practice of this District, discovery does not commence until after resolution of a motion to dismiss." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 735; *see also Jarvis v. Grady Mgmt. Inc.*, No. PJM 09-280, 2009 WL 10685583, at *1 (D. Md. Apr. 6, 2009) (granting motion to stay discovery "[i]n accordance with the Federal Rules of Civil Procedure, Rule 26, and this Court's customary practice, [that] the [c]ourt issues a Scheduling Order to govern discovery once all [d]efendants have filed [a]nswers to the [c]omplaint") (emphasis added); *Wymes v. Lustbader*, No. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012) ("[I]t is not uncommon for courts to stay discovery pending resolution of dispositive motions."). "The reason for this general practice is sensible: a court's ruling on a motion to dismiss may assist in defining the contours of discovery." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 735.

For this reason, Local Rule 104.4 states that discovery does not commence until after the entry of a scheduling order, "which ordinarily occurs once Rule 12 motions are resolved." *Skinner*, 2020 WL 1065740, at *6. Because a scheduling order has not yet been entered in this matter, discovery is "premature." *Id.*; *Stemmons v. Corso*, No. ELH-21-1035, 2021 WL 3784889, at *1

(D. Md. Aug. 25, 2021) (denying motion for issuance of scheduling order as "premature" under L.R. 104.4 in FHA case); *Briggs v. T & D Plumbing & Heating Co., Inc.*, No. WDQ-10-2714, 2011 WL 2970845, at *2 (D. Md. July 29, 2011) (denying motion to permit discovery to commence as "premature" in light of the outstanding 12(b)(6) motion and since the "court has not entered a scheduling order"); *Kennedy*, 2010 WL 1664087, at *5 (denying motion to compel discovery "[b]ecause a scheduling order has not been entered").

This District recognizes that the Court's and the Parties' resources will best be preserved by resolving any outstanding Rule 12 dismissal motions before issuing a scheduling order and commencing discovery. *See, e.g., Thigpen v. United States*, 800 F.2d 393, 396−97 (4th Cir. 1986) (endorsing trial court's decision to stay discovery pending disposition of 12(b)(1) motion since it "prudentially avoided duplicative proceedings"); *Wymes*, 2012 WL 1819836, at *4 (staying discovery under Fed. R. Civ. P. 26(c) for ninety days to "spare the parties of unnecessary litigation expenses"); *Briggs*, 2011 WL 2970845, at *2−3 (granting motion to stay discovery pending resolution of motion to dismiss where engaging in discovery would be an undue expense since it "may be rendered moot by the decision on the motion to dismiss"); *Océ N. Am., Inc. v. MCS Services, Inc.*, No. WMN-10-984, 2011 WL 13217390, at *1−2 (D. Md. Mar. 1, 2011) (same).

There is no "persuasive reason to deviate" from this District's well-established approach here. *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 735. The Hyattsville Defendants' Motion to Dismiss seeks dismissal of the entire FAC with prejudice because of group pleading. As argued in the Motion to Dismiss (and in the motion to dismiss the initial complaint), the entire FAC should be dismissed against all of the Defendants (including Bedford United and Victoria United) for violating Rule 8's notice pleading requirements because each of the claims are alleged against "All Defendants" and there are only vague assertions as to which party engaged in what

conduct as to each claim.  Mot. Dismiss at 11–13; ECF No. 60 at 16–17.  Such indeterminate collective allegations fail to put each Defendant on notice of the claims and actions that are being alleged against them, and Plaintiffs failed to sufficiently defend their improper group pleading in their Omnibus Opposition to the dismissal motions.  *Id.* at 16–17.  Because Plaintiffs have failed twice to include the factual allegations necessary to show the requisite unity of control that would allow group pleading, their claims must be dismissed with prejudice.  *See SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423 (4th Cir. 2015); *Jien v. Perdue Farms, Inc.*, No. 1:19-CV-2521-SAG, 2020 WL 5544183, at *4 (D. Md. Sept. 16, 2020).  Thus, the Motion to Dismiss, if granted, would resolve this entire action and terminate further litigation with prejudice, and judicial economy dictates that discovery should not commence until the Motion to Dismiss is resolved.[3]  *See Briggs*, 2011 WL 2970845, at *2–3 (granting motion to stay discovery where "engaging in discovery now would cause undue burden and expense" in "investigating issues that may be rendered moot by the decision on the motion to dismiss").

