IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, INC., et al, Plaintiffs | * | |
| v. | * | Civil Action No. 8:21-cv-01778-DKC |
| ARBOR REALTY TRUST, INC., et al, Defendants. | * | |
| | * | |

******

**DEFENDANT REALTY MANAGEMENT SERVICES' OPPOSITION TO MOTION TO OPEN DISCOVERY, TO COMPEL A RULE 26(f) CONFERENCE, AND TO SET A HEARING**

AND NOW, comes Defendant Realty Management Services, Inc. ("Defendant" or "RMS"), by and through its counsel, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., and hereby files its Opposition to Plaintiffs' Motion to Open Discovery, Compel a Rule 26(f) Conference, and to Set a Hearing. In support of its opposition, RMS adopts and incorporates by reference the Hyattsville Defendants' Opposition to Motion to Open Discovery, to Compel a Rule 26(f) Conference, and to Set A Hearing (ECF No. 68), as if it were fully set forth herein. By way of further support, RMS states as follows:

**I.      INTRODUCTION**

Plaintiffs in this matter have filed an eight-count amended complaint (ECF No. 43), consisting of one hundred sixty-six (166) pages and three hundred thirty-two (332) numbered paragraphs, against eight separate defendants, including RMS. The case centers around the living conditions at two apartment complexes in Prince George's County, Maryland, Bedford Station and Victoria Station. These complexes are owned, respectively by two of the defendants,

Bedford United, LLC and Victoria United, LLC.  Motions to Dismiss the Amended Complaint are pending on behalf of all eight defendants.

It is well-settled practice in the District of Maryland to stay discovery while Rule 12 motions to dismiss are pending.  The reason for this is simple and sensible:  even a decision on a motion to dismiss which does not fully dispose of a complaint stands to eliminate some claims and issues, and thus narrow the scope of discovery.  Int'l Refugee Assistance Project, 323 F. Supp. 3d , 726, 735 (D. Md. 2018) (While the court may have discretion to allow discovery while motions to dismiss are pending, it stands to reason that it should not do so absent some articulable and persuasive need proffered by the plaintiff.  Here, no such need has been articulated, nor does one exist.  To the contrary, the circumstances here are such that opening discovery before Motions to Dismiss are decided carries a high likelihood of wasted effort and resources on issues which will be narrowed or eliminated as a result of the motions.

RMS's Motion to Dismiss, like all of the other defendants' Motions, seeks dismissal of all of Plaintiffs' claims against it.  Taken together, the Motions would be completely dispositive of Plaintiffs' case if they were to be granted.  At a minimum, however, the Motions stand to eliminate some of the defendants, including RMS, from the litigation completely.  The Motions also stand to eliminate some of the more complex claims asserted by Plaintiffs, thus simplifying the issues in the litigation and significantly narrowing the scope of discovery.  Thus, proceeding with discovery prior to decisions on the Motions will not only waste Defendants' time and resources, but will also place an undue burden on them.

II.  **ARGUMENT:  DISCOVERY AGAINST RMS SHOULD BE STAYED PENDING RULINGS ON THE MOTIONS TO DISMISS BECAUSE PROCEEDING WITH DISCOVERY WILL PLACE AN UNDUE BURDEN ON RMS**

Plaintiffs' First Amended Complaint ("FAC"), ECF No. 43, contains a total of eight counts against RMS. Counts I through IV assert alleged violations of the Fair Housing Act (ECF No. 43 at pp. 140-147). The remaining counts are for Breach of Contract (Count V), ECF No. 43 at p. 149, Breach of the Implied Warranty of Habitability (Count VI), *Id,* at p. 151, Breach of Contract - Third party Beneficiary (Count VII), *Id* at p. 153, and Civil Conspiracy (Count VIII), *Id* at p. 155. RMS filed a Motion to Dismiss "all claims against it," ECF No. 49 along with a brief supporting its position as to each and every one of those claims. ECF No. 50.

