## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### (Southern Division)

| | |
|---|---|
| CASA DE MARYLAND, INC., et al, | |
| Plaintiffs, | |
| v. | Civil Action No. DKC-21-01778 |
| ARBOR REALTY TRUST, INC., et al, | |
| Defendants. | |

**THE ARBOR DEFENDANTS' JOINDER IN THE HYATTSVILLE DEFENDANTS' OPPOSITION, AND FURTHER OPPOSITION, TO PLAINTIFFS' MOTION TO OPEN DISCOVERY, TO COMPEL A RULE 26(f) CONFERENCE, AND TO SET A HEARING**

Defendants Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, and Arbor Realty SR, Inc. (collectively, the "Arbor Defendants") submit this opposition as a joinder in the Hyattsville Defendants' Opposition to Plaintiffs' motion seeking to open discovery (ECF No. 68), and also to address issues raised in Plaintiffs' motion pertaining specifically to the Arbor Defendants.  The Arbor Defendants oppose any effort to obtain discovery from them at this early stage of the case, as Plaintiffs' requested relief is contrary to the Local Rules and normal practices of this Court, and is unsupported by any binding authority.

**I.      Plaintiffs Do Not Articulate Any Basis Upon Which They Are Entitled to Discovery from the Arbor Defendants at This Juncture**

The singular focus of Plaintiffs' motion is the (mistaken) premise that they presently are entitled to discovery because the defendants' collective motions to dismiss do not seek a "full dismissal" and are "not dispositive of the entire matter."  *See* Pls. Mot. to Open Discovery ("Pls. Mot."), ECF No. 67, at 1, 3.  But that simply is not true; the Arbor Defendants' motion explicitly

seeks dismissal of the Amended Complaint "in its entirety, with prejudice."  Arbor Defs. Mem. of L. in Supp. Mot. to Dismiss ("Arbor Mem."), ECF No. 48, at 3, 31; Arbor Defs. Reply Mem., ECF No. 58, at 19 ("[T]he Amended Complaint should be dismissed in its entirety with prejudice.").  Plaintiffs' failure to identify even a single claim against the Arbor Defendants that would survive if the Court were to grant the relief requested by the Arbor Defendants is fatal to Plaintiffs' motion, and the Court may deny the motion on this basis alone.

Moreover, Plaintiffs have not pointed to a single case authorizing the commencement of discovery at this juncture, where, as here, multiple dispositive motions are pending.  The two cases cited by Plaintiffs to support their position are inapposite.  *See* Pls. Mot. at 2-3 (citing *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200 (D. Md. 2006) and *Chavous v. D.C. Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C. 2001)).  *Baron* does not concern the opening of discovery, but a motion for a protective order seeking to preclude a deposition *after* discovery had already commenced.  *See* 240 F.R.D. 200.  And, in *Chavous*, the court actually *stayed* discovery because the parties' dispositive motions were pending.  *See* 201 F.R.D. 1 at 1.

Indeed, the caselaw from this district counsels that discovery should not proceed while dispositive motions are pending.  *See, e.g.*, *Blankumsee v. Graham*, No. PWG-15-3495, 2016 WL 6837142, at *3 (D. Md. Nov. 18, 2016) (declining to compel written discovery during the pendency of multiple dispositive motions, including for dismissal); *see also Sakalosh v. BMW Mfg. Co.*, No. 7:20-4306-TMC-KFM, 2021 WL 5911216, at *2 (D.S.C. July 6, 2021) (finding "no compelling reason to grant a premature discovery request while the defendant's partial motion to dismiss is pending.  Should the plaintiff wish to obtain the documents at issue from the defendant, he must make a request pursuant to Rule 34 once discovery in this case

commences."), *Matthews v. United States*, No. 1:12cv1473 (LO/TCB), 2015 WL 164805, at *5 (E.D. Va. Jan. 12, 2015), *aff'd*, 604 F. App'x 283 (4th Cir. 2015) (granting motion to dismiss and simultaneously denying as moot motion to open discovery, as a result of dismissal).

**II.     Plaintiffs' Improper Group Pleading Makes Discovery Improper at This Time**

Additionally, Plaintiffs' group pleading strategy impedes their attempt to open discovery. As set forth in the Arbor Defendants' motion to dismiss, Plaintiffs' Amended Complaint embodies shotgun pleading tactics which, by grouping the Arbor Defendants together with other defendants, make it impossible for any of the defendants—and certainly the Arbor Defendants— to ascertain the specific allegations against them. *See* Arbor Mem. at 24-30. In their Amended Complaint, Plaintiffs bring the following claims against the Arbor Defendants: violations of the Fair Housing Act, breach of contract, breach of the implied warranty of habitability for violation of local code, and civil conspiracy. *See* ECF No. 43 at 141-55. Until the Arbor Defendants' motion to dismiss is resolved, they cannot know which claims against them may survive (if any), and therefore cannot even begin to guess what the appropriate scope of discovery as to the surviving claims may be. Permitting discovery on this broad amalgamation of claims at this early stage of the litigation is wholly premature and could result in an unnecessary, inefficient waste of resources.

Moreover, Plaintiffs are incorrect that the Arbor Defendants' group pleading arguments set forth in their motion to dismiss "acknowledge" that any claims against Bedford United, LLC ("Bedford") and/or Victoria United, LLC ("Victoria")—two Hyattsville Defendants—will survive the Hyattsville Defendants' motion to dismiss. Pls. Mot. at 4. It is telling that this definitive statement made by Plaintiffs is not followed by any citation to a purported acknowledgement by any defendant; indeed, the Arbor Defendants make no such

acknowledgement in their motion, and none exists.  As stated previously (*see supra* Section I),

the Arbor Defendants undeniably seek dismissal of the entire Amended Complaint with

prejudice.  The Arbor Defendants do not concede that *any* of Plaintiffs' claims are pleaded

adequately.  In any event, Plaintiffs fail to articulate how the survival of claims against Bedford

and Victoria entitles them to discovery against *the Arbor Defendants*.

### III.    Conclusion

In sum, the Arbor Defendants join in the arguments made by the Hyattsville Defendants

in their opposition to Plaintiffs' motion to open discovery.  For the reasons stated in that

opposition and the additional reasons stated herein, Plaintiffs' motion should be denied to the

extent it seeks any discovery from the Arbor Defendants.

Dated:  May 26, 2022                                                    Respectfully submitted,


By:  ___/s/ *Ray D. McKenzie*_____
     Ray D. McKenzie (Bar No. 21069)
     WTAII PLLC
     1600 Wilson Blvd., Suite 201
     Arlington, VA 22209
     Telephone (202) 688-3150
     ray.mckenzie@wtaii.com

     Peter W. Tomlinson (*pro hac vice*)
     Muhammad U. Faridi (*pro hac vice*)
     PATTERSON BELKNAP WEBB & TYLER LLP
     1133 Avenue of the Americas
     New York, New York  10036
     Telephone (212) 336-2000
     Facsimile (212) 336-2222
     pwtomlinson@pbwt.com
     mfaridi@pbwt.com

     *Attorneys for Defendants Arbor Realty*
     *Trust, Inc.; Arbor Realty Limited*
     *Partnership; and Arbor Realty SR, Inc.*