IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| CASA DE MARYLAND, INC., *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> ARBOR REALTY TRUST, INC., *et al.* <br><br> **Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

**PLAINTIFFS' REPLY SUPPLEMENT AND REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

***COME NOW*** Plaintiffs, by and through undersigned counsel, and reply to Defendants' Opposition to Plaintiffs' Motion to Open Discovery, To Compel a Rule 26(f) Conference and to set a Scheduling Hearing and advise the Court that since Plaintiffs' filed their Motion, Defendants Bedford United, LLC and Victoria United, LLC sold Bedford Station and Victoria Station ("the BVS properties") to another owner, without notifying the Court when filing their oppositions nor counsel, necessitating immediate action to preserve relevant evidence before the Court rules on the pending motions to dismiss. The Defendants' silent conveyance of BVS amounts to a "persuasive reason" to open discovery without delay.

**I.   ADDITIONAL FACTS**

On May 26, 2022, the same day Arbor's attorneys were filing its opposition to Plaintiffs' motion, Defendants were completing a multi-million-dollar sale of the BVS properties.[1] Despite ongoing litigation, none of the Defendants notified the Plaintiffs—or the Court—of any plans to harvest the appreciated value from the BVS properties. The attorneys for those who have "grouped"

---

[1] https://www.bizjournals.com/washington/news/2022/05/26/jair-lynch-bedford-victoria-station-prince-georges.html

1

themselves as the "Hyattsville Defendants" have confirmed that the sale is complete and that none of the Defendants have possession of the property.

Discoverable information is now in the hands of non-parties and is at risk of spoliation unless the Court opens discovery. Plaintiffs are unable to compel this information without the opening of discovery and access to subpoena power. Therefore, the Court should open discovery and allow the service of Rule 45 subpoenas upon the new ownership for both documents related to the purchase of the properties and the properties themselves and also to conduct a site inspection before any evidence is lost through remediation.

## II.   ARGUMENT

Although the Court does not "deviate" from its usual practice of waiting until after Rule 12 motions are decided before initiating discovery, Defendants conduct is unusual. *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 735 (D. Md. 2018). Defendants have submitted three separate motions to Dismiss and then have begun quietly distancing themselves from the BVS properties through a sale to another corporate entity while opposing the discovery of pertinent facts.

Here, there are persuasive reasons to open discovery. Allowing discovery to begin would provide a) faster resolution of the litigation, b) prevent spoliation, and c) cause minimal prejudice to Defendants. Further, the Court should not be persuaded by Defendants' superficial reliance on a "group pleading" defense to delay discovery. And Plaintiffs challenge the Hyattsville Defendants to assert specifically that there is no breach of contract claim asserted against Bedford United and Victoria United.

### a. Granting the Motion to Open Discovery will expedite inevitable discovery

This case was originally filed on July 19, 2021 and involves time-sensitive information. The problems that Defendants have created through their recent liquidation of their BVS asset illustrate the moving target that obtaining information about the Plaintiffs' claims will be. Initiating discovery

2

allows the parties to begin focused discovery and provide a more flexible timeline for completing discovery before relevant evidence is destroyed. But thus far, without a court order, the Defendants have been unwilling to begin this process.

### b. Granting the motion is crucial to prevent spoliation

The Amended Complaint illustrates a common plan among the Defendants to target low-income and minority communities, refuse to perform adequate repair to provide humane conditions, and then sell the properties once operating costs exceeded the appreciable value of the property. Now that the Defendants have proceeded in lockstep with these allegations by selling the BVS properties, the new owner will be required to return these properties to a habitable condition. Plaintiffs are now prejudiced if discovery does not commence: the new landlord will begin to return BVS to a condition that is fit for human habitation but will also erase evidence proving the Defendants' policy of dividend-maximizing neglect. The natural solution is that the Plaintiffs at the very least should be permitted to perform an inspection of land before the repairs begin.

