IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, INC., et al,<br>Plaintiffs | * | |
| v. | * | Civil Action No. 8:21-cv-01778-DKC |
| ARBOR REALTY TRUST, INC., et al,<br>Defendants. | * | |
| | * | |

******

## HYATTSVILLE DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE SURREPLY

Defendants Victoria United, LLC ("Victoria United"), Bedford United, LLC ("Bedford United"), Hyattsville United, LLC ("Hyattsville United"), and Arbor Management Acquisition Company, LLC ("AMAC") (collectively, the "Hyattsville Defendants"), through undersigned counsel, hereby request leave to file a surreply to the Motion to Open Discovery, to Compel a Rule 26(f) Conference and to Set a Scheduling Hearing (ECF No. 67) ("Motion to Open") filed by Plaintiffs Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, Norma Guadalupe Beltran, and CASA de Maryland, Inc. (collectively, "Plaintiffs"). In support, the Hyattsville Defendants state as follows:

1. On May 12, 2022, Plaintiffs filed the Motion to Open. Per that motion, Plaintiffs "specifically seek the opening of the discovery process by ordering the parties to engage in a Rule 26(f) conference and [to] allow the parties to begin discovery to the full extent of the rules with a scheduling conference to be set and a scheduling order to be entered." Mot. Open at 5. The Hyattsville Defendants filed their Opposition to the Motion to Open (ECF No. 68) ("Opposition")

1

on May 26, 2022.[1]  On June 9, 2022, Plaintiffs filed their Reply in support of their Motion to Open (ECF No. 71) ("Pl. Reply").

2. Plaintiffs' Reply raised an additional argument that was not contained within their Motion to Open.  Specifically, Plaintiffs assert that "since Plaintiffs'[sic] filed their Motion, Defendants Bedford United[] and Victoria United[] sold Bedford Station and Victoria Station [("BVS")] to another owner, without notifying the Court when filing their oppositions nor counsel, necessitating immediate action to preserve relevant evidence before the Court rules on the pending motions to dismiss."  Pl. Reply at 1.  According to Plaintiffs, the conveyance of BVS "amounts to 'a persuasive reason' to open discovery without delay."  *Id.*

3. "Courts have discretion to allow surreplies when a party raises new arguments in a reply brief."  *Valderrama v. Honeywell TSI Aerospace Servs.,* No. RWT 09cv2114, 2010 WL 2802132, at *5 (D. Md. July 14, 2010).  "Typically, surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *Scott v. Old Navy, LLC,* No. GLR-18-1189, 2018 WL 9944937, at *2 (D. Md. Oct. 24, 2018) (Chasanow, J.) (permitting surreply where plaintiff's reply "raises for the first time [an] issue" pertaining to the original motion and where the surreply "addresses that new argument").

4. By Plaintiffs' own assertions in the Reply, it is undisputed that this argument was not raised in their Motion to Open.  Pl. Reply at 1.  Thus, the Hyattsville Defendants have not had an opportunity to address this additional basis upon which Plaintiffs assert discovery should prematurely commence.  For this reason, a surreply is warranted to address the new argument raised in Plaintiffs' Reply.  *See United Food & Comm. Workers Union, Local 400 v. Kroger Mid-*

---

[1] The Arbor Defendants—Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, and Arbor Realty SR, Inc.—and Realty Management Services, Inc. also filed responses in opposition to Plaintiffs' Motion to Open.  ECF Nos. 69, 70.

*Atlantic,* No. DKC 14–3133, 2015 WL 1461368, at *2 (D. Md. Mar. 27, 2015) (Chasanow, J.) ("Because the reply memorandum raises new issues to which Kroger did not previously have an opportunity to respond, the motion for leave to file a surreply will be granted and the surreply will be considered.").

     5.     Further, the Hyattsville Defendants' Surreply is "a total of [four] substantive pages. The Surreply's brevity, therefore, does not implicate the Court's general concern for voluminous and repetitive pleadings, nor does it prejudice [Plaintiffs]." *Scott,* 2018 WL 9944937, at *2.

     6.     In such circumstances, a surreply is justified and warranted to permit the Hyattsville Defendants to respond to the new factual and legal arguments raised in Plaintiffs' Reply. Absent leave of court to file their proposed Surreply, the Hyattsville Defendants "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.*

**WHEREFORE,** the Hyattsville Defendants respectfully request that this Court grant their Motion for Leave to File a Surreply. A copy of the proposed Surreply is attached hereto as Exhibit 1.

Dated: June 14, 2022                                  Respectfully submitted,

<div style="margin-left: 40%;">

<u>/s/ John B. Williams III</u>
John B. Williams III (Bar Number 20916)
Amanda R. Lawrence (*pro hac vice*)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
jwilliams@buckleyfirm.com
alawrence@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice)*
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

</div>

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served this 14th day of June, 2022 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

              */s/ John B. Williams III*
              John B. Williams III (Bar Number 20916)

              *Counsel for Defendants,*
              *Bedford United, LLC*
              *Victoria United, LLC*
              *Hyattsville United, LLC*
              *Arbor Management Acquisition Company, LLC*