# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA DE MARYLAND, INC., et al, <br>     Plaintiffs | * | |
| v. | * | Civil Action No. 8:21-cv-01778-DKC |
| ARBOR REALTY TRUST, INC., et al, <br>     Defendants. | * | |
| | * | |

******

**HYATTSVILLE DEFENDANTS' SURREPLY IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL OPENING OF DISCOVERY,
A RULE 26(F) CONFERENCE AND TO SET A SCHEDULING HEARING**

        **BUCKLEY LLP**

        John B. Williams III (Bar Number 20916)
        Amanda R. Lawrence (*pro hac vice*)
        **BUCKLEY LLP**
        2001 M Street NW, Suite 500
        Washington, D.C.  20036
        (202) 349-8000 (Telephone)
        (202) 349-8080 (Facsimile)
        jwilliams@buckleyfirm.com
        alawrence@buckleyfirm.com

        Scott T. Sakiyama (*pro hac vice)*
        **BUCKLEY LLP**
        353 N. Clark St., Suite 3600
        Chicago, IL 60654
        (312) 924-9800 (Telephone)
        (312) 924-9899 (Facsimile)
        ssakiyama@buckleyfirm.com

        Dated: June 14, 2022

Defendants Victoria United, LLC ("Victoria United"), Bedford United, LLC ("Bedford United"), Hyattsville United, LLC ("Hyattsville United"), and Arbor Management Acquisition Company, LLC ("AMAC") (collectively, the "Hyattsville Defendants"), by and through their undersigned counsel, hereby file this Surreply to address matters raised for the first time in Plaintiffs'[1] Reply in support of their Motion to Open (ECF No. 71) ("Pl. Reply").

In recognition that their Motion to Open lacked merit and rested on untenable grounds, Plaintiffs now claim for the first time on reply that in light of the recent sale of BVS, discovery is "time-sensitive" because the new landlord "will [] erase evidence," and that the Plaintiffs should therefore "be permitted to perform an inspection before the repairs begin." *Id.* at 2−3. Plaintiffs continue to cast aspersions on Defendants yet provide no basis in law or fact to open discovery prematurely. The Court should reject their belated arguments and deny the Motion to Open.

## ARGUMENT

### I. THE SALE OF BVS DOES NOT WARRANT EXPEDITED OR "TIME-SENSITIVE" DISCOVERY

To obtain expedited discovery, Plaintiffs must demonstrate "reasonableness or good cause, taking into account the totality of the circumstances." *Océ N. Am., Inc. v. MCS Servs., Inc.*, No. WMN-10-CV-984, 2010 WL 11553001, at *1 (D. Md. June 22, 2010) (internal citation omitted). In support of their Motion, Plaintiffs baldly assert that "Defendants['] conduct is unusual" because Bedford United and Victoria United sold BVS "to another corporate entity . . . ." Pl. Reply at 2. But the sale of the property does not justify opening discovery here and Plaintiffs' unwarranted and unsupported accusation that the new owners of BVS will "destroy" relevant evidence should be rejected out of hand. *Id.* at 2−3.

---

[1] This Surreply incorporates the defined terms in the Hyattsville Defendants' Opposition (ECF No. 68).

1

The only reason Plaintiffs cite as a basis to open discovery now is that it is theoretically possible that the new owner will destroy evidence by potentially making repairs at BVS. But baseless innuendo is not good cause for expedited discovery. A party's speculative belief that it "risks losing access to unidentified information is not evidence that [it] will be irreparably harmed by delaying the discovery requested" until after a Rule 26(f) conference (and here, until after adjudication of pending dispositive motions). *Rivers v. United States*, No. 6:18-CV-00061, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) (internal citation omitted). Rather, the Court may be "confident each party to this case will honor its obligation to 'preserve what it knows, or reasonably should know . . . is reasonably likely to be requested' once discovery begins." *Id.* (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 497 (E.D. Va. 2011)).

Plaintiffs do not identify any evidence at risk of spoliation. They assert that Plaintiffs "should be permitted to perform an inspection of land" (Pl. Reply at 2), even though the FAC alleges the Named Plaintiffs ***reside at BVS*** (ECF No. 43 ¶¶ 22−26). In other words, Plaintiffs want to inspect the apartments in which they are living. Nothing prevents Plaintiffs from performing unit inspections ***now***, and there is no need to subpoena the new owners for building access. Plaintiffs also reference documents regarding the sale, but do not identify any documents that are in danger of being destroyed or which would uniquely be in the possession of non-parties.

Plaintiffs appear to equate any kind of "remediation" with spoliation, notwithstanding their allegations that the Named Plaintiffs have "requested remediation" of their units in alleged disrepair. *See, e.g., id.* ¶ 26. Thus, they seek to remediate the same alleged conditions that they

also insist must be frozen in place, or else evidence is considered destroyed. Not so.[2] *See, e.g., Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009) (required elements for spoliation include "destruction or loss" that is "accompanied by a culpable state of mind"). If repairs occur under new ownership, nothing prevents Plaintiffs from seeking information about any of those repairs during the ordinary course of discovery (or about conditions or repairs under prior ownership).[3] Furthermore, any potential spoliation issue may be easily resolved by the transmission of a litigation preservation notice to the new owners and therefore, premature discovery is unnecessary.

Ultimately, Plaintiffs' speculative and untimely accusations of spoliation provide "no persuasive reason to deviate" from the "normal practice of this District," by which discovery does not start until motions to dismiss are resolved. *See* Opp. at 4−6.

## II. PLAINTIFFS SUFFER NO PREJUDICE FROM DISCOVERY IN THE ORDINARY COURSE

Plaintiffs have no basis upon which to assert that Defendants have "begun cleansing their hands of the conditions at BVS," or that conditions will not be "observed, documented, and preserved" absent immediate discovery. Pl. Reply at 4−5. Rather, it is clear that Plaintiffs are attempting another fishing expedition before the Court decides the motions to dismiss, which the local rules and case law forbid. *See* Opp. at 4−5. There is no prejudice to Plaintiffs from timely

---

[2] Under Plaintiffs' boundless theory of spoliation, **any** repairs would "erase evidence" regardless of building ownership, and regardless of whether repairs were directed by Bedford United, Victoria United, the new owners, or the tenants themselves. There is no reason to compel early discovery in every scenario due to the possibility that various parties and non-parties might make repairs.

[3] The Hyattsville Defendants dispute Plaintiffs' speculative characterizations of the conditions of BVS. As is made clear by the Hyattsville Defendants' Motion to Dismiss and briefing, Prince George's County has recognized Bedford United and Victoria United for the "substantial investment in capital improvements" to BVS, has removed both properties from the County's list of distressed properties (from whence they had been placed on the list during prior ownership), and has only cited the properties for one inspection violation since 2019 (due to the actions of unrelated third parties). Mot. Dismiss, ECF No. 46-1 at 9−10; ECF No. 46-3.

3

discovery, and Plaintiffs' latest transparent attempt to gain a tactical advantage in this litigation should be denied.

## CONCLUSION

For the above reasons and those stated in the Opposition, Plaintiffs' Motion to Open Discovery should be denied, and discovery should be stayed pending the Court's resolution of the pending motions to dismiss.

Dated: June 14, 2022

Respectfully submitted,

*/s/ John B. Williams III*
John B. Williams III (Bar Number 20916)
Amanda R. Lawrence (*pro hac vice*)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
jwilliams@buckleyfirm.com
alawrence@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice)*
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*