IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| CASA DE MARYLAND, INC., *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> ARBOR REALTY TRUST, INC., *et al.* <br><br> **Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

### OPPOSITION TO THE HYATTSVILLE DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE SURREPLY

***COME NOW*** Plaintiffs, by and through undersigned counsel, and oppose the "Hyattsville Defendants'" *Motion and Incorporated Memorandum for Leave to File Surreply* (Doc. 72) and state the following in support of this opposition.

1. Defendants Victoria United, LLC, Bedford United, LLC, Hyattsville United, LLC and Arbor Management Acquisition Company, LLC—four entities which have "grouped" themselves together throughout this litigation while suggesting grouping is improper[1]—seek leave to file a surreply to a purported "new argument" in *Plaintiffs' Reply Supplement and Reply in Support of Plaintiffs' Motion to Compel Discovery*. Doc. 71-1.

2. There is no new argument. There is only a new ***fact*** that was presented to the Court because Plaintiffs became aware of the fact, itself, after filing their opening motion.

3. However, the "Hyattsville Defendants" were plainly aware of the pending sale prior to filing their opposition.

---

[1] It remains unstated why Defendants can group themselves together in pleadings and motions and presume that opposing parties can understand the arguments being made, but Plaintiffs cannot do the same. *See* Doc. 46, pp. 11-13 (arguing that simply referring to identified parties collectively violates Rule 8 and warrants a preliminary dismissal.

4. The only reason this fact was not relayed during the meet and confer process, in which Plaintiffs expressly raised the concern of spoliation of evidence as a reason to open discovery, is that Defendants chose not to disclose the pending sale.

5. Defendants were aware of this pending sale, should have disclosed it to Plaintiffs who were seeking the preservation of evidence, and should have included argument in its opposition in regard to this pending sale.

6. Finally, the surreply adds nothing. It is nothing but a regurgitation of boilerplate language that "Plaintiffs do not identify any evidence at risk of spoliation," (when clearly Plaintiffs did), and that "there is no prejudice to Plaintiffs" (when obviously the remediation of a property denying the ability to inspect the property in its current condition is prejudicial).

**WHEREFORE**, because the fact of the sale was in no way new or a surprise to Defendants when it filed its opposition, and because the surreply is meritless, Plaintiffs oppose the "Hyattsville Defendants" *Motion and Incorporated Memorandum for Leave to File Surreply*. Doc. 72.

Respectfully submitted,

**Nidel & Nace, P.L.L.C.**

*/s/ Jonathan Nace*
Jonathan Nace, Esquire
Bar Number: 18246
One Church Street
Suite 802
Rockville, MD 20850
Telephone: (202) 780-5153
jon@nidellaw.com

**CERTIFICATE OF SERVICE**

      This is to certify that on this 15th day of June 2022, I caused a copy of the foregoing to be served upon the Court and all parties via ECF service.

                                                  */s/ Jonathan Nace*
                                                  Jonathan Nace, Esquire
                                                  Bar Number: 18246