**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CASA DE MARYLAND, INC., et al,<br>Plaintiffs | * | |
| | * | |
| v. | * | |
| | | Civil Action No. 8:21-cv-01778-DKC |
| ARBOR REALTY TRUST, INC., et al,<br>Defendants. | * | |
| | * | |

**\*\*\*\*\*\***

**HYATTSVILLE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**FIRST AMENDED COMPLAINT**

Defendants Victoria United, LLC ("Victoria United"), Bedford United, LLC ("Bedford United"), Hyattsville United, LLC ("Hyattsville United"), and Arbor Management Acquisition Company, LLC ("AMAC") (collectively, the "Hyattsville Defendants") by and through their undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submit their Answer and Affirmative Defenses to the First Amended Complaint ("FAC") (ECF No. 43) as follows:

## I.     INTRODUCTION AND SUMMARY OF CLAIMS

1.     To the extent that allegations set forth in Paragraph 1 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 1, including that they are beneficially owned, controlled, and managed by "the Defendants" collectively.

2.      To the extent that allegations set forth in Paragraph 2 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 2.

3.      To the extent that allegations set forth in Paragraph 3 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of any allegations related to the photographs in Paragraph 3, and on that basis, deny them.  The Hyattsville Defendants deny the remaining allegations in Paragraph 3.

4.      To the extent that allegations set forth in Paragraph 4 relate to parties or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 4, including that this case is appropriate for a class action suit.

5.      To the extent that allegations set forth in Paragraph 5 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 5.

6.      To the extent that allegations set forth in Paragraph 6 relate to claims that have been dismissed (ECF Nos. 77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit that Bedford Station and Victoria Station ("BVS") are comprised of approximately 589 one-

or two-bedroom apartments and that the FAC purports to use the definition of "White" provided in Footnote 1.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 and Footnote 1, and on that basis, deny them.

7.      To the extent that allegations set forth in Paragraph 7 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 7 in relation to BVS.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7, including in relation to any properties other than BVS, and on that basis, deny them.

8.      Paragraph 8 contains no allegations directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 8 relate to a party, CASA de Maryland, Inc. ("CASA"), that has been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 8, and on that basis, deny them.

9.      Paragraph 9 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 9 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the

Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 9, and on that basis, deny them.

10.     To the extent that allegations set forth in Paragraph 10 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC denies that it is affiliated with Arbor Realty Trust, Inc. ("Arbor Realty Trust"), Arbor Realty SR, Inc. ("Arbor Realty SR"), or Arbor Realty Limited Partnership ("Arbor Realty Limited") (collectively, the "Arbor Defendants").  AMAC denies the remaining allegations in Paragraph 10 and Footnote 2.  The remaining Hyattsville Defendants (other than AMAC) state that the allegations in Paragraph 10 are not directed to them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants deny the allegations in Paragraph 10 and Footnote 2.

11.     To the extent that allegations set forth in Paragraph 11 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11, and on that basis, deny them.

12.     To the extent that allegations set forth in Paragraph 12 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 12, and on that basis, deny them.

13.     To the extent that allegations set forth in Paragraph 13 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 13.

14.     To the extent that allegations set forth in Paragraph 14 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit that BVS was acquired at foreclosure and deny the remaining allegations in Paragraph 14.

15.     To the extent that allegations set forth in Paragraph 15 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 15.

16.     To the extent that allegations set forth in Paragraph 16 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 16.

## II. JURISDICTION AND VENUE

17.     Paragraph 17 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 17 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statutes speak for themselves and deny all allegations

that are inconsistent with or mischaracterize the statutes.  The Hyattsville Defendants deny the remaining allegations contained in Paragraph 17.

18.     Paragraph 18 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 18 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are inconsistent with or mischaracterize the statute.  The Hyattsville Defendants deny the remaining allegations contained in Paragraph 18.

19.     Paragraph 19 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 19 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are inconsistent with or mischaracterize the statute.  The Hyattsville Defendants deny that this case is appropriate for a class action suit.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and on that basis, deny them.

20.     Paragraph 20 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 20 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are

inconsistent with or mischaracterize the statute.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and on that basis, deny them.

### III. PARTIES

#### A.    NAMED PLAINTIFFS

21.    To the extent that allegations set forth in Paragraph 21 relate to CASA, a party that has been dismissed, and claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  Paragraph 21 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis, deny them.

22.    To the extent that allegations set forth in Paragraph 22 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Victoria United admits that Plaintiff Lopez has entered into a lease agreement related to the rental of Apartment 2 at Victoria Station.  Victoria United denies the remaining allegations in Paragraph 22.  The remaining Hyattsville Defendants (other than Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 22, and on that basis, deny them.

23.    To the extent that allegations set forth in Paragraph 23 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United

admits that Plaintiff Rodas has entered into a lease agreement related to the rental of Apartment 202 at Bedford Station.  Bedford United denies the remaining allegations in Paragraph 23.  The remaining Hyattsville Defendants (other than Bedford United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 23, and on that basis, deny them.

24.     To the extent that allegations set forth in Paragraph 24 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Victoria United admits that Plaintiffs Gonzalez and Bonilla have entered into a lease agreement related to the rental of Apartment 201 at Victoria Station.  Victoria United denies the remaining allegations in Paragraph 24.  The remaining Hyattsville Defendants (other than Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that basis, deny them.

25.     To the extent that allegations set forth in Paragraph 25 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United admits that Plaintiff Lara has entered into a lease agreement related to the rental of Apartment 201 at Bedford Station.  Bedford United denies the remaining allegations in Paragraph 25.  The remaining Hyattsville Defendants (other than Bedford United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that basis, deny them.

26.     To the extent that allegations set forth in Paragraph 26 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants'

Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United admits that Plaintiff Beltran has entered into a lease agreement related to the rental of Apartment 201 at Bedford Station.  Bedford United denies the remaining allegations in Paragraph 26.  The remaining Hyattsville Defendants (other than Bedford United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 26, and on that basis, deny them.

### B.     DEFENDANTS

27.     To the extent Paragraph 27 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Arbor Realty Trust owns or controls them or that they are Arbor Realty Trust's subsidiaries.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 that are not related to the Hyattsville Defendants, and on that basis, deny them.  The Hyattsville Defendants deny the remaining allegations in Paragraph 27 and Footnote 3.

28.     To the extent Paragraph 28 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Arbor Realty Trust or Arbor Realty Limited control the operations of BVS.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 that are not related to the Hyattsville Defendants, and on that basis, deny them.  The Hyattsville Defendants deny the remaining allegations in Paragraph 28.

29.     Deny.

30.     To the extent Paragraph 30 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Arbor Realty SR or Arbor Realty Trust acquired BVS or control the operations of BVS.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 that are not related to the Hyattsville Defendants, and on that basis, deny them.

31.     Bedford United admits that Bedford United is a Delaware limited liability company.  Bedford United admits that Bedford Station is comprised of approximately 488 one- and two-bedroom units constructed in approximately 1947 and located in Langley Park.  Bedford United admits that Hyattsville United is the sole member of Bedford United and that Bedford United does not have any employees.  Bedford United denies the remaining allegations in Paragraph 31, including that it is owned and controlled by Arbor Realty Trust and its subsidiaries. Hyattsville United admits it is the sole member of Bedford United.  Hyattsville United lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31, and on that basis, denies them.  The remaining Hyattsville Defendants (other than Bedford United and Hyattsville United) state that the allegations in Paragraph 31 are not directed at them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis, deny them.

