**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

CASA DE MARYLAND, INC., et al,

               Plaintiffs,

    vs.

ARBOR REALTY TRUST, INC., et al,

               Defendants.

Civil Action No.: DKC-21-01778

---

**ARBOR REALTY TRUST INC.'S, ARBOR REALTY LIMITED PARTNERSHIP'S, AND ARBOR REALTY SR., INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Arbor Realty Trust, Inc. ("Arbor Realty Trust"), Arbor Realty Limited Partnership ("Arbor Realty Limited"), and Arbor Realty SR, Inc. ("Arbor Realty SR" and collectively, the "Arbor Defendants"), by and through their undersigned attorneys, respectfully answer Plaintiffs' First Amended Complaint as follows.

As an initial matter, the Arbor Defendants lack knowledge as to Plaintiffs' allegations with regard to all defendants other than Arbor Realty Trust, Arbor Realty

1

Limited and Arbor Realty SR.  With regard to all other defendants, the Arbor Defendants lack knowledge sufficient to admit or deny the allegations in the First Amended Complaint.  Additionally, the section headings used in the First Amended Complaint are repeated in this Answer solely as a matter of convenience and do not constitute an admission.  To the extent the section headings contain allegations the require a response, the Arbor Defendants deny the allegations contained in all section headings.  Finally, to the extent the First Amended Complaint contains any allegations in footnotes, the Arbor Defendants deny all allegations included in any footnotes.

## I.      INTRODUCTION AND SUMMARY OF CLAIMS

1.      This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

2.      The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent a response is necessary, the Arbor Defendants deny the allegations as to them.

3. The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

4. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

5. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

6. The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  In addition, the Arbor Defendants are not obligated to

3

admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

7.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

8.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  In addition, this paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  Further, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

4

9.      The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

10.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph, including those contained in footnote 2.

11.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

12.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

13.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

14.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

6

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

15.     This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.   In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

16.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   Moreover, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.   To the extent these allegations

7

require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## II.   JURISDICTION AND VENUE

17.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

18.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

19.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  In addition, the Arbor Defendants are not

obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

20.     This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### III.   PARTIES

#### A.     NAMED PLAINTIFFS

21.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this

paragraph.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

22.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

23.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

24.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

25.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

26.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

10

B.    DEFENDANTS

27.    Admitted that defendant Arbor Realty Trust, Inc.  ("Arbor Realty

Trust") is a real estate investment trust with the ticker symbol (NYSE: ABR), and

that Arbor Realty Trust is incorporated in Maryland.  The Arbor Defendants deny

that defendant Arbor Realty Trust is the parent company and/or exerts controlling

authority over any of the alleged "codefendants or subsidiaries" named in this

paragraph, except for codefendants Arbor Realty Limited Partnership ("Arbor

Realty Limited") and Arbor Realty SR, Inc. ("Arbor Realty SR").   The Arbor

Defendants  deny  that  Arbor  Realty  Limited  "controls"  any  multifamily

developments.  Moreover, the Arbor Defendants deny all other allegations in this

paragraph, including those contained in footnote 3.

28.    Admitted that defendant Arbor Realty Limited and Arbor Realty

GPOP, Inc. are wholly-owned subsidiaries of defendant Arbor Realty Trust.  Further

admitted that Arbor Realty GPOP, Inc. is the general partner of Arbor Realty

Limited. The Arbor Defendants deny the remaining allegations in this paragraph,

including but not limited to the allegations that Arbor Realty Limited is "the

operating partnership" of Arbor Realty Trust, and further deny that "substantially all

11

of Arbor Realty Trust's [] operations are conducted" through Arbor Realty Limited, including those operations as to BVS as alleged in this paragraph.

29.     The Arbor Defendants deny that AMAC is a subsidiary of Arbor Realty Trust, and further deny that AMAC is "the management arm of" Arbor Realty Trust. Moreover, the Arbor Defendants deny that AMAC manages BVS "along with" Arbor Realty Limited subject to the discretion, control, and policy decisions of Arbor Realty Trust.  Finally, the Arbor Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph about AMAC or AMAC's operations. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

30.     Admitted that Arbor Realty, SR is a subsidiary of Arbor Realty Trust. The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph as to the "Arbor Family" in light of the uncertain meaning of "Arbor Family."  The Arbor Defendants otherwise deny the remaining allegations contained in this paragraph.

