## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CASA DE MARYLAND, INC.**, *et al.*, | |
| *Plaintiffs* | **Civil Action No. 8:21-cv-01778-DKC** |
| **v.** | |
| **ARBOR REALTY TRUST, INC.**, *et al.*, | |
| *Defendants* | |

## DEFENDANT REALTY MANAGEMENT SERVICES, INC.'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendant Realty Management Services, Inc., ("RMS") by and through its counsel, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., answers Plaintiff's Amended Complaint and states:

## INTRODUCTION AND SUMMARY OF CLAIMS

1.      To the extent that allegations set forth in Paragraph 1 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 1.

2.      To the extent that allegations set forth in Paragraph 2 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part  Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 2.

3.      To the extent that allegations set forth in Paragraph 3 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of any allegations related to the photographs

in Paragraph 3, and on that basis, deny them.  To the extent that a response is required, RMS denies the remaining allegations in Paragraph 3.

4.      To the extent that allegations set forth in Paragraph 4 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part  Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 4.

5.      To the extent that allegations set forth in Paragraph 5 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 5.

6.      To the extent that allegations set forth in Paragraph 6 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS admits that BVS is comprised of 589 one or two bedroom apartments.  With respect to the remaining allegations in Paragraph 6, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

7.      To the extent that allegations set forth in Paragraph 7 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to their truth or falsity, and on that basis, denies them.  RMS denies the allegations relating exclusively to BVS.

8.      The allegations in Paragraph 8 relate CASA, to a party that has been dismissed, and therefore, no response is required.  To the extent that a response is required, RMS lacks sufficient

knowledge upon which to form a belief as to the truth or falsity of the allegations, and on that basis, denies them.

9.      The allegations in Paragraph 9 relate to a party other than RMS, and therefore, no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations, and on that basis, denies them.

10.      The allegations in Paragraph 10 relate to parties other than RMS, and therefore, no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations, and on that basis, denies them.

11.      To the extent that allegations set forth in Paragraph 11 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

12.      To the extent that allegations set forth in Paragraph 12 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations, and on that basis, denies them.

13.      To the extent that allegations set forth in Paragraph 13 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to

Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 13.

14.     To the extent that allegations set forth in Paragraph 14 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

15.     To the extent that allegations set forth in Paragraph 15 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 15.

16.     To the extent that allegations set forth in Paragraph 16 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part RMS Defendants' Motions to Dismiss), no response is required. To the extent that a response is required, the RMS denies the allegations in Paragraph 16.

**JURISDICTION AND VENUE**

17.     To the extent the allegations set forth in Paragraph 17 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required. To the extent a response is required, RMS admits only the language of 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 42 U.S.C. § 3613.  To the extent that Paragraph 17 contains legal argument and conclusions, no response is required. To the extent a response is required, RMS denies the allegations in Paragraph 17.

18.     To the extent the allegations set forth in Paragraph 18 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS admits only the language of 28 U.S.C. § 1367.  To the extent that Paragraph 18 contains legal argument and conclusions, no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.     To the extent the allegations set forth in Paragraph 19 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS admits only the language of 28 U.S.C. § 1332(d).  To the extent that Paragraph 19 contains legal argument and conclusions, no response is required.  To the extent a response is required, RMS denies allegations that this case qualifies for a class action suit. RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19, and on that basis, denies them.

20.     To the extent the allegations set forth in Paragraph 20 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS admits only the language of 28 U.S.C. §§ 1391 (b)(1) and (2).  To the extent that Paragraph 20 contains legal argument and conclusions, no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations of Paragraph 20, and on that basis, denies them.

## PARTIES

21.     To the extent that allegations set forth in Paragraph 21 relate to CASA, a party that has been dismissed, and claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that Paragraph 21 contains allegations not directed at the Defendants, no response is required.  To the extent a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis, denies them.

