IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

CASA DE MARYLAND, INC., et al,
    Plaintiffs

                      *

           v.                 *      Civil Action No. 8:21-cv-01778-DKC

ARBOR REALTY TRUST, INC., et al,
    Defendants.             *

******

**JOINT REPORT AND REQUEST FOR MODIFICATION OF SCHEDULING ORDER**

Pursuant to this Court's Scheduling Order (ECF No. 84), Plaintiffs Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran (collectively, "Plaintiffs") and Defendants Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, and Arbor Realty SR, Inc. (collectively, the "Arbor Defendants"), Defendants Arbor Management Acquisition Company, LLC, Bedford United, LLC, Victoria United, LLC, and Hyattsville United, LLC (collectively, the "Hyattsville Defendants"), and Realty Management Services, Inc. ("Realty") (collectively, the Arbor Defendants, Hyattsville Defendants, and Realty as "Defendants") (combined, the "Parties"), hereby submit this Joint Report and Request for Modification of the Scheduling Order.

**I.      Request for Modification of Scheduling Order**

Defendants' Position

Following this Court's ruling on the Defendants' motions to dismiss (ECF Nos. 76–77), the scope of the First Amended Complaint (ECF No. 43) ("FAC") has been significantly narrowed by dismissing the nationwide Fair Housing Act claims (including the derivative claim for civil conspiracy) and the nationwide putative class, eliminating CASA de Maryland, Inc. entirely as a

1

party to this action, and narrowing the scope of the breach of contract and breach of the implied warranty of habitability claim.  The remaining claims in the FAC are breach of contract and breach of the implied warranty of habitability brought on behalf of a putative class of "[a]ll current and former tenants for the last three years of Bedford Station and Victoria Station."[1]  FAC ¶ 242.  The remaining allegations and claims cannot satisfy the requirements for class certification as a matter of law under Federal Rule of Civil Procedure 23 and the Supreme Court's interpretation of those requirements in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), due to the individualized inquiries necessary to determine both liability and damages.  *See Akeem v. Dasmen Res., LLC*, No. 19-cv-13650, 2021 WL 4804049, at \*8 (E.D. La. Oct. 14, 2021) ("In other words, determining both liability and damages as to each putative plaintiff requires examining whether and to what extent each individual apartment unit was affected by the alleged water intrusion, mold, maintenance problems, or other disrepair, and the exact nature of each person's alleged injuries.").  Accordingly, Defendants intend to move to deny class certification by November 18, 2022.[2]

To this end, Defendants request that the Scheduling Order be modified to stay all discovery pending the Court's resolution of the motion to deny class certification so that the Parties can avoid the unnecessary waste of resources involved in engaging in class-wide discovery.  For example, should the motion be granted, there would be no need for discovery beyond issues related to the

---

[1] Per the Court's Memorandum Opinion (ECF No. 76) and Order (ECF No. 77) granting in part and denying in part the Defendants' motions to dismiss, the "Arbor Family Tenants Class" has since been dismissed.

[2] Defendants do not view this submission as the appropriate forum to litigate the merits of its intended motion to deny class certification, and therefore, do not include such merits-based arguments in this Joint Report.  Should the Court require more information at this time, Defendants can provide such additional information in accordance with the Court's directives and will otherwise brief the merits of the motion when it is filed.

conditions of the apartments for the named plaintiffs and any purported injuries these individuals claim.

In the alternative, should the Court decide not to stay discovery in this manner pending resolution of the motion to deny class certification, Defendants propose the following modified schedule to account for the time necessary to conduct such discovery, including depositions and other discovery related to the fifteen remaining parties as well as anticipated third-party discovery.

As stated below, Plaintiffs do not agree that discovery should be stayed.  In the event discovery is not stayed, Defendants propose the modified schedule identified herein.[3]

| Date | Description |
|---|---|
| **March 27, 2023** | Plaintiffs to file motion for class certification |
| **March 27, 2023** | Moving for joinder of additional parties and amendment of pleadings |
| **April 12, 2023** | Plaintiffs' Rule 26 (a)(2) disclosures |
| **May 10, 2023** | Defendants' Rule 26(a)(2) disclosures |
| **May 24, 2023** | Plaintiffs' rebuttal Rule 26(a)(2) disclosures |
| **May 31, 2023** | Rule 26(e)(2) supplementation of disclosures and responses |
| **June 23, 2023** | Discovery Deadline; submission of status report |
| **June 30, 2023** | Requests for admission |
| **July 26, 2023** | Dispositive pretrial motions deadline |

---

[3] Defendants reserve their right to object to any requests for discovery, including those identified in Plaintiffs' Position statement, on the basis of the Federal Rules of Evidence, the Local Rules, and any applicable case law.

