IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| CASA DE MARYLAND, INC., et al, <br><br> Plaintiffs, <br><br> v. <br><br> ARBOR REALTY TRUST, INC., et al, <br><br> Defendants. | Civil Action No. 21-cv-01778-DKC |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE
ORDER**

14024891

Defendants Arbor Realty Trust, Inc.; Arbor Realty Limited Partnership; Arbor Realty SR, Inc.; Victoria United, LLC; Bedford United, LLC; Hyattsville United, LLC; Arbor Management Acquisition Company, LLC; and Realty Management Services, Inc. (collectively, the "Defendants") respectfully move this Court to enter their proposed Protective Order, which is annexed as Exhibit A hereto.

## BACKGROUND

Defendants request entry of their proposed Protective Order to ensure the confidentiality of their appropriately-designated business and commercially-sensitive information. The proposed Protective Order complies with the requirements of Local Rule 104.13 and, indeed, largely tracks the model protective order annexed in Appendix D to the Local Rules. The parties are largely in agreement as to the terms of the proposed Protective Order, except that counsel for Plaintiffs is insisting that the Protective Order cannot contain any terms that prohibit him from using Defendants' confidential information in advising his current or prospective clients who are *not* parties to this litigation, including parties that have been dismissed. According to Plaintiffs' counsel, any such prohibition impairs his ability to practice law. That position is fundamentally at odds with the very reason a protective order is necessary in a case like this, which is to protect parties from any potential harm arising from unauthorized disclosure of confidential information. Defendants respectfully request that the Court enter their proposed Protective Order.[1]

---

[1] On November 22, 2022, the parties met-and-conferred via telephone about this issue, where they agreed the negotiations were at an impasse and that Court intervention was necessary. On December 2, 2022, Defendants informed Plaintiffs' counsel of their intent to file this motion. Plaintiffs intend to oppose this motion.

## ARGUMENT

Rule 26(c) "authorizes protective orders for confidential trade secrets and similar information." *United States ex rel. Rostholder v. Omnicare, Inc.*, 799 F. Supp. 2d 547, 548 (D. Md. 2011). Courts in this and other districts frequently enter protective orders permitting a party to designate discovery materials as "confidential" when a party believes in good faith that those materials contain sensitive information, trade secrets, or commercial information. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 2010 WL 5418910, at *1 (D. Md. Dec. 23, 2010); *see also*, *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004) ("[A]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information . . . .") (internal citation omitted); *Bank of N.Y. & JCPL Leasing Corp. v. Meriden Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (noting the "broad spectrum of internal corporate documents that courts regularly hold to be confidential business information*"); In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) ("The courts have long recognized the protection of trade secrets as an important interest underlying confidentiality.").

Local Rule 104.13 provides that "[a]ny proposed confidentiality order shall include (a) a definition of confidentiality consistent with Fed. R. Civ. P. 26(c); (b) a method for challenging particular designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c); (c) a provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to L.R. 105.11; and (d) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation." Appendix D to the Local Rules sets forth a model protective order that is

commonly used in this district, with adjustments where appropriate, to ensure the protection of confidential information.

Even though the plain terms of the model protective order prohibit use of confidential information in the manner intended by Plaintiffs' counsel, in the proposed Protective Order, Defendants have applied some minor adjustments to it to make it abundantly clear that no party's counsel can use confidential information to advise current or prospective clients who are not parties to this litigation, including those that have been dismissed from this lawsuit. Those adjustments that are contested by Plaintiffs' counsel are set forth below (with Defendants' proposed additions to the model protective order emphasized in bold, underlined text): [2]

- Section 1(d) –"The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, **including to parties who have been dismissed from this action and are no longer parties to this action,** except that disclosures may be made in the following circumstances:"

- Section 1(d)(i) – "Disclosure may be made to counsel **of record** and employees of counsel **of record** for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. . . ."

- Section 8 – "**Any documents designated as 'CONFIDENTIAL' and the information contained therein shall be utilized by the recipients only for the purposes of this litigation, and for no other purposes**."

---

[2] Those modifications that have been stipulated and agreed upon by the parties through negotiation are not included.

Plaintiffs' counsel's position that the foregoing terms prohibit him from engaging in the practice of law has no basis.  Indeed, it flies in the face of the very protections that protective orders are meant to guard against.  *See Omega Homes, Inc. v. Citicorp. Acceptance Co.*, 656 F. Supp. 393, 403 (W.D. Va. 1987) (denying plaintiff's application to share discovery materials with litigants in other cases because defendants should be protected "from harm that may result from unfettered exposure of discovered information").  The federal district courts are clear that requests from a party to share confidential materials with non-parties to the litigation are "usually disfavored in the federal courts" because such provision injures the privacy interests of the designating party, does not benefit the party who seeks to share it with third parties, and "diminishe[s]  the court's ability to "remedy violations of the protective order" "when violations are committed by nonparties."  *Biazari v. DB Indus., LLC*, 2017 WL 1498122, at *3 (W.D. Va. 2017) (collecting cases and refusing to enter clause in protective order that would allow plaintiff to share confidential materials with non-parties and similarly-situated plaintiffs in other cases).  For these very reasons, the "federal system, in particular has been 'hostile to upfront sharing provisions.'"  *Su Min Kim v. Honda Canda, Inc.*, 2020 WL 337966, at *3 (quoting Dustin B. Benham, Proportionality, Pretrial Confidentiality, and Discovery Sharing, 71 Wash. & Lee L. Rev. 2181, 2208 (2014)).

This view is affirmed by Section (1)(c) of the model protective order, which goes so far as to prohibit the use or disclosure of confidential information and documents "to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified."  *See* Local Rules, App'x D, at 143.  Given that confidential information cannot be shared with unnamed members of a putative class, it cannot be shared with individuals and entities who are not parties to this litigation.  In this way, the model protective order

recognizes that provisions which purport to allow a party to share confidential materials with non-parties should not be permitted, absent exceptional circumstances (which are not present here).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter Defendants' proposed Protective Order (Exhibit A).

Dated: December 2, 2022

Respectfully submitted,

*/s/ Ray McKenzie*
Ray McKenzie (Bar Number 21069)
**WTAII PLLC**
1101 Wilson Boulevard, Suite 968
Arlington, VA 22209
(202) 688-3150 (Telephone)
(202) 869-1882 (Facsimile)
ray.mckenzie@wtaii.com

*/s/ Peter W. Tomlinson*
Peter W. Tomlinson (pro hac vice)
Muhammad U. Faridi (pro hac vice)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)
pwtomlinson@pbwt.com
mfaridi@pbwt.com

*Counsel for Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, Arbor Realty SR, Inc.*

*/s/ Amanda R. Lawrence*
Amanda R. Lawrence (*pro hac vice*)
Sarah B. Meehan (Bar Number 30428)
John B. Williams III (Bar Number 20916)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 349-8000 (Telephone)

5

(202) 349-8080 (Facsimile)
smeehan@buckleyfirm.com
alawrence@buckleyfirm.com
jwilliams@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice*)
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

<u>*/s/ Megan T. Mantzavinos*</u>
Megan T. Mantzavinos (Bar Number 16416)
**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
600 Baltimore Avenue, #305
Towson, MD 21204
(410) 339-6880 (Telephone)
(410) 339-6881 (Facsimile)
mmantzavinos@moodklaw.com

*Counsel for Realty Management Services, Inc.*

14024891