IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CASA DE MARYLAND, INC., et al,** | * |
| **Plaintiffs** | * |
| v. | *   Civil Action No.: 8:21-CV-01778-DKC |
| **ARBOR REALTY TRUST, INC., et al,** | * |
| **Defendants** | * |

\* \* \* \* \* \* \* \* \* \*

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this ____ day of _____, ____, by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously

with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, including to parties who have been dismissed from this action and are no

longer parties to this action, except that disclosures may be made in the following circumstances:

 (i) Disclosure may be made to counsel of record and employees of counsel of record for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

 (ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

 (iii) Disclosure may be made to court reporters and/or translators engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter, translator, or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

 (iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

 (v) Disclosure may be made to a witness at a deposition, hearing, and/or trial only to the extent necessary to give their testimony. Witnesses shown confidential material shall not be allowed to retain copies, nor shall the witness' counsel, unless otherwise

authorized by this Order. Prior to any disclosure, any witness or counsel to the witness must agree to be bound by the terms of this Order.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

(g) If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion;

provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3.     Party Seeking Greater Protection Must Obtain Further Order.  No non-privileged information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).[1]

4.     Challenging Designation of Confidentiality.  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.  The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5.     Return of Confidential Material at Conclusion of Litigation.  Even after the conclusion of the litigation (including any appeals), the confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise in writing or a court order otherwise directs. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party.  If the parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6.     Unauthorized Disclosure of Protected Materials. If a party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately (a) notify in

---

[1] For the avoidance of doubt, the parties may withhold information subject to a privilege claim but must provide a privilege log in a form and manner to be agreed upon by the parties.

writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request that such person agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

7. A Non-Party's Protected Material. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation may be protected by the procedure, remedies and relief provided in this Order.

8. Any documents designated as "CONFIDENTIAL" and the information contained therein shall be utilized by the recipients only for the purposes of this litigation, and for no other purposes.

Sarah B. Meehan (Bar Number 30428)
Amanda R. Lawrence (*pro hac vice*)
John B. Williams III (Bar Number 20916)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
smeehan@buckleyfirm.com
alawrence@buckleyfirm.com
jwilliams@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice*)
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants*
*Bedford United, LLC*

*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

---

Ray McKenzie (Bar Number 21069)
**WTAII PLLC**
1101 Wilson Boulevard, Suite 968
Arlington, VA 22209
(202) 688-3150 (Telephone)
(202) 869-1882 (Facsimile)
ray.mckenzie@wtaii.com

---

Peter W. Tomlinson (pro hac vice)
Muhammad U. Faridi (pro hac vice)
**PATTERSON BELKNAP WEBB & TYLER LLP**

1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)
pwtomlinson@pbwt.com
mfaridi@pbwt.com

*Counsel for Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, Arbor Realty SR, Inc.*

---

Megan T. Mantzavinos (Bar Number 16416)
**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
600 Baltimore Avenue, #305
Towson, MD 21204
(410) 339-6880 (Telephone)
(410) 339-6881 (Facsimile)
mmantzavinos@moodklaw.com

*Counsel for Realty Management Services, Inc.*

---

P. Joseph Donahue (Bar Number 06245)
**The Donahue Law Firm, LLC**
18 West Street
Annapolis, Maryland 21401

(410) 280-2023 (Telephone)
pjd@thedonahuelawfirm.com

_____

Jonathan Nace (Bar Number: 18246)
**Nidel & Nace, P.L.L.C.**
One Church Street, Suite 802
Rockville, MD 20850
(202) 780-5153 (Telephone)
jon@nidellaw.com

*Counsel for Plaintiffs*

_____
UNITED STATES DISTRICT JUDGE