## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CASA DE MARYLAND, INC., et al,

           Plaintiffs,

v.                                                            Civ. Action No.: 8:21-CV-01778-DKC-TJS

ARBOR REALTY TRUST, INC., et al,

           Defendants.

### RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

***COME NOW*** Plaintiffs and respectfully respond to Defendants' Motion for Entry of Protective Order.  ECF #94.  For the reasons set forth below, Plaintiffs do not fundamentally oppose the entry of a protective order to facilitate discovery in this case, but Plaintiffs do not request one. Further, Plaintiffs seek more narrow or specific terms to prevent any potential unintended ethical quandaries for Plaintiffs' counsel.

### I.      RELEVANT PROCEDURAL BACKGROUND

This is a proposed class action related to severely dilapidated conditions at an apartment conglomerate of Bedford Station and Victoria Station ("BVS") that was owned and/or operated by Defendants.  Plaintiffs are seven tenants who reside at BVS, plus the non-profit organization CASA de Maryland, Inc.  Plaintiffs Amended Complaint included four causes of action for violation of the federal Fair Housing Act ("FHA").  CASA sought to pursue these four causes of action due to its organizational standing, but the Court dismissed CASA and the claims it proposed to bring on behalf of its members.  *See* ECF #76, pp. 37-43.  The remaining Plaintiffs' common law claims survived in large part, notably breach of contract and breach of the implied warranty of habitability for violating local ordinance.

These seven tenants, whose claims have survived, seek to represent a class of tenants who reside at BVS and have been subjected to these conditions.  Other tenants at BVS have also sought and/or engaged in attorney-client relationship discussions with Plaintiffs' counsel.  It is currently believed that hundreds of current tenants seek or have obtained legal counsel related to the same subject matter of this action and are actively seeking to make well-informed decisions about their legal rights.  Counsel for Plaintiffs have been and will continue to provide this service to tenants who seek legal advice.

Defendants now seek a protective order for the purported purpose of facilitating discovery. Plaintiffs' counsel has entered into good faith negotiations about the terms of a protective order but have concerns about the proposal.  These concerns relate to restrictions on disclosure of confidential information to clients and potentially future individuals seeking legal representation from counsel that may invade and impede the attorney-client relationship.  Plaintiffs propose slight modifications to Defendants' proposed order for these reasons as more fully set out below.

## II.   <u>LEGAL STANDARD</u>

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1).  "The standard for issuance of a protective order is high.  The party moving for a protective order bears the burden of establishing good cause.  Trial courts have broad discretion to decide when a protective order should be issued and what degree of protection is required." *Harbor Bank of Md. v. Anderson (In re Anderson)*, 594 B.R. 309, 314 (Bankr. D. Md. 2016) (citing *Finkle v. Howard Cty., Md.*, No. SAG-13-3236, 2014 WL 6835628, at *1 (D. Md. Dec. 2, 2014)) (internal citation omitted in original).

Defendants seek the entry of a protective order and bear the burden of establishing the need for one **and the need for the specific terms** that they are requesting.  *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) (citing *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200,

202 (D.Md. 2006) ("the movant must set forth specific and particular facts, rather than broad conclusory statements as to why a protective order should issue."). The Court should enter the least restrictive protective order that achieves the legitimate aims of a protective order against other competing interests, such as the attorney-client relationship.

### III.   **ARGUMENT**

The District of Maryland's Model Protective Order is undersigned counsel's preferred model; however, **Defendants' proposal is not the Model Order**. Defendants' proposal is confusing and unintentionally creates ethical problems for Plaintiffs' counsel. Further, the Model Order does not adequately address some of the issues particular to this case and should be modified to make it less restrictive, not more.

