# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Southern Division)

CASA DE MARYLAND, INC., et al,

        Plaintiffs,

v.

ARBOR REALTY TRUST, INC., et al,

        Defendants.

Civil Action No. DKC-21-01778

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF
<u>PROTECTIVE ORDER</u>**

In their opposition to Defendants' motion for entry of Defendants' proposed Protective Order, Plaintiffs fail to identify *any* authority to support their position that non-parties are entitled to Defendants' confidential information and documents produced in connection with this litigation.[1]  Nor do Plaintiffs identify *a single reason* why the authorities cited by Defendants in their moving papers (*see* ECF No. 94-2) do not control here.  Plaintiffs hang their hat on a host of concerns that the Protective Order proposed by Defendants raises for Plaintiffs' counsel.  But those concerns have no basis in law or fact.  The Court should enter the Protective Order proposed by Defendants.

## ARGUMENT

### I. GOOD CAUSE EXISTS TO ENTER A PROTECTIVE ORDER

Plaintiffs insinuate that Defendants have not established good cause for the entry of a protective order or the specific terms Defendants are requesting in their proposed Protective Order.  (ECF No. 103 at 2-3.)  Not true.  In their moving papers, Defendants established that the discovery process in this litigation will require the production of highly sensitive commercial information related to the Defendants.  (ECF No. 94 at 1.)  And Defendants demonstrated that the specific terms in the proposed Protective Order are necessary to prevent Plaintiffs' counsel from sharing Defendants' information with those who are not entitled to access it.  (*Id.* at 4.)  That constitutes good cause for the entry of a Protective Order proposed by Defendants.  *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, No. 07–3442, 2010 WL 5418910, at *1 (D. Md. Dec. 23, 2010); *see also Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004) ("[A]mple precedent exists for limiting disclosure of highly sensitive,

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Defendants' moving papers.

confidential or proprietary information . . . .") (internal citation omitted); *Bank of N.Y. & JCPL Leasing Corp. v. Meriden Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (noting the "broad spectrum of internal corporate documents that courts regularly hold to be confidential business information"); *In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) ("The courts have long recognized the protection of trade secrets as an important interest underlying confidentiality.").

## II. PLAINTIFFS' CONCERNS HAVE NO MERIT

Plaintiffs contend that Defendants' proposed Protective Order creates "ethical quandaries" and "conflicts . . . [both] between Plaintiffs and between Plaintiffs and their counsel." (ECF No. 103 at 1, 3.) Defendants address each concern raised by Plaintiffs seriatim.

### A. Dismissed Parties Are Not Entitled to Confidential Information

Plaintiffs concede (as they must) that the Court has dismissed CASA de Maryland, Inc. ("CASA") from this action. (ECF No. 103 at 1; *see also* ECF No. 77.) As such, CASA no longer is a party to this action. Therefore, Plaintiffs' argument that CASA is entitled to confidential discovery materials due to its status as a "litigant" in this matter has no merit. Indeed, courts in this circuit have found that there is no right to discovery from dismissed parties. *See Irwin v. Broadwell*, 2013 WL 1246453, at *9 (E.D.N.C. Mar. 27, 2013) (denying as moot motion to compel discovery from parties who were dismissed). It flows logically, then, that if dismissed parties are not required to provide discovery, they may not obtain it unilaterally through the party discovery process. In fact, this Court's decision dismissing CASA's claims and eliminating it from the case on a 12(b)(6) motion reflects the Court's determination that CASA failed to demonstrate facts plausibly entitling it the right to engage in discovery in the first instance. In this way, CASA seeks an end-run around the Court's determination that it failed to establish its right to the discovery that it now seeks through Plaintiffs' proposed order.

In a similar vein, to the extent Plaintiffs argue that CASA is entitled to receive Defendants' confidential materials by virtue of having "unresolved appellate rights," Plaintiffs have not shown why that is an appropriate basis for obtaining confidential materials. (ECF No. 103 at 4.) Given that CASA was dismissed at the pleadings stage before any discovery occurred, it is unclear—and Plaintiffs do not explain—what confidential information would be necessary for CASA to prosecute any appeal. On appeal, the only questions regarding CASA's dismissal will focus on the record at the time that CASA was dismissed—there will be no factual discovery at issue given CASA's dismissal at the pleadings stage. Because items exchanged in discovery would have no bearing on any appellate issues, Plaintiffs' arguments on this point fall flat.

