IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CASA DE MARYLAND, INC., et al,** | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 8:21-CV-01778-DKC |
| **ARBOR REALTY TRUST, INC., et al,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

Whereas, the parties have stipulated, and hereby request the entry of an order providing, that the attorney-client privilege, other applicable privileges, and work product protection shall not be waived under certain circumstances as specified herein;

Accordingly, it is this ____ day of _____, ____, by the United States District Court for the District of Maryland, ORDERED:

1. Non-Waiver of Privilege and Work Product Protection. Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege or any other applicable privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the

producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

2. Return of Privileged or Protected Materials. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

3. For purposes of paragraph 2, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

4. For purposes of paragraph 2, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

*/s/ Sarah B. Meehan*
Sarah B. Meehan (Bar Number 30428)
Amanda R. Lawrence (*pro hac vice*)
John B. Williams III (Bar Number 20916)
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, D.C.  20036
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
smeehan@buckleyfirm.com
alawrence@buckleyfirm.com
jwilliams@buckleyfirm.com

Scott T. Sakiyama (*pro hac vice*)
**BUCKLEY LLP**
353 N. Clark St., Suite 3600
Chicago, IL 60654
(312) 924-9800 (Telephone)
(312) 924-9899 (Facsimile)
ssakiyama@buckleyfirm.com

*Counsel for Defendants,*
*Bedford United, LLC*
*Victoria United, LLC*
*Hyattsville United, LLC*
*Arbor Management Acquisition Company, LLC*

*/s/ Ray McKenzie*
Ray McKenzie (Bar Number 21069)
**WTAII PLLC**
1101 Wilson Boulevard, Suite 968
Arlington, VA 22209
(202) 688-3150 (Telephone)
(202) 869-1882 (Facsimile)
ray.mckenzie@wtaii.com

*/s/ Muhammad U. Faridi*
Peter W. Tomlinson (pro hac vice)
Muhammad U. Faridi (pro hac vice)
Gizele Rubeiz (pro hac vice)
**PATTERSON BELKNAP WEBB**
**& TYLER LLP**

1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000 (Telephone)

(212) 336-2222 (Facsimile)
pwtomlinson@pbwt.com
mfaridi@pbwt.com
grubeiz@pbwt.com

*Counsel for Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, Arbor Realty SR, Inc.*

*/s/ Megan T. Mantzavinos*
Megan T. Mantzavinos (Bar Number 16416)
Kieran E. Fox (Bar Number 23993)
**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
600 Baltimore Avenue, #305
Towson, MD 21204
(410) 339-6880 (Telephone)
(410) 339-6881 (Facsimile)
mmantzavinos@moodklaw.com
kfox@moodklaw.com

*Counsel for Realty Management Services, Inc.*

*/s/ P. Joseph Donahue*
P. Joseph Donahue (Bar Number 06245)
**The Donahue Law Firm, LLC**
18 West Street
Annapolis, Maryland 21401
(410) 280-2023 (Telephone)
pjd@thedonahuelawfirm.com

*/s/ Jonathan Nace*
Jonathan Nace (Bar Number: 18246)
**Nidel & Nace, P.L.L.C.**
One Church Street, Suite 802
Rockville, MD 20850
(202) 780-5153 (Telephone)
jon@nidellaw.com

*/s/ Jonathan Paul Riedel*
Jonathan Paul Riedel (Bar Number: 21968)
**CASA de Maryland, Inc.**
8500 New Hampshire Ave, Apt. 237
Silver Spring, MD 20903
(239) 898-0317 (Telephone)
jriedel@wearecasa.org

*Counsel for Plaintiffs*

_____

HON. TIMOTHY J. SULLIVAN
U.S. MAGISTRATE JUDGE
DISTRICT OF MARYLAND