

# 1101 WILSON BLVD., NO. 968
# ARLINGTON, VA 22209

WARREN T. ALLEN II[*][†][‡]
WARREN.ALLEN@WTAII.COM
DIRECT: (202) 869-1738

RAY D. MCKENZIE[*][°][‡]
RAY.MCKENZIE@WTAII.COM
DIRECT: (202) 868-6369

GARY A. RUBIN[*][§]
GARY.RUBIN@WTAII.COM
DIRECT: (214) 764-9807

VIRGINIA
DISTRICT OF COLUMBIA
MARYLAND
TEXAS

January 26, 2023

<u>Via ECF</u>

Hon. Timothy J. Sullivan
United States District Court
District of Maryland
6500 Cherrywood Lane
Suite 335A
Greenbelt, Maryland  20770

   Re: <u>*CASA v. Arbor Realty Trust, Inc. et al*,
      21-CV-01778-DKC (D. Md.)</u>

Dear Judge Sullivan:

 As you know, we represent Defendants Arbor Realty Trust, Inc., Arbor Realty Limited Partnership, and Arbor Realty SR, Inc. (collectively, the "Arbor Defendants"). We write on behalf of all Defendants regarding the ethical screen issue that was

---

[*] ADMITTED IN THE DISTRICT OF COLUMBIA
[†] ADMITTED IN MARYLAND
[°] ADMITTED IN MARYLAND (U.S. DISTRICT COURT ONLY)
[‡] ADMITTED IN VIRGINIA
[§] ADMITTED IN TEXAS (INACTIVE IN DELAWARE AND MARYLAND)

Hon. Timothy J. Sullivan
January 26, 2023
Page 2

discussed with Your Honor during the telephone conference held on January 13, 2023.[1]

In their opposition to Defendants' motion for the entry of a protective order, Plaintiffs took the position that they are free to share Defendants' confidential information with CASA de Maryland, Inc. ("CASA")—notwithstanding that it has been dismissed as a party in this case. During the telephone conference, to assuage the Defendants' (and the Court's) concerns regarding CASA's access to Defendants' confidential information, Plaintiffs' counsel offered a key concession: Specifically, Plaintiffs' counsel represented that CASA was willing to implement an ethical screen that would prevent Jonathan Riedel, Esq., an attorney at CASA who also represents the individual tenants in this action, from sharing Defendants' confidential information with others at CASA (except for paralegals or other lawyers directly involved with the representation of the tenants named as plaintiffs in this case). In fact, counsel represented that Mr. Riedel and the CASA employees assisting Mr. Riedel in connection with the representation of the named plaintiffs would be willing to sign written agreements to abide by the terms of such an ethical screen, as well as those of a protective order.

At the end of the hearing, Defendants' counsel asked the Court whether the ethical screen should be addressed in the proposed protective order that the parties would soon file with the Court. The Court stated that the ethical screen did not need to be addressed in that filing and the parties could deal with the ethical screen in another document. Further, the Court noted its preference for the parties to come to an agreement on the terms of the ethical screen.

Unfortunately, Plaintiffs' counsel now has pulled a one-eighty. Following the hearing, the parties began discussions regarding the appropriate manner for the implementation of the ethical screen. Contrary to their representations to the Court, Plaintiffs' counsel now refuses to erect a formal ethical screen that would ensure appropriate processes are in place to prevent the leakage of Defendants' confidential information to other functions at CASA. The only thing that Plaintiffs' counsel is willing to do now is to represent that they will "agree to be bound by the Rules of Professional Conduct and the Court's Protective Order[.]" (*See* Ex. B.)

---

[1] Pursuant to local rule 104.7, the undersigned certifies that Defendants met and conferred with Plaintiffs about the subject of this letter via telephone on the afternoon of Friday January 20, 2023, but we were unable to reach a resolution. (*See* Ex. A – Certificate of Counsel.)

Hon. Timothy J. Sullivan
January 26, 2023
Page 3

      Plaintiffs' counsel's change of heart underscores Defendants' legitimate concern that CASA, which admittedly has no right to Defendants' confidential information, may be able to obtain access to the information through Mr. Riedel's files. To be clear, Defendants do not contend that Mr. Riedel deliberately will share Defendants' confidential information with others at CASA. Instead, what Defendants want is a written assurance that CASA and Mr. Riedel have implemented the types of basic procedures used in the legal profession to prevent leakage of information—whether done deliberately or inadvertently—from one group of lawyers to another.

      As such, Defendants respectfully seek the entry of the attached proposed order (Ex. C) directing Plaintiffs' counsel to enact an ethical screen that would prevent the sharing of Defendants' confidential information with those at CASA who are not directly involved with the representation of the tenants named as plaintiffs in this action.

      Respectfully submitted,

      /s/ Ray D. McKenzie
      WTAII PLLC
      By Ray D. McKenzie

Enclosures

cc:    all counsel of record (via CM/ECF)