**Rubeiz, Gizele (x2488)**

| | |
|---|---|
| **From:** | Jonathan Nace <jon@nidellaw.com> |
| **Sent:** | Tuesday, January 24, 2023 9:52 AM |
| **To:** | Faridi, Muhammad (x2874) |
| **Cc:** | jriedel@wearecasa.org; Rubeiz, Gizele (x2488); Joe Donahue; Zach Kelsay; Ray McKenzie; Tomlinson, Peter W. (x2977); Amanda Lawrence; Scott Sakiyama; Sarah Meehan; Megan Mantzavinos; Kieran E. Fox |
| **Subject:** | Re: CASA v. Arbor |

*Caution: External Email!*

Hi all,

We considered again the ethical screening order you sent over and will not be signing it. We fully agree to be bound by the Rules of Professional Conduct and the Court's Protective Order, but we dont believe anything further is necessary or required of us.

Jonathan Nace
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
202-780-5153



CONFIDENTIALITY NOTICE

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s). Unless you are a named recipient of this e-mail, you should not read, distribute, or otherwise use this e-mail, and you should immediately notify the sender by e-mail reply or by calling 202-780-5153. Thank you.

> On Jan 20, 2023, at 4:41 PM, Faridi, Muhammad (x2874) <mfaridi@pbwt.com> wrote:
>
> Hi Jonathan –
>
> It was nice to meet you via phone last week. It is unfortunate that you're construing our request as an attack on your ethics. That is certainly not our intention. We are simply asking that you and your employer provide us the assurance that the Court was told you would provide. The one v. multiple paralegals is not an issue, but it seems from your email that you intend to share Defendants'

1

confidential information with others at CASA.  And that is problematic for us, for the reasons we discussed before the Court.  Indeed, the Court was receptive to our concerns and contemplated that the parties would be able to reach some sort of a written agreement on the issue.

It seems that we are at an impasse on the issue, but please let me know if you disagree.  If you think we can reach accord, I'm happy to jump on a conference call at your convenience.

Best,

Muhammad


**Muhammad U. Faridi**
He | Him | His
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212-336-2874
mfaridi@pbwt.com | www.pbwt.com

---

**From:** Jonathan Riedel <jriedel@wearecasa.org>
**Sent:** Friday, January 20, 2023 4:11 PM
**To:** Rubeiz, Gizele (x2488) <grubeiz@pbwt.com>
**Cc:** Jonathan Nace <jon@nidellaw.com>; Joe Donahue <pjd@thedonahuelawfirm.com>; Zach Kelsay <zach@nidellaw.com>; Ray McKenzie <Ray.McKenzie@wtaii.com>; Tomlinson, Peter W. (x2977) <pwtomlinson@pbwt.com>; Faridi, Muhammad (x2874) <mfaridi@pbwt.com>; Amanda Lawrence <alawrence@buckleyfirm.com>; Scott Sakiyama <ssakiyama@buckleyfirm.com>; Sarah Meehan <smeehan@buckleyfirm.com>; Megan Mantzavinos <mmantzavinos@moodklaw.com>; Kieran E. Fox <KFox@moodklaw.com>
**Subject:** Re: CASA v. Arbor

**Caution: External Email!**

Hi all,

I am really unclear on what this "ethical screening" you propose entails. I am an attorney and I will abide by the rules of professional conduct, and any confidentiality order, and I'm not about to run off to our comms team with confidential information. Our legal team will have full access, but no one outside our legal team has access to our folders and documents.

If that's the understanding, OK. But if you're still asking me to limit my representation to one paralegal, as Mr. Faridi suggested on the call, I respectfully decline. I could not do my job with such restrictions. So I cannot agree to any further "firewall". It does feel like you all are asking me to certify my ethical bona fides, and I agree with Jon in the sense that it feels inappropriate. If you'd like to discuss further, I am available, but I'm afraid a proposed restriction from me sharing information with my supervisors and supervisees about work on the case is not a negotiable issue at this time.

Best regards,

--

**Jonathan Riedel, Esq.** | Supervising Attorney
CASA
PO Box 7277, Hyattsville, MD 20787
office/cell: 240.491.5762
fax:  301.408.4123
email: jriedel@wearecasa.org

www.wearecasa.org

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is confidential. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply email or by telephone at 240.491.5762 and immediately delete this message and all its attachments.


On Fri, Jan 20, 2023 at 3:57 PM Rubeiz, Gizele (x2488) <grubeiz@pbwt.com> wrote:

> Hi Jon,
>
> Thanks for your prompt response.
>
> Since we are on agreement on the two stipulations (for the protective and non-waiver orders)—both of which I've attached here—we will sign for all parties and get those on file today.
>
> As to the ethical screen issue, to be clear, in my email, I did not ask you to agree to an ethical screening order, nor did I attack your ethics.  We simply asked for an assurance in writing as to what you had represented to the Court during an "off the record" hearing last week Friday.  In our view, it is important to have a written record of that.  Can you confirm that CASA and Mr. Riedel will provide assurances in writing that the ethical firewall and screen discussed at last week's hearing are in place and will be enforced?  Or is it your position that you will not provide such an assurance in writing? Lastly, I'm choosing to not respond to the insinuation in your email, as I do not believe that type of dialogue is productive.
>
> Sincerely,
>
> **Gizele Rubeiz**
> Associate
> **Patterson Belknap Webb & Tyler LLP**
> 1133 Avenue of the Americas | New York, NY 10036
> T: 212.336.2488
> grubeiz@pbwt.com | www.pbwt.com
>
> ---
>
> **From:** Jonathan Nace <jon@nidellaw.com>
> **Sent:** Friday, January 20, 2023 2:00 PM
> **To:** Rubeiz, Gizele (x2488) <grubeiz@pbwt.com>
> **Cc:** Joe Donahue <pjd@thedonahuelawfirm.com>; Zach Kelsay <zach@nidellaw.com>; Ray McKenzie <Ray.McKenzie@wtaii.com>; Tomlinson, Peter W. (x2977) <pwtomlinson@pbwt.com>; Faridi, Muhammad (x2874) <mfaridi@pbwt.com>; Amanda Lawrence <alawrence@buckleyfirm.com>; Scott Sakiyama <ssakiyama@buckleyfirm.com>; Sarah Meehan <smeehan@buckleyfirm.com>; Megan

3

Mantzavinos <mmantzavinos@moodklaw.com>; Kieran E. Fox <KFox@moodklaw.com>; jriedel@wearecasa.org
**Subject:** Re: CASA v. Arbor

*Caution: External Email!*

Hi Gizele,

First on the protective order.  In my proposed protective order, I objected to your entire paragraph 8.  So its not "new" that I'm addressing it.  We took it out all together.  In trying to resolve this, I suggested adding that.  So, if you mark a document confidential, and then the judge rules its not confidential, you're still entitled to protection as if it is confidential?  That seems to be the objection.  That seems so ridiculous to me that I'm willing to leave your paragraph 8 as is, but understand that if a judge rules a document is not confidential, I have no obligation to treat it as such.

As to the ethical screening order, Muhammad asked if he should submit an ethical order and the judge specifically said "no."  So, we're not going to agree.  This continued attempt to attack our ethics is patently offensive though.  Do you have to sign a document saying you are going to be ethical in representing your clients?  Do I need you to sign something saying you'll sign court order.  A wiser lawyer than me once pointed out that if counsel is accusing you of something, its probably because they are doing it.  So, if you think we need to sign something to abide by the rules of ethics, I am wondering what you are doing that makes you think we need to do that.

Either way, we're not submitted any ethical screening order with you.  But you can submit the final proposed protective order as agreed to.

Jonathan Nace
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
202-780-5153

<image001.png>
CONFIDENTIALITY NOTICE

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s).  Unless you are a named recipient of this e-mail, you should not read, distribute, or otherwise use this e-mail, and you should immediately notify the sender by e-mail reply or by calling 202-780-5153.  Thank you.

> On Jan 20, 2023, at 1:33 PM, Rubeiz, Gizele (x2488) <grubeiz@pbwt.com> wrote:
>
> Hi Jonathan,
>
> Thanks for this.  On the protective order, attached is a revised protective order implementing your suggestions to paragraph 3 to match the model order (removing the word "non-privileged" and deleting the footnote). But we cannot agree to your

proposed revision to paragraph 8.  You haven't previously raised the issue of how to treat previously-designated documents whose designation is removed, and we're not prepared to consider it now.  This is especially true given the Court's instructions from last week's hearing to adhere to defendants' proposal, making only any necessary "tweaks."  In our view, your proposed addition to paragraph 8 introduces a new term, and is not merely a small tweak.  So we cannot agree to it at this time.  Given today's filing deadline, we are happy to speak via phone about this this afternoon if needed.

On the ethical screening order, as an initial matter, we disagree that the Court expressly directed us to "not" submit it; the Court simply said it was leaving it up to the parties to figure out whether to address the issue in the protective order.  In any event, at a minimum, we would like an assurance from CASA and Mr. Riedel in writing that an ethical firewall and screen is in place and will be enforced.  In fact, it was on the basis of that representation that the Court found that there would be no issue with Mr. Riedel appearing on behalf of the named tenants.  We are perplexed and troubled that you no longer want to provide that assurance in writing in the form of a stipulation that could be "so ordered" by the Court.  And we are beginning to wonder why.  That being said, we are willing to work with you and are willing to agree to accepting an assurance from CASA and Mr. Riedel via email that tracks the language of the stipulation.  But we cannot accept anything in short of that.

Please let us know your position on both issues by 4:00 p.m. today.

Sincerely,

**Gizele Rubeiz**
Associate
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2488
grubeiz@pbwt.com | www.pbwt.com

---

**From:** Jonathan Nace <jon@nidellaw.com>
**Sent:** Thursday, January 19, 2023 10:05 AM
**To:** Rubeiz, Gizele (x2488) <grubeiz@pbwt.com>
**Cc:** Joe Donahue <pjd@thedonahuelawfirm.com>; Zach Kelsay <zach@nidellaw.com>; Ray McKenzie <Ray.McKenzie@wtaii.com>; Tomlinson, Peter W. (x2977) <pwtomlinson@pbwt.com>; Faridi, Muhammad (x2874) <mfaridi@pbwt.com>; Amanda Lawrence <alawrence@buckleyfirm.com>; Scott Sakiyama <ssakiyama@buckleyfirm.com>; Sarah Meehan <smeehan@buckleyfirm.com>; Megan Mantzavinos <mmantzavinos@moodklaw.com>; Kieran E. Fox <KFox@moodklaw.com>; Jonathan Riedel <jriedel@wearecasa.org>
**Subject:** Re: CASA v. Arbor

*Caution: External Email!*

Hi Gizele,

The protective order is close for us.  Can you add the following statement to paragraph 8 at the end:

5

"This paragraph does not apply to any documents designated as "CONFIDENTIAL" if the document or information contained therein is removed by agreement or by Court Order."

Also, I'm a little confused paragraph 3's reference to non-privileged material and the footnote. The word "non-privileged" should come out and the footnote should be deleted. If you want to talk about a procedure for a privilege log, we can do that. But, I dont think you can withhold privileged mater "because it requires greater protection" than what's in the protective order. You can withhold privileged material because its privileged. So, I get the sentiment of what you're going for, I think, but the model order's language is better. And of course, privileged material is privileged and need not be disclosed.

So, on the protective order, if you can add that last sentence I quoted to paragraph 8, and take out the word "non-privileged" in paragraph 3, I think we are in agreement.

I am happy to discuss the requirements of a privilege log, which I think would make it easier. For one, I always think its good to stipulate that there's no need to log communications between litigation counsel and the client.

On the "ethical screening order," we're not going to agree to submit anything. For one, the judge said not to submit it. All of plaintiffs' counsel will follow the protective order and the rules of ethics as we are required. That is enough.

Please add Jonathan Riedel's email to the service list for this case as well: jriedel@wearecasa.org

Let me know if we need to discuss anything else. Thanks,

Jonathan Nace
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
202-780-5153

<image001.png>
CONFIDENTIALITY NOTICE

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s). Unless you are a named recipient of this e-mail, you should not read, distribute, or otherwise use this e-mail, and you should immediately notify the sender by e-mail reply or by calling 202-780-5153. Thank you.

> On Jan 18, 2023, at 3:56 PM, Rubeiz, Gizele (x2488) <grubeiz@pbwt.com> wrote:
>
> Counsel,

Good afternoon.  As you know, during last Friday's hearing, Magistrate Judge Sullivan directed the parties to file by this Friday a stipulated protective order for his review, using the defendants' proposal as a model.   To that end, we've attached a Word version of the defense proposed protective order that was submitted with our motion, along with a clean version of the non-waiver order that we previously all jointly agreed to, and a proposed stipulation as to the ethical screen issue that reflects our understanding of last Friday's discussion at the hearing about this issue.  Can you please let us know if you have any edits in advance of our deadline to submit on Friday?

Sincerely,

**Gizele Rubeiz**
Associate
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2488
grubeiz@pbwt.com | www.pbwt.com

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

<Exhibit A - Defs. Protective Order.DOCX><Stipulation and Proposed Order RE Ethical Screen.DOCX><Draft Stipulated Non-Waiver Order (11.10.22) (002) - CLEAN.DOCX>

Privileged/Confidential Information may be contained in this message. If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone. In such case, you
should destroy this message and kindly notify the sender by reply email. Please advise
immediately if you or your employer do not consent to receiving email messages of this
kind.

&lt;Exhibit A - Defs. Protective Order.DOCX&gt;

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.