

February 3, 2023

Dear Judge Sullivan:

This letter responds to the Defendants' request for an ethical screen discussed during the telephone conference of January 13, 2023.[1] What Defendants propose regarding an "ethical screening" order has three distinct problems.

First, it is burdensome because it is extremely restrictive on CASA's ability to represent its tenant-Plaintiffs, while accomplishing little to nothing of what the Defendants want. Mr. Riedel and the other attorneys at CASA[2] need to have the freedom to carry out vigorous representation of its clients. This representation includes the ability of CASA's attorneys to delegate tasks, invite employees to assist with interpretation and case management, conduct client interviews, assign legal research, seek advice from supervisors, seek input from colleagues, and discuss case strategy, schedules, and coverage. Defendants' proposed ethical screen kneecaps this ability by limiting disclosure only to specific people, and restricts only CASA's legal team rather than the Plaintiffs' other attorneys. This restriction is inappropriate.

Second, while placing this undue burden on Plaintiffs' attorneys, the Defendants' proposed screening would have little to no value. Defendants seek to limit employees of CASA-the-organization from having unfettered access to confidential records. There is no problem here, because the Protective Order already accomplishes this. *See* Protective Order ¶ 1(d) (providing that "[t]he parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, including to parties who have been dismissed from this action and are no longer parties to this action", with recognized exceptions). Moreover, anyone who does have access to such Confidential Information "shall be provided with a copy of, and become subject to, the provisions of this Order", *id.*, countering any notion that CASA will use Confidential Information for some improper purpose.

In addition, CASA's default technological setup (through IT procedures) and physical setup (through locked offices) is that no employee other than those in the Legal Department can access legal files. For anyone who needs access to documents based on the nature of the case, the Legal Department shares files and information with them in the same fashion as they conduct any

---

[1] Defendants allege that Plaintiffs agreed to such an ethical screen on the call with the court. Plaintiffs have a different recollection of the events of that day, especially as Defendants asked on the call that Mr. Riedel be permitted to work only with a single paralegal, which no Party approved of.

[2] Plaintiffs anticipate adding the appearance of other attorneys at CASA who assist Mr. Riedel with this matter as soon as possible. As an additional note, the flurry of Lines Entering Appearance since the conference call suggests that Defendants and Plaintiffs are engaging in the same processes, viz., the use of the skills and work of other attorneys who were not formally entered into the case until recently.



litigation—on a need-to-know basis, where implied to carry out the representation or with informed consent of the client.

Third, Defendants have provided no statute, court rule, case law, or other legal citation to explain why an ethical screen in this case is required or even permitted. Upon preliminary research, an ethical screen or a "Chinese wall" is appropriate only where an attorney has a conflict and otherwise ought to be disqualified based on an *adverse* representation. *See, e.g.*, 32 Am. Jur. 2d, Fed. Cts. § 156. No Plaintiff in this case has or will be adverse to another, nor have Defendants alleged this to be the case. As we discussed on the conference call, attorneys at CASA frequently represent both individual CASA members as well its own interests as a membership-based organization in the same litigation. Indeed, this representation structure is what CASA, the Plaintiffs, and the Plaintiffs' other attorneys intended and agreed to from the very beginning of the case.

Thus, this "ethical screen" issue appears to be primarily an effort to hamper an opposing counsel's legal representation of their client. Defendants' request is therefore inappropriate. The Defendants' proposed ethical screen appears to accomplish nothing further than the Protective Order; a limitation on CASA unnecessarily complicates the litigation with low value and high burdens.

Plaintiffs would agree to an ethical screen that applies equally to all parties and their attorneys. However, given the fact that the Protective Order already accomplishes the same thing, Plaintiffs do not believe the ethical screen would add any value.


Respectfully submitted,

*Jonathan Riedel*

Jonathan Riedel, Esq.
CASA


cc: all counsel of record (via CM/ECF)

2