

# WTA II

## 1101 WILSON BLVD., NO. 968
## ARLINGTON, VA 22209

WARREN T. ALLEN II*†‡
WARREN.ALLEN@WTAII.COM
DIRECT: (202) 869-1738

RAY D. MCKENZIE*°‡
RAY.MCKENZIE@WTAII.COM
DIRECT: (202) 868-6369

GARY A. RUBIN*§
GARY.RUBIN@WTAII.COM
DIRECT: (214) 764-9807

VIRGINIA
DISTRICT OF COLUMBIA
MARYLAND
TEXAS

February 6, 2023

**Via ECF**

Hon. Timothy J. Sullivan
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 335A
Greenbelt, Maryland 20770

      Re:    *CASA v. Arbor Realty Trust, Inc. et al*,
                  **21-CV-01778-DKC (D. Md.)**

Dear Judge Sullivan:

    We write on behalf of Defendants to respond to the "three distinct problems" with Defendants' proposed ethical screen that Plaintiffs complain about in their letter.

    First, Plaintiffs' assertion that the ethical screen will prevent their counsel from "vigorously representing their clients" because it would impair internal supervision or assistance by others at CASA is unfounded. (ECF No. 124 at 1.) The ethical screen proposed by Defendants expressly allows those providing supervision and assistance to the CASA lawyers representing the tenants with access to Defendants' confidential information. (ECF No. 119-3.)

---

* ADMITTED IN THE DISTRICT OF COLUMBIA
† ADMITTED IN MARYLAND
° ADMITTED IN MARYLAND (U.S. DISTRICT COURT ONLY)
‡ ADMITTED IN VIRGINIA
§ ADMITTED IN TEXAS (INACTIVE IN DELAWARE AND MARYLAND)

Hon. Timothy J. Sullivan
February 6, 2023
Page 2

      Second, contrary to Plaintiffs' assertion, the ethical screen provides significant value by ensuring that CASA (a dismissed entity that does not have the right to access Defendants' information) is not provided such access while also allowing CASA lawyers to represent the tenants.  Indeed, the ethical screen is an elegant solution to address the post-dismissal workaround by CASA to obtain access to Defendants' confidential information through representation of the tenants: it allows CASA lawyers to represent the tenants while barring CASA's non-legal functions from accessing confidential information.  Plaintiffs contend that the ethical screen is not necessary because of existing CASA processes, but that only underscores the lack of burden in the ethical screen's implementation.

      Third, Plaintiffs contend that Defendants have not cited to any authority to support their request.  But Plaintiffs have also not cited any authority allowing a dismissed party (CASA) to access confidential discovery by representing parties that were already, prior to representation by CASA, represented by other lawyers.  In any event, the Court has discretion to deal with the unique issue at hand.  *See Valencell, Inc. vs. Apple, Inc.*, 2016 WL 7217635, at *9 (E.D.N.C. Dec. 12, 2016) (including *sua sponte* ethical wall in protective order).

      We are available for a conference should the Court find it necessary.

                                      Respectfully submitted,

                                       /s/  Ray D. McKenzie
                                      WTAII PLLC
                                      By Ray D. McKenzie

Enclosures

cc:     all counsel of record (via CM/ECF)