**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF | 6500 Cherrywood Lane |
| TIMOTHY J. SULLIVAN | Greenbelt, Maryland 20770 |
| UNITED STATES MAGISTRATE JUDGE | Telephone: (301) 344-3593 |
| | MDD_TJSchambers@mdd.uscourts.gov |

February 7, 2023

LETTER TO COUNSEL:

      Re:   *CASA de Maryland, Inc. v. Arbor Realty Trust, Inc., et al.*
              Civil Case No. DKC-21-1778

Dear Counsel:

      This case was referred to me for all discovery and related scheduling matters. ECF No. 95. Pending before the Court is correspondence from Defendants Arbor Realty Trust, Inc., *et al.* requesting the entry of an order establishing an "ethical screen" between persons directly involved in the representation of Plaintiffs in this case and other employees of non-party CASA de Maryland, Inc. ("CASA"). ECF No. 119. The Court previously held an informal telephone conference that touched on the issues raised in Defendants' letter. Having considered the parties' submissions (ECF Nos. 119, 124 & 125), the Court finds that no additional hearing is necessary. Loc. R. 105.6. Defendants' request will be denied.

      The Stipulated Confidentiality Order (ECF No. 115) provides, among other things, that confidential information may not be "used or disclosed by the parties or counsel for the parties [along with other enumerated persons, including 'employees of counsel of record for the parties who have direct functional responsibility for the preparation and trial of the lawsuit'] . . . for any purposes whatsoever other than preparing for and conducting [this] litigation." *Id.* at 2-3. If counsel of record discloses confidential information to one of their employees, that person is subject to the Stipulated Confidentiality Order. *Id.* at 3. Persons that receive confidential information are bound by the Stipulated Confidentiality Order and may use the confidential information "only for the purposes of this litigation, and for no other purposes." *Id.* at 6.

      One of Plaintiffs' attorneys of record, Mr. Riedel, is employed by CASA, a party that has been dismissed from this case. Under the Stipulated Confidentiality Order, Mr. Riedel is permitted to receive confidential information, but he may only use it for purposes of this litigation, and he may only disclose it to his co-counsel of record, and the "employees of counsel of record for the parties who have direct functional responsibility for the preparation and trial of the lawsuit." *Id.* at 3. And once any employees of counsel (like paralegals) receive confidential information, they become subject to the Stipulated Confidentiality Order, and may not disclose the confidential information to others (except as provided in the order) or use it outside of this litigation.

      Defendants request the entry of an order establishing an "ethical screen" to augment the terms of the Stipulated Confidentiality Order. ECF No. 119-3. Under the proposed order, non-party CASA and Mr. Riedel would be ordered to "implement an ethical screen" that prohibits

anyone assisting Mr. Riedel with this litigation from sharing confidential information "with anyone else at CASA." *Id.* at 2. Plaintiffs object to the proposed order. ECF No. 124. They explain that taking steps to establish the proposed "ethical screen" would be burdensome and unnecessary. They argue that the proposed "ethical screen" essentially restates what is already set forth in the Stipulated Confidentiality Order. And they suggest that Defendants are only proposing the "ethical screen" to interfere with the ability of Plaintiffs' lawyers to prosecute their claims.

Having considered the parties arguments, the Court finds that Defendants' proposed order requiring the establishment of an "ethical screen" is unnecessary. The Stipulated Confidentiality Order already controls who may receive and have access to confidential information and what those persons may do with it. There is no sign that Mr. Riedel or any of Plaintiffs' other lawyers intend to disobey the Stipulated Confidentiality Order. And if they did, they would be subject to attorney discipline and discovery sanctions. The Court finds that the Stipulated Confidentiality Order is sufficient to protect Defendants' interests in maintaining the confidentiality of their sensitive documents and information. Because the proposed "ethical screen" essentially restates what is already required, the Court finds that there is no good cause for its entry. Accordingly, Defendants' request is **DENIED**.

Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge