## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| **CASA DE MARYLAND, INC.,** *et al.* | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 8:21-cv-01778-DKC** |
| **ARBOR REALTY TRUST, INC.,** *et al.* | |
| **Defendants.** | |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY

*COME NOW* Plaintiffs, by and through undersigned counsel, move to compel Realty Management Services ("RMS") to produce documents responsive to Plaintiffs' discovery requests under Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and for the imposition of attorneys' fees for the filing of the motion pursuant to Rule 37(a)(5)(A).

I.   **INTRODUCTION**

Defendant RMS is trying to improperly narrow the scope of discovery by refusing to produce documents other than from "the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter." Ex. 1, Response to Request for Documents 3, 5, 9, 10, 12, 13, 15, 16, 17, 19, 20, 21, 22.[1]  This is improper because Defendants began managing the BVS apartments before the start of the limitations period and continued managing the apartments after the Plaintiffs filed this lawsuit. Thus, relevant documents may exist that fall outside of the period that RMS proposes to limit discovery. Plaintiffs have filed their Certificate of Compliance with Local Rule 104.7 and have

---

[1] RMS has actually failed to provide any documents at all to date.  There is no firm date established for when production of documents will begin or be completed.  Plaintiffs are entertaining reasonable delays to obtain documents and are not moving to compel documents for unreasonable delay at this point but if that becomes necessary Plaintiffs will proceed with a separate motion to compel pursuant to the Local Rules.

complied with all procedural requirements under Local Rule 104. Thus, Plaintiffs move to compel the production of documents preceding July 19, 2018, the start of the limitations period.

## II.   FACTS AND PROCEEDINGS

On November 2, 2021, Plaintiffs served their First Request for Production of Documents on RMS. RMS responded on December 7, 2022. Included in its objections, RMS objected to Plaintiffs' Requests Number 3, 5, 9, 10, 12, 13, 15–17, 19–22 stating:

> Subject to and without waiving the objections, Defendant states that, at this time, it has no responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.

*See* Ex. 1.   On December 20, 2022, Plaintiffs sent a letter to RMS' counsel requesting that RMS produce documents responsive to its requests and that the federal rules do not preclude discovery of documents generated before the applicable statute of limitations period.

On January 6, 2023, RMS' counsel responded that because the case only involves damages accruing within the limitations period, that the burden of producing documents outside of the limitations period would outweigh any benefit of the production.

On January 12, 2023, RMS responded that it would only produce documents from before the start of the limitations period but would not produce documents generated after Plaintiffs filed the lawsuit.  After Plaintiffs' counsel voiced concern over the lack of production of documents generated after filing the lawsuit, on January 18, 2023, RMS advised that a second meet and confer would be necessary.  On January 19, 2023, Plaintiffs served the motion to compel in accord with Local Rule 104.  Plaintiffs remained willing to continue to discuss a good faith resolution at that time.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FRCP 26(b)(1). District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.,* 43 F.3d 922, 929 (4th Cir. 1995). "[T]he party … resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. Convatec Inc.,* 268 F.R.D. 226, 243 (M.D.N.C. 2010). Where a prima facie showing of discoverability has been made by the party seeking discovery, "the burden shifts ... to the resisting party to show 'lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.'" *Desrosiers v. MAG Industrial Automation Sys., LLC,* 675 F.Supp.2d 598, 601 (D. Md. 2009) (internal citations omitted). Despite the additional proportionality consideration required under the amendment to Rule 26, the Advisory Committee Notes provide that "the [2015 amendment] does not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment.

## III.   <u>ARGUMENT</u>

RMS refuses to produce documents before the statute of limitations ran or after the lawsuit was filed for the ***singular reason*** that they are somehow not temporally discoverable. Documents in the possession of RMS before July 19, 2018 or after July 19, 2021, are relevant to the claims asserted regarding RMS' management of the BVS properties. Discovery of these documents is proportionate to the needs of the case because this case involves thousands of potential class members and involves millions of dollars in recoverable damages.

Plaintiffs seek discovery of documents and communications that would establish the elements of their remaining claims. These elements include notice of the condition of the BVS properties, breach of contract or warranty, and damages. Documents from prior to the statute of limitations will establish whether there was notice to the Defendants of any problems with the BVS properties before Plaintiffs claim arose, what the condition of the properties was like at that time, the pace at which it has deteriorated, whether any other co-Defendant or non-party recommended maintenance or replacement of any structure or utility, whether any co-Defendant instructed RMS to take or abstain from taking any action regarding the property, etc. These documents will also clearly help Plaintiffs understand the decisions prior to July 2018 that led to the failures during the time period of which Plaintiffs can seek claims for damages.

Similarly, documents produced after Plaintiffs filed suit are discoverable because they are relevant to the claims and defenses in this case. Records of ongoing property maintenance after July 18, 2021 are relevant to the condition of the property prior to it, communications about the property after the purported limiting date may tend to show the condition of the property. There may be communications or documents about failures to maintain or remediate known problems.

There is a seriously strong basis to conclude that these materials are relevant to claims or defenses in this case. The objection to producing documents solely on the time frame of which damages are collectable is patently frivolous. In *David v. Alphin*, 3:07-cv-11 (W.D.N.C. Mar. 30, 2010)), the Western District Court for the District of North Carolina dispensed of an argument seeking to limit discovery to the statute of limitations because "[d]iscovery under Rule 26 is not, however, limited to materials upon which liability can or cannot be founded." *Id.* at *13–14. Instead, the scope of discovery is stated in Rule 26.

As an example of the absurdity of RMS' objection, it is commonplace for defendants to seek medical records or authorizations for medical records for the last five years of people seeking personal

injury.  Obviously, those medical records are prior to the date limited by the statute of limitations.

Yet, those medical records are discoverable and may even be admissible at trial.  There is no rule or

basis to conclude that a plaintiff could refuse to produce medical records beyond three years prior to

the filing of the Complaint.  Here, the Property Management Agreement between RMS and other co-

Defendants was signed on January 1, 2016, and so under RMS' purported objection, it need not

produce the Property Management Agreement for the property at issue because it was produced prior

to July 19, 2018.[2]  Similarly, Defendants will surely ask questions about Plaintiffs' educational

background and employment background prior to three years prior to the filing of the Complaint.

Clearly Plaintiffs cannot object that such examination is not discoverable because it is outside the time

limit of damages.  Discovery is not limited to the time period of damages.  RMS' objection is a fallacy.

Finally, there is no prejudice to RMS in asking for the documents they have related to BVS be

produced without limitations on time.  Plaintiffs note that upon information obtained to date, RMS

first entered into an agreement on January 1, 2016.  RMS stopped managing the property in the

summer of 2022 when the property was sold to new ownership.  The universe of information in RMS'

possession related to BVS is likely around five to six years, even assuming there are some

communications or discussions about the property prior to first retention and after termination.  This

is not a burdensome time period to request discovery.  Plaintiffs are not seeking discovery from many

decades ago.  No time limit is necessary when the likely total scope of discovery is five to six years.

## IV.    <u>CONCLUSION</u>

For the reasons set forth, Plaintiffs respectfully request that the Court issue an order

compelling RMS to produce documents responsive to Plaintiffs' discovery requests without time

limitation.  Plaintiffs further move for attorneys' fees to be imposed upon RMS for the filing of this

motion.

---

[2] RMS did attach this document to its Motion to Dismiss.  *See* Doc. 49-1.

Respectfully submitted,

**Nidel & Nace, P.L.L.C.**

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of January 2023, I caused a copy of the foregoing to be served upon all parties pursuant to L.R. 104.8(a).

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND**

| | |
|---|---|
| **CASA DE MARYLAND, INC.,** *et al.* | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 8:21-cv-01778-DKC** |
| **ARBOR REALTY TRUST, INC.,** *et al.* | |
| **Defendants.** | |

## <u>ORDER</u>

UPON CONSIDERATION OF *Plaintiffs' Motion to Compel* and any opposition, Plaintiffs' motion is hereby

**GRANTED**.  And it is

**FURTHER ORDERED** that the RMS shall not limit its responses to discovery to documents or information only from July 19, 2018 or after July 19, 2021.  And it is

**FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 37(a)(5) Defendants shall pay attorneys' fees for the filing of the motion.  Plaintiffs may submit a request for attorneys' fees within fourteen days of the filing of this Order.

_____
Judge

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CASA de Maryland, Inc.,** *et al.* | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 8:21-cv-01778-DKC** |
| **Arbor Realty Trust, Inc.,** *et al.* | |
| **Defendants.** | |

## DEFENDANT REALITY MANAGEMENT SERVICES, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To: Plaintiffs Anita Ramirez, et al.

From: Realty Management Services, Inc. (RMS)

## GENERAL RESPONSES AND OBJECTIONS

1.      Defendant objects to the Request for Production of Documents to the extent that the requests seek information which is not relevant to the claims or defenses in this litigation.

2.      Defendant objects to the Request for Production of Documents to the extent that the requests are unreasonably vague, overly broad, oppressive, repetitious, unduly burdensome, and purport to require the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

3.      Defendant objects to the Request for Production of Documents to the extent that the requests purport to require the disclosure of documents prepared in anticipation of litigation, or information or documents subject to a claim of privilege, such as attorney-client privilege, or protected from discovery under the work-product doctrine.  Defendant does not intend to waive any such protections or privileges by the production of documents or the supplying of information in response thereto.  Inadvertent production or exposure of such document shall not constitute a waiver of such privilege or of any ground of objection to the admissibility of such documents or of any information contained therein.  Unless expressly noted to the contrary, the following responses do not include references to any document subject to such privileges.

4.      Defendant objects to the Request for Production of Documents to the extent that the requests purport to require Defendant to produce documents at a place other than where they are maintained in the ordinary course of business or at a place mutually agreed upon by the parties.

5.      Defendant objects to the Request for Production of Documents to the extent that the requests seek documents or information outside of Defendant's knowledge, possession, custody, or control.

6.      Defendant objects to the Request for Production of Documents to the extent that the requests seek documents or information which are a matter of public record, are equally available to Plaintiff or are already in Plaintiff's possession.

7.      Defendant objects to the Request for Production of Documents to the extent that the requests fail to set forth or describe with particularity the information and/or documents requested to be identified.

8.      Defendant objects to the Request for Production of Documents to the extent that the requests seek information which can be derived from business records, and as to such requests, Defendant will produce documents from which the responses to such Request for Production of Documents may be derived or ascertained.

9.      These objections are hereby incorporated into each specific objection and response.  Citation to a particular general response and any specific objection below is not a waiver of any of the general objections not cited therein.

10.     Defendant reserves the right to modify and supplement its responses and objections and a response to any of the requests is not a waiver of that right.

11.     Defendant will respond to all requests to the extent required by the Rules.

## REQUESTS FOR DOCUMENTS

**REQUEST NO. 1:** All documents identified in your answers to interrogatories propounded in this action.

**RESPONSE: Defendant objects to this request to the extent it is overbroad and seeks information that is protected by the work product doctrine, the common interest and joint defense doctrines, and the attorney-client privilege. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession.**

**REQUEST NO. 2**:  All documents in support of your answer to the complaint filed in this action.

**RESPONSE: Defendant objects to this request to the extent it is overbroad and seeks information that is protected by the work product doctrine, the common interest and joint defense doctrines, and the attorney-client privilege. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession.**

**REQUEST NO. 3**:  Any and all written statements or transcripts of recorded statements made by any of the parties or their agents pertaining to the subject matter of this action or, if a non-

party, identify the non-party and describe the statement and who has possession, custody, and control of it.

**RESPONSE: Defendant objects to this request to the extent it is overbroad and seeks information that is protected by the work product doctrine, the attorney-client privilege, and materials prepared in anticipation of litigation. Subject to and without waiving the objections, Defendant states that, at this time, it has no responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.  Defendant reserves the right to supplement its response to this request.**

**REQUEST NO. 4**:  All documents concerning any release, settlement, or other agreement, formal or informal, pursuant to which liability of any person or entity for any damage arising out of the subject matter of this action has been limited, reduced, or released in any manner.

**RESPONSE: Defendant objects to this request to the extent it is overbroad and seeks information that is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving the objections, at this time, Defendant is not aware of any documents which are responsive to this request. Defendant reserves the right to supplement its response to this request.**

**REQUEST NO. 5**:  Any and all documents relating to any communications between or among the parties concerning the subject matter of this action.

**RESPONSE Defendant objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is protected by the work product doctrine, the common interest and joint defense doctrines, and the attorney-client privilege. Subject to and without waiting the objection, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 6**:  All documents relating to any investigations of the subject matter of this action including, but not limited to, insurance investigations and reports, and recorded statements.

**RESPONSE: Defendant objects to this request to the extent it is overbroad and seeks information that is protected by the work product doctrine, the attorney-client privilege, and documents prepared in anticipation of litigation. Subject to and without waiving the objections, at this time Defendant is not aware of any non-privileged materials which are responsive to this request.**

**REQUEST NO. 7**:  Any documents, not privileged, upon which you intend to rely at trial in this case (and if you assert a privilege, please state which privilege and identify the communication with enough specificity to enable a motion to compel, if necessary).

**RESPONSE: Defendant objects to this request to the extent it is overly broad and unduly burdensome.  Defendant also objects to this request on the grounds that it is premature. Defendant has not completed discovery and has not completed trial preparation. The production may be supplemented as additional documents are identified as part of Defendant's ongoing investigation and discovery.**

**REQUEST NO. 8**:  All e-mails or other electronic communications not privileged (and if you assert a privilege, please state which privilege and identify the communication with enough specificity to enable a motion to compel, if necessary) relating to the subject matter of this action.

**RESPONSE: Defendant objects to this request to the extent it is overly broad and unduly burdensome.  Subject to and without waiving this objection, Defendant will respond to this request by way of a privilege log to be served contemporaneously with its document production.**

**REQUEST NO. 9**:  All documents evidencing communications between you and anyone including, but not limited to, the plaintiff, with the exception of communications between you and your attorneys, concerning the subject matter of this action.

**RESPONSE: Defendant objects to this request to the extent it is overbroad, unduly burdensome, and seeks information that is protected by the work product doctrine, the common interest and joint defense doctrines, attorney-client privilege, and materials prepared in anticipation of litigation. Subject to and without waiving this objection, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 10**: All diaries, calendars, logs, journals, datebooks, and related documents prepared or maintained by you relating to the subject matter of this action.

**RESPONSE: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information protected by the work product doctrine, the attorney-client privilege, and materials prepared in anticipation of litigation. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 11**:   All documents relating to any admission or declaration against interest that you claim the plaintiff made regarding the subject matter of this action.

**RESPONSE: Defendant objects to this request to the extent that it seeks materials which are protected by the work product doctrine, the common interest and joint**

**defense doctrines, the attorney-client privilege, or which were prepared in anticipation of litigation. Without waiving and subject to the foregoing objections, Defendant states that at this time, it is not aware of any documents which are responsive to this request. Defendant reserves the right to supplement its response if responsive documents are identified during discovery.**

<u>**REQUEST NO. 12**</u>:   All documents relating to any statements of persons you believe may have knowledge of the subject matter of this action.

<u>**RESPONSE:**</u> **Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and to the extent that it seeks information protected by the work product doctrine, the common interest and joint defense doctrines, attorney-client privilege, and materials prepared in anticipation of litigation. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

<u>**REQUEST NO. 13**</u>: All documents relating to any claim that the plaintiff was contributorily negligent or assumed the risk of his/her injuries or damages.

<u>**RESPONSE:**</u> **Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks information protected by the work product doctrine, the common interest and joint defense doctrines, and the attorney-client privilege. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

<u>**REQUEST NO. 14**</u>: All reports, memoranda, correspondence, working papers, billing records and invoices, or other writings of all experts with whom you have consulted in connection with any aspect of this action.

<u>**RESPONSE:**</u> **Defendant objects to this request as vague, overly broad, and not likely to lead to the discovery of relevant information. Defendant further objects on the grounds that this request is premature, as Defendant has not yet determined evidence to be submitted for use at trial, nor has Defendant identified experts to be called at trial. Defendant also objects to this request to the extent that it exceeds the scope of discovery permitted by Fed. R. Civ. Proc. 26(b). Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and any applicable case management order.**

<u>**REQUEST NO. 15**</u>: All documents relating to any maintenance or inspection of any industrial hygienic condition.

**RESPONSE:** **Defendant objects to this request as vague as to time and scope, and insofar as the term "industrial hygienic condition" is undefined and its meaning unclear. Defendant further objects to this request overly broad, and not likely to lead to the discovery of relevant information. Defendant further objects to this request to the extent that that it seeks information protected by the work product doctrine and attorney-client privilege. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 16**:   All photographs or other depictions of the conditions of or work done at BVS regarding any inspection or remediation of any hygienic condition.

**RESPONSE:** **Defendant objects to this request as vague, overly broad, and not likely to lead to the discovery of relevant information.  Defendant further objects to the extent that that this request seeks information protected by the work product doctrine and the attorney-client privilege, as well as materials prepared in anticipation of litigation. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 17**:   All documents sent to or received from any government entity, including but not limited to the Maryland Department of Health and Mental Hygiene, the Maryland Department of Housing and Community Development or the Prince George's Housing Authority related to BVS.

**RESPONSE:**
**Defendant objects to this request as vague as to time and scope, overly broad, and not likely to lead to the discovery of relevant information.  Defendant further objects on the grounds that this request seeks information protected by the work product doctrine and attorney-client privilege. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 18**:   All insurance policies, including declaration page(s) under which a person carrying on an insurance business might be liable to satisfy all or part of a judgment that might be rendered in this action or reimburse you for payment to satisfy such judgment.

**RESPONSE:**

**Defendant objects to this request as vague, overly broad.  By way of further response, and without waiving said objections, Defendant does not have any first-hand knowledge of any question or challenge raised by any person relating to insurance coverage for this action. Defendant reserves the right to supplement this response.**

<u>**REQUEST NO. 19**</u>:   All documents relating to any other complaints, notices, claims and/or lawsuits against the defendant regarding compliance of non-compliance with any building code, municipal rule or regulation, or Maryland or Prince George's County code or ordinance or regulation.

**<u>RESPONSE:</u> Defendant objects to this request as vague, overly broad, and not likely to lead to the discovery of relevant information. Defendant further objects to this request to the extent that it seeks materials which are subject to the work product doctrine, the common interest and joint defense doctrines, the attorney client privilege, and materials prepared in anticipation of litigation. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

<u>**REQUEST NO. 20**</u>:   All violations, inspection reports, orders, other notices, notifications, announcements, or warnings received by the defendant or any agent, servant and/or employee of the defendant, from any municipality, city, county, or agency thereof, or other governmental bodies, concerning industrial hygiene requirements at BVS.

**<u>RESPONSE:</u> Defendant objects to this request as vague, overly broad, and not likely to lead to the discovery of relevant information. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

<u>**REQUEST NO. 21**</u>: All documents regarding any other person's or entity's liability, if you so allege, for some or all of any plaintiffs' injuries or damages alleged in this action.

**<u>RESPONSE:</u> Defendant objects to this request as vague, overly broad, and not likely to lead to the discovery of relevant information.  Defendant further objects on the grounds that this request seeks information protected by the work product doctrine, the common interest and joint defense doctrines, the attorney-client privilege, and materials prepared in anticipation of litigation. Subject to and without waiving the objections, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

**REQUEST NO. 22**:  All documents which support your contention, if you so contend, that the plaintiff failed to mitigate his/her damages in this action.

**RESPONSE: Defendant objects to this request as vague, overly broad, and not likely to lead to the discovery of relevant information.  Defendant further objects on the grounds that this request seeks information protected by the work product doctrine and attorney-client privilege. Subject to and without waiving the objection, Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)) relating to the remaining claims in this matter.**

Respectfully submitted,

_/s/ Megan T. Mantzavinos_____
Megan T. Mantzavinos (Bar No: 16416)
600 Baltimore Avenue, Suite 305

Towson, Maryland 21204
Mmantzavinos@moodklaw.com
(410) 339-6880
Fax (410) 339-6881
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2022, I served a copy of the foregoing upon all parties via email service.

  */s/ Megan T. Mantzavinos*
Megan T. Mantzavinos

4869-5545-1714, v. 1