Even a ruling granting the Motion to Dismiss in part could substantially narrow the scope of discovery.  First, granting the Motion to Dismiss in part may result in several Defendants being terminated from this action.  *See* Mot. Dismiss at 1–4 (arguing for dismissal of the breach of contract claims against AMAC and Hyattsville United and that the corporate veil cannot be pierced, such that the housing discrimination claims must be judged on an entity-by-entity basis); *see also* ECF Nos. 47–50 (arguing for dismissal of Arbor Defendants and RMS).  Due to the strong potential for several Defendants to be dismissed from the litigation, they will suffer great prejudice

_____

[3] Further, there are two outstanding dispositive motions to dismiss filed by the Arbor Defendants and RMS, which further call for dismissal of the FAC and a substantial narrowing of the claims and defendants at issue in this action.  *See* ECF Nos. 47-48, 49-50 (seeking a full dismissal of the FAC with prejudice).  These outstanding motions further counsel against commencing discovery.

if they are forced to exert time and resources in responding to premature discovery requests, only for such discovery to be mooted by the Court's ruling on the Motion to Dismiss.

Second, granting the Motion to Dismiss in part has the potential to significantly narrow the subject matter of the relevant issues in this case, limiting the scope of discovery for any remaining Defendants. Significantly, the Motion to Dismiss argues that the nationwide FHA claims based on the purported existence of nationwide policies in place at 139 unidentified properties located across the United States must be dismissed. Mot. Dismiss at 17−29. If this argument is successful, the Court will dismiss the FHA claims (including the derivative civil conspiracy claim), and there will be no basis to pursue nationwide discovery related to 139 properties. *Id*. As the Motion to Dismiss and its associated briefing explains at length, Plaintiffs' FAC attempts to transform an ordinary landlord-tenant dispute pertaining to two properties in Prince George's County and the residents of those properties into a nationwide housing discrimination case asserted on behalf of a nationwide class. *Id.* at 1−3, 11−29. But Plaintiffs do not identify any basis for a nationwide FHA claim or a nationwide class and offer nothing other than speculation and conclusions in the FAC in an obvious bid to push their way into nationwide discovery. ECF No. 60 at 2; ECF No. 53 (Plaintiffs' Opposition to the Motion to Dismiss states: "Never fear however, Plaintiffs will happily provide the addresses of [the purported nationwide] properties once this case has reached its discovery phase.").

If the Motion to Dismiss is granted in part as to the FHA claims, discovery relating to the San Antonio, Chinatown, or Florida properties—or any of the unidentified 139 properties across the United States will be irrelevant. Nor will any discovery regarding racial discrimination be relevant once the FHA claims are dismissed, and the scope of discovery will be limited to the

conditions at BVS. Therefore, the potential for narrowing the scope of any discovery by resolution of the Motion to Dismiss weighs in favor of following this Court's normal practice.[4]

Third, the resolution of the pending Motion to Dismiss has the potential to narrow the scope of the non-party discovery, which Plaintiffs seek at this time. Mot. Open at 5. Defendants are not aware of the identities of the non-parties from which Plaintiffs will seek discovery. However, as the Motion to Dismiss demonstrates, several of the properties listed in the FAC are neither owned nor controlled by any of the Defendants in this action, yet because they are referenced in the FAC, Plaintiffs likely will seek discovery from non-parties related to those properties. Mot. Dismiss at 17−19; ECF No. 60 at 3−4. It is unnecessary for the non-party entities who own or control such properties to expend tremendous time and resources in responding to discovery at this stage.

As pled in their Motion to Open, Plaintiffs wish to commence discovery against all Defendants concerning all 139 unidentified properties scattered across the nation on issues pertaining to discrimination and conspiracy before this Court has even ruled on whether such claims for nationwide discrimination may proceed. As this Court's standard practice recognizes, pursuing this discovery at this stage of the case could result in a waste of the Court's and the Parties' (and non-parties') resources. Resolution of the Motion to Dismiss may end this action without any need for discovery, may call for an amended pleading, or may narrow and focus the claims and defendants that survive the pleading stage and proceed to discovery. Accordingly, both the text and the purpose of Local Rule 104.4 support following this District's ordinary practice of deferring the commencement of discovery until after the Motion to Dismiss has been decided.

---

[4] Not only does adherence to this District's customary procedure limit the scope of discovery for the Parties, it also obviates the need for the Court to address in any discovery disputes that may be mooted by its ruling on the Motion to Dismiss. Given the current nationwide scope of the claims alleged, the possibility of disputes increases while the scope of discovery is unclear.

## II.   NOTHING IN PLAINTIFFS' MOTION TO OPEN WARRANTS A DEVIATION FROM THIS DISTRICT'S NORMAL PRACTICE.

In their Motion to Open, Plaintiffs confusingly base their argument on the legal standard applicable to motions to stay discovery, even though discovery has not yet opened in this case and therefore, there is nothing to stay.  Mot. Open at 2−3 (citing the legal standard for motions to stay discovery pending determination of a dispositive motion).  Regardless of how Plaintiffs style their request for relief, none of the arguments they raise in their Motion to Open justify a departure from this District's ordinary practice of commencing discovery only after resolving Rule 12 motions.

### A.   The Motion to Dismiss is Fully Dispositive of the FAC, But Even if It Were Not, It May Substantially Narrow the Scope of Discovery.

Plaintiffs' primary argument for commencing discovery is premised on an incorrect statement—Plaintiffs wrongly assert that the Motion to Dismiss is not dispositive of the FAC and therefore does not justify temporarily staying discovery.  Mot. Open at 3−4.  As described above, that is inaccurate based on a plain reading of the Motion to Dismiss.  Also, as noted above, even if the Motion to Dismiss is not granted in its entirety, discovery need not take place when there are outstanding motions that would result in a "substantial narrowing of the issues for discovery." *Biricik v. Zwifelhofer,* No. 7:14-CV-00067-BR, 2014 WL 12774812, at *1 (E.D.N.C. June 9, 2014) (staying discovery over opposition during pendency of motion for "partial judgment on the pleadings" since it "seeks dismissal of multiple claims and may result in a substantial narrowing of the issues for discovery"); *Nagel v. DFL Pizza, LLC,* No. 21-cv-00946-DDD-KLM, 2021 WL 5537524, at *2 (D. Colo. Oct. 21, 2021) (staying discovery pending resolution of 12(b)(6) where "there is at least a possibility that the majority of parties and/or claims could be dismissed based on those dispositive motions" where party sought only "partial dismissal").  Thus, on their main point, Plaintiffs are wrong, and even if the Motion to Dismiss is only partially successful or is

construed to seek partial dismissal of the FAC, it would still be appropriate to deny Plaintiffs' premature request to commence discovery.

In their Motion to Open, Plaintiffs rely heavily on *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 203 (D. Md. 2006) to argue that denial of a motion to stay is appropriate where the pending motion is not dispositive of the entire action. Mot. Open at 3. Plaintiffs' reliance on *Baron* is misplaced for several reasons. First, *Baron* provides no support for the argument that a court should deviate from this District's ordinary practices and commence discovery prior to resolving challenges to the pleadings under Rule 12. Instead, *Baron* followed the usual procedures in this District and did not commence discovery through the issuance of a scheduling order until *after* ruling on the defendants' Rule 12 motions. In *Baron,* the plaintiff filed an amended complaint in December 2004, the defendants filed motions to dismiss the operative complaint, and the court ruled on those dismissal motions in July 2005. *Id.* at 201. *After the court ruled on the dismissal motions* and "dismissed a variety of the counts contained in the" operative complaint, *id.,* the court issued a scheduling order commencing discovery on July 22, 2005. *Baron Fin. Corp. v. Ern, LLC,* No. 1:03-cv-3563-SKG (D. Md. July 22, 2005), ECF No. 73. A year after the scheduling order was issued and discovery had commenced following the court's resolution of the motions to dismiss, the defendants then filed a motion for summary judgment in 2006 and in connection with that motion for summary judgment, sought to depose a non-party witness and the non-party witness sought to stay discovery. 240 F.R.D. at 201. Thus, the *Baron* court followed this District's ordinary practice in waiting to commence discovery until after resolving challenges to the pleadings.

Second, *Baron* did not involve a defendant seeking to stay discovery pending resolution of a fully briefed motion to dismiss. Rather, the motion to stay discovery was filed by a non-party

witness for the purpose of staying a deposition pending the resolution of a not-yet filed motion to dismiss in a separate, related lawsuit where the non-party movant had not yet been served with the complaint in that related case, and at some point in the future "intend[ed] to file a motion to dismiss or a motion for summary judgment" in the related case. *Id*. at 201. The court specifically held that the "granting of a motion to dismiss or a motion for summary judgment in the [related] matter, a case in which [the non-party movant] has yet to be served, will have no direct effect on the case in which discovery is sought. In other words, a resolution [of the related case] will not dispose of *any* part of [the instant action], let alone th[is] *entire* case." *Id.* at 203 (emphasis in original). That is not the case here, where the Hyattsville Defendants' Motion to Dismiss has the potential to dispose of the entirety of this case and many individual parts of the action as well. Thus, *Baron* is illustrative of this District's long-standing practice of opening discovery through the issuance of a scheduling order only after resolving any Rule 12 dismissal motions.

**B.    Contrary to Plaintiffs' Assertions, There is No Need to Prematurely Commence Discovery Since No Party Will be Prejudiced by This Court's Normal Practice.**

In their Motion to Open, Plaintiffs broadly opine that there is an "important need to begin discovery as soon as permissible." Mot. Open at 4. However, they fail to demonstrate any fact—other than the basic allegations of the FAC—that warrants a departure from the "customary practice" in this District. *Int'l Refugee Assistance Project*, 323 F. Supp. 3d 735; *Jarvis,* 2009 WL 10685583, at *1.

They do not, for example, identify that any information is at risk of being lost or destroyed, or that may not be discoverable if discovery does not commence forthwith. Nor do they identify any prejudice that would result from the limited time that may pass before the Court resolves the Motion to Dismiss. Their claims of harm boil down to an assertion that the alleged status quo will

continue absent a deviation from the ordinary procedures to commence discovery after the dismissal motions have been decided.  *See* Mot. Open at 4–5.  But that is not a sufficient basis to deviate from this Court's ordinary practices, nor does it outweigh the harm that all Parties would suffer should certain discovery efforts become mooted by the outcome of the Motion to Dismiss.  *Océ N. Am.*, 2011 WL 13217390, at *2 (describing the "tremendous energy" and "significant sum" that the parties would spend on discovery pending resolution of dispositive motion where "such efforts may end up unnecessary" and have "no benefit to either party").

Plaintiffs acknowledge that resolution of the pending dismissal motions may be "time consuming for the Court" due to the complex issues raised in the Motion to Dismiss and contend that this fact weighs in favor of prematurely opening discovery.  Mot. Open at 4−5.  This same argument was raised in *Océ N. Am.* and the district court found that the fact that the court's resolution of the motions to dismiss will take "a brief but not insubstantial measure of time" counsels *against* commencing discovery in the interim.  2011 WL 13217390, at *2.  As the *Océ* court held,

> Unless the Court grants a momentary stay of [] discovery, [the parties] would in the mean time be required to exert tremendous energy responding to [the] production requests, and [the proponent of the discovery] would in turn expend a significant sum performing its own analysis of the production.  The Court sees no benefit to either party under this arrangement when such efforts may end up unnecessary.  Even if [the] motion [to dismiss] is only partially successful, the resulting decision may circumscribe discovery thereafter and save both parties significant time and money.

*Id.*; *see also Rivers v. United States*, No. 6:18-cv-00061, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) (staying "all discovery" pending the outcome of the "multiple [d]efendants' motions to dismiss" even though the court "still needs to review more thoroughly the authority cited by the parties" to resolve the dismissal motions).  Therefore, the fact that the complex issues raised in the

dismissal motions may take time for the Court to decide only further highlights that commencing discovery at this early juncture would be premature, prejudicial, and unnecessary.

### C.  <u>Plaintiffs Seek Relief That is Unsupported by Any Argument.</u>

The Motion to Open seeks relief that is unsupported by any argument and therefore does not justify deviating from this Court's ordinary practices.  Plaintiffs wish to commence discovery "to the full extent of the rules."  Mot. Open at 5.  But while Plaintiffs seek discovery to the "full extent" against *all* Defendants, the only arguments they raise in the Motion to Open relate *exclusively* to Bedford United and Victoria United.  *See id.* at 3−5 (arguing that the dismissal motions are not dispositive against Bedford United and Victoria United and describing harms purportedly suffered by tenants of BVS only).

Plaintiffs failed to raise a single basis to warrant the imposition of any relief against Hyattsville United or AMAC, or any of the other Defendants in the Motion to Open.  *Id.*  Nor could any of their arguments be read to reasonably include reference to any of the other Defendants other than Bedford United and Victoria United since Plaintiffs' arguments in support of the Motion pertain only "against these two specific entities."  *Id.* at 4.

Indeed, this absence is particularly egregious where AMAC and Hyattsville United have raised numerous strong bases for a full dismissal from this action in the Motion to Dismiss as they bear no liability for the activities of BVS.  Mot. Dismiss at 17−18, 30−31.  Without any liability for the activities of BVS, they are unlikely to remain in this action should the Court dismiss Plaintiffs' FHA claims.  *Id.*

Even as to their requested alternative relief, Plaintiffs still fail to demonstrate that there is any need to depart from this District's general practice of staying discovery pending resolution of a motion to dismiss.  The Motion to Open fails to explain any basis, let alone a "persuasive reason"

for AMAC or Hyattsville United to respond to requests under Fed. R. Civ. P. 34 and non-parties to respond to subpoenas for the production of documents.  Mot. Open at 4−5.  Instead, as shown above, *supra* § I, the resolution of the Motion to Dismiss will significantly and substantially circumscribe the scope of party and non-party discovery in this matter, and therefore discovery should not commence until after resolution of the Motion to Dismiss.

Because Plaintiffs seek relief that is unsupported by any argument, this Court should not allow discovery to proceed at this premature stage as resolution of the Motion to Dismiss may moot discovery entirely in this action, or significantly restrict the scope of any such discovery.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Open and follow this Court's customary practice in entering a scheduling order to commence discovery following the resolution of the Motion to Dismiss.

Dated: May 26, 2022                    Respectfully submitted,

                                       */s/ John B. Williams III*
                                       John B. Williams III (Bar Number 20916)
                                       Amanda R. Lawrence (*pro hac vice*)
                                       **BUCKLEY LLP**
                                       2001 M Street NW, Suite 500
                                       Washington, D.C.  20036
                                       (202) 349-8000 (Telephone)
                                       (202) 349-8080 (Facsimile)
                                       jwilliams@buckleyfirm.com
                                       alawrence@buckleyfirm.com

                                       Scott T. Sakiyama (*pro hac vice*)
                                       **BUCKLEY LLP**
                                       353 N. Clark St., Suite 3600
                                       Chicago, IL 60654
                                       (312) 924-9800 (Telephone)
                                       (312) 924-9899 (Facsimile)
                                       ssakiyama@buckleyfirm.com

                                       *Counsel for Defendants*
                                       *Bedford United, LLC*
                                       *Victoria United, LLC*
                                       *Hyattsville United, LLC*
                                       *Arbor Management Acquisition Company, LLC*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served this 26th day of May, 2022 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ John B. Williams III*
John B. Williams III (Bar Number 20916)

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

16