Citing to cases from an array of courts outside the District of Maryland, Plaintiffs assert that courts should not stay discovery if resolution of a motion to dismiss will not dispose of the entire case. ECF No. 67 at pp. 2-3. As discussed at length in the Hyattsville Defendants' Opposition, ECF No. 68, however, the District of Maryland tends toward a more restrictive approach of staying discovery until motions to dismiss have been decided and a scheduling order has been entered. *Id* at p. 4. *See also,* D. Md. Local Rule 104.4. But even if we assume that Plaintiff's position is correct, the fact remains that RMS's Motion to Dismiss, if it was to be granted, would be fully dispositive of the claims against it. Accordingly, allowing Plaintiffs to take discovery against RMS would place an undue burden on it, and should not be permitted until all of the motions to dismiss have been decided.

All civil discovery, whether sought from parties or nonparties, is limited in scope by Fed. R. Civ. P. 26(b)(1) in two fundamental ways. First, the matter sought must be relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Second, discovery must also be proportional to the needs of the case. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019).

A more demanding variant of the proportionality rule applies, however, when discovery is directed to a non-party. The ultimate question, whether the benefits of discovery to the

requesting party outweigh the burden on the recipient, remains. See, *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) and *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017). But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally. *Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005). Simply put, when discovery is sought from non-parties, its scope must be limited even more than it is for parties. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

If RMS's Motion to Dismiss is granted in its entirety, it will no longer be a party to the case, and Plaintiff's ability to take discovery from it will be far more limited. This is so not only because the issues relevant to the litigation will likely be narrower, but also because the threshold of what constitutes an "undue burden" on RMS will be lower than if it was still a party. The practical significance of this for RMS is that it will be expected to spend far less time and money responding to a subpoena as a non-party than it would spend in responding to interrogatories and requests for production as a party.

Even if RMS's Motion is granted only in part, opening discovery prior to decision on the Motions would still subject RMS and other, similarly-situated defendants to an undue burden. As noted above, and as discussed at length by the Hyattsville Defendants, see ECF No. 68 at p. 8, even if the court's rulings on Defendants' Motions to Dismiss do not dispose of all claims as to all parties, it is likely that they will eliminate a number of counts or issues raised in the FAC. If that is the case, then subjecting any of the Defendants to discovery relevant only to issues which are fated for dismissal will place an undue burden on them. This is especially so given that document discovery in this case is expected to involve ESI. *See,* ECF 67 at p. 6, (noting

Plaintiffs' proposal that the parties begin negotiating an ESI protocol while the Motions to Dismiss are pending).

The burden which would be placed upon Defendants if discovery were to proceed at this point in the litigation, particularly the possibility of having to engage in costly e-discovery on claims and issues which may not survive their Motions to Dismiss, is reason enough to deny Plaintiffs' Motion and to stay discovery. That burden also serves to reinforce the wisdom of this Court's longstanding practice of delaying the commencement of discovery until after motions to dismiss have been decided.

### III.  CONCLUSION

For all of the reasons set forth herein, as well as those set forth in the Hyattsville Defendants' Opposition to Plaintiff's Motion to open Discovery, to Compel a Rule 26(f) Conference and to Set a Scheduling Hearing, Defendant Realty Management Services respectfully requests that the court deny Plaintiff's Motion and stay discovery until it has ruled on the Defendants' Motions to Dismiss.

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*/s/ Megan T. Mantzavinos*
Megan T. Mantzavinos, Esquire (Bar #: 16416)
mmantzavinos@moodklaw.com
600 Baltimore Avenue, #305
Towson, Maryland  21204
(410) 339-6880
*Attorney for Defendant, Realty Management Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of May 2022, a copy of Defendant Realty Management Services, Inc.'s Response to Plaintiff's Motion to Open Discovery was electronically filed and served upon all counsel of record via CM/ECF.

/s/ Megan T. Mantzavinos
Megan T. Mantzavinos, Esquire