Despite the need for an inspection of land, Plaintiffs will need a subpoena to access the land as it is now owned by a non-party, which they cannot obtain until discovery commences. Thus, there is a substantial risk of prejudice if discovery does not begin promptly. Granting the Plaintiff's motion prevents this prejudice and allows the new owner to remediate the neglect that Defendants' policy created and return the properties to a state that is safe for human habitation.

### c. The risk of prejudice to Plaintiffs outweighs the burden on Defendants

On the same day Defendants completed the sale of BVS to new owners, the Hyattsville Defendants boldly argued there was no prejudice to Plaintiffs in delaying discovery because "[t]hey do not, for example, identify that any information is at risk of being lost or destroyed, or that may not be discoverable if discovery does not commence forthwith."  Doc. 68, p. 11.  Defendants were literally attempting plausibly allowing evidence to be destroyed, while also telling this Court Plaintiffs could

3

not articulate any prejudice. But more importantly, the sale of the property now eviscerates Defendants' surreptitious logic. The remediation of the property is *exactly* the type of prejudice Defendants called upon Plaintiffs to present. And now this enormous prejudice exists and requires the opening of discovery.

Any prejudice to Defendants is minimal because the Hyattsville Defendants' Motion to Dismiss conceded that Bedford and Victoria had ownership of BVS and a viable breach of contract claim. Thus, even if the Court grants the Hyattsville Defendants' Motion to Dismiss in its entirety, a case against them will commence after the Court's ruling. As to the Arbor Defendants and Realty Management Services, even if their Motions to Dismiss are granted and they are removed from the case, they will still, as non-parties, be subject to discovery about BVS. Thus, the burden will have little change on Arbor.

Defendants argue nonsense that partial dismissals would "narrow the scope" of discovery. *See e.g.*, Doc. 68, p. 6. First, this is not true. Defendants articulate nothing that would become off limits under Rule 26 due to a partial dismissal. Second, this is not the standard for opening discovery. The law is clear that a partial dismissal that narrows the scope does not delay discovery's commencement. "[A] court "should generally not [delay discovery]… if 'resolution of the motion will not dispose of the entire case.'" Doc. 67, pp. 2-3 (quoting *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 03 (D. Md. 2006)) (internal citations omitted). Even assuming some amorphous, unexplained partial dismissal will somehow "narrow discovery," discovery should still open because a full dismissal is not sought. At a minimum, the parties should be compelled to engage in the Rule 26(f) hearing and discuss the scope of discovery. Defendants will not even engage in such a conference.

Accordingly, the Court should grant discovery because any prejudice to Defendants is small compared to the risk of spoliation present now that Defendants have begun cleansing their hands of

the conditions at BVS. These conditions must be observed, documented, and preserved before more time elapses.

    **d. The motions to dismiss do not actually seek complete disposition**

In its quick look at the motions to dismiss, the Court should still take a complete look at the entire motions of the Defendants and ignore the ruse that is the group pleading argument. There is no validity to the group pleading defense in regard to Plaintiffs' breach of contract claims against Bedford United and Victoria United. There is, actually, agreement that Plaintiffs have a breach of contract claim against these two entities. As to Bedford United and Victoria United the group pleading defense is completely meritless as they acknowledge the breach of contract claim has been pled against them and do not dispute it in any way.

## III. <u>CONCLUSION</u>

For the reasons set forth, Plaintiffs respectfully request that the Court GRANT Plaintiff's Motion and compel discovery before the Court rules on the pending Motions to Dismiss because a stay is not warranted as the pending motions to dismiss will not be dispositive as to the claims against Bedford and Victoria, and a land inspection is needed before the properties are returned to habitable condition.

    Respectfully submitted,

    **Nidel & Nace, P.L.L.C.**

    */s/ Jonathan Nace*
    Jonathan Nace, Esquire
    Bar Number: 18246
    One Church Street
    Suite 802
    Rockville, MD 20850
    Telephone: (202) 780-5153
    jon@nidellaw.com

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 9th day of June 2022, I caused a copy of the foregoing to be served upon the Court and all parties via ECF service.

                                                  */s/ Jonathan Nace*
                                                  Jonathan Nace, Esquire
                                                  Bar Number: 18246