32.     Victoria United admits that Victoria United is a Delaware limited liability company.  Victoria United admits that Victoria Station is comprised of approximately 101 one- and two-bedroom units constructed in approximately 1947 and located in Langley Park.  Victoria

United admits that Hyattsville United is the sole member of Victoria United and that Victoria United does not have any employees.  Victoria United denies the remaining allegations in Paragraph 32, including that it is owned and controlled by Arbor Realty Trust and its subsidiaries. Hyattsville United admits it is the sole member of Victoria United.  Hyattsville United lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32, and on that basis, denies them.  The remaining Hyattsville Defendants (other than Victoria United and Hyattsville United) state that the allegations in Paragraph 32 are not directed to them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 32, and on that basis, deny them.

33.     Hyattsville United admits that Hyattsville United is a Delaware limited liability company.  Hyattsville United admits it does not have any employees.  Hyattsville United denies the remaining allegations in Paragraph 33, including that it is owned and controlled by Arbor Realty Trust and its subsidiaries.  The remaining Hyattsville Defendants (other than Hyattsville United) state that the allegations in Paragraph 33 are not directed to them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that basis, deny them.

34.     To the extent Paragraph 34 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, Bedford United and Victoria United admit that each entered into a Property Management Agreement with Realty Management Services, Inc. ("RMS") in 2016 for the management of BVS.  The Hyattsville Defendants lack sufficient information upon which to

form a belief as to the truth or falsity of the remaining allegations in Paragraph 34, and on that basis, deny them.

35.    To the extent that allegations set forth in Paragraph 35 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 35.

36.    To the extent that allegations set forth in Paragraph 36 relate to claims that have been dismissed (ECF No. 77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United admits that it obtained a loan in the amount of $23 million from Arbor Realty SR and executed and recorded an assignment of leases and rents to Arbor Realty SR as security for the loan used to purchase Bedford Station on April 10, 2013, and that this loan was paid off in full in November 2013.  Bedford United denies the remaining allegations in Paragraph 36.  Victoria United admits that it obtained a loan in the amount of $4.69 million from Arbor Realty SR and executed and recorded an assignment of leases and rents to Arbor Realty SR as security for the loan used to purchase Victoria Station on April 10, 2013.  Victoria United admits that Arbor Realty SR assigned the leases and rents from Victoria Station to non-party Arbor Realty Collateralized Loan Obligation 2013-1, Ltd. in June 2013 and that this loan was paid off in full in November 2013.  Victoria United denies the remaining allegations in Paragraph 36.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) state that the allegations in Paragraph 36 are not directed to them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants deny the allegations in Paragraph 36.

## IV. FACTS

**A.   HISTORY AND BACKGROUND OF THE REAL ESTATE INVESTMENT TRUST ("REIT")**

37.     Paragraph 37 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the provisions of the referenced legislation speak for themselves and deny all allegations that are inconsistent with or mischaracterize these provisions.   The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, and on that basis, deny them.

38.     Paragraph 38 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 38, and on that basis, deny them.

39.     Paragraph 39 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 39, and on that basis, deny them.

40.     Paragraph 40 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 40, and on that basis, deny them.

41.     Paragraph 41 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced provisions of the Internal Revenue Code speak for themselves and

deny all allegations that are inconsistent with or mischaracterize these provisions.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41, and on that basis, deny them.

42.     Paragraph 42 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced provisions of the Internal Revenue Code speak for themselves and deny all allegations that are inconsistent with or mischaracterize these provisions.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42, and on that basis, deny them.

43.     Paragraph 43 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that basis, deny them.

44.     Paragraph 44 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the provisions of the referenced legislation speak for themselves and deny all allegations that are inconsistent with or mischaracterize these provisions.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44, and on that basis, deny them.

45.     Paragraph 45 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the provisions of the referenced legislation speak for themselves and deny all allegations that are inconsistent with or mischaracterize these provisions.  The Hyattsville

Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45, and on that basis, deny them.

46.     Paragraph 46 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 46, and on that basis, deny them.

47.     Paragraph 47 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 47, and on that basis, deny them.

48.     Paragraph 48 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 48 that are not related to the Hyattsville Defendants, and on that basis, deny them.

49.     Paragraph 49 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 49, and on that basis, deny them.

## 1.     HOUSING AS A COMMODITY

50.     Paragraph 50 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the definition of commodity in Black's Law Dictionary speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack

sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50, and on that basis, deny them.

51.    Paragraph 51 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 51, and on that basis, deny them.

52.    Paragraph 52 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 52, and on that basis, deny them.

53.    Paragraph 53 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 53, and on that basis, deny them.

54.    Paragraph 54 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 54, and on that basis, deny them.

55.    Paragraph 55 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 55, and on that basis, deny them.

56.     To the extent Paragraph 56 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 56 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 56.

## 2.     HISTORICAL CONTEXT OF ARBOR'S VIOLATIONS

57.     To the extent that allegations set forth in Paragraph 57 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 58 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 58, and on that basis, deny them.

59.     Paragraph 59 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 59 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 59, and on that basis, deny them.

60.     Paragraph 60 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 60, and on that basis, deny them.

61.     Paragraph 61 and Footnote 4 contain allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced materials speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61 and Footnote 4, and on that basis, deny them.

62.     Paragraph 62 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 62, and on that basis, deny them.

63.     To the extent Paragraph 63 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 63 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the remaining allegations in Paragraph 63.

3. **STANDARD TYPES OF REAL ESTATE INVESTMENT STRATEGIES AND KNOWLEDGE OF PROSPECTIVE INVESTMENTS**

64.     Paragraph 64 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 64 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 64, and on that basis, deny them.

65.     Paragraph 65 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 65 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 65, and on that basis, deny them.

66.     To the extent that allegations set forth in Paragraph 66 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 66.

4. **THE ARBOR COMPANIES**

67.     AMAC denies that it is an affiliate of Arbor Realty Trust or any of Arbor Realty Trust's affiliates, including but not limited to Arbor Realty SR, Arbor Realty Limited, or entities identified in sections a-d, f, or g of Paragraph 67 or Footnote 5.  AMAC also refers to its Disclosure of Corporate Interest (ECF No. 31).  AMAC lacks sufficient information upon which to form a

belief as to the truth or falsity of the remaining allegations in Paragraph 67, and on that basis, denies them.  The remaining Hyattsville Defendants (other than AMAC) state that Paragraph 67 and Footnote 5 contains allegations not directed to them and therefore, no response is required. To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67 and Footnote 5, and on that basis, deny them.

68.     Deny.

69.     To the extent Paragraph 69 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants deny the remaining allegations in Paragraph 69.

70.     To the extent that allegations set forth in Paragraph 70 relate to claims that have been dismissed (ECF Nos. 76-77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the website speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 70.

71.     To the extent that allegations set forth in Paragraph 71 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the Special Report speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations

in Paragraph 71, including that AMAC is an investment firm that owns and operates over 8,000 units and has acquired more than $1.75 billion of multifamily properties across the country.

72.     Paragraph 72 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the SEC filings speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72, and on that basis, deny them.

73.     Paragraph 73 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced materials speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73, and on that basis, deny them.

74.     Paragraph 74 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the SEC filings speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 74, and on that basis, deny them.

75.     Deny.

76.     Paragraph 76 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants

admit only that the website speaks for itself and deny all allegations that are inconsistent with or mischaracterize it. The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76, and on that basis, deny them.

77.     The Hyattsville Defendants admit only that the website speaks for itself and deny all allegations that are inconsistent with or mischaracterize it. The Hyattsville Defendants deny the remaining allegations in Paragraph 77.

78.     To the extent Paragraph 78 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent a response is required, the Hyattsville Defendants admit only that the press release speaks for itself and deny all allegations that are inconsistent with or mischaracterize it. The Hyattsville Defendants deny the remaining allegations in Paragraph 78.

79.     Deny.

80.     To the extent that allegations set forth in Paragraph 80 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 80.

**B.     ARBOR FAMILY DEFENDANTS HAVE ENGAGED IN A PATTERN AND PRACTICE OF SYSTEMIC AND INTENTIONAL RACE DISCRIMINATION IN COMMUNITIES OF COLOR**

81.     Paragraph 81 contains legal argument and conclusions to which no response is required. To the extent that allegations set forth in Paragraph 81 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion

to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 81.

82.     Paragraph 82 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 82 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 82.

> **1.    THE BEDFORD AND VICTORIA STATION COMMUNITY DEMOGRAPHICS, STATISTICAL DISPARITY, AND THE DISINTEGRATION OF THE PROPERTIES**

83.     To the extent that allegations set forth in Paragraph 83 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit that BVS is located within Langley Park in Prince George's County, Maryland. The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 83, and on that basis, deny them.

84.     Paragraph 84 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent the allegations set forth in Paragraph 84 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 84, and on that basis, deny them.

85.     Paragraph 85 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent the allegations set forth in Paragraph 85 relate to

claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 85, and on that basis, deny them.

86.    To the extent Paragraph 86 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent the allegations set forth in Paragraph 86 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 86, and on that basis, deny them.

87.    Paragraph 87 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 87 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 87, and on that basis, deny them.

88.    To the extent that the allegations set forth in Paragraph 88 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United admits that Bedford Station was built in approximately 1947, is comprised of approximately 488 one- and two-bedroom units, that its rental housing license was renewed in January 2016, and that

it was placed on the distressed properties list prior to its acquisition by Bedford United.  The Hyattsville Defendants deny the remaining allegations in Paragraph 88.

89.     To the extent that the allegations set forth in Paragraph 89 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Victoria United admits that Victoria Station was built in approximately 1947, is comprised of approximately 101 one- and two-bedroom units, that its rental housing license was renewed in April 2015, and that it was placed on the distressed properties list prior to its acquisition by Victoria United.  The Hyattsville Defendants deny the remaining allegations in Paragraph 89.

90.     To the extent Paragraph 90 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 90 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 90 and Figure 1, and on that basis, deny them.

91.     To the extent that the allegations set forth in Paragraph 91 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 91, and on that basis, deny them.

92.     To the extent that the allegations set forth in Paragraph 92 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants'

Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 92, and on that basis, deny them.

93.    To the extent that the allegations set forth in Paragraph 93 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 93, and on that basis, deny them.

94.    Paragraph 94 contains no allegations directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 94 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 94 and Figure 2, and on that basis, deny them.

95.    Paragraph 95 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 95 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 95 and Figure 3, and on that basis, deny them.

96.    Deny.

97.    Paragraph 97 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 97 relate

to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 97, and on that basis, deny them.

98.     To the extent that the allegations set forth in Paragraph 98 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 98, and on that basis, deny them.

99.     Paragraph 99 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 99 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 99, and on that basis, deny them.

100.     Paragraph 100 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 100 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 100, and on that basis, deny them.

101.     Paragraph 101 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 101

relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 101, and on that basis, deny them.

102.     Paragraph 102 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 102 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 102, and on that basis, deny them.

## 2.     ARBOR  FAMILY'S  KNOWLEDGE  OF  AND  WILLFUL BLINDNESS TO THE CONDITIONS AT BVS

103.     Deny.

104.     To the extent that Paragraph 104 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 104 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 104.

105.     To the extent that the allegations set forth in Paragraph 105 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the articles speak for themselves and deny all allegations that are inconsistent with or mischaracterize these articles.  The Hyattsville Defendants lack

sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 105, and on that basis, deny them.

106.    To the extent that Paragraph 106 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 106 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 106 and the referenced exhibits, and on that basis, deny them, in light of the fact that there are no exhibits accompanying the FAC.

107.    To the extent that Paragraph 107 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 107 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107, and on that basis, deny them, in light of the fact that there are no exhibits accompanying the FAC.

108.    To the extent that Paragraph 108 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 108 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville

Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 108, and on that basis, deny them.

109.    To the extent that the allegations set forth in Paragraph 109 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 109.

### 3.    ARBOR FAMILY'S CROSS-COLLATERALIZATION OF BEDFORD AND VICTORIA STATION PROPERTIES AS EVIDENCE OF THEIR UNITY OF ACTION AND POLICY

110.    To the extent that the allegations set forth in Paragraph 110 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United admits that on April 10, 2013, it acquired Bedford Station and that the purchase price was $25.8 million.  Bedford United admits that it obtained a loan in the amount of $23 million from Arbor Realty SR, which it paid in full in November 2013.  Bedford United denies the remaining allegations in Paragraph 110.  AMAC denies that it invested in Bedford Station.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 110, and on that basis, denies them.  The remaining Hyattsville Defendants (other than Bedford United and AMAC) state that the allegations in Paragraph 110 are not directed to them and therefore, require no response.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 110, and on that basis, deny them.

111.    To the extent that the allegations set forth in Paragraph 111 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville

Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Victoria United admits that on April 10, 2013, it acquired Victoria Station and that the purchase price was $5.1 million.  Victoria United admits that it obtained a loan in the amount of $4.69 million from Arbor Realty SR, which it paid in full in November 2013.  Victoria United denies the remaining allegations in Paragraph 111.  AMAC denies that it invested in Victoria Station.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 111, and on that basis, denies them.   The remaining Hyattsville Defendants (other than Victoria United and AMAC) state the allegations in Paragraph 111 are not directed to them and therefore, require no response.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 111, and on that basis, deny them.

112.     To the extent that the allegations set forth in Paragraph 112 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that Bedford United and Victoria United each executed and recorded an assignment of leases and rents to Arbor Realty SR as security for the loans used to purchase BVS on April 10, 2013, and which assignments were discharged in November 2013.  Bedford United and Victoria United deny the remaining allegations in Paragraph 112.   The remaining Hyattsville Defendants (other than Bedford United and Victoria United) state that the allegations in Paragraph 112 are not directed to them and therefore, require no response.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 112, and on that basis, deny them.

113.     To the extent that the allegations set forth in Paragraph 113 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Victoria United admits that Arbor Realty SR assigned the leases and rents from Victoria Station to non-party Arbor Realty Collateralized Loan Obligation 2013-1, Ltd. in June 2013, and which assignment was discharged in November 2013.  Victoria United lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 113, and on that basis, denies the remaining allegations in Paragraph 113.  The remaining Hyattsville Defendants (other than Victoria United) state that the allegations in Paragraph 113 are not directed to them and therefore, require no response.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 113, and on that basis, deny them.

114.     To the extent that the allegations set forth in Paragraph 114 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 114.

115.     Paragraph 115 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 115 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the SEC filings speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack

sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 115, and on that basis, deny them.

116.   To the extent that the allegations set forth in Paragraph 116 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 116, and on that basis, deny them.

117.   To the extent that the allegations set forth in Paragraph 117 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that in November 2013, each entity refinanced and paid off in full the loans made by Arbor Realty SR with a new mortgage loan by German American Capital Corporation, a Deutsche Bank affiliate, in the amount of $33 million.  Bedford United and Victoria United deny the remaining allegations of Paragraph 117.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) state that the allegations in Paragraph 117 are not directed to them and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 117, and on that basis, deny them.

118.   Paragraph 118 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 118 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the financing statement amendment speaks

for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 118, and on that basis, deny them.

119.   To the extent that the allegations set forth in Paragraph 119 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that in September 2018, each entity refinanced and paid off in full the loan made by German American Capital Corporation with a new mortgage loan by KeyBank National Association, in the amount of $52.3 million.  Bedford United and Victoria United deny the remaining allegations of Paragraph 119.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) state that Paragraph 119 contains allegations not directed to them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 119, and on that basis, deny them.

120.   To the extent that the allegations set forth in Paragraph 120 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that in May 2020, each entity obtained a subordinate mortgage loan from KeyBank National Association, in the amount of $6.5 million.  Bedford United and Victoria United deny the remaining allegations of Paragraph 120.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) state that the allegations in Paragraph 120 are not directed to them and therefore, no response is required.  To the extent a response is required, the remaining Hyattsville Defendants deny the allegations in Paragraph 120.

121.     Deny.

122.     To the extent that allegations set forth in Paragraph 122 relate to claims that have

been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants'

Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville

Defendants deny the allegations in Paragraph 122.

**4.     DEFENDANT ARBOR REALTY TRUST, INC. HAS A NATIONWIDE PORTFOLIO OF APPROXIMATELY 139 MULTIFAMILY HOUSING DEVELOPMENTS COMPRISING IN EXCESS OF 17,000 INDIVIDUAL UNITS THAT ARE OCCUPIED DISPROPORTIONATELY BY MEMBERS OF A PROTECTED CLASS OF INDIVIDUALS**

123.     To the extent that allegations set forth in Paragraph 123 relate to claims that have

been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants'

Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville

Defendants deny the allegations in Paragraph 123.

124.     Paragraph 124 contains allegations not directed at the Hyattsville Defendants and

therefore, no response is required.  To the extent that allegations set forth in Paragraph 124 relate

to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part

Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is

required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to

the truth or falsity of the allegations in Paragraph 124, and on that basis, deny them.

125.     Paragraph 125 contains allegations not directed at the Hyattsville Defendants and

therefore, no response is required.  To the extent that allegations set forth in Paragraph 125 relate

to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part

Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is

required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 125, and on that basis, deny them.

126.     Paragraph 126 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 126 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 126, and on that basis, deny them.

127.     Paragraph 127 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the website speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 127, and on that basis, deny them.

128.     Paragraph 128 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the website speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 128, and on that basis, deny them.

129.     To the extent Paragraph 129 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 129 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no

response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 129.

130.    Paragraph 130 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 130 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 130, and on that basis, deny them.

131.    Paragraph 131 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 131 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 131, and on that basis, deny them.

132.    Paragraph 132 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 132 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 132, and on that basis, deny them.

5.   **THE ACQUISITION OF CHEVERLY STATION BY THE ARBOR FAMILY DEFENDANTS IS AN EXAMPLE OF ARBOR FAMILY'S UNITY OF ACTION AND POLICY**

133.   To the extent that allegations set forth in Paragraph 133 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 133, and on that basis, deny them.

134.   Paragraph 134 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 134 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the website speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 134, and on that basis, deny them.

135.   To the extent that allegations set forth in Paragraph 135 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations Paragraph 135.

136.   To the extent that Paragraph 136 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 136 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to

Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit only that each entered into a Property Management Agreement with RMS in January 2016 for the management of BVS and deny the remaining allegations.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 136, and on that basis, deny them.

137.    Deny.

138.    To the extent that Paragraph 138 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 138 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced materials speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 138, and on that basis, deny them.

139.    Paragraph 139 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 139 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the SEC filings speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants lack

sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 139, and on that basis, deny them.

140.    To the extent that Paragraph 140 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 140 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC denies that it became the owner of the referenced property.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 140, and on that basis, denies them.  The remaining Hyattsville Defendants (other than AMAC) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 140, and on that basis, deny them.

### 6.    ARBOR FAMILY'S TARGETING OF LOW-INCOME MINORITY COMMUNITIES IS NOT LIMITED TO THE BVS COMMUNITY AS THE ARBOR FAMILY'S WASHINGTON, DC METROPOLITAN PORTFOLIO IS TARGETED TO EXPLOIT LOW-INCOME MINORITY COMMUNITIES OF COLOR

141.    To the extent that allegations set forth in Paragraph 141 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United admits that it owned Bedford Station, which is located in Prince George's County from April 2013 to May 2022, and Victoria United admits that it owned Victoria Station, which is located in Prince George's County from April 2013 to May 2022.  Bedford United and Victoria United lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 141, including with respect to any other properties, and on that basis,

denies them.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 141, and on that basis, deny them.

142.    To the extent that Paragraph 142 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 142 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC and Hyattsville United deny that they acquired an interest in BVS.  AMAC and Hyattsville United lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 142, and on that basis, deny them.  The remaining Hyattsville Defendants (other than AMAC and Hyattsville United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 142, and on that basis, deny them.

143.    To the extent that Paragraph 143 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 143 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 143, and on that basis, deny them.

144.    To the extent that Paragraph 144 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 144 relate to claims that have been dismissed

(ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC and Hyattsville United deny that they owned BVS.  AMAC and Hyattsville United lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 144, and on that basis, deny them.  Bedford United admits that it owned Bedford Station from April 2013 to May 2022.  Victoria United admits that it owned Victoria Station from April 2013 to May 2022.  Bedford United and Victoria United lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 144, and on that basis, deny them.

145.    To the extent that allegations set forth in Paragraph 145 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 145.

### 7.    ROSS MANAGEMENT'S AGREEMENT TO OPERATE OUTSIDE OF THE SCOPE OF ITS WRITTEN EMPLOYMENT AGREEMENT WITH THE ARBOR RELATED ENTITIES AS WELL AS OUTSIDE THE SCOPE OF ANY REASONALBLE INTERPREATION OF THE LEGAL DUTIES OF A MARYLAND PROPERTY ANAGEMENT COMPANY PROVIDE PLAIN EVIDENCE OF RACIAL DISCRIMINATION AND DIFFERENTIAL TREATMENT

146.    To the extent that allegations set forth in Paragraph 146 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 146 and Footnote 7, and on that basis, deny them.

147.    To the extent that allegations set forth in Paragraph 147 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants'

Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that each entered into a Property Management Agreement with RMS in January 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  Bedford United and Victoria United deny all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 147.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 147, including allegations related to the referenced photographs, and on that basis, deny them.

148.   To the extent that allegations set forth in Paragraph 148 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that each entered into a Property Management Agreement with RMS in January 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  Bedford United and Victoria United deny all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 148.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 148, including allegations related to the referenced photographs, and on that basis, deny them.

149.   To the extent that allegations set forth in Paragraph 149 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that each entered into a Property Management Agreement with RMS in January 2016 for the management of BVS and that the provisions of the agreement speak for

themselves.  Bedford United and Victoria United deny all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 149 and Footnote 8.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 149 and Footnote 8, and on that basis, deny them.

150.    To the extent that allegations set forth in Paragraph 150 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that each entered into a Property Management Agreement with RMS in January 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  Bedford United and Victoria United deny all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 150.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 150, and on that basis, deny them.

151.    To the extent that allegations set forth in Paragraph 151 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 151.

152.    To the extent that allegations set forth in Paragraph 152 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 152.

8.    **ARBOR FAMILY'S ACTIONS IN OTHER HOUSING MARKETS AND STATEMENTS OF ITS LEADERSHIP DEMONSTRATE THAT ARBOR HAS ENGAGED IN A PATTERN AND PRACTICE OF SYSTEMIC RACIAL DISCRIMINATION THROUGH TARGETING AND DIFFERENTIAL TREATMENT**

153.    To the extent that Paragraph 153 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 153 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 153, and on that basis, deny them.

154.    To the extent that Paragraph 154 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 154 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 154, and on that basis, deny them.

155.    To the extent that Paragraph 155 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 155 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants

lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 155, and on that basis, deny them.

156.    To the extent that Paragraph 156 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 156 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 156, and on that basis, deny them.

### 10 Rutgers Street, New York City, NY 10002

157.    Paragraph 157 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 157 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 157, and on that basis, deny them.

158.    To the extent that Paragraph 158 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 158 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 158 and Figure 4, and on that basis, deny them.

159.     Paragraph 159 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 159 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 159, and on that basis, deny them.

160.     Paragraph 160 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 160 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 160, and on that basis, deny them.

161.     Paragraph 161 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 161 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 161, and on that basis, deny them.

162.     Paragraph 162 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 162 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is

required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 162, and on that basis, deny them.

163.     Paragraph 163 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 163 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 163, and on that basis, deny them.

164.     To the extent that Paragraph 164 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 164 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC denies that it, or any purported "partners," owned or controlled the referenced property.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 164, and on that basis, denies them.  The remaining Hyattsville Defendants (other than AMAC) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 164, and on that basis, deny them.

165.     To the extent that Paragraph 165 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 165 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants

lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 165, and on that basis, deny them.

166.    To the extent that Paragraph 166 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 166 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 166, and on that basis, deny them.

**The Quarry at Alamo Heights (Rebranded by Arbor from Crescent at Alamo Heights)**

167.    To the extent that Paragraph 167 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 167 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 167, and on that basis, deny them.

168.    Paragraph 168 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 168 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 168 and Figure 5, and on that basis, deny them.

169.     To the extent that Paragraph 169 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 169 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC denies that it owned or controlled the referenced property.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 169, and on that basis, denies them.  The remaining Hyattsville Defendants (other than AMAC) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 169, and on that basis, deny them.

170.     To the extent that Paragraph 170 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 170 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC denies that it, or any purported "partner," owned or controlled the referenced property.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 170, and on that basis, denies them.  The remaining Hyattsville Defendants (other than AMAC) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 170, and on that basis, deny them.

171.     To the extent that Paragraph 171 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 171 relate to claims that have been dismissed

(ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 171, and on that basis, deny them.

172.    To the extent that Paragraph 172 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 172 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 172, and on that basis, deny them.

173.    To the extent that Paragraph 173 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 173 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, AMAC denies that it owned or controlled the referenced property.  AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 173, and on that basis, denies them.  The remaining Hyattsville Defendants (other than AMAC) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 173, and on that basis, deny them.

174.    To the extent that Paragraph 174 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.

To the extent that allegations set forth in Paragraph 174 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the case study speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 174, and on that basis, deny them.

175.    Paragraph 175 contains legal argument and conclusions to which no response is required.  Paragraph 175 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 175 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 175, and on that basis, deny them.

176.    To the extent that Paragraph 176 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 176 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 176, and on that basis, deny them.

177.    To the extent that Paragraph 177 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.

To the extent that allegations set forth in Paragraph 177 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 177, and on that basis, deny them.

178.    To the extent that Paragraph 178 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 178 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 178, and on that basis, deny them.

179.    To the extent that Paragraph 179 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 179 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 179, and on that basis, deny them.

C.    **ARBOR FAMILY'S POLICIES RELATING TO ACQUISITION, FAILURE TO MAINTAIN, AND OUTSOURCING OF THE COMPLIANCE OBLIGATIONS OF THEIR PROPERTIES DISCRIMINATES AGAINST COMMUNITIES OF COLOR**

180.    To the extent that Paragraph 180 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.

To the extent that allegations set forth in Paragraph 180 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 180, and on that basis, deny them.

181.   To the extent that Paragraph 181 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 181 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 181, and on that basis, deny them.

       **1.     STATISTICALLY DISPARATE IMPACT ON MINORITIES AS A RESULT OF THE ARBOR FAMILY'S NATIONWIDE DISCRIMINATORY POLICIES**

182.   To the extent that Paragraph 182 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 182 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 182, and on that basis, deny them.

### a.      DC Market Statistical Disparity

183.      Paragraph 183 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 183 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 183, and on that basis, deny them.

184.      To the extent that allegations set forth in Paragraph 184 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 184, and on that basis, deny them.

185.      To the extent that Paragraph 185 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 185 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 185, and on that basis, deny them.

186.      To the extent that allegations set forth in Paragraph 186 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville

Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 186, and on that basis, deny them.

187.    To the extent that Paragraph 187 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 187 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 187, and on that basis, deny them.

188.    To the extent that Paragraph 188 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 188 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 188, and on that basis, deny them.

**b.    San Antonio Market Statistical Disparity**

189.    Paragraph 189 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 189 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 189, and on that basis, deny them.

190.     Paragraph 190 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 190 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 190, and on that basis, deny them.

191.     To the extent that Paragraph 191 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 191 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 191, and on that basis, deny them.

192.     Paragraph 192 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 192 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 192, and on that basis, deny them.

193.     Paragraph 193 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 193 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is

required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 193, and on that basis, deny them.

194.    To the extent that Paragraph 194 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 194 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 194, and on that basis, deny them.

195.    To the extent that Paragraph 195 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 195 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 195 in relation to BVS and lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195, and on that basis, deny them.

196.    Paragraph 196 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 196 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 196.

**Policy No. 1 – The Exploitation of Cheap Properties and the Financialization of Housing Arbor Family's "Financialization Policy"**

197.    To the extent that allegations set forth in Paragraph 197 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 197.

198.    To the extent that Paragraph 198 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 198 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 198 in relation to BVS and lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 198 and Footnotes 9 and 10, and on that basis, deny them.

199.    To the extent that Paragraph 199 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 199 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 199.

**Policy No. 2 – Profits Over People – Arbor's "Harvesting Policy"**

200.    To the extent that allegations set forth in Paragraph 200 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants'

Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 200.

201.    To the extent that Paragraph 201 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 201 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 201 and Footnotes 11 and 12, and on that basis, deny them.

202.    Paragraph 202 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 202 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 202 and Footnote 13, and on that basis, deny them.

203.    Paragraph 203 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 203 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 203, and on that basis, deny them.

204.    To the extent that Paragraph 204 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 204 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 204, and on that basis, deny them.

205.    To the extent that Paragraph 205 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 205 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 205, and on that basis, deny them.

206.    To the extent that Paragraph 206 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 206 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required. To the extent a response is required, AMAC denies that it sponsored, owned or controlled the referenced property. AMAC lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 206 and Footnote 14, and on that basis, denies them. The remaining Hyattsville Defendants (other than

61

AMAC) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 206 and Footnote 14, and on that basis, deny them.

207.     To the extent that Paragraph 207 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 207 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 207.

### Policy No. 3 – Maintenance of Properties Based on the Age and/or Value of the Property – the "Divestment Policy"

208.     To the extent that allegations set forth in Paragraph 208 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 208.

209.     To the extent that Paragraph 209 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 209 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 209.

210.     To the extent that Paragraph 210 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 210 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to

Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 210.

211.    To the extent that allegations set forth in Paragraph 211 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 211.

212.    To the extent that allegations set forth in Paragraph 212 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 212.

213.    To the extent that Paragraph 213 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 213 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 213.

### Policy No. 4 – Delegation of Legal Duties – the "Outsourcing Policy"

214.    To the extent that allegations set forth in Paragraph 214 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 214.

215.    To the extent that Paragraph 215 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.

To the extent that allegations set forth in Paragraph 215 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 215.

216.    To the extent that allegations set forth in Paragraph 216 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 216.

217.    To the extent that Paragraph 217 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 217 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 217.

218.    To the extent that Paragraph 218 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 218 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 218.

## 2.    THE RESULT OF ARBOR'S POLICIES

219.    To the extent that Paragraph 219 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.

To the extent that allegations set forth in Paragraph 219 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 219.

220.    To the extent that Paragraph 220 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that allegations set forth in Paragraph 220 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the interview speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 220, and on that basis, deny them.

221.    Paragraph 221 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that allegations set forth in Paragraph 221 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 221, and on that basis, deny them.

D.      INJURIES CAUSED BY DEFENDANTS' BEHAVIOR

222.    To the extent that allegations set forth in Paragraph 222 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the

extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 222, and on that basis, deny them.

223.    Deny.

1.    **INJURIES TO CASA**

224.    To the extent that allegations set forth in Paragraph 224 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 224, and on that basis, deny them.

225.    To the extent that allegations set forth in Paragraph 225 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 225, and on that basis, deny them.

226.    To the extent that allegations set forth in Paragraph 226 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 226.

227.    To the extent that allegations set forth in Paragraph 227 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part

and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 227.

228.    To the extent that allegations set forth in Paragraph 228 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 228, and on that basis, deny them.

229.    To the extent that allegations set forth in Paragraph 229 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 229.

230.    To the extent that allegations set forth in Paragraph 230 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 230.

## 2.    INJURIES CAUSED BY DEFENDANTS' CONDUCT CONTINUE

231.    To the extent that allegations set forth in Paragraph 231 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 231, including that this case is appropriate for a class action suit.

232.    To the extent that allegations set forth in Paragraph 232 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 232.

233.    To the extent that allegations set forth in Paragraph 233 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 233.

234.    To the extent that allegations set forth in Paragraph 234 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 234.

235.    To the extent that allegations set forth in Paragraph 235 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 235.

### 3.    CONTINUING VIOLATION

236.    Deny.

237.    Deny.

238.    Deny.

239.    Deny.

240.    Deny.

## V.    CLASS ALLEGATIONS

241.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 241.

242.    To the extent that allegations set forth in Paragraph 242 relate to claims and putative classes that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 242.

243.    Deny.

244.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 244.

245.    To the extent that allegations set forth in Paragraph 245 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 245, including that this case is appropriate for a class action suit.

246.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 246.

247.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 247.

248.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 248.

249.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 249.

250.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 250.

251.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 251.

252.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 252.

253.    The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 253.

254. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 254.

255. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 255.

256. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 256.

257. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 257.

258. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 258.

259. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 259.

260. The Hyattsville Defendants admit that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny the remaining allegations in Paragraph 260.

## VI.   PLAINTIFFS' CLAIMS

261.   The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

262.   Paragraph 262 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 262 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 262.

263.   Paragraph 263 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 263 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 263.

264.   Paragraph 264 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 264 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are

inconsistent with or mischaracterize the statute.  The Hyattsville Defendants deny the remaining allegations in Paragraph 264.

265.    Paragraph 265 sets forth a legal conclusion to which no response is required.  To the extent that allegations set forth in Paragraph 265 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 265.

266.    Paragraph 266 sets forth a legal conclusion to which no response is required.  To the extent that allegations set forth in Paragraph 266 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 266, including that this case is appropriate for a class action suit.

**Count I – Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a)**
**(All Plaintiffs, the BVS Class and Arbor Family Nationwide Class v. All Defendants)**

267.    The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

268.    To the extent that allegations set forth in Paragraph 268 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statutes and regulations speak for themselves and deny all allegations that are inconsistent with or mischaracterize them.  The Hyattsville Defendants deny the remaining allegations in Paragraph 268.

269.    To the extent that Paragraph 269 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required.

To the extent that the allegations set forth in Paragraph 269 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 269.

270.    To the extent that the allegations set forth in Paragraph 270 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 270.

271.    To the extent that Paragraph 271 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 271 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 271.

272.    To the extent that the allegations set forth in Paragraph 272 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.   To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 272.

**Count II – Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b)**
**(All Plaintiffs, the BVS Class, and Arbor Family Nationwide Class v. All Defendants)**

273.    The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

274.    To the extent that the allegations set forth in Paragraph 274 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville

Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 274.

275.    To the extent that the allegations set forth in Paragraph 275 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced regulation speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  To the extent a response is required, the Hyattsville Defendants deny the remaining allegations in Paragraph 275.

276.    To the extent that Paragraph 276 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 276 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 276.

277.    To the extent that Paragraph 277 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 277 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 277.

278.    Paragraph 278 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 278 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 278.

279.    To the extent that Paragraph 279 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 279 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 279.

280.    To the extent that the allegations set forth in Paragraph 280 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 280.

**Count III – Perpetuation of Segregation in Violation of the Fair Housing Act,**
**42 U.S.C. § 3601, et seq.**
**(All Plaintiffs, the BVS Class, and the Arbor Family Nationwide Class v. All Defendants)**

281.    The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

282.    To the extent that the allegations set forth in Paragraph 282 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all

allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 282.

283.    To the extent that the allegations set forth in Paragraph 283 relates to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced regulation speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 283.

284.    To the extent that Paragraph 284 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 284 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 284.

285.    To the extent that Paragraph 285 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 285 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 285.

286.    To the extent that the allegations set forth in Paragraph 286 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville

Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 286.

### Count IV – Section 818 of the Fair Housing Act, 42 U.S.C. § 3617
### (All Plaintiffs, the BVS Class, and Arbor Family Nationwide Class v. All Defendants)

287.    The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

288.    To the extent that the allegations set forth in Paragraph 288 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced statute speaks for itself and deny all allegations that are inconsistent with or mischaracterize it.  The Hyattsville Defendants deny the remaining allegations in Paragraph 288.

289.    To the extent that Paragraph 289 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 289 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 289.

290.    To the extent that Paragraph 290 contains allegations about properties other than BVS, these are not directed at the Hyattsville Defendants and therefore, no response is required. To the extent that the allegations set forth in Paragraph 290 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 290.

291.    To the extent that allegations set forth in Paragraph 291 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 291.

292.    To the extent that the allegations set forth in Paragraph 292 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 292.

293.    To the extent that the allegations set forth in Paragraph 293 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 293.

294.    To the extent that the allegations set forth in Paragraph 294 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 294.

### Count V – Breach of Contract
### (All Plaintiffs and the BVS Class v. All Defendants)

295.    The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

296.    To the extent that allegations set forth in Paragraph 296 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit that

individual Plaintiffs Lopez, Rodas, Gonzales, Bonilla, Lara, and Beltran have entered into a lease agreement with either Bedford United or Victoria United.  Bedford United and Victoria United deny the remaining allegations in Paragraph 296.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 296, and on that basis, deny them.

297.    To the extent that allegations set forth in Paragraph 297 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 297.

298.    To the extent that allegations set forth in Paragraph 298 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, Bedford United and Victoria United admit only that the referenced agreements speak for themselves and deny all allegations that are inconsistent with or mischaracterize the agreements.  Bedford United and Victoria United deny the remaining allegations in Paragraph 298.  The remaining Hyattsville Defendants (other than Bedford United and Victoria United) lack sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 298, and on that basis, deny them.

299.    To the extent that allegations set forth in Paragraph 299 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is

required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 299.

300.   To the extent that allegations set forth in Paragraph 300 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 300.

301.   To the extent that allegations set forth in Paragraph 301 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 301.

302.   To the extent that allegations set forth in Paragraph 302 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 302.

303.   To the extent that allegations set forth in Paragraph 303 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 303.

304.     To the extent that allegations set forth in Paragraph 304 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 304.

305.     Paragraph 305 sets forth a legal conclusion to which no response is required.  To the extent that allegations set forth in Paragraph 305 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 305.

306.     To the extent that allegations set forth in Paragraph 306 relate to CASA or Plaintiff Ramirez, parties who have been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Plaintiffs are entitled to any of the relief sought in the FAC, including the relief identified in Paragraph 306.

**Count VI – Breach of the Implied Warranty of Habitability for Violation of Local Code (All Plaintiffs and the BVS Class vs. All Defendants)**

307.     The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

308.     To the extent that allegations set forth in Paragraph 308 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 308.

309.    Paragraph 309 contains legal argument and conclusions to which no response is required.  To the extent that allegations set forth in Paragraph 309 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced code sections speak for themselves and deny all allegations that are inconsistent with or mischaracterize these provisions.  The Hyattsville Defendants deny the remaining allegations in Paragraph 309.

310.    To the extent that allegations set forth in Paragraph 310 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 310.

311.    To the extent that allegations set forth in Paragraph 311 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 311.

312.    To the extent that allegations set forth in Paragraph 312 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 312.

313.    To the extent that allegations set forth in Paragraph 313 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 313.

314. To the extent that allegations set forth in Paragraph 314 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 314.

315. To the extent that allegations set forth in Paragraph 315 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 315.

316. To the extent that allegations set forth in Paragraph 316 relate to CASA, a party that has been dismissed, or claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Plaintiffs are entitled to any of the relief sought in the FAC, including the relief identified in Paragraph 316.

### Count VII – Breach of Contract – Third Party Intended Beneficiary
### (All Plaintiffs and the BVS Class v. Ross)

317. The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

318. Paragraph 318 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 318 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 318.

319. Paragraph 319 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 319

relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced agreements referenced speaks for themselves and deny all allegations that are inconsistent with or mischaracterize the agreements.  The Hyattsville Defendants deny the remaining allegations in Paragraph 319.

320.     Paragraph 320 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 320 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 320.

321.     Paragraph 321 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 321 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced agreements speak for themselves and deny all allegations that are inconsistent with or mischaracterize the agreements. The Hyattsville Defendants deny the remaining allegations in Paragraph 321.

322.     Paragraph 322 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 322 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants admit only that the referenced agreements speak for

themselves and deny all allegations that are inconsistent with or mischaracterize the agreements. The Hyattsville Defendants deny the remaining allegations in Paragraph 322.

323.    Paragraph 323 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 323 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 323.

324.    Paragraph 324 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 324 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 324.

325.    Paragraph 325 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 325 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 325.

326.    Paragraph 326 contains allegations not directed at the Hyattsville Defendants and therefore, no response is required.  To the extent that the allegations set forth in Paragraph 326 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Plaintiffs are entitled to any of the relief sought in the FAC, including the relief identified in Paragraph 326.

**Count VIII – Civil Conspiracy**
**(All Plaintiffs, the BVS Class, and the Arbor Family Nationwide Class vs. All Defendants)**

327.    The Hyattsville Defendants reassert and incorporate by reference their answers to the allegations in the foregoing paragraphs as though fully set forth herein.

328.    To the extent that the allegations set forth in Paragraph 328 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 328.

329.    To the extent that the allegations set forth in Paragraph 329 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny the allegations in Paragraph 329.

330.    To the extent that the allegations set forth in Paragraph 330 relate to claims that have been dismissed (ECF Nos. 76–77) (granting in part and denying in part Hyattsville Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, the Hyattsville Defendants deny that Plaintiffs are entitled to any of the relief sought in the FAC, including the relief identified in Paragraph 330.

**JURY TRIAL DEMANDED**

331.    The Hyattsville Defendants admit that Plaintiffs seek a jury trial but deny that they are entitled to trial by jury for their claims.  The Hyattsville Defendants deny the remaining allegations in Paragraph 331.

**PRAYER FOR RELIEF**

332.    The Hyattsville Defendants admit that Plaintiffs seek the relief identified in Paragraph 332, but deny that Plaintiffs are entitled to any relief, including but not limited to the

relief identified in Paragraph 332.  The Hyattsville Defendants deny the remaining allegations in

Paragraph 332.

## AFFIRMATIVE DEFENSES

The Hyattsville Defendants do not concede that they bear the burden of production, proof or persuasion as to any of these defenses.  In addition, the Hyattsville Defendants have not knowingly or intentionally waived any applicable defense and expressly reserve the right to assert and to rely upon any such other applicable defenses as may become available through discovery or otherwise and to amend their Answer.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1.      The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Class Action Not Viable)**

2.      This lawsuit should not proceed as a class action on the grounds that, because of Plaintiffs' and purported class members' individualized alleged damages and Defendants' individualized defenses, *inter alia*: the named Plaintiffs are not typical of and do not and cannot fairly and adequately represent the purported class; common questions of law and fact do not predominate; and a class action will not be superior to other methods available for the adjudication of this controversy.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

3.      Plaintiffs' and the putative class's claims are barred because Plaintiffs and putative class members failed to mitigate damages by conduct including, but not limited to, neglecting to report property issues within a reasonable time, failing to report property issues at all, and refusing entry to agents seeking to carry out property repairs.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Attorneys' Fees)

4.      The FAC fails to state a claim for attorneys' fees with respect to the breach of contract and breach of implied warranty of habitability claims.

## FIFTH AFFIRMATIVE DEFENSE
### (No Standing)

5.      Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members do not have standing to the extent that they are not a party to any contractual agreement with some or all of the Hyattsville Defendants.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

6.      Plaintiffs' and the putative class's claims are barred, in whole or in part, to the extent that Plaintiffs and putative class members are not a party to any contractual agreement with some or all of the Hyattsville Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Known Injury or Damages)

7.      Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members have suffered no legally cognizable injury or damages as a result of the matters alleged in the FAC and any such damages (if any have occurred) are too legally uncertain, remote, indirect, and/or speculative.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Entitlement to Costs or Penalties)

8.      Plaintiffs and the putative class members are not entitled to an award of costs or penalties under the claim for breach of the implied warranty of habitability alleged in the FAC.

## NINTH AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

9.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members received all or substantially all of the benefit of the leased properties at issue that they bargained for, directly or indirectly, and any damages that they might be entitled to recover must be correspondingly reduced for reasons including, but not limited to, Plaintiffs' or putative class members' failing to pay rent.

## TENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

10.     Plaintiffs' and putative class's claims are barred by the doctrine of unclean hands due to conduct including, but not limited to, breaching the lease agreements by using unauthorized electrical devices, failing to provide reasonable notice of property issues, failing to disclose all residents of a property, failing to maintain the premises in a clean and sanitary condition, and refusing entry to agents seeking to carry out property repairs.

## ELEVENTH AFFIRMATIVE DEFENSE
**(No Entitlement to Equitable Relief)**

11.     To the extent Plaintiffs and putative class members attempt to seek equitable relief against the Hyattsville Defendants, they are not entitled to such relief because they have an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE
**(Recoupment)**

12.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members engaged in unlawful conduct that caused damage to the Hyattsville Defendants, including, but not limited to, breaching the lease agreements by using unauthorized electrical devices, failing to disclose all residents of any property on the lease

agreement, or failing to maintain the premises in a clean and sanitary condition, such that any damages that Plaintiffs and putative class members might be entitled to recover must be correspondingly reduced by the amount of damages to which the Hyattsville Defendants are entitled.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Substantial Compliance with Contract)**

13.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because to the extent they were obligated to, the Hyattsville Defendants substantially complied with the lease agreements with respect to the provision and upkeep of the properties leased to the Plaintiffs and the putative class.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Failure to Comply with Agreement)**

14.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members breached their lease agreements by conduct, including, but not limited to, failing to provide reasonable notice of property issues, using unauthorized electrical devices, failing to disclose all residents of a property, and failing to maintain the premises in a clean and sanitary condition.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Failure to Notify)**

15.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members failed to provide reasonable notice of property issues.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Contributory Negligence)**

16.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members failed to act with ordinary care in using and maintaining the

leased properties, including, but not limited to, failing to maintain the premises in a clean and sanitary condition, using unauthorized electrical devices, failing to provide reasonable notice of property issues, failing to disclose all residents of a property, and refusing entry to agents seeking to carry out property repairs, such that Plaintiffs' and putative class members' conduct contributed to the alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

17.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members allege that the matters asserted in the FAC were ongoing since April 2013, but they continued to perform under and enter into new lease agreements without asserting their intention to reserve their rights and enforce the terms of the lease agreements with respect to their allegations of breach.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Constitutional Limitation on Damages)

18.     Plaintiffs and the putative class members cannot recover damages in excess of what is permissible under the United States Constitution and analogous protections under state law, including but not limited to due process protections provided by the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Absence of Control over Party Responsible)

19.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because the Hyattsville Defendants did not have control over the parties responsible for the alleged damages.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Lack of Ownership)**

20.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because the Hyattsville Defendants do not own or control (and are neither owned nor controlled by) the Arbor Defendants and do not own or control any properties other than Bedford United's past ownership of Bedford Station and Victoria United's past ownership of Victoria Station.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Contribution)**

21.     To the extent Plaintiffs and/or putative class members recover damages, the Hyattsville Defendants are entitled to contribution, either in whole or in part, from all persons or entities whose actions, negligence, and/or fault resulted in those damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Allocation of Fault)**

22.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because the Hyattsville Defendants' alleged conduct was not a substantial factor in causing the alleged damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

23.     Plaintiffs' and the putative class's claims are barred, in whole or in part, by the statutes of limitations because the claims arose more than three years before this action was commenced.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

24.     Plaintiffs' and the putative class's claims are barred, in whole or in part, by the doctrine of laches because Plaintiffs and putative class members allege that the matters asserted in

the FAC were ongoing since April 2013, but they continued to perform under and enter into new lease agreements without asserting their intention to reserve their rights.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Assumption of Risk)**

25.     Plaintiffs' and the putative class's claims are barred, in whole or in part, by their assumption of the risk of the alleged damages because Plaintiffs and putative class members claim to have had knowledge of the Hyattsville Defendants' alleged conduct since April 2013, yet they did not attempt to enforce their rights under the lease agreement for years, continued to renew their lease agreements, and failed to provide reasonable notice of the alleged property issues.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

26.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members failed to act with ordinary care in using and maintaining the leased properties, including, but not limited to, failing to maintain the premises in a clean and sanitary condition, using unauthorized electrical devices, failing to provide reasonable notice of property issues, failing to disclose all residents of a property, and refusing entry to agents seeking to carry out property repairs, such that Plaintiffs and putative class members' conduct proximately caused the alleged damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Intervening or Superseding Cause)**

27.     Plaintiffs' and the putative class's claims are barred by the doctrines of intervening or superseding cause, by their conduct including, but not limited to, failing to maintain the premises in a clean and sanitary condition, using unauthorized electrical devices, failing to provide reasonable notice of property issues, failing to disclose all residents of a property, and refusing entry to agents seeking to carry out property repairs.

**TWENTY-EIGTH AFFIRMATIVE DEFENSE**
**(Conformity With Applicable Standards)**

28.     Plaintiffs' and the putative class's claims are barred because the activities of the Hyattsville Defendants alleged in the FAC conformed with all local, state, and federal statutes, regulations, and industry standards in the way the Hyattsville Defendants conducted their business operations.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Incorporation of Defendants' Affirmative Defenses)**

29.     To the extent applicable, the Hyattsville Defendants adopt and incorporate any defenses raised by the Arbor Defendants or RMS.

**DEMAND FOR JURY TRIAL**

The Hyattsville Defendants hereby demand a jury trial as to all issues or claims for which a jury trial is allowed.

Dated: October 7, 2022           Respectfully submitted,

*/s/ John B. Williams III*
John B. Williams III (Bar Number 20916)
Amanda R. Lawrence (*pro hac vice*)
Sarah B. Meehan (Bar Number pending)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
jwilliams@buckleyfirm.com
alawrence@buckleyfirm.com
smeehan@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice*)
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was electronically filed in this case with the

clerk of the court and served this 7th day of October, 2022 through the Court's CM/ECF system,

which will send notification of this filing to all counsel of record.

<u>/s/ John B. Williams III</u>
John B. Williams III (Bar Number 20916)

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*