31.     The Arbor Defendants deny that Bedford United, LLC is owned and controlled by Arbor Realty Trust and its subsidiaries.   The Arbor Defendants

12

otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph as to defendants Bedford United, LLC and Hyattsville United, LLC. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

32.     The Arbor Defendants deny that Victoria United, LLC is owned and controlled by Arbor Realty Trust and its subsidiaries.  The Arbor Defendants otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph as to defendants Victoria United, LLC and Hyattsville United, LLC. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

33.     The Arbor Defendants deny that Hyattsville United, LLC is owned and controlled by Arbor Realty Trust and its subsidiaries.  The Arbor Defendants otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph as to defendant Hyattsville United, LLC. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

34.     The Arbor Defendants deny the allegations in this paragraph to the extent they relate to the Arbor Defendants.  The Arbor Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph as to defendant Ross. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

35.     The Arbor Defendants deny the allegations contained in this paragraph.

36.     Admitted that Ivan Kaufman appeared on the podcast referenced in subparagraph (d), but the Arbor Defendants deny that he made the statement attributed to him in subparagraph (d).  Also admitted that Arbor Realty SR provided loans to defendants Bedford United, LLC and Victoria United, LLC in connection with the financing of those defendants' acquisitions, respectively, of the BVS properties, but the Arbor Defendants deny that Arbor Realty Trust "commanded" that Arbor Realty SR issue the loans, and further deny all other allegations made as to these loans provided by Arbor Realty SR.  The Arbor Defendants further deny the remaining allegations contained in this paragraph.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations as to the other defendants

14

in this action.  To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

## IV.  FACTS

### A.  HISTORY AND BACKGROUND OF THE REAL ESTATE INVESTMENT TRUST ("REIT")

37.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

38.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

39.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

40.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

41.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

42.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

43.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

44.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

45.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

46.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

47.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

48.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent a response is necessary, the Arbor Defendants deny the allegations contained in this paragraph.

49.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

## 1.    HOUSING AS A COMMODITY

50.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent that any factual statement is alleged in this paragraph, it is denied.

17

51.     The Arbor Defendants deny the allegations in this paragraph to the extent they relate to any of the Arbor Defendants.  The Arbor Defendants otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

52.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  Additionally, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

53.     The Arbor Defendants deny the allegations in this paragraph to the extent they relate to any of the Arbor Defendants.  The Arbor Defendants otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

54.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  Additionally, the Arbor Defendants lack

18

sufficient information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

55. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. Additionally, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny those allegations contained in this paragraph.

56. The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## 2. HISTORICAL CONTEXT OF ARBOR'S VIOLATIONS

57. The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor." To the

extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

58.    This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

59.    The Arbor Defendants deny the allegations in this paragraph to the extent they relate to Arbor Realty Trust.  The Arbor Defendants otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph. In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

60.    This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this

paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

61.    Admitted that Ivan Kaufman made the statement in the quote attributed to him.  Otherwise, the Arbor Defendants deny that Ivan Kaufman is "Founder, Chairman, and CEO" of "Arbor", in light of the uncertain meaning of "Arbor" as it is used in this paragraph.   The Arbor Defendants otherwise lack sufficient information to admit or deny the remaining allegations.  To the extent the remaining allegations and footnote 4 require a response, the Arbor Defendants deny those allegations.

62.    This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

63.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to

21

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

**3.   STANDARD TYPES OF REAL ESTATE INVESTMENT STRATEGIES AND KNOWLEDGE OF PROSPECTIVE INVESTMENTS**

64.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph. In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

65.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

66.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

### 4.   THE ARBOR COMPANIES

67.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

68.   The Arbor Defendants deny the allegations in this paragraph made as to them.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendants Bedford United, LLC, Victoria United, LLC, and Hyattsville United, LLC.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

69.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."

To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

70.     Admitted that the website www.arborcrowd.com states that Ivan Kaufman is the Co-founder and CEO of ArborCrowd and states that he is currently the founder, chairman, president, and CEO of Arbor Realty Trust, and further admitted that the website states the items set forth in subparagraphs (a)-(c).  The Arbor Defendants otherwise deny the remaining allegations in this paragraph, including denying that the website www.arborcrowd.com identifies that Mr. Kaufman was the founder of "a number" of Arbor Defendant entities.

71.     The Arbor Defendants deny the allegations contained in this paragraph.

72.     Admitted that each of the Arbor Defendants has a number of subsidiaries, and further admitted that Arbor Realty Trust files documents with the SEC, the terms of which speak for themselves.  The Arbor Defendants otherwise deny the remaining allegations contained in this paragraph.

73.     Admitted that Arbor Realty SR is affiliated with Arbor Realty Trust, and further admitted that documents filed with the SEC speak for themselves. The

Arbor Defendants otherwise deny the remaining allegations contained in this paragraph.

74.     Admitted that documents filed with the SEC speak for themselves. The Arbor Defendants otherwise deny the remaining allegations contained in this paragraph.

75.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." Moreover, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendants Ross and Hyattsville United, LLC.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

76.     Admitted that the website www.arborcrowd.com contains the statements attributed in quotation marks in this paragraph.  The Arbor Defendants otherwise deny the remaining allegations contained in this paragraph.

77.     The Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant AMAC. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

78.     Admitted that ArborCrowd issued a press release on November 3, 2016, and that the press release speaks for itself.  The Arbor Defendants otherwise deny the remaining allegations contained in this paragraph.

79.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "subsidiary Defendants."  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendants Hyattsville United, LLC, Bedford United, LLC, Victoria United, LLC, and AMAC.  To the extent these allegations require a response, the Arbor Defendants deny these allegations.

80.     The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family Defendants."  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

**B.     ARBOR FAMILY DEFENDANTS HAVE ENGAGED IN A PATTERN AND PRACTICE OF SYSTEMIC AND**

26

## INTENTIONAL RACE DISCRIMINATION IN COMMUNITIES OF COLOR

81.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

82.     This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### 1.   THE BEDFORD AND VICTORIA STATION COMMUNITY DEMOGRAPHICS, STATISTICAL DISPARITY, AND THE DISINTEGRATION OF THE PROPERTIES

83.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

84.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

85.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

86.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

87.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

88.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

89.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these

allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

90.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

91.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

92.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or

information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

93.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

94.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

95.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

31

already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

96.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

97.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

98.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or

information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

99.     The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

100.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

101.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

102.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## 2.   ARBOR FAMILY'S KNOWLEDGE OF AND WILLFUL BLINDNESS TO THE CONDITIONS AT BVS

103.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph, in light of the uncertain meaning of "Arbor Family Defendants."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

104.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph, in light of the uncertain meaning of "Arbor Family

34

Defendants" and "Arbor Properties."   In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross or any of the other defendants in this action. To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

105.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.   To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

106.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the fact that there are no exhibits accompanying the First Amended Complaint.

107.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the fact that there are no exhibits accompanying the First Amended Complaint. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Properties."   To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

108.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor" and "Defendants."  In addition, Defendants lack sufficient information to admit or deny this allegation as to defendant Ross or any of the other defendants in this action.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

109.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

### 3.   ARBOR FAMILY'S CROSS-COLLATERALIZATION OF BEDFORD AND VICTORIA STATION PROPERTIES AS EVIDENCE OF THEIR UNITY OF ACTION AND POLICY

110.   Admitted that Arbor Realty SR provided a loan to defendant Bedford United, LLC in connection with Bedford United, LLC's acquisition of the Bedford Station Apartments, but the Arbor Defendants deny all other allegations made as to

this loan provided by Arbor Realty SR.  The Arbor Defendants further deny that they "acquired" or "invest[ed]" in the Bedford Station Apartments.   The Arbor Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendant Bedford United, LLC.  To the extent a response is necessary, the Arbor Defendants deny the remaining allegations in this paragraph.

111.   Admitted that Arbor Realty SR provided a loan to defendant Victoria United, LLC in connection with Victoria United, LLC's acquisition of the Victoria Station Apartments, but the Arbor Defendants deny all other allegations made as to this loan provided by Arbor Realty SR.  The Arbor Defendants further deny that they "acquired" or "invest[ed]" in the Victoria Station Apartments.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendant Victoria United, LLC.  To the extent a response is necessary, the Arbor Defendants deny the remaining allegations in this paragraph.

37

112.   Admitted that defendants Bedford United, LLC and Victoria United, LLC each recorded, respectively, an assignment of leases and rents in connection with the BVS properties to Arbor Realty SR, and further admitted that the Maryland Land Records speak for themselves.   The Arbor Defendants otherwise deny all allegations made in this paragraph as to the assignment of leases and rents made in this paragraph.   The Arbor Defendants lack sufficient information to admit or deny the other allegations in this paragraph in light of the uncertain meaning of "Arbor Family" and "Arbor."   To the extent a response is necessary, the Arbor Defendants deny the remaining allegations in this paragraph.

113.   Admitted that the assignment of leases and rents from the Victoria Station Apartments was assigned to the entity Arbor Realty Collateralized Loan Obligation 2013-1, LTD, and further admitted that Maryland Land Records speak for themselves. The Arbor Defendants otherwise deny all allegations made in this paragraph as to the assignment of leases and rents made in this paragraph.   The Arbor Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent a

38

response is necessary, the Arbor Defendants deny the remaining allegations in this paragraph.

114.    The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

115.    Admitted that Form 10-K filed for the fiscal year ending December 31, 2013 for Defendant Arbor Realty Trust contains the quoted statement referenced in this paragraph, and further admitted that the Form 10-K speaks for itself.  The Arbor Defendants deny the remaining allegations in this paragraph.

116.    The Arbor Defendants deny the allegations in this paragraph.

117.    Admitted that German American Capital Corporation provided a loan, which loan refinanced and paid off in full the loans that Arbor Realty SR had provided to defendants Bedford United, LLC and Victoria United, LLC in connection with their acquisitions, respectively, of the BVS properties.  The Arbor Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent a

39

response is necessary, the Arbor Defendants deny the remaining allegations in this paragraph.

118.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

119.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

120.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendants Bedford United, LLC and Victoria United, LLC, to the extent allegations against those defendants are made.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

121.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendants Bedford United, LLC and Victoria United, LLC. To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

122.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent a response is necessary, Defendants deny the allegations in this paragraph.

**4.   DEFENDANT ARBOR REALTY TRUST, INC. HAS A NATIONWIDE PORTFOLIO OF APPROXIMATELY 139 MULTIFAMILY HOUSING DEVELOPMENTS COMPRISING IN EXCESS OF 17,000 INDIVIDUAL UNITS THAT ARE OCCUPIED DISPROPORTIONATELY BY MEMBERS OF A PROTECTED CLASS OF INDIVIDUALS**

123.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendants Hyattsville United, LLC, Bedford United, LLC and Victoria United, LLC.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

124.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

125.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

42

126.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

127.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

128.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

129.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

130.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

131.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

132.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### 5. THE ACQUISITION OF CHEVERLY STATION BY THE ARBOR FAMILY DEFENDANTS IS AN EXAMPLE OF ARBOR FAMILY'S UNITY OF ACTION AND POLICY

133.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

134.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

135.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

136.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

137.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  Moreover, the Arbor Defendants lack sufficient information and to admit or deny the allegations as to defendant AMAC.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph, including the allegations contained in footnote 6.

138.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

139.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

140.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

**6.   ARBOR FAMILY'S TARGETING OF LOW-INCOME MINORITY COMMUNITEIS IS NOT LIMITED TO THE BVS COMMUNITY AS THE ARBOR FAMILY'S WASHINGTON, DC METROPOLITAN PORTFOLIO IS TARGETED TO EXPLOIT LOW-INCOME MINORITY**

## COMMUNITIES OF COLOR

141.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

142.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family" and "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

143.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

144.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

145.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

     **7.   ROSS MANAGEMENT'S AGREEMENT TO OPERATE OUTSIDE OF THE SCOPE OF ITS WRITTEN EMPLOYMENT AGREEMENT WITH THE ARBOR RELATED ENTITIES AS WELL AS OUTSIDE THE SCOPE OF ANY REASONALBLE INTERPREATION OF THE LEGAL DUTIES OF A MARYLAND PROPERTY**

**MANAGEMENT COMPANY PROVIDE PLAIN EVIDENCE OF RACIAL DISCRIMINATION AND DIFFERENTIAL TREATMENT**

146.    The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

147.    The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Related Defendants."  In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross. Moreover, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

148.    The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Related Defendants."  In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to Ross or any other defendant in this action.  Moreover, the Arbor Defendants are not obligated to admit or deny the allegations in this

paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

149.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Related Defendants" and "Arbor Family."  In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to Ross or any other defendant in this action.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph, including those allegations made in footnote 8.

150.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Related Defendants" and "Arbor Family."  In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross.  To the extent

these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

151.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Related Defendants."  In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

152.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   In addition, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

8.   **ARBOR FAMILY'S ACTIONS IN OTHER HOUSING MARKETS AND STATEMENTS OF ITS LEADERSHIP DEMONSTRATE THAT ARBOR HAS ENGAGED IN A PATTERN AND PRACTICE OF SYSTEMIC RACIAL**

## DISCRIMINATION THROUGH TARGETING AND DIFFERENTIAL TREATMENT

153.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

154.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

155.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

156.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## 10 Rutgers Street, New York City, NY 10002

157.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

158.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

159.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

160.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

161.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

162.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

163.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

164.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations as to defendant AMAC.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

165.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

166.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### The Quarry at Alamo Heights (Rebranded by Arbor from Crescent at Alamo Heights)

167.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

168.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

169.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

170.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph as to defendant AMAC.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

171.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

172.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

173.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph as to defendant AMAC.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

174.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

59

175.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

176.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

177.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

178.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

179.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## C.   ARBOR FAMILY'S POLICIES RELATING TO ACQUISITION, FAILURE TO MAINTAIN, AND OUTSOURCING OF THE COMPLIANCE OBLIGATIONS OF THEIR PROPERTIES DISCRIMINATES AGAINST COMMUNITIES OF COLOR

180.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

181.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### 1. STATISTICALLY DISPARATE IMPACT ON MINORITIES AS A RESULT OF THE ARBOR FAMILY'S NATIONWIDE DISCRIMINATORY POLICIES

182.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### a.   DC Market Statistical Disparity

183.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph.  Moreover, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

184.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

185.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  Moreover, the Arbor Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.  To the extent these

allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

186.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

187.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor properties."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

188.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor properties."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### b.    San Antonio Market Statistical Disparity

189.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

190.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

191.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

192.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

193.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

194.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

66

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

195.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

196.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## Policy No. 1 – The Exploitation of Cheap Properties and the Financialization of Housing – Arbor Family's "Financialization Policy"

197.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

198.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph as to defendants Ross, Bedford United, LLC, and Victoria United, LLC.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph, including the allegations in footnotes 9 & 10.

199.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### Policy No. 2 – Profits Over People – Arbor's "Harvesting Policy"

200.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

201.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph, including the allegations contained in footnotes 11 & 12.

202.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor

69

Defendants deny the allegations contained in this paragraph, including the allegations contained in footnote 13.

203. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

204. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

205. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

206. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph, including the allegations contained in footnote 14.

207. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

**<u>Policy No. 3 – Maintenance of Properties Based on the Age and/or Value<br>of the Property – the "Divestment Policy"</u>**

208.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

209.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

210.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

211.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

212.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

213.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of

"Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### Policy No. 4 – Delegation of Legal Duties – the "Outsourcing Policy"

214.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

215.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

216.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

217.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph, including those contained in footnote 15.

218.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## 2.    THE RESULT OF ARBOR'S POLICIES

219.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  Moreover, Defendants lack sufficient information to admit or deny the allegations in this paragraph to defendant Ross or any other defendant in this action. To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

220.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

221.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## D.     INJURIES CAUSED BY DEFENDANTS' BEHAVIOR

222.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  Moreover, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph as to defendant Ross.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

223.   The Arbor Defendants deny the allegations in this paragraph as to them. In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph as to defendant Ross.

### 1.     INJURIES TO CASA

224.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

77

225.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

226.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

227.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

228.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to

admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

229.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

230.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## 2.   INJURIES CAUSED BY DEFENDANTS' CONDUCT CONTINUE

231.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has

already dismissed.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

232.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." Moreover, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

233.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." Moreover, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

234.   The Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family." Moreover, the Arbor Defendants lack sufficient information to admit or deny this allegation as to defendant Ross.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

235.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### 3.   CONTINUING VIOLATION

236.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

237.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

238.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these

allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

239.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

240.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

## V.     CLASS ALLEGATIONS

241.   This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

242.   This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, the Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  To the extent these

82

allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

243. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

244. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

245. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed. To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

246. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

83

247. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

248. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

249. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

250. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains

contentions of law that the Arbor Defendants are not obligated to admit or deny.   To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

251.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

252.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

253.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To

the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

254. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

255. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

256. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

257. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  In addition, this paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

258. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

259. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

260. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## VI.   PLAINTIFFS' CLAIMS

261.   This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

262.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor properties."  To the extent a response is necessary, the Arbor Defendants deny the allegations in this paragraph.

263.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, this paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

264.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim or claims that the District Court has already dismissed.  In addition, this paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

265.   This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

266.   This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

**Count I -** Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a)  (All Plaintiffs, the BVS Class and Arbor Family Nationwide Class v. All

267.    The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

268.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

269.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

270.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

271.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

272.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## Count II - Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b)  (All Plaintiffs, the BVS Class, and Arbor Family Nationwide Class v. All Defendants)

273.   The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

274.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

275.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

276.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

277.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

278.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

279.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

280.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## Count III - Perpetuation of Segregation in Violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq.  (All Plaintiffs, the BVS Class, and the Arbor Family Nationwide Class v. All  Defendants)

281.   The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

282.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

283.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

284.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

285.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

286.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

**Count IV - Section 818 of the Fair Housing Act, 42 U.S.C. § 3617  (All Plaintiffs, the BVS Class, and Arbor Family Nationwide Class v. All Defendants)**

287.   The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

288.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

289.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

290.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

291.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already

dismissed.  In addition, the Arbor Defendants lack sufficient information to admit or deny the allegations in this paragraph in light of the uncertain meaning of "Arbor Family."  Moreover, Defendants lack sufficient information to admit or deny the allegations in this paragraph as to defendant Ross or any of the other defendants in this action. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

292.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

293.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

294.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already

dismissed.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### Count V - Breach of Contract (All Plaintiffs and the BVS Class v. All Defendants)

295.    The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

296.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

297.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

298.    The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already

dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

299. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

300. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

301. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

302. The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already

dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

303.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

304.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

305.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

306.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already

dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

### Count VI - Breach of the Implied Warranty of Habitability for Violation of Local Code (All Plaintiffs and the BVS Class vs. All Defendants)

307.   The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

308.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

309.  This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny.  To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

310.   The Arbor Defendants deny the allegations made in this paragraph as to them.  The Arbor Defendants lack sufficient information to admit or deny this allegation as to any of the other defendants in this action.

311.   This paragraph contains contentions of law that the Arbor Defendants are not obligated to admit or deny.  In addition, the Arbor Defendants lack sufficient

information to admit or deny this allegation as to any of the other defendants in this action. To the extent a response is necessary, the Arbor Defendants deny the allegations as to them.

312. The Arbor Defendants lack sufficient information to admit or deny this allegation as to any of the other defendants in this action. The Arbor Defendants deny the allegations as to them.

313. The Arbor Defendants lack sufficient information to admit or deny this allegation as to any of the other defendants in this action. The Arbor Defendants deny the allegations contained in this paragraph as to them.

314. The Arbor Defendants lack sufficient information to admit or deny this allegation as to any of the other defendants in this action. The Arbor Defendants deny the allegations contained in this paragraph as to them.

315. This paragraph contains no allegations of fact that the Arbor Defendants are obligated to admit or deny. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

**Count VII - Breach of Contract – Third Party Intended Beneficiary (All Plaintiffs and the BVS Class v. Ross)**

101

316.   This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.   To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

317.   This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.   To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

318.   This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.   To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

319.   This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims.

Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

320.  This paragraph relates to a claim not pleaded against the Arbor Defendants.  Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

321.  This paragraph relates to a claim not pleaded against the Arbor Defendants.  Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

322.  This paragraph relates to a claim not pleaded against the Arbor Defendants.  Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations

therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

323.  This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

324.  This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

325.  This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

326.   This paragraph relates to a claim not pleaded against the Arbor Defendants.   Moreover, the District Court has already dismissed these claims. Accordingly, the Arbor Defendants are not required to admit or deny the allegations therein.  To the extent these allegations require a response, the Arbor  Defendants deny the allegations contained in this paragraph.

## Count VIII - Civil Conspiracy (All Plaintiffs, the BVS Class, and the Arbor Family Nationwide Class vs. All Defendants)

327.   The Arbor Defendants incorporate herein by reference their response to each of the allegations contained in the preceding paragraphs as if fully set forth herein.

328.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

329.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

330.   The Arbor Defendants are not obligated to admit or deny the allegations in this paragraph because they relate to a claim that the District Court has already dismissed. To the extent these allegations require a response, the Arbor Defendants deny the allegations contained in this paragraph.

## JURY TRIAL DEMANDED

331.   This paragraph contains no allegations of fact that Defendants are obligated to admit or deny.

## PRAYER FOR RELIEF

332.   This paragraph contains no allegations of fact that Defendants are obligated to admit or deny.

## AFFIRMATIVE AND OTHER DEFENSES

The Arbor Defendants do not admit any wrongful conduct, nor do they concede that they bear the burden of production, proof, or persuasion (or any other burden they would not otherwise bear) as to any of these defenses.  In addition, the Arbor Defendants have not knowingly or intentionally waived any applicable defense.  The Arbor Defendants reserve the right to assert and to rely upon any such other applicable defenses as may become available through discovery or otherwise, and expressly reserve the right to amend their Answer.

106

The Arbor Defendants assert the following defenses to Plaintiffs' First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Class Action Not Viable)

2.      This lawsuit should not proceed as a class action because of Plaintiffs' and purported class members' individualized alleged damages and Defendants' individualized defenses, *inter alia*: the named Plaintiffs are not typical of and do not and cannot fairly and adequately represent the purported class; common questions of law and fact do not predominate; and a class action will not be superior to other methods available for the adjudication of this controversy.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

3.      Plaintiffs' and the putative class's claims are barred because Plaintiffs and putative class members failed to mitigate their damages (if any have occurred) by conduct including, but not limited to, neglecting to report property issues within

a reasonable time, failing to report property issues at all, and refusing entry to agents seeking to carry out property repairs.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Attorneys' Fees)

4.      The First Amended Complaint fails to state a claim for attorneys' fees with respect to the claim for breach of implied warranty of habitability.

## FIFTH AFFIRMATIVE DEFENSE
### (No Standing)

5.      Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members do not have standing to the extent that they are not a party to any contractual agreement with any of the Arbor Defendants.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

6.      Plaintiffs' and the putative class's claims are barred, in whole or in part, to the extent that Plaintiffs and putative class members are not a party to any contractual agreement with some or any of Arbor Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Known Injury)

7.      Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members have suffered no legally cognizable injury as a result of the matters alleged in the First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Known Damages)

8.      Neither Plaintiffs nor the putative class members are entitled to damages because their damages (if any have occurred) as a result of the matters alleged in the First Amended Complaint are too legally uncertain, remote, indirect, and/or speculative.

## NINTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

9.      Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members received all or substantially all of the benefit of the leased property at issue that they bargained for, directly or indirectly, and any damages that they might be entitled to recover must be correspondingly reduced for reasons including, but not limited to, Plaintiffs' or the putative class

members' failing to pay rent, or else Plaintiffs or the putative class members would be unjustly enriched.

## TENTH AFFIRMATIVE DEFENSE
### (Recoupment)

10.   Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members engaged in unlawful conduct that caused damage to Defendants, including, but not limited to, breaching the lease agreement by using unauthorized electrical devices, failing to disclose all residents of any property on the lease agreement, or failing to maintain the premises in a clean and sanitary condition, such that any damages that Plaintiffs and putative class members might be entitled to recover must be correspondingly reduced by the amount of damages to which the Arbor Defendants are entitled.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Notify)

11.   Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members failed to provide reasonable notice of property issues.

## TWELFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

12.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members failed to act with ordinary care in using and maintaining the leased property, including, but not limited to, failing to maintain the premises in a clean and sanitary condition, using unauthorized electrical devices, failing to provide reasonable notice of property issues, failing to disclose all residents of a property, and refusing entry to agents seeking to carry out property repairs, such that Plaintiffs' and putative class members' conduct contributed to the alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

13.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members allege that the matters asserted in the First Amended Complaint were ongoing since April 2013, but they continued to perform under and enter into new lease agreements without asserting their intention to reserve their rights.

111

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

14.     Plaintiffs' and the putative class's claims are barred, in whole or in part, by the doctrine of laches because Plaintiffs and putative class members allege that the matters asserted in the First Amended Complaint were ongoing since April 2013, but they continued to perform under and enter into new lease agreements without asserting their intention to reserve their rights.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

15.     Plaintiffs' and the putative class's claims are barred, in whole or in part, by the statutes of limitations because the claims arose more than three years before this action was commenced.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Constitutional Limitation on Damages)

16.     Plaintiffs and the putative class members cannot recover damages in excess of what is permissible under the United States Constitution and analogous protections under state law, including but not limited to due process protections provided by the Fifth and Fourteenth Amendments to the United States Constitution

and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Absence of Control over Party Responsible)

17.    Plaintiffs' and the putative class's claims are barred, in whole or in part, because the Arbor Defendants did not have control over the parties purportedly responsible for the alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

18.    Plaintiffs' and the putative class's claims are barred, in whole or in part, because the Arbor Defendants do not own or control the other defendants in this action.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Allocation of Fault)

19.    Plaintiffs' and the putative class's claims are barred, in whole or in part, because the Arbor Defendants' alleged conduct was not a substantial factor in causing the alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

20.     Plaintiffs' and the putative class's claims are barred, in whole or in part, by their assumption of the risk of the alleged damages because Plaintiffs and putative class members claim to have had knowledge of the Arbor Defendants' alleged conduct since April 2013, yet they did not enforce their rights under the lease agreement for years, continued to renew their lease agreements, and failed to provide reasonable notice of the alleged property issues.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Proximate Cause)

21.     Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs and putative class members failed to act with ordinary care in using and maintaining the leased property, including, but not limited to, failing to maintain the premises in a clean and sanitary condition, using unauthorized electrical devices, failing to provide reasonable notice of property issues, failing to disclose all residents of a property, and refusing entry to agents seeking to carry out property repairs,  such that Plaintiffs and putative class members' conduct, and not any act or omission of the Arbor Defendants, proximately caused the alleged damages.

114

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Intervening or Superseding Cause)

22.     Plaintiffs' and the putative class's claims are barred by the doctrines of intervening or superseding cause, by their conduct including, but not limited to, neglecting to report property issues within a reasonable time, failing to report property issues at all, and refusing entry to agents seeking to carry out property repairs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Conformation to Applicable Standards)

23.     The activities of the Arbor Defendants alleged in the First Amended Complaint conformed with all local, state and federal statutes, regulations, and industry standards in the way the Arbor Defendants conducted their business operations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

24.     Plaintiffs' and putative class's claims are barred by the doctrine of unclean hands due to conduct including, but not limited to, breaching the lease agreement by using unauthorized electrical devices, failing to disclose all residents

of any property on the lease agreement, or failing to maintain the premises in a clean and sanitary condition.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Equitable Relief)

25.    To the extent Plaintiffs and putative class members attempt to seek equitable relief against the Arbor Defendants, they are not entitled to such relief because they have an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Entitlement to Costs or Penalties)

26.    Plaintiffs and putative class members are not entitled to an award of costs or penalties under the claim for breach of the implied warranty of habitability alleged in the First Amended Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

27.    To the extent Plaintiffs and/or putative class members recover damages, the Arbor Defendants are entitled to indemnification, either in whole or in part, from all persons or entities whose actions, negligence, and/or fault resulted in those damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Contribution)

28.     To the extent Plaintiffs and/or putative class members recover damages, the Arbor Defendants are entitled to contribution, either in whole or in part, from all persons or entities whose actions, negligence, and/or fault resulted in those damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Express Reservation of Defenses)

29.     The Arbor Defendants affirmatively plead and rely upon all defenses and affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure or in the statutes under which Plaintiffs and putative class members have brought suit, that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses, which may become apparent during the course of discovery.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Express Reservation to Supplement)

30.     The Arbor Defendants reserve the right to supplement this Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend the Answer accordingly.

117

## RESERVATION OF RIGHTS

By setting forth these affirmative defenses, the Arbor Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  The Arbor Defendants reserve the right to assert additional legal defenses as they become known.  Additionally, the Arbor Defendants reserve the right to amend this Answer to Plaintiffs' First Amended Complaint.

WHEREFORE, Defendants respectfully pray that the First Amended Complaint be dismissed in its entirety with prejudice, that Defendants be awarded their costs and attorneys' fees, and that the Court order such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as to all issues or claims for which a jury trial is allowed.

Date:    October 7, 2022            Respectfully submitted,

/s/ *Ray D. McKenzie*

Ray D. McKenzie (Bar No. 21069)
WTAII PLLC
1600 Wilson Blvd., Suite 201

118

Arlington, VA 22209
Tel.: (202) 688-3150
Fax: (202) 869-1882
ray.mckenzie@wtaii.com

Peter W. Tomlinson (admitted *pro hac vice*)
Muhammad U. Faridi (admitted *pro hac vice*)
**PATTERSON BELKNAP WEBB
& TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
pwtomlinson@pbwt.com
mfaridi@pbwt.com
*Attorneys for Defendants Arbor Realty Trust,
Inc., Arbor Realty Limited Partnership, and
Arbor Realty SR, Inc.*

119