22.     To the extent that allegations set forth in Paragraph 22 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS at this time lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

23.     To the extent that allegations set forth in Paragraph 23 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS at this time lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

24.     To the extent that allegations set forth in Paragraph 24 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS at this time lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

25.     To the extent that allegations set forth in Paragraph 25 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS at this time lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

26.     To the extent that allegations set forth in Paragraph 26 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS at this time lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

27.     To the extent that allegations set forth in Paragraph 27 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), and do not relate to RMS, no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

28.     To the extent that allegations set forth in Paragraph 28 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), and do not relate to RMS, no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

29.     To the extent that allegations set forth in Paragraph 29 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), and do not relate to RMS, no response is required.  To the extent that a response is

required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

30.     To the extent that allegations set forth in Paragraph 30 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), and do not relate to RMS, no response is required.  To the extent that a response is required, RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

31.     To the extent that allegations set forth in Paragraph 31 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), and do not relate to RMS, no response is required.  To the extent that a response is required, RMS admits that the Bedford Station Apartments are comprised of approximately 488 one-and two-bedroom units constructed in approximately 1947 and located in Langley Park. RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31, and on that basis, denies them.

32.     To the extent that allegations set forth in Paragraph 32 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), and do not relate to RMS, no response is required.  To the extent that a response is required, RMS admits that Victoria Station Apartments are comprised of approximately 101 one- and two-bedroom units constructed in approximately 1947 and located in Langley Park. RMS lacks sufficient knowledge upon which to form a belief as to the truth or falsity of the remaining allegations Paragraph 32, and on that basis, denies them.

33.     To the extent that allegations set forth in Paragraph 33 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to

Dismiss), and do not relate to RMS, no response is required  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

34.     RMS admits that it does business in the State of Maryland via the registered trade name "Ross Management Services" and that it was the management company for the properties known as Bedford Station and Victoria Station at all times relevant hereto.  RMS denies the remaining allegations in Paragraph 34.

35.     The allegations contained in Paragraph 35 do not relate to RMS and therefore no response is required.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

36.     To the extent that allegations set forth in Paragraph 36 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  Further, the allegations do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

**FACTS**

37.     To the extent that allegations set forth in Paragraph 37 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS admits only the explicit language of the Act and denies any allegations inconsistent with the plain language. Further, the allegations do not relate to any action or inaction allegedly taken by RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

38.     The allegations in Paragraph 38 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

39.     The allegations in Paragraph 39 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

40.     The allegations in Paragraph 40 do not relate to RMS.  To the extent the allegations do relate to this RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

41.     The allegations in Paragraph 41 do not relate to RMS.  To the extent a response is required, RMS admits only the explicit language of the Code and denies any allegations inconsistent with the plain language.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

42.     The allegations in Paragraph 42 do not relate to RMS.  To the extent a response is required, RMS admits only the explicit language of the Code and denies any allegations inconsistent with the plain language.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

43.     The allegations in Paragraph 43 do not relate to RMS.  To the extent the allegations do relate to this RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

44.     The allegations in Paragraph 44 do not relate to RMS.  To the extent a response is required, RMS admits only the explicit language of the Act and denies any allegations inconsistent

with the plain language.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

45.     The allegations in Paragraph 45 do not relate to RMS.  To the extent a response is required, RMS admits only the explicit language of the Act and denies any allegations inconsistent with the plain language.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

46.     The allegations in Paragraph 46 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

47.     The allegations in Paragraph 47 do not relate to RMS.  To the extent the allegations do relate RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

48.     The allegations in Paragraph 48 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

49.     The allegations in Paragraph 49 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

50.     The allegations in Paragraph 50 do not relate to RMS.  To the extent a response is required, RMS admits only the explicit language of the term as defined by Black's Law Dictionary and denies any allegations inconsistent with the plain language.  RMS is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

51.     The allegations in Paragraph 51 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

52.     The allegations in Paragraph 52 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

53.     The allegations in Paragraph 53 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

54.     The allegations in Paragraph 54 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

55.     The allegations in Paragraph 55 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

56.     The allegations in Paragraph 56 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

57.     The allegations in Paragraph 57 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

58.     The allegations in Paragraph 58 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

59.     The allegations in Paragraph 59 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

60.     The allegations in Paragraph 60 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

61.     The allegations in Paragraph 61 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

62.     The allegations in Paragraph 62 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

63.     The allegations in Paragraph 63 do not relate to RMS.  To the extent the allegations do relate to this RMS, it denies the allegations as characterized.

64.     The allegations in Paragraph 64 do not relate to any RMS.  To the extent the allegations do relate to RMS it is without sufficient information to admit or deny the allegations, and therefore they are denied.

65.     The allegations in Paragraph 65 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

66.     The allegations in Paragraph 66 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

67.     The allegations in Paragraph 67 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

68.     The allegations in Paragraph 68 do not relate to any action or inaction allegedly taken by this Defendant. To the extent the allegations do relate to this Defendant, Defendant is without sufficient information to admit or deny the allegations, and therefore they are denied.

69.     The allegations in Paragraph 69 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

70.     The allegations in Paragraph 70 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

71.     The allegations in Paragraph 71 do not relate to RMS.  To the extent a response is required, RMS admits only the explicit language of the Special Report and denies any allegations inconsistent with its plain language.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

72.     The allegations in Paragraph 72 do not relate to RMS.  To the extent a response is required, RMS is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

73.     The allegations in Paragraph 73 do not relate to RMS. To the extent a response is required, RMS is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

74.     The allegations in Paragraph 74 do not relate to RMS.  To the extent a response is required, RMS is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

75.     To the extent that allegations set forth in Paragraph 75 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 do not relate to RMS.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

77.     The allegations in Paragraph 77 do not relate to RMS.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

78.     The allegations in Paragraph 70 do not relate RMS.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

79.     The allegations in Paragraph 79 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

80.     To the extent that allegations set forth in Paragraph 80 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 are conclusions of law to which no response is required.  To the extent that Paragraph 81 contains factual allegations, they are denied as stated.

82.     The allegations in Paragraph 82 are conclusions of law to which no response is required.  To the extent that Paragraph 82 contains factual allegations, they are denied as stated.

83.     The allegations in Paragraph 83 do not relate to RMS.  To the extent a response is required, RMS admits only that Victoria and Bedford Station are located in the community of Langley Park, located in Prince George's County, Maryland.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

84.     The allegations in Paragraph 84 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

85.     The allegations in Paragraph 85 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

86.     The allegations in Paragraph 86 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

87.     The allegations in Paragraph 87 are conclusions of law to which no response is required.  To the extent a response is required, RMS admits only that DPIE's regulations speak for themselves and denies any allegations inconsistent with their plain language.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

88.     To the extent that allegations set forth in Paragraph 88 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS admits only that Bedford Station was built in approximately 1947, and is comprised of approximately 488 one- and two-bedroom units.  RMS is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

89.     To the extent that allegations set forth in Paragraph 89 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS admits only that Victoria Station was built in approximately 1947, and is comprised of approximately 101 one- and two-bedroom units.  RMS is without sufficient information to admit or deny the remaining allegations, and therefore they are denied.

90.     The allegations in Paragraph 90 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

91.     To the extent the allegations in Paragraph 91 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

92.     To the extent the allegations in Paragraph 92 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

93.     To the extent the allegations in Paragraph 93 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

94.     To the extent the allegations in Paragraph 94 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

95.     To the extent the allegations in Paragraph 95 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

96.     To the extent the allegations in Paragraph 96 relate to RMS, they are denied.

97.     To the extent the allegations in Paragraph 97 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

98.     To the extent the allegations in Paragraph 98 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

99.     The allegations in Paragraph 99 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

100.     The allegations in Paragraph 100 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

101.     The allegations in Paragraph 101 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

102.    The allegations in Paragraph 102 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

103.    The allegations in Paragraph 103 do not relate to RMS.  To the extent the allegations do relate to RMS, they are denied.

104    To the extent that allegations set forth in Paragraph 104 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 104.

105.    To the extent the allegations in Paragraph 105 relate to RMS, it is without sufficient information to admit or deny them, and therefore they are denied.

106.    To the extent the allegations in Paragraph 106 relate to RMS, it is without sufficient information to admit or deny them, and therefore they are denied.

107.    To the extent the allegations in paragraph 107 relate to RMS, it is without sufficient information to admit or deny them, and therefore they are denied.

108.    To the extent the allegations in Paragraph 108 relate to RMS, they are denied.

109.    To the extent that allegations set forth in Paragraph 109 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

110.    The allegations in Paragraph 110 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

111.     The allegations in Paragraph 111 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

112.     The allegations in Paragraph 112 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

113.     The allegations in Paragraph 113 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

114.     The allegations in Paragraph 114 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

115.     The allegations in Paragraph 115 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

116.     The allegations in Paragraph 116 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

117.     The allegations in Paragraph 117 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

118.   The allegations in Paragraph 118 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

119.   The allegations in Paragraph 119 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

120.   The allegations in Paragraph 120 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

121.   The allegations in Paragraph 121 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

122.   The allegations in Paragraph 122 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

123.   To the extent that allegations set forth in Paragraph 123 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent that a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

124.   The allegations in Paragraph 124 do not relate to RMS.  To the extent the allegations do relate to this Defendant, Defendant is without sufficient information to admit or deny the allegations, and therefore they are denied.

125.     The allegations in Paragraph 125 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

126.     The allegations in Paragraph 126 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

127.     The allegations in Paragraph 127 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

128.     The allegations in Paragraph 128 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

129.     The allegations in Paragraph 129 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

130.     To the extent that allegations set forth in Paragraph 130 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

131.     To the extent that allegations set forth in Paragraph 131 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

132.    To the extent that allegations set forth in Paragraph 132 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

133.    The allegations in Paragraph 133 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

134.    RMS is without sufficient information to admit or deny the allegations in Paragraph 134, and therefore they are denied.

135.    To the extent that allegations set forth in Paragraph 135 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motions to Dismiss), no response is required.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations in Paragraph 134, and therefore they are denied.

136.    To the extent that allegations set forth in Paragraph 136 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, Defendants admit only that a Property Management Agreement was entered on behalf BVS Properties.  Defendants deny the remaining allegations as stated.

137.    The allegations in Paragraph 137 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

138.     The allegations in Paragraph 138 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

139.     The allegations in Paragraph 139 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

140.     The allegations in Paragraph 140 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

141.     The allegations in Paragraph 141 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

142.     The allegations in Paragraph 142 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

143.     The allegations in Paragraph 143 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

144.     The allegations in Paragraph 144 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

145.    The allegations in Paragraph 145 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

146.    To the extent that allegations set forth in Paragraph 146 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

147.    To the extent that allegations set forth in Paragraph 147 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 147.

148.    To the extent that allegations set forth in Paragraph 148 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 148.

149.    To the extent that allegations set forth in Paragraph 149 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to

Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves. RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 149.

150.    To the extent that allegations set forth in Paragraph 150 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 150.

151.    To the extent that allegations set forth in Paragraph 151 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 151.

152.    To the extent that allegations set forth in Paragraph 152 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

154.    The allegations in Paragraph 154 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

155.    The allegations in Paragraph 155 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

156.    The allegations in Paragraph 156 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

157.    The allegations in Paragraph 157 do not relate RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

158.    The allegations in Paragraph 158 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

159.    The allegations in Paragraph 159 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

160.    The allegations in Paragraph 160 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

161.    The allegations in Paragraph 161 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

162.    The allegations in Paragraph 162 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

163.    The allegations in Paragraph 163 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

164.    The allegations in Paragraph 164 do not relate to RMS.  To the extent the allegations do relate to RMS,it is without sufficient information to admit or deny the allegations, and therefore they are denied.

165.    The allegations in Paragraph 165 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

166.    The allegations in Paragraph 166 do not relate to RMS. To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

167.    The allegations in Paragraph 167 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

168.    The allegations in Paragraph 168 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

169.    The allegations in Paragraph 169 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

170.    The allegations in Paragraph 170 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

171.    The allegations in Paragraph 171 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

172.    The allegations in Paragraph 172 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

173.    The allegations in Paragraph 173 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

174.     The allegations in Paragraph 174 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

175.     The allegations in Paragraph 175 are conclusions of law to which no response is required.  To the extent that Paragraph 175 contains averments of fact, the averments are denied as stated.

176.     The allegations in Paragraph 176 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

177.     The allegations in Paragraph 177 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

178.     The allegations in Paragraph 178 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

179.     The allegations in Paragraph 179 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

180.     To the extent that allegations set forth in Paragraph 151 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

181.     The allegations in Paragraph 181 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

182.     The allegations in Paragraph 182 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

183.     The allegations in Paragraph 183 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

184.     The allegations in Paragraph 184 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

185.     The allegations in Paragraph 185 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

186.     The allegations in Paragraph 186 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

187.     The allegations in Paragraph 187 do not relate RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

188.     The allegations in Paragraph 188 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

189.     The allegations in Paragraph 189 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

190.     The allegations in Paragraph 190 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

191.     The allegations in Paragraph 191 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

192.     The allegations in Paragraph 192 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

193.     The allegations in Paragraph 193 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

194.     The allegations in Paragraph 194 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

195.     The allegations in Paragraph 195 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

196.     The allegations in Paragraph 196 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

197.     The allegations in Paragraph 197 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

198.     To the extent the allegations in Paragraph 198 relate to RMS, they are denied.  RMS is without sufficient information to admit or deny the remaining allegations in Paragraph 198, and therefore they are denied.

199.     The allegations in Paragraph 199 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

200.     The allegations in Paragraph 200 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

201.     The allegations in Paragraph 201 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

202.     The allegations in Paragraph 202 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

203.     The allegations in Paragraph 203 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

204.     The allegations in Paragraph 204 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

205.     The allegations in Paragraph 205 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

206.     The allegations in Paragraph 206 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

207.     The allegations in Paragraph 207 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

208.     The allegations in Paragraph 208 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

209.    The allegations in Paragraph 209 do not relate to RMS.  To the extent the allegations do relate to RMS,it is without sufficient information to admit or deny the allegations, and therefore they are denied.

210.    The allegations in Paragraph 210 do not relate to RMS.  To the extent the allegations do relate to this Defendant, Defendant is without sufficient information to admit or deny the allegations, and therefore they are denied.

211.    The allegations in Paragraph 211 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

212.    To the extent that allegations set forth in Paragraph 212 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegations as characterized in Paragraph 212.

213.    The allegations in Paragraph 213 do not relate to RMS.  To the extent the allegations do relate to RMS,it is without sufficient information to admit or deny the allegations, and therefore they are denied.

214.    The allegations in Paragraph 214 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

215.    To the extent that allegations set forth in Paragraph 215 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016

for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 215.

216.    To the extent that allegations set forth in Paragraph 216 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 216.

217.    To the extent that allegations set forth in Paragraph 217 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 217.

218.    To the extent that allegations set forth in Paragraph 218 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 218.

219.     To the extent that allegations set forth in Paragraph 219 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 219.

220.     To the extent that allegations set forth in Paragraph 220 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 220.

221.     The allegations in Paragraph 221 do not relate to RMS.  To the extent the allegations do relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

222.     To the extent that allegations set forth in Paragraph 222 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

223.     To the extent that allegations set forth in Paragraph 223 claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

224.     To the extent that allegations set forth in Paragraph 224 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response

is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 224, and on that basis, denies them.

225.    To the extent that allegations set forth in Paragraph 225 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 225, and on that basis, denies them.

226.    To the extent that allegations set forth in Paragraph 226 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 226, and on that basis, denies them.

227.    To the extent that allegations set forth in Paragraph 227 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 227, and on that basis, denies them.

228.    To the extent that allegations set forth in Paragraph 228 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 228, and on that basis, denies them.

229.     To the extent that allegations set forth in Paragraph 229 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 229, and on that basis, denies them.

230.     To the extent that allegations set forth in Paragraph 230 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 230, and on that basis, denies them.

231.     To the extent that allegations set forth in Paragraph 231 relate to CASA, a party that has been dismissed, or claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS lacks sufficient information to admit or deny the allegations in Paragraph 231, and on that basis, denies them.

232.     To the extent that allegations set forth in Paragraph 232 claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

233.     To the extent that allegations set forth in Paragraph 233 claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

234.    To the extent that allegations set forth in Paragraph 234 claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required. To the extent a response is required, RMS denies the allegation as stated.

235.    To the extent that allegations set forth in Paragraph 223 claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

236.    To the extent that allegations set forth in Paragraph 236 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

237.    To the extent the allegations in Paragraph 237 relate to RMS, it is without sufficient information to admit or deny the allegations, and therefore they are denied.

238.    To the extent that the allegation in Paragraph 237 relates to RMS, it denies the allegation as stated.

239.    To the extent that the allegation in Paragraph 238 relates to RMS, it denies the allegation as stated.

240.    To the extent that allegations set forth in Paragraph 240 claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS denies the allegation as stated.

241.    RMS admits that Plaintiffs seek to certify a class but deny that any class should be certified or is appropriate and deny any remaining allegations in Paragraph 241.

242.    To the extent that the allegations in Paragraph 242 relate to RMS, RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 242.

243.    To the extent that the allegations in Paragraph 243 relate to RMS, RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 243.

244.    To the extent that the allegations in Paragraph 244 relate to RMS, RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 244.

245.    To the extent that the allegations in Paragraph 245 relate to RMS, RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 245.

246.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 246.

247.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 247.

248.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 248.

249.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 249.

250.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 250.

251.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 251.

252.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 252.

253.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 253.

254.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 254.

255.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 255.

256.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 256.

257.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 257.

258.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 258.

259.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 259.

260.    RMS admits that Plaintiffs seek to certify a class but denies that any class should be certified or is appropriate and denies any remaining allegations in Paragraph 260.

261.    RMS reasserts and incorporates by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

262.    The allegations in Paragraph 262 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 262 is required, they are denied as stated.  Further, RMS admits only the language of 42 U.S.C. § 3602(b).

263.    The allegations in Paragraph 263 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 263 is required, they are denied as stated.  Further, RMS admits only the language of 42 U.S.C. § 3602(d).

264.    The allegations in Paragraph 264 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 264 is required, they are denied as stated.  Further, RMS admits only the language of the Fair Housing Act.

265.    The allegations in Paragraph 265 are conclusions of law to which no response is required.  To the extent that Paragraph 265 contains averments of fact, the averments are denied as stated.

266.    The allegations in Paragraph 266 are conclusions of law to which no response is required.  To the extent that Paragraph 266 contains averments of fact, the averments are denied as stated.

267.    RMS reasserts and incorporates by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

268.     The allegations in Paragraph 268 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 268 is required, they are denied as stated. Further, RMS admits only the language of the Fair Housing Act.

269.     The allegations in Paragraph 269 do not relate to RMS.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 269 is required, they are denied as stated.

270.     The allegations in Paragraph 270 do not relate to RMS.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 270 is required, they are denied as stated.

271.     The allegations in Paragraph 270 do not relate to RMS.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 271 is required, they are denied as stated.

272.     To the extent that the allegations set forth in Paragraph 272 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 272.

273.     RMS reasserts and incorporates by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

274.     To the extent that allegations set forth in Paragraph 274 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS admits only the language of the Act and denies any allegations that are inconsistent with or that mischaracterize the plain language.  RMS denies the remaining allegations in Paragraph 274.

275.     To the extent that allegations set forth in Paragraph 275 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent a response is required, RMS admits only the language of the Act and denies any allegations that are inconsistent with or that mischaracterize the plain language.  RMS denies the remaining allegations in Paragraph 275.

276.     To the extent that the allegations set forth in Paragraph 276 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 276.

277.     To the extent that the allegations set forth in Paragraph 277 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent the remaining allegations relate to RMS, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

278.     To the extent that the allegations set forth in Paragraph 278 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that the remaining allegations relate to RMS, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

279.     To the extent that the allegations set forth in Paragraph 279 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that the remaining allegations relate to RMS, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

280.     To the extent that the allegations set forth in Paragraph 280 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that the remaining allegations relate to RMS, they are denied.

281.     Defendants reassert and incorporate by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

282.     The allegations in Paragraph 282 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 282 is required, they are denied as stated.  Further, RMS admits only the language of the Fair Housing Act..

283.     The allegations in Paragraph 283 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response to the allegations in Paragraph 283 is required, they are denied as stated.  Further, RMS admits only the language of the Fair Housing Act..

284.     To the extent that the allegations set forth in Paragraph 284 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to

Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 284.

285.     To the extent that the allegations set forth in Paragraph 285 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS is without sufficient information to admit or deny the allegations, and therefore they are denied.

286.     The allegations in Paragraph 286 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that Paragraph 286 contains averments of fact, the averments are denied as stated.  Further, RMS admits only the language of the Fair Housing Act.

287.     RMS reasserts and incorporates by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

288.     The allegations in Paragraph 288 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that Paragraph 288 contains averments of fact, the averments are denied as stated.  Further, RMS admits only the language of the Fair Housing Act.

289.     To the extent that the allegations set forth in Paragraph 289 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 289.

290.     To the extent that the allegations set forth in Paragraph 290 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 290.

291.     To the extent that the allegations set forth in Paragraph 291 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 291.

292.     To the extent that the allegations set forth in Paragraph 292 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 292.

293.     To the extent that the allegations set forth in Paragraph 293 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 293.

294.     The allegations in Paragraph 294 are conclusions of law to which no response is required.  Furthermore, the allegations relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that Paragraph 294 contains averments of fact, the averments are denied as stated. Further, RMS admits only the language of the Fair Housing Act.

295.     Defendants reassert and incorporate by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

296.     To the extent that the allegations set forth in Paragraph 296 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS admits that some of the Plaintiffs entered into leases with it as agent for a fully disclosed principal.  RMS denies the remaining allegations in Paragraph 296.

297.     To the extent that the allegations set forth in Paragraph 297 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  The remaining allegations in Paragraph 297 are conclusions of law to which no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 297.

298.     To the extent that the allegations set forth in Paragraph 298 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  The remaining allegations in Paragraph 298 are conclusions of law to which no response is required.  To the extent that a response is required, RMS denies as stated the allegations in Paragraph 297.

299.     To the extent that the allegations set forth in Paragraph 299 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  The remaining allegations in Paragraph 299 are conclusions of law to which no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 299.

300.     To the extent that the allegations set forth in Paragraph 300 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to

Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 300.

301.    To the extent that the allegations set forth in Paragraph 301 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 301.

302.    To the extent that the allegations set forth in Paragraph 302 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 302.

303.    To the extent that the allegations set forth in Paragraph 303 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 303.

304.    The allegations in Paragraph 304 are conclusions of law to which no response is required.  To the extent that Paragraph 304 contains averments of fact, the averments are denied.

305.    The allegations in Paragraph 305 are conclusions of law to which no response is required.  To the extent that Paragraph 305 contains averments of fact, the averments are denied as stated.

306.    To the extent that the allegations set forth in Paragraph 306 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, Defendants deny

Plaintiffs are entitled to any of the relief sought in the Complaint, including the relief identified in this paragraph and any other allegations in Paragraph 306.

307.    RMS reasserts and incorporates by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

308.    To the extent that the allegations set forth in Paragraph 308 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 308.

309.    The allegations in Paragraph 309 are conclusions of law to which no response is required.  To the extent that Paragraph 309 contains averments of fact, the averments are denied as stated.

310.    To the extent that the allegations set forth in Paragraph 310 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 310.

311.    To the extent that the allegations set forth in Paragraph 311 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 311.

312.    To the extent that the allegations set forth in Paragraph 312 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 312.

313.    To the extent that the allegations set forth in Paragraph 313 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies as stated the allegations in Paragraph 313.

314.    To the extent that the allegations set forth in Paragraph 314 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, RMS denies as stated the allegations in Paragraph 314.

315.    The allegations in Paragraph 315 are conclusions of law to which no response is required.  To the extent that Paragraph 315 contains averments of fact, the averments are denied.

316.    To the extent that the allegations set forth in Paragraph 316 relate to claims that have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss), no response is required.  To the extent that a response is required, Defendants deny Plaintiffs are entitled to any of the relief sought in the Complaint, including the relief identified in this paragraph and any other allegations in Paragraph 316.

317.    The allegations in Paragraph 317 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent a response is required, RMS denies the allegations in Paragraph 317.

318.    The allegations in Paragraph 318 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent a response is required, RMS denies the allegations in Paragraph 318.

319.    The allegations in Paragraph 319 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 319.

320.    The allegations in Paragraph 320 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 320.

321.    The allegations in Paragraph 321 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 321.

322.    The allegations in Paragraph 322  relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves.  RMS denies all allegations that are inconsistent with or mischaracterize these provisions and denies the remaining allegations in Paragraph 322.

323. The allegations in Paragraph 323 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required. To the extent that a response is required, RMS admits that it entered into a Property Management Agreement with Bedford United and Victoria United in 2016 for the management of BVS and that the provisions of the agreement speak for themselves. RMS denies all allegations that are inconsistent with or mischaracterize these provisions and deny the remaining allegations in Paragraph 323.

324. The allegations in Paragraph 324 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required. To the extent that a response is required, RMS denies the allegations in Paragraph 324.

325. The allegations in Paragraph 325 are conclusions of law to which no response is required. To the extent that Paragraph 325 contains averments of fact, the averments are denied.

326. The allegations in Paragraph 326 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required. To the extent that a response is required, Defendants deny Plaintiffs are entitled to any of the relief sought in the Complaint, including the relief identified in this paragraph and any other allegations in Paragraph 326.

327. Defendants reassert and incorporate by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

328. The allegations in Paragraph 328 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no

response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 328.

329.    The allegations in Paragraph 329 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response is required, RMS denies the allegations in Paragraph 329.

330.    The allegations in Paragraph 330 relate solely to claims which have been dismissed, (ECF No. 77) (granting in part and denying in part Defendants' Motion to Dismiss); therefore, no response is required.  To the extent that a response is required, RMS denies Plaintiffs are entitled to any of the relief sought in the Complaint, including the relief identified in this paragraph and any other allegations in Paragraph 330.

331.    The averment in Paragraph 331 is a conclusion of law to which no response is required.

332.    Defendants admit that Plaintiffs seek the relief identified in this paragraph, but deny that Plaintiffs are entitled to any relief, including but not limited to the relief identified in this paragraph.  Defendants deny any remaining allegations in Paragraph 332.

## JURY DEMAND

RMS hereby demands trial by jury on all counts against it.

## AFFIRMATIVE DEFENSES

### First Defense

1.  Plaintiffs fail to state a claim upon which relief can be granted.

**Second Defense**

2.  Plaintiffs' action is barred, at least in part, by the statute of limitations and/or the doctrine of laches.

**Third Defense**

3.  Plaintiffs action is barred to the extent they have waived all or any part of it.

**Fourth Defense**

4.  Plaintiffs' action is barred by contributory negligence.

**Fifth Defense**

5.  Plaintiffs action is barred by consent.

**Sixth Defense**

6.  Plaintiffs' damages, if any, are the result of acts or omissions of others for whom RMS cannot be held liable.

**Seventh Defense**

7.  Plaintiffs' claims are barred because they would be unjustly enriched.

**Eighth Defense**

8.  Plaintiffs' claims are barred because RMS substantially complied with its contract.

**Ninth Defense**

9.  Plaintiffs' claims are barred in whole or in part because they failed to comply with the lease agreement.

**Tenth Defense**

10. Plaintiffs' action is barred by the doctrine of avoidable consequences.

**Eleventh Defense**

11. Plaintiffs' action is barred by a failure to mitigate damages.

**Twelfth Defense**

12. One or more of the Plaintiffs lacks standing to bring an action against RMS.

**Thirteenth Defense**

13. At all times relevant hereto, RMS was the agent of a fully disclosed principal, and as such, has no liability to Plaintiffs.

**Fourteenth Defense**

14. Plaintiffs' action is barred as a class action suit due to disqualification.

**Fifteenth Defense**

15. Plaintiffs' claims are barred because they lack privity.

**Sixteenth Defense**

16. Plaintiffs' are barred from attorney's fees with respect the breach of contract and breach of implied warranty of habitability claims.

**Seventeenth Defense**

17. RMS adopts any applicable defense raised by any other defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant RMS requests that the case be dismissed, and requests such other and further relief as this cause may require.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*/s/ Megan T. Mantzavinos*
Megan T. Mantzavinos (Bar No. 16416)
mmantzavinos@moodklaw.com
600 Baltimore Avenue, #305
Towson, Maryland  21204
(410) 339-6880
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October 2022, a copy of the foregoing

Defendants Answer to the Amended Complaint was filed electronically and served on named

parties.

*s/ Megan T. Mantzavinos*
Megan T. Mantzavinos