Plaintiffs' Position

In a relentless quest to evade the truth, Defendants continue to press tactics designed to avoid discovery and deny justice.  First, Defendants sold the property to a third-party with the knowing possibility that discovery would be destroyed and without any warning to opposing litigants in this matter.  Now, having **lost** their motions to dismiss, they seek to wholly stay discovery pending an unfiled, implausible, and irregular "motion to deny class certification." Defendants continue to display no regard for Plaintiffs who live in the disrepair they caused or in the expeditious resolution of this case.  Discovery should proceed pursuant to the Rules of Civil Procedure as contemplated by the Court's Order and those Rules.

First, Defendants have every right to file a motion to stay discovery.  They have not done so.  Instead, they have ignored the Court's order to engage in discovery and stated that they will file a motion to stay discovery in the future.  This indication that Defendants will wait until the last moment to file a motion to stay is just the latest indication that Defendants seek to cause undue delay as part of dilatory strategy.

Second, the Court should not prejudge there is any likelihood of success on Defendants' supposedly forthcoming motion because the Fourth Circuit denounces early striking of class action allegations.  As the Fourth Circuit found, "it is essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts pertaining to the suggested class and its representatives. It is seldom, *if ever*, possible to resolve class representation questions from the pleadings…" *Intern. Woodworkers v. Chesapeake Bay Plywood*, 659 F.2d 1259, 1268 (4th Cir. 1981) (emphasis added); *see also Dyer v. Air Methods Corporations*, No. 9:20-cv-2309-DCN, at *5 (D.S.C. May 7, 2021) ("a defendant requesting that the court strike class allegations shoulders a 'heavy burden.'  'To prevail, the defendants have the burden of demonstrating from the face of

[the] complaint that it will be impossible to certify the class[] alleged by the plaintiff[] regardless of the facts the plaintiff[] may be able to prove.'  Put another way, striking class allegations prior to class discovery is inappropriate where 'Rule 23 could be met[.]'" In sum, Defendants' hypothetical motion is a mere "Hail Mary" that should not delay justice.

Third, Defendants' reliance on *Walmart v. Dukes* and a single New York case denying class certification is misplaced.  Since *Dukes*, the Supreme Court has ruled that statistical representative evidence may be a valid means for proving class certification under Rule 23.  "One way for respondents to show, then, that the sample relied upon here is a permissible method of proving classwide liability is by showing that each class member could have relied on that sample to establish liability if he or she had brought an individual action." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 455 (2016).  Defendants burden is to show as a matter of law, Plaintiffs cannot obtain class certification; but the Supreme Court states that representative sampling is a permissible means for establishing class wide "liability."  *Id*.  To ignore *Bouaphakeo*, as Defendants urge, would be obvious error.

Additionally, while Defendants cite to a single case denying class certification, multiple courts have certified similar class actions alleging breach of contract and/or breach of the warranty of habitability against landlords and management companies:

- *Diamond v. New York City Hous. Auth.*, 179 A.D.3d 525, 118 N.Y.S.3d 77 (2020)
- *Baker v. Equity Residential Mgmt., L.L.C.*, 390 F. Supp. 3d 246, 262 (D. Mass. 2019) (denying motion to decertify class for habitability claim)
- *Baez v. New York City Hous. Auth.*, No. 13CV8916, 2013 (S.D.N.Y. Dec. 16, 2013)
- *Claborne v. Hous. Auth. of New Orleans*, 2014-1050 (La. App. 4 Cir. 4/15/15), 165 So. 3d 268, *writ denied*, 2015-0946 (La. 9/11/15), 176 So. 3d 1039

While these four cases alone are not dispositive of whether this Court should grant class certification in this matter, they are actually dispositive of Defendants' hypothetical motion to deny class certification on the pleadings because Defendants must demonstrate class certification is

"impossible" on Plaintiffs' claims. *Supra, Dyer v. Air Methods Corporations*. Clearly, class certification is *possible*.

Fourth, and relatedly, Defendants have offered no reason why class certification under Rule 23(b)(1)(B) would be inapplicable at this time. The cases cited to by Defendants are potentially relevant only if Plaintiffs move for certification under Rule 23(b)(3) alone. However, with the sale of the property, it remains plausible (beyond the mere possibility), that a limited fund will exist from which Plaintiffs and the class members can obtain relief and predominance is not at issue. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

Fifth, Defendants have made no effort to explain how discovery is limited by the denial of an FHA claim, or how it would be limited by prematurely denying class certification. There is evidence that is discoverable both to any of the Plaintiffs' individual claims, as well as any potential class action. This includes communications regarding the state of BVS, any investigations done at BVS by any consultant, and communications between Defendants regarding BVS, as well as others. Defendants have not made any effort to offer *limited* discovery to Plaintiffs, instead seeking a wholesale stay of discovery despite the living claims that each individual Plaintiff has against Defendants, at a minimum. Defendants' footnote regarding other apartments is plainly wrong as the issue of notice of systemic dangerous conditions throughout BVS would be relevant and discoverable as to the issue of notice of each Plaintiffs' individual apartment. While Plaintiffs believe discovery would not be limited in any way by denying class certification, Defendants have not even attempted to identify discovery that can proceed regardless of their supposed motion's outcome.

Therefore, the Court should not stay any discovery. Defendants can file any motion they seek to file, but nothing should be prejudged. And this matter should proceed on a normal course

of discovery unless and until the Court is persuaded otherwise based on the law and facts of this individual case.

Plaintiffs do not agree that discovery should be stayed. In the event discovery is not stayed and with timely responses to written discovery requests, appearances at depositions to be requested and a site inspection permitted by the non-party which has purchased the relevant property, Plaintiffs agree to the modified schedule identified by Defendants herein.

## II. Request for Early Settlement/ADR Conference

The Parties believe an early settlement conference with a United States Magistrate Judge might be beneficial.

### Defendants' Position

Defendants believe that the Parties would benefit from discussing the resolution of the motions to dismiss (ECF Nos. 76-77) and the merits of the remaining claims at issue in the FAC with a United States Magistrate Judge in a settlement conference.

### Plaintiffs' Position

Plaintiffs state this will only be beneficial if Defendants seek to discuss resolution on a class-wide basis. Plaintiffs also suggest that an undisposed Motion to Deny Class Certification may impact the likelihood of settlement at any settlement conference or mediation. As Ordered in the Court's Scheduling Order (Doc. 84), this does not indicate Plaintiffs agree to delay discovery while any settlement conference proceeds.

## III. Consent to Magistrate Judge

The Parties do not consent to this matter proceeding in whole before a United States Magistrate Judge.

## IV.     Deposition Hours

<u>Defendants' Position</u>

Defendants estimate they will need 70 hours of fact depositions due to the fact that there are seven individual Plaintiffs that remain in this action and that language translation services are likely to be required during their depositions, in addition to any depositions of third parties.

<u>Plaintiffs' Position</u>

Plaintiffs estimate fact deposition hours to be 50 hours for each side (Plaintiffs/Defendants).

## V.     Electronically Stored Information

The Parties have discussed the discovery of electronically stored information.  The Parties will engage in further discussion to determine the scope and procedures in consideration of the Principles for the Discovery of Electronically Stored Information in Civil Cases published on the court's website.

Dated: October 25, 2022                          Respectfully submitted,

*/s/ Sarah B. Meehan*
Sarah B. Meehan (Bar Number 30428)
Amanda R. Lawrence (*pro hac vice*)
John B. Williams III (Bar Number 20916)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
smeehan@buckleyfirm.com
alawrence@buckleyfirm.com
jwilliams@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice)*
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

*/s/ Ray McKenzie* (signed by Sarah B. Meehan with
the permission of Ray McKenzie)
Ray McKenzie (Bar Number 21069)
**WTAII PLLC**
1101 Wilson Boulevard, Suite 968
Arlington, VA 22209
(202) 688-3150 (Telephone)
(202) 869-1882 (Facsimile)
ray.mckenzie@wtaii.com

*/s/ Peter W. Tomlinson* (signed by Sarah B. Meehan
with the permission of Peter W. Tomlinson)
Peter W. Tomlinson (pro hac vice)
Muhammad U. Faridi (pro hac vice)
**PATTERSON BELKNAP WEBB & TYLER
LLP**

9

1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)
pwtomlinson@pbwt.com
mfaridi@pbwt.com

*Counsel for Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, Arbor Realty SR, Inc.*

*/s/ Megan T. Mantzavinos* (signed by Sarah B. Meehan with the permission of Megan T. Mantzavinos)
Megan T. Mantzavinos (Bar Number 16416)
**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
600 Baltimore Avenue, #305
Towson, MD 21204
(410) 339-6880 (Telephone)
(410) 339-6881 (Facsimile)
mmantzavinos@moodklaw.com

*Counsel for Realty Management Services, Inc.*

*/s/ P. Joseph Donahue* (signed by Sarah B. Meehan with the permission of P. Joseph Donahue)
P. Joseph Donahue (Bar Number 06245)
**The Donahue Law Firm, LLC**
18 West Street
Annapolis, Maryland 21401
(410) 280-2023 (Telephone)
pjd@thedonahuelawfirm.com

*/s/ Jonathan Nace* (signed by Sarah B. Meehan with the permission of Jonathan Nace)
Jonathan Nace (Bar Number: 18246)
**Nidel & Nace, P.L.L.C.**
One Church Street, Suite 802
Rockville, MD 20850
(202) 780-5153 (Telephone)
jon@nidellaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed in this case with the

clerk of the court and served this 25th day of October, 2022 through the Court's CM/ECF system,

which will send notification of this filing to all counsel of record.

*/s/ Sarah B. Meehan*
Sarah B. Meehan (Bar Number 30428)

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*