#### a.   **Defendants' proposal is problematic for conflicts it creates between Plaintiffs and between Plaintiffs and their counsel.**

Defendants seek more restrictive language to apply to this case for the specific purpose of preventing persons who are pursuing actual legal interests in this case from discovering relevant facts. Specifically, the following language in Defendants' proposed order is more restrictive than necessary:

> 1.(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, **including to parties who have been dismissed from this action and are no longer parties to this action**, except that disclosures may be made in the following circumstances:
>
> ***
>
> 8. Any documents designated as "CONFIDENTIAL" **and the information** contained therein shall be utilized by the recipients only for the purposes of **this litigation**, and for no other purposes.

*See* ECF 94-2. (emphasis added). Each of these terms is not part of the model order. *See* Ex. 1 (red-line comparison of Defendants' proposed order with the Model Order). Importantly, these two additional terms are problematic for several reasons.

First, the additional language in § 1.(d) is incompatible with other parts of the Model Order.

Specifically, § 1.(c) of the model order states:

> Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed **(including appeals)**…

Ex. 2, unedited Stipulated Order Regarding Confidentiality of Discovery Material (available at https://www.mdd.uscourts.gov/sites/mdd/files/forms/StipulatedDiscoveryConfidentialityOrder-2016.docx) (emphasis added).  While the Model Order allows documents to be used in related appeals, Defendants seek to prevent such an ongoing litigant access to these documents.

The clear intent of the added language is to prevent anyone at CASA from gaining access to confidential information.  CASA is both a litigant to this matter which has unresolved appellate rights, and also employs a litigation department who represents the Named Plaintiffs.  CASA's attorneys, specifically, have been retained to represent each of the seven individuals in their litigant capacity as well.[1]  Therefore, this proposed order creates a confusing situation where not all of Plaintiffs own attorneys may be permitted to view confidential documents.  At a minimum, CASA's litigation team, which represents the Named Plaintiffs, must have access to all discoverable information and documents in this case.  Additionally, though it has chosen not to file such a motion to date, CASA, in its litigant capacity, has not ruled out an appeal when appropriate.  The Model Order would allow CASA, a dismissed party with appellate rights, to view any confidential document, but Defendants seek a more restrictive means specifically designed to keep a litigant with appellate rights in the dark.  More concerning, it would prevent Counsel from disclosing information that may be pertinent to its appellate rights.  This is an overly restrictive term that should not be accepted as part of any Protective Order.

---

[1] Each Named Plaintiffs' signed retainer agreement includes CASA as part of the Plaintiffs' co-counsel team to represent them in this matter.

The Model Order creates problems for clients, including CASA as addressed, and potential clients who have already established attorney-client relationships with counsel in this case. The Maryland Rules of Professional Conduct state, "[a]n attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Md. R. Prof. Cond. 19-301.4(b). Here, the Model Order would limit counsel's ability to communicate both with those who have retained counsel as proposed class members but have yet to file suit, and also those who are contemplating such representation already or in the future. When potential clients or individuals who have simply not filed suit while awaiting a decision on class certification ask Plaintiffs' counsel about the strengths and weaknesses of pursuing such a case, counsel will be unable to give the necessary reasonable advice that would allow a client to make informed decisions regarding the representation. *Id.*[2]

Finally, Defendants' § 8 is ambiguous and ill-fitted to the needs of this case. Specifically, § 8 seeks to limit the use of any confidential information to "this litigation." Plaintiffs, proposed class members and CASA all have interests in "this litigation." But Defendants inarguably dispute that Plaintiffs' counsel can use this information to advise clients or potential clients about "this litigation." Implicit in the request, and after a meet and confer with opposing counsel, Defendants seek to define "this litigation" as only those people who filed the Amended Complaint and saw their claims survive the decided motion to dismiss. But the Proposed Class members do have interest in "this litigation" and without further explanation, this addition creates more confusion that will cause unnecessary restriction on the practice of law by Plaintiffs' counsel. It is not clear how counsel will "un-ring the bell" when advising individuals on the very subject matter that this confidential information is

---

[2] While some jurisdictions do subject the attorney-client relationship to such protective orders, Maryland does not. *Compare* Md. R. Prof. Cond. 19-301.4 *with* CA R. Prof. Cond. 1.4(d) (stating expressly "A lawyer's obligation under this rule to provide information and documents is subject to any applicable protective order, non-disclosure agreement, or limitation under statutory or decisional law.").

purportedly related to.

The Defendants' Proposed Order and the Model Order are problematic. Both create problems for Plaintiffs and counsel, and undoubtedly will lead to future litigation about the meaning of the Protective Order. The Court should not enter the Defendants' requested Protective Order.

### b. Less restrictive means can achieve the legitimate needs of protection.

Assuming, *arguendo*, that this Court determines Defendants have established the needs for a Protective Order, less restrictive means of preventing unnecessary disclosure of protected information is available. Attached is a copy of a less restrictive protective order, based on the Model Order, that accomplishes the goal of protecting "confidential research, development, or commercial information" that may need such protection. F. R. Civ. P. 26(c)(1)(G). *See* Ex. 3 (clean copy of Plaintiffs' proposed order); Ex. 4 (red line comparison to Model Order). Simply, Plaintiffs proposed order allows counsel to disclose confidential information to any client or potential client related to the subject matter of BVS, who agrees to be bound by the protective order. Any such person can sign such an agreement as well. *Id.* p. 6. By simply adding this specific language, which was rejected by Defendants, all the concerns Plaintiffs' counsel has about current and prospective clients is negated, and Defendants achieve the protection they desire. Further, these potential and real clients have a real interest in this case. The only reason they have not filed suit to date is the nature of a class action and the efficiencies that a certified class action would provide to all the tenants of BVS. There is no legitimate reason that clients with the same interests as the Named Plaintiffs in this case cannot agree to be subjected to the same protective order and then gain the same access to pertinent information.

In lieu of allowing documents and information to be shared with a client agreeing to be bound by a Protective Order, the Court should at a minimum draw a distinction between the sharing of **documents** marked confidential and the use of **information** derived from those documents to CASA and other proposed class members. Defendants' proposed order makes clear that it seeks to not only

prevent counsel from sharing documents, but even the information gleaned from those documents, with clients and prospective clients interested in this litigation.

> "The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or **information** designated as confidential under this Order to any other person or entity, including to parties who have been dismissed from this action and are no longer parties to this action, except that disclosures may be made in the following circumstances:"
>
> ***
>
> "Any documents designated as 'CONFIDENTIAL' **and the information contained therein** shall be utilized by the recipients only for the purposes of this litigation, and for no other purposes."

ECF #94-2, pp. 2-3, 6.  This ambiguous language will make it hard for Plaintiffs' counsel to share even information not subject to confidentiality protection as such information may be available in multiple documents.  Importantly, this is a severe restriction on the requirement that counsel provide competent and honest legal advice based on the information known.

## IV.    <u>CONCLUSION</u>

Defendants have the burden of establishing the need for a protective order and for seeking the least restrictive means possible for protecting any confidential information.  Defendants' proposed order is unnecessarily restrictive.  Plaintiffs' proposed order is a less restrictive means of achieving the desired goal of facilitating discovery while protecting confidential information.  Therefore, the Court should not enter Defendants' proposed order, and to the extent it enters any order, it should enter Plaintiffs' Proposed Order attached as Exhibit 3.

Respectfully submitted,

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246
Zachary A. Kelsay, Esquire
Bar Number: 30460
**Nidel & Nace, PLLC**
One Church Street Suite 802

Rockville, MD 20850
Telephone: (202) 780-5153
jon@nidellaw.com
zach@nidellaw.com

P. Joseph Donahue
Bar Number 06245
**The Donahue Law Firm, LLC**
18 West Street
Annapolis, Maryland 21401
Telephone: (410) 280-2023
pjd@thedonahuelawfirm.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

This shall certify that on this 16th day of December 2022, I served a copy of the foregoing upon all parties and the Court via ECF.

/s/ Jonathan B. Nace
Jonathan B. Nace (Bar No. 18246)