Nor does Plaintiffs' argument that CASA "represents the Named Plaintiffs" provide a valid basis upon which CASA is entitled to Defendants' confidential materials. (ECF No. 103 at 4.; *see also id.* at n.1 ("Each Named Plaintiffs' signed retainer agreement includes CASA as part of the Plaintiffs' co-counsel team to represent them in this matter.").) A review of the docket sheet reveals that not a single CASA attorney has appeared on behalf of any of the named plaintiffs in this action.[2] Nor could they, because CASA itself was a litigant in this matter, and its representation of co-plaintiffs would have created conflict issues. The bottom line is that CASA attorneys are not counsel of record in this case. And accordingly, they are not entitled to access Defendants' confidential information. *See H2Ocean, Inc. v. Schmitt*, 2007 WL 201116, at *3 (N.D. Fla. Jan. 24, 2007) (limiting disclosure of confidential information only to counsel of record, in-house counsel of client, and retained experts); *In re: Inter-Op Hip Prosthesis Liab.*

---

[2] The docket sheet also shows, however, that a CASA attorney has appeared for the now-dismissed CASA.

*Litig.*, 2001 WL 34131989, at *4-5 (N.D. Ohio July 24, 2001) (similar; also permitting limited disclosure to certain government entities).

In sum, Plaintiffs have not provided a single authority to support the contention that either dismissed parties or counsel who have not formally appeared in the action are entitled to *any* information exchanged in discovery, much less confidential information that is subject to a protective order. In fact, the prevailing authority cited by Defendants in their opening brief and herein support the contrary proposition—that non-parties are *not* entitled to access confidential information produced in discovery. Thus, there is no valid basis for Plaintiffs to object to the entry of the Protective Order proposed by Defendants.

      **B.**      **Defendants' Proposal Does Not Prevent Plaintiffs' Counsel from Providing Legal Advice**

Plaintiffs claim that both Defendants' proposed Protective Order *and* this District's model Protective Order prevent counsel from complying with ethical duties with regard to advising "clients . . . and potential clients who have already established attorney-client relationships with counsel in this case." (ECF No. 103 at 5.) As an initial matter, it would be nonsensical for this District to endorse a model Protective Order that interferes with the ability of counsel in this District to comply with their ethical duties. This alone is reason enough to reject Plaintiffs' tortured reading of the model Protective Order, Defendants' proposed Protective Order (which hews closely to, and is based upon, the model Protective Order), and ethical rules.

Moreover, Plaintiffs' admission that, aside from CASA, most of the non-parties with whom Plaintiffs want to share confidential information are actually putative class members is fatal to any contention that the Court should not enter Defendants' proposed Protective Order due to concerns regarding counsel's ability to adequately provide legal advice. (*See* ECF No. 103 at 2 ("It is currently believed that hundreds of current tenants seek or have obtained legal counsel

*related to the same subject matter of this action* and are actively seeking to make well-informed decisions about their legal rights." (emphasis added)); *see also id.* ("Other tenants *at BVS* have also sought and/or engaged in attorney-client relationship discussions with Plaintiffs' counsel." (emphasis added)); *id.* at 6 ("There is no legitimate reason that *clients with the same interests as the Named Plaintiffs in this case* cannot agree to be subjected to the same protective order and then gain the same access to pertinent information." (emphasis added)).)  But *all* of the protective orders proposed in connection with this dispute (including Defendants', Plaintiffs', and the District's model) contain identical language forbidding the very disclosure contemplated by Plaintiffs, *i.e.*, disclosure of confidential information to "putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified." (*See* ECF No. 103-2 (Model Protective Order); ECF No. 94-2 (Defendants' proposed Protective Order); ECF No. 103-3 (Plaintiffs' proposed Protective Order).  Given that their own proposed order limits the disclosure of confidential information to putative class members, Plaintiffs' purported ethical concerns on this point lack merit.

      Similarly, Plaintiffs' objection to Defendants' addition of Section 8 in Defendants' proposed Protective Order—which states that "Any documents designated as 'CONFIDENTIAL,' and the information contained therein shall be utilized by the recipients only for the purposes of this litigation, and for no other purposes"—has no merit.  (ECF No. 103 at 3).  Again, Section 1(c) in all three proposed Protective Orders contains language limiting disclosure of confidential information to "preparing for and conducting the litigation in which the information or documents were disclosed (including appeals)," which achieves the same function.  The additional language proposed by Defendants is necessary to ensure that Plaintiffs'

counsel does not end-run the plain terms of the Protective Order by using Defendants' confidential information in an inappropriate manner.

Plaintiffs speak only in broad generalities about counsel's "limit[ed] . . . ability to communicate" with clients "about the strengths and weaknesses" of their case but fail to identify any real conflicts or qualms.  (ECF No. 103 at 5.)  And Plaintiffs' failure to identify any case law to support their argument is telling.

Defendants in no way seek to interfere with Plaintiffs' counsel's ability to practice law.  But Defendants are entitled to protect their confidential information, as is the norm in this District and others.  *See* Fed. R. Civ. P 26(c)(1)(G) (authorizing court to issue a protective order to prevent inappropriate disclosure of "confidential" information).

### III.     THE COURT SHOULD REJECT PLAINTIFFS' PROPOSED PROTECTIVE ORDER

As set forth in their opening papers, Defendants seek entry of their proposed Protective Order in order to ensure adequate protections to their confidential information.  (*See* ECF No. 94.)  Plaintiffs respond that their proposal achieves this goal via "less restrictive means."  (ECF No. 103 at 6.)  But Plaintiffs' proposal actually completely undermines the very purpose of a protective order, which is to prevent inappropriate disclosure of protectable information and, therefore, should not be entered.

Plaintiffs' proposed Protective Order contains the following additions:  (i) a provision that "Disclosure [of confidential materials] may be made to any client or potential client with a legitimate legal interest in the subject matter of this lawsuit, including any tenant of Bedford United or Victoria United and CASA de Maryland, Inc. who has agreed to be bound by the terms of this Protective Order"; and (ii) an "Agreement to Be Bound" by the protective order.  *See* ECF No. 103-4.  These revisions are overly expansive in scope but, at the same time, do not provide

sufficient protection to Defendants' confidential material from non-parties. *See Va. Dep't of Corrections v. Jordan*, 2017 WL 5075252, at *21 (Nov. 3, 2017) (rejecting argument that limiting disclosure of sensitive information could be achieved sufficiently via requiring non-parties to sign agreements to be bound to protective order, and refusing to enter such a protective order), *aff'd*, 921 F.3d 180 (4th Cir. 2019).

## CONCLUSION

For these reasons, and the reasons stated in Defendants' opening brief, Defendants respectfully request that the Court enter Defendants' proposed Protective Order filed on the docket as ECF No. 94-2.

Dated: December 30, 2022

Respectfully submitted,

*/s/ Ray McKenzie*
Ray McKenzie (Bar Number 21069)
**WTAII PLLC**
1101 Wilson Boulevard, Suite 968
Arlington, VA 22209
(202) 688-3150 (Telephone)
(202) 869-1882 (Facsimile)
ray.mckenzie@wtaii.com

*/s/ Muhammad U. Faridi*
Peter W. Tomlinson (*pro hac vice*)
Muhammad U. Faridi (*pro hac vice*)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)
pwtomlinson@pbwt.com
mfaridi@pbwt.com

*Counsel for Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, Arbor Realty SR, Inc.*

       */s/ Amanda R. Lawrence*
       Sarah B. Meehan (Bar Number 30428)
       Amanda R. Lawrence (*pro hac vice*)
       John B. Williams III (Bar Number 20916)
       **BUCKLEY LLP**
       2001 M Street NW, Suite 500
       Washington, D.C.  20036
       (202) 349-8000 (Telephone)
       (202) 349-8080 (Facsimile)
       smeehan@buckleyfirm.com
       alawrence@buckleyfirm.com
       jwilliams@buckleyfirm.com

       Scott T. Sakiyama (*pro hac vice*)
       **BUCKLEY LLP**
       353 N. Clark St., Suite 3600
       Chicago, IL 60654
       (312) 924-9800 (Telephone)
       (312) 924-9899 (Facsimile)
       ssakiyama@buckleyfirm.com

       *Counsel for Defendants*
       *Bedford United, LLC,*
       *Victoria United, LLC,*
       *Hyattsville United, LLC, and*
       *Arbor Management Acquisition Company, LLC*

       */s/ Kieran Fox*
       Megan T. Mantzavinos (Bar Number 16416)
       Kieran Fox (Bar Number 23993)
       **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
       600 Baltimore Avenue, #305
       Towson, MD 21204
       (410) 339-6880 (Telephone)
       (410) 339-6881 (Facsimile)
       mmantzavinos@moodklaw.com
       kfox@moodklaw.com

       *Counsel for Realty Management Services, Inc.*