## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CASA de Maryland, Inc.,** *et al.*<br>**Plaintiffs,**<br> **v.** <br>**Arbor Realty Trust, Inc.,** *et al*.<br>**Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant, Realty Management Services ("RMS"), by and through its undersigned counsel, hereby opposes Plaintiff's Motion to Compel served on January 19, 2023, and in support thereof states:

### BACKGROUND

Plaintiffs are attempting without legal support to gather all documents and communications in RMS' possession regarding RMS' management of the Bedford Station and Victoria Station properties (collective the "BVS properties) without any temporal limitations. Because such an unlimited request far exceeds the bounds of relevant discovery and is disproportionate to the needs of the case, Plaintiffs' Motion should be denied.  Further, as explained below, the returns diminish the more Plaintiffs attempt to stretch the scope of discovery beyond the relevant time period of the activities at issue, which took place from July 19, 2018 through the sale of the properties on May 23, 2022. Due to the excessive burden placed on RMS to respond to discovery requests that are unlimited in time, Plaintiffs' motion should be rejected.

RMS responded to Plaintiffs' request for production of documents on December 7, 2022. *Pls.' Mot. to Compel* 18. In those requests, Plaintiff requested "all documents" that may be relevant to this action several times without any temporal limitation. *Id.* 11-17. RMS objected and agreed

to produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations (from July 19, 2018[1] through the date when this lawsuit was filed (July 19, 2021)). *Id.*

On December 20, 2022, Plaintiffs emailed a letter to RMS challenging RMS' objection to only produce documents covered by the applicable statute of limitations. *Exhibit* 1. On January 6, 2023, RMS responded to Plaintiffs' challenges and offered a meet and confer. *Exhibit* 2.  Counsel for RMS spoke with Plaintiffs on January 9, 2023 to discuss the discovery issues.  Afterwards, Plaintiffs emailed RMS counsel confirming their request for documents back to the time RMS was engaged to manage the properties.  *Exhibit 3*.  On January 12, 2023, in an effort to compromise and to avoid motion practice, RMS sent a letter to Plaintiffs' counsel agreeing to produce all responsive, non-privileged documents in its possession, custody, and control for the time period of January 1, 2016, the date RMS began managing the properties through the date when this lawsuit was filed. *Exhibit* 4. RMS also agreed to produce any management or property agreement related to the retention of RMS to manage the BVS properties that may somewhat predate the January 1, 2016 date (*e.g.*, December 1, 2015). *Id.*  This compromise would provide Plaintiffs with more than an additional two and a half years of responsive documents beyond the time period covering the conduct at issue.

On January 17, 2023, Plaintiffs responded to RMS' letter via email and stated the letter did not capture the conservation as Plaintiffs recalled it, though RMS' January 9, 2023 correspondence stated differently.  *Exhibit* 5 see also *Exhibit 4*.  Plaintiffs asked RMS to produce all documents back to the time that RMS was engaged to begin managing the property. *Id.* Plaintiffs indicated

---

[1] The Court has explicitly held that Plaintiffs' claims are limited to harms suffered within three years prior to the date of filing suit.  *See* ECF No. 76 at 55-56.

that they would file this motion to compel if RMS did not agree to produce all documents and communications in its possession regarding BVS properties. *Id.*

On January 18, 2023, RMS sent a letter to Plaintiffs offering a second meet and confer. *Exhibit* 6. RMS offered to substantively discuss the basis underlying Plaintiffs' concerns with limiting discovery to the limitations period. *Id.* RMS reiterated its willingness to produce all responsive, non-privileged documents in its possession for the time period of January 1, 2016 to the date this lawsuit was filed.

In response, Plaintiffs served this motion to compel. On January 27, 2023, after further discussions with Plaintiff, and in effort to resolve these issues, RMS agreed to produce all responsive, non-privileged documents in its possession, custody, and control for the time period from January 1, 2016 through June 30, 2022, nearly a month after RMS stopped managing the properties and after the properties were sold to an unrelated third party. *Exhibit* 7. RMS was willing to agree to provide six and a half years of documents when the statute of limitations is only three years long. Plaintiffs, however, refused to compromise and restated that they are not willing to negotiate any temporal limitations on the scope of discovery. *Exhibit 8.*

## PLAINTIFFS' LOCAL RULE 104.7 CERTIFICATION

Defendant RMS objects to Plaintiffs' Certification of Compliance with Local Rule 104.7 Local Rule 104.7 requires that "Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them". Defendant RMS questions the sincerity of Plaintiffs to resolve the discovery issues with RMS. D. Md. R. 104(7).

As reflected in the multiple calls and correspondences referenced in this Response, both parties have spoken many times. However, it is only RMS that has been willing to make any concessions. Defendant RMS, in response to requests by the Plaintiffs, agreed to produce

documents from the start of the RMS' management of the properties, January 1, 2016, including any related management agreements or property agreements that somewhat predate the January 1, 2016 date, as early as December 1, 2015.  When that offer did not satisfy Plaintiffs, Defendant RMS further agreed to produce all responsive, non-privileged documents in its possession, custody, and control beyond the May 23, 2022 sale of the properties, through June 30, 2022—agreeing to produce six-and-a-half years' worth of documents in a case in which the statute of limitations is only three years long. However, each time RMS offered to compromise to resolve this dispute, Plaintiffs retracted their position and stated that they are not willing to discuss any temporal limitations.

Despite all of these concessions by RMS, Plaintiffs have made none, not withdrawn their motion to compel, and have reverted back to their earlier demands for production of documents with no temporal limitation.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

## ARGUMENT

**Plaintiffs' have not shown that the "likely benefit" of production of documents prior to January 1, 2016 and after June 30, 2022 is relevant, proportional to the needs of the case and would outweigh the burden and expense of production.**

**Proportionality**

Plaintiffs demand in the Motion that they are entitled to unlimited discovery without any temporal limitation. However, this plainly violates the bounds of discovery contemplated by the Federal Rules of Civil Procedure and the Local Rules. Plaintiffs' demand for the production of documents is not proportional to the needs of the case because it contains no temporal limitation whatsoever and imposes an undue burden on RMS. All permissible discovery must be measured against the yardstick of proportionality. *Lynn v. Monarch Recovery Mgmt.*, 285 F.R.D. 350, 355 (D. Md. 2012). Under that rule, the court, acting *sua sponte* or at a party's request, must limit the frequency or extent of discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *Id.*; *see also Merrifield v. Gussman*, 296 F. Supp. 3d 362, 364-65 (D. Mass 2017) (limiting discovery to the six months preceding and the twelve months following the central allegations for the claims because the burden of extending discovery beyond this period was "not proportional to the needs of the case or necessary for the plaintiff to establish his liability and damages claims").

For example, in *Ricotta*, the court held that plaintiff's request for every report the defendant's expert had ever prepared for them in order to show that the inspector who inspected plaintiff's home was biased was not proportional to the needs of the case because the burden or expense of the discovery outweighed its likely benefit. *Ricotta v. Allstate Ins. Co.*, 211 F.R.D. 622,

624 (S.D. Cal. 2002); *see Also Sallis v. Univ. of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005) (plaintiff's discovery requests were not proportionate to the needs of the case when he sought information on every allegation of discrimination against the defendant by all complainants in all departments and plaintiff spent the last 10 years working in only one department); *Lectrolarm Custom Sys. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (corporation's request for all documents related to communications between the defendant and the liability insurance carrier was not proportionate to the needs of the case).

Courts within this District routinely limit the scope of discovery to craft a reasonable and proportionate time period in which relevant documents would exist. *See, e.g., Bost v. Wexford Health Sources Inc.*, No. CV ELH-15-3278, 2020 WL 1890506 at *15 (D. Md. Apr. 15, 2020) (limiting discovery to a four-year period surrounding the underlying incident as a "sufficient[ly]" long time period to uncover relevant discovery) ; *Walsh v. Peters*, 2021 WL 8316262 (D. Md. 2021) (limiting scope of discovery to the "relevant time period" based on the time when the activities underpinning the claim were purported to have occurred). In *Walsh*, the court limited the scope of discovery to the "relevant time period," and refused to compel Defendant to produce documentation from after the time period when the alleged violations plaintiffs complained of had ended, even though the plaintiff relied on the continuing violation theory. *Id.* The court noted that in "determining the relevant time period, the Court is guided by Fed. R. Civ. P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules" and must consider the proportionality and burden involved. Since the burden of providing discovery outside of the "relevant" time period would outweigh its potential benefit, the court reasoned that the discovery time period would be limited accordingly. *Id.*

Like in *Walsh*, the "relevant" time period here is clearly July 19, 2018 to May 23, 2022, since that is when all of the relevant activities underlying the claims are alleged to have occurred, and the Court cabined Plaintiffs' potential recovery to  harms suffered within the three-year limitations period.  *See supra* n.1.  However, in attempting to resolve this discovery dispute in good faith, RMS has agreed to produce documents from a time period of December 1, 2015 through June 30, 2022, before and after RMS managed these properties—providing over *six-and-a-half years* of documents.  Because RMS has already agreed to provide an additional three-and-a-half years beyond the relevant time period, the additional burden involved in extending this period any further weighs disproportionately on RMS. Any requirement that RMS produce materials outside of that time period would be extremely disproportionate to the needs of the case and excessively burdensome for the Defendant RMS.

**<u>Relevance</u>**

Moreover, Plaintiffs' demand for the production of documents from the periods preceding and succeeding Ross's management of the properties is not permissible because the documents Plaintiffs seek are not relevant to this lawsuit. Discovery regarding matters not directly relevant to the lawsuit is impermissible. *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). Neither a litigant's hunch, nor the mere potential that some undisclosed relevant evidence exists, is sufficient to put a discovery request within the realm of appropriate proportionality per Fed. R. Civ. P. 26(b)(1). *Covil Corp. v. United States Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 601 (N.C.D.C. 2021) (in asbestos suit, Covil asserted counterclaims and cross claims against its insurance carrier for bad faith in connection with the asbestos suit. Covil entered into settlement agreements with all but one of the carriers. The court held the settlement agreements were irrelevant to the claims pending against the remaining carrier); *see also D'Onoforio v. SFX*

*Sports Grp., Inc.*, 256 F.R.D. 277, 281 (D.D.C. 2009) (denying plaintiff's request for validation sample of privileged documents from more than six months after her termination because "it is exceedingly unlikely that documents created more than six months after [plaintiff] was fired are relevant and a limitation of six months after her termination is generous"). A party may not use discovery as a fishing expedition. *Covil Corp.,* 544 F. Supp. 3d at 601*; Howard v. Coll. of the Albemarle*, 2016 U.S. Dist. LEXIS 109242, 12 (E.D.N.C. 2016) (Plaintiff's request for all correspondence between his coworkers in an employment discrimination case was overbroad because it required Defendants to produce documents regardless of whether they were related to the subject matter of Plaintiff's claims).

It is clear that Plaintiffs' request for all documents and communications regarding RMS' management of the BVS properties without any regard to the time period is an unlimited fishing expedition. RMS has agreed to produce documents and communications regarding RMS' management of the BVS properties from a month prior to the date when RMS was first retained to, a month after RMS was no longer managing the properties, June 30, 2022. Plaintiffs' unsupported argument from the Motion that an unlimited temporal scope might establish the elements of their remaining claims is insufficient to pull it into the realm of appropriate proportionality or relevance, per Fed. R. Civ. P. 26(b)(1). *See Bost,* 2020 WL 1890506, at *15 (finding it appropriate to limit the scope of discovery to four-year time period to establish a pattern of conduct and basing this period on when the defendant took over relevant role as provider of emergent medical care).  Plaintiffs' contention that they are entitled to unlimited discovery violates well-established proportionality and relevance standards and seeks to turn the scope of discovery on its head.

Here, the burden and expense of Plaintiffs' request for all documents and communications regarding RMS' management of the BVS properties outweighs any potential relevance or benefit Plaintiffs claim it may have.  Plaintiffs seek *every* document and communication RMS may have in its possession regarding BVS properties without temporal limits. This clearly goes beyond the scope of discovery laid out in Rule 26(b)(1).  Further, extending the scope of discovery beyond the three years comprising the "relevant time period" and even beyond the six-and-a-half year period proposed by RMS as a compromise will have diminishing returns in terms of uncovering relevant discovery.  The farther out in time from the dates that RMS managed the properties, it is less likely that relevant documents exist since RMS was uninvolved with the properties at these times. Therefore, Plaintiffs' attempts to stretch the scope of discovery beyond its ordinary bounds will result in increased burden, but without any corresponding additional benefits.

The only case Plaintiffs cite to in their Motion is a personal injury case with a 5 year time limitation on producing documents as needed to establish the elements of the claims of personal injury. See *David v. Alphin,* 3:07-cv-11 (W.D.N.C. Mar. 30, 2010)). The claims in this case are for breach of contract and breach of the warranty of habitability for failure to remediate the allegedly defective conditions of the BVS properties between July 19, 2018 and the sale of the properties on May 23, 2022. (ECF Document 43). A time period from December 1, 2015 to June 30, 2022, over six-and-a-half years, will be more than sufficient to establish the elements of Plaintiffs' remaining claims.  *See Bost,* 2020 WL 1890506, at *15 (finding four-year time period "sufficient" for discovery since it covered time period when alleged activities took place); *Merrifield*, 296 F. Supp. 3d at 364-65 (limiting discovery to twenty month period on the basis of proportionality to cover the time period shortly before and after the relevant conduct took place).

RMS has offered numerous times to extend the relevant time period to December 1, 2015 to June 30, 2022 but each time, Plaintiffs have rejected these offers. Instead, Plaintiffs insist on discovering documents in RMS' possession related to BVS *without limitations on time*. *Pls.' Mot. to Compel* 5.  Plaintiffs' attempts to circumvent the ordinary bounds of discovery and impose unlimited discovery must be rejected as contrary to Rule 26.

<u>**CONCLUSION**</u>

RMS has agreed to produce documents and communications regarding RMS' management of the BVS properties for the entire time when RMS managed the properties and beyond.  However, Plaintiffs continue to insist on an unlimited scope of discovery without any outer boundaries on the time period.  This plainly violates Rule 26, the Local Rules, and the case law interpreting the scope of discovery.  The relevant conduct at issue in this action took place from July 19, 2018 through May 23, 2022.  Therefore, RMS' proposal to limit the scope of discovery to a six-and-a-half year period—covering one month preceding and succeeding RMS' engagement as the property manager of the properties and far exceeding the three-year limitations period—is more than reasonable and is proportionate to the needs of the case.

As RMS demonstrated, expanding the scope of discovery beyond the six-and-a-half-year period proposed by RMS will have diminishing returns, since it is highly unlikely that relevant documents would exist outside of the December 1, 2015 - June 30, 2022 time period.  Further, while the returns would decrease as the time period is expanded, conversely, RMS' burden would only increase in kind.  Therefore, it would be massively disproportionate to the needs of the case to expand the time period for discovery to an unlimited duration. It is for these reasons that the Court should deny Plaintiffs' request for all documents and communications regarding RMS' management of the BVS properties without any temporal limitations.

WHEREFORE, Defendant Realty Management Services, Inc. hereby moves this Court to deny Plaintiffs' Motion to Compel.

Respectfully submitted,

 /s/ Kieran E. Fox
Kieran E. Fox (Bar Number: 23993)
kfox@moodklaw.com
Megan T. Mantzavinos
mmantzavinos@moodklaw.com
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204
410-339-6880
*Attorneys for Defendant Realty Management Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of February 2023, a copy of RMS' Opposition to Plaintiffs' Motion to Compel was served electronically upon on all counsel of record.

 _/s/ Kieran E. Fox_____
Kieran E. Fox
*Attorneys for Defendant Realty Management*
*Services, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CASA de Maryland, Inc.,** *et al.* <br> **Plaintiffs,** <br><br> v. <br><br> **Arbor Realty Trust, Inc.,** *et al.* <br> **Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

UPON CONSIDERATION OF Plaintiffs' Motion to Compel and Defendant RMS' Opposition to Plaintiff's Motion to Compel, it is this _____ day of _____, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Compel is DENIED;

2. RMS shall limit its responses to discovery of documents or information from December 1, 2015 through June 30, 2022; and

3. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) Plaintiffs shall pay Defendant RMS' attorneys' fees incurred in opposing this motion. Defendant may submit a request for attorneys' fees within fourteen days of the filing of this Order.

_____
**Judge**

{M0423370.1}

# EXHIBIT 1

Patrick M. Donahue  (DC & MD)
Stephanie Donahue (MD, PA)
P. Joseph Donahue (DC & MD)

Of Counsel
Maureen Costigan (DC, MD & NJ)

# THE DONAHUE LAW FIRM
### Attorneys at Law

pjd@thedonahuelawfirm.com

December 20, 2022

Megan T. Mantzavinos
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204
Mmantzavinos@moodklaw.com
(410) 339-6880
Fax (410) 339-6881

     RE:    Objections to Discovery Regarding Statute of Limitations

Dear Megan:

Variously throughout the responses to discovery provided to undersigned on December 7, 2022, your client made some form of the following representation:

> Defendant will produce all responsive, non-privileged documents in its possession for the time period covered by the applicable statute of limitations **(i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021))** relating to the remaining claims in this matter.

The representation that Defendants to this action can limit discovery for the ongoing violations alleged throughout the complaint to only three years is a misreading of the relevant law, as Ross is alleged to have had an ongoing policy to delay maintenance of the homes of the Plaintiffs for the entire period of their management of the BVS Properties, which started before the three-year limitations period and extended until recently.

Plainly, documents that were generated outside the statute of limitation may certainly be relevant to claims that accrued within the statute of limitations period.  This further applies to your representation and apparent belief that you are not obligated to produce documents that fall into the request, but that are dated <u>after</u> **"the date when this lawsuit was filed (i.e. July 19, 2021)."** Such a withholding is clearly not a proper objection.  Ross cannot limit its discovery to a strict three (3) year window.  Documents generated outside this three-year window obviously can be relevant to issues of notice, causation, and damages.

18 West Street
Annapolis, Maryland 21401
(410) 280-2023
(301) 261-1199
Fax (410) 280-0905

thedonahuelawfirm.com

December 20, 2022
Page 2

The Donahue Law Firm, LLC<br>Attorneys at Law

Further, the "continuing harm" or " continuing violation" doctrine tolls the statute of limitations. *Litz v. Maryland Dept. of Env't*, 76 A.3d 1076, 1089 (Md. 2013). This allows the consideration of facts that are outside the strict statute of limitations period before the filing of the lawsuit because the continuing wrongful act within the period is an extension of the wrong outside the period. But if only the continuing ill effects of prior tortious acts - rather than new or continuing tortious acts - occur within the limitations period, then the case presents not a continuing violation but rather a "continuing effect" or "continuing injury," which does not toll the statute of limitations. *MacBride v. Pishvaian*, 937 A.2d 233, 240 (Md. 2007) abrogated in part by *Litz*, 76 A.3d at 1076.

It is the former circumstance that we have here, where "violations that are continuing in nature are not barred by the statute of limitations merely because one or more of them occurred earlier in time." *Litz*, 434 Md. At 646 (quoting MacBride at 584). Of course, recovery would be limited to damages incurred within the statute of limitations, but that is not the present issue, nor is that in dispute.

Please confirm that is not your position and that you are in fact producing documents consistent with the cases cited herein or provide a date for a meet and confer to avoid a motion to compel.

If you do not agree with this reading of the law, then kindly advise of dates you are available for a meet and confer.

Sincerely,

P. Joseph Donahue

CC: Counsel of Record

18 West Street
Annapolis, Maryland 21401
(410) 280-2023
(301) 261-1199
Fax (410) 280-0905

thedonahelawfirm.com

# EXHIBIT 2

# MARKS, O'NEILL, O'BRIEN, &
## DOHERTY & KELLY, P.C.

www.moodklaw.com

MARYLAND OFFICE
*Suite 305*
*600 Baltimore Avenue*
*Towson, MD 21204*
*(410) 339-6880 Fax: (410) 339-6881*

*Megan T. Mantzavinos*
Member DE & MD Bars
mmantzavinos@moodklaw.com

January 6, 2023

**VIA EMAIL**
P. Joseph Donahue
pjd@.com

> **RE:   CASA de Maryland, Inc.; Anita Ramirez and Ramiro Lopez; Ervin Obdulio
> Rodas; Jesus Gonzalez and Maria Arely Bonilla; Maria Lara and Norma
> Guadalupe Beltran v. Realty Management Services, Inc.**
> **Our File No.: 1942-110365**

Dear Mr. Donahue:

Thank you for your December 20, 2022 letter concerning our objections/responses to discovery served upon our client. Specifically, you take issue with the statements throughout RMS's Responses to Requests for Documents limiting RMS' production of documents to the 3 year statute of limitations as being in conflict with the relevant law. We disagree.

As you indicated in your correspondence, the "continuing harm" or "continuing violation" theory tolls the statute of limitations where there are ongoing violations of a potential plaintiff's rights. *MacBride v. Pishvaian*, 402 Md. 572, 575 (2007). However, based on the allegations of the Amended Complaint, the continuing violation theory does not apply to this case. Maryland law is clear that the statute of limitations is tolled only for "continuing unlawful acts" and not "merely the continuing effects of a single earlier act." *Id.* Therefore, the doctrine is applicable to toll the limitation period for situations where a "series of acts or course of conduct" is continuous over a time period, but it is not tolled when "merely the continuing ill effects from the original alleged violation" are felt over a continuous period of time. *Litz v. Md. Dep't of the Env't*, 434 Md. 623, 645 (2013). For example, in *MacBride*, the statute of limitations was not tolled when plaintiff brought an action for damages stemming from the poor living conditions of the apartment she rented from defendant and the allegedly inadequate response to ameliorating those conditions even though her claims involve an "ongoing harm." *MacBride* at 585. The court correctly determined that plaintiff's complaints of harm were merely the continuing ill effects from a single original act, rather than a series of continual acts or a course of conduct. *Id.*

It is clear from the Amended Complaint that this action arises out of the continuing effects of a single earlier act rather than ongoing violations of the plaintiffs' rights. Like in *MacBride*, plaintiffs' action arises from the allegedly poor living conditions of the BVS properties and the allegedly inadequate response to ameliorating those conditions. Specifically, every plaintiff

| Philadelphia | Pittsburgh | Cherry Hill | New York | Westchester County | Wilmington |
|---|---|---|---|---|---|
| Pennsylvania | Pennsylvania | New Jersey | New York | New York | Delaware |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
January 6, 2023
Page 2

alleges they made numerous requests to fix the defects in their apartments, but management failed to remediate the defects. *Compl.* ¶22-26.

Furthermore, even if Plaintiffs could establish that the continuing violation doctrine applied, discovery dating back prior to the beginning of the limitation period would still not be relevant and therefore, disproportionate to the needs of the case. As Judge Chasanow has held, application of the continuing violation doctrine merely allows the claims to proceed, but mandates that "damages for such causes of action are limited to those occurring within the three year period prior to the filing of the action." *Litz,* 434 Md. at 646; *see also* ECF No. 76 at 55-56 (holding that "only claims for damages occurring within the three-year limitations period will be considered"). Therefore, the onlydiscovery that is relevant to the claims still pending before this Court relate to specific harms felt from July 19, 2018 onwards. It is irrelevant whether Defendants had notice of any conditions that existed prior to July 19, 2018 because Plaintiffs could not recover for those conditions even if they were deemed to give rise to liability.

This understanding is reflected under the Federal Rules of Civil Procedure, which provide that "[p]arties may obtain discovery regarding anynon -privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1). However, it has not been shown that the "likelybenefit" of the production of documents would outweigh the burden and expense, particularly in light of the fact that any discovery prior to July 19, 2018 would not be relevant.

In *Walsh*, the court limited the scope of discovery to the "relevant time period," and refused to compel Defendant to produce documentation from after the time period when the alleged violations plaintiffs complained of had ended, even though the plaintiff relied on the continuing violation theory. *Walsh v. Peters,* 2021 WL 8316262 (D. Md. 2021). The court noted that in "determining the relevant time period, the Court is guided by Fed. R. Civ. P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules" and must consider the proportionality and burden involved. Since the burden of providing discovery outside of the "relevant" time period would outweigh its potential benefit, the court reasoned that the discovery time period would be limited accordingly. Like in *Walsh*, the "relevant" time period is from July 19, 2018 to July 19, 2021 and therefore, it would be disproportionate and excessively burdensome for the Defendants to produce materials outside of the relevant time period. *Id.*

As a result, the burden and expense of generating documents produced outside of the 3 year statute of limitations outweighs any likely benefit to the speculative information sought. This goes hand in hand with Judge Chasanow's order on Defendants' motion to dismiss explicitly states "only claims for damages occurring within the three-year limitations period will be considered." (ECF Document 76).

If you would like a meet and confer, please let us know.

Verytrul y yours,

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
January 6, 2023
Page 3

> **MARKS, O'NEILL, O'BRIEN,**
> **DOHERTY & KELLY, P.C.**
>
> */s/ Megan T. Mantzavinos*
> Megan T. Mantzavinos, Esquire

MTM/JMS

# EXHIBIT 3

**Fox, Kieran E.**

| | |
|---|---|
| **From:** | Jonathan Nace <jon@nidellaw.com> |
| **Sent:** | Monday, January 9, 2023 3:15 PM |
| **To:** | Fox, Kieran E. |
| **Cc:** | Zach Kelsay |
| **Subject:** | CASA v. Arbor |

\* External Sender \* use caution

Hey Kieran,

Thanks for the call today. I feel like we're more on the same page than I originally thought. One thing to memorialize is that you aren't holding us to any strict deadlines to move to compel. In the meantime, you'll let us know if we can get docs back to the time that RMS was engaged to begin managing the property and then let us know how much time you'll need to produce. We'll wait. It seems we'll be able to figure this all out without court intervention. Thanks,

Jonathan Nace
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
202-780-5153



CONFIDENTIALITY NOTICE

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s). Unless you are a named recipient of this e-mail, you should not read, distribute, or otherwise use this e-mail, and you should immediately notify the sender by e-mail reply or by calling 202-780-5153. Thank you.

# EXHIBIT 4

# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

*Kieran Edward Fox*
Member MD Bar
kfox@moodklaw.com

MARYLAND OFFICE
*Suite 305*
*600 Baltimore Avenue*
*Towson, MD 21204*
*(410) 339-6880 Fax: (410) 339-6881*

January 12, 2023

**VIA EMAIL**
Jonathan Nace
Jon@nidellaw.com

RE:   **CASA de Maryland, Inc.; Anita Ramirez and Ramiro Lopez; Ervin Obdulio Rodas; Jesus Gonzalez and Maria Arely Bonilla; Maria Lara and Norma Guadalupe Beltran v. Realty Management Services, Inc.**
**Our File No.: 1942-110365**

Dear Mr. Nace:

It was good to speak with you on Monday regarding RMS's objections and responses to your discovery requests. Though RMS firmly believes the decision to limit the production of documents to the 3 year statute of limitations is in line with the relevant case law, RMS will agree to the following:

In RMS' Responses and Objections to Plaintiffs' 1ˢᵗ Requests for Documents, specifically the responses to Requests 3, 5, 9, 10, 12, 13, 15, 16, 17, 19, 20, 21 and 22, RMS agrees to produce all responsive, non-privileged documents in its possession, custody, and control for the time period of January 1, 2016 through the date when this lawsuit was filed, i.e. July 19, 2021, subject to anyaddi tional objections in RMS' responses, relating to the claims in this matter.

In RMS' Responses and Objections to Plaintiffs' 2ⁿᵈ Request for Documents, Request 23, RMS agrees to produce all responsive, non-privileged documents in its possession, custody, and control for the time period of July 1, 2018 through the date when this lawsuit was filed, i.e. July 19, 2021, subject to any additional objections in RMS' responses, relating to the claims in this matter.

During our discussions, your expressed concern that RMS would not be producing any management agreements between Bedford United LLC and/or Victoria Untied LLC to retain Realty Management Services, Inc. that may predate January 1, 2016. Therefore, RMS agrees to produce any management or property agreement in its possession related to the retention of Realty Management Services, Inc. by Bedford United LLC and/or Victoria United LLC to manage Victoria Station Apartments and Bedford Station Apartments that maysomewhat predate the January 1, 2016 date.

{M0387029.1}

| Philadelphia | Pittsburgh | Cherry Hill | New York | Westchester County | Wilmington |
| Pennsylvania | Pennsylvania | New Jersey | New York | New York | Delaware |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
January 12, 2023
Page 2

RMS's agreement to produce documents dating back to January 1, 2016 for certain requests is contingent upon Plaintiffs' agreement that this resolves any dispute regarding the time period for production of documents.

Finally, as we discussed, the earlier start date for the documents to be produced will increase the volume of documents to be produced. I have an inquiry into my client as to how much larger the production may be, as well as how much additional time will be needed to collect, process and review these documents. I will update you once I have this information.

Verytrul y yours,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*/s/ Kieran E. Fox*
Kieran E. Fox, Esquire

KEF/KEF

{M0387029.1}

# EXHIBIT 5

**Fox, Kieran E.**

| | |
|---|---|
| **From:** | Jonathan Nace <jon@nidellaw.com> |
| **Sent:** | Tuesday, January 17, 2023 9:54 AM |
| **To:** | Fox, Kieran E. |
| **Cc:** | Joe Donahue; Mantzavinos, Megan T.; Ray McKenzie; Peter Tomlinson; Zach Kelsay; Sarah Meehan; Gizele Rubeiz; Amanda Lawrence; Scott Sakiyama; Muhammad Faridi |
| **Subject:** | Re: CASA de Maryland, Inc. v. Arbor Realty Trust, Inc, et al |

* External Sender * use caution

Kieran,

I'm a bit surprised because this does not capture our conversation as I recall it.  We asked that you produce all documents going back to "generally" the time period RMS was retained.  This is not an exorbitant request in time.  Further, the date of the lawsuit being filed is not the end of the discovery production. That was never discussed as an end date.

I'm trying to work this out, but the statute of limitations to the date of filing a lawsuit is not and never has been a basis to limit production of discovery.  If you can't agree by tomorrow to produce all documents and communications your client has in its possession regarding BVS properties, we'll being the motion to compel process.

Jonathan Nace
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
202-780-5153



CONFIDENTIALITY NOTICE

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s).  Unless you are a named recipient of this e-mail, you should not read, distribute, or otherwise use this e-mail, and you should immediately notify the sender by e-mail reply or by calling 202-780-5153.  Thank you.

On Jan 12, 2023, at 4:57 PM, Fox, Kieran E. <KFox@moodklaw.com> wrote:

<LETTER Final Response to Plaintiff Regarding RMS production (M0387029x9F838).pdf>

# EXHIBIT 6

# MARKS, O'NEILL, O'BRIEN, & DOHERTY & KELLY, P.C.

www.moodklaw.com

MARYLAND OFFICE
*Suite 305*
*600 Baltimore Avenue*
*Towson, MD 21204*
*(410) 339-6880 Fax: (410) 339-6881*

*Kieran Edward Fox*
Member MD Bar
kfox@moodklaw.com

January 18, 2023

**VIA EMAIL**
Jonathan Nace
Jon@nidellaw.com

> RE:   **CASA de Maryland, Inc.; Anita Ramirez and Ramiro Lopez; Ervin Obdulio Rodas; Jesus Gonzalez and Maria Arely Bonilla; Maria Lara and Norma Guadalupe Beltran v. Realty Management Services, Inc.**
> **Our File No.: 1942-110365**

Dear Jonathan:

Two things surprised me when I read your email yesterday in response to my January 12, 2023 correspondence: 1) that you feel the correspondence did not accurately reflect the issues discussed during our Monday, January 9, 2023 telephone call regarding RMS' production of documents, and 2) that you moved so quickly from working together to resolve this issue to threatening to begin the motion to compel process.

I believe the January 12, 2023 correspondence accurately reflects what changes to RMS' discovery responses and objections were discussed on the call. RMS compromised and agreed to amend its' objections and responses and produce documents requested, subject to any additional objections in each response, from January 1, 2016, the date Ross began managing the properties, instead of July 19, 2018. In addition, RMS agreed to produce any management agreements in its' possession that may predate that date. No other objections to our discovery responses and objections were discussed.

Clearly, if you feel there has been a miscommunication regarding our discovery discussions, a second meet and confer would be appropriate. Certainly more appropriate than a Motion to Compel in my opin ion. My recollection as to our discovery discussions are as follows:

- December 7, 2022: RMS serves Responses and Objections to Plaintiffs' 1st and 2nd Requests for Documents and 1st set of Interrogatories.

- December 20, 2022: Plaintiffs object to RMS restricting the production of certain documents to a 3 year statute of limitations period, arguing it is contrary to case law, arguing "continuing harm" doctrine.

{M0393164.1}

| Philadelphia | Pittsburgh | Cherry Hill | New York | Westchester County | Wilmington |
|---|---|---|---|---|---|
| Pennsylvania | Pennsylvania | New Jersey | New York | New York | Delaware |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
January 18, 2023
Page 2

- January 6, 2023: RMS replies to Plaintiffs' objection and interpretation of relevant case law concerning the "continuing harm" doctrine and provides a substantive response against the application of the doctrine and explaining that discovery outside of the limitations period would be disproportionate to the needs of the case. RMS offers a meet and confer.

- January 6, 2023: Plaintiffs' counsel reached out to set a date for a meet and confer.

- January 9, 2023: Meet and confer between Plaintiffs' counsel and counsel for RMS

- January 9, 2023: Follow up email from Plaintiffs' counsel regarding the meet and confer

- January 12, 2023: Follow up letter from RMS counsel to Plaintiffs' counsel regarding the agreed upon changes in its discovery responses and requests.

- January 17, 2023: Email from Plaintiffs' counsel objecting to the changes agreed upon by RMS and reflected in the January 12, 2023 correspondence.

These correspondences and discussions indicate RMS' continued efforts to resolve this discovery dispute without involving the Court. RMS has been willing to and has offered reasonable compromises to achieve Plaintiffs' goals in a manner that is proportionate to the needs of the case, but Plaintiffs have refused to do the same. In fact, RMS agreed to Plaintiffs' request reflected in your January 9, 2023 email, that RMS produce documents dating back to the beginning of Ross managing the BVS properties, January 1, 2016. RMS was also willing to substantively discuss the basis underlying Plaintiffs' concerns with limiting discovery to the limitations period, but Plaintiffs refused to discuss the issue further or engage in substantive conversations regarding the application of that doctrine and the proportionality of such sought discovery.

Because Plaintiffs have refused to engage in substantive discussion on the application of the continuing harm doctrine and whether such discovery would be disproportionate to the needs of the case and refuse to discuss reasonable compromises (despite RMS' willingness to compromise), we do not see a basis for your motion to compel. I do not agree that this dispute satisfies the certification requirements of Federal Rule of Civil Procedure 37(a) and Local Rule 104 for a Motion to Compel at this time.

If you would like to schedule a second meet and confer to further discuss these issues, please let me know your availability for the rest of the week.

Verytrul y yours,

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**

*/s/ Kieran E. Fox*
Kieran E. Fox, Esquire

KEF/KEF
{M0393164.1}

# EXHIBIT 7

**Fox, Kieran E.**

| | |
|---|---|
| **From:** | Fox, Kieran E. |
| **Sent:** | Friday, January 27, 2023 5:03 PM |
| **To:** | 'Jonathan Nace' |
| **Cc:** | Mantzavinos, Megan T. |
| **Subject:** | Discovery dates |

Good afternoon Jon:

As we discussed yesterday, we are willing to produce documents through the sale of the properties, but I did not have the specific date.  The sale was on May 23, 2022, but will agree to produce the documents, subject to any of the other objections that may be in our responses, from Jan. 1, 2016 (as we discussed) through June 30, 2022, which is a few weeks after the sale.

Let me know after you speak with your people.

Thanks.

Kieran

**Kieran E. Fox**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
Suite 305 600 Baltimore Avenue
Towson, MD 21204
667-206-5312 Direct | 410-339-6880 Office | 410-339-6881 Fax | kfox@moodklaw.com | www.moodklaw.com
**Pennsylvania • New Jersey • New York • Delaware • Maryland**



This message and any documents accompanying it contain information from the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. which may be confidential and/or legally privileged. The information is intended only for the use of the individual or entity named as the original addressee. If you are not the intended recipient, you are hereby notified that any disclosure, forwarding, downloading, printing, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail or telephone and destroy the original transmission and attachments.

# EXHIBIT 8

**Fox, Kieran E.**

| | |
|---|---|
| **From:** | Jonathan Nace <jon@nidellaw.com> |
| **Sent:** | Monday, January 30, 2023 9:55 AM |
| **To:** | Fox, Kieran E. |
| **Cc:** | Mantzavinos, Megan T. |
| **Subject:** | Re: Discovery dates |

\* External Sender \* use caution

Kieran,

I just can't agree to that.  I'm trying to work this out, but there should be no end date.  I can't see how this is too difficult or a burden at all.  In fact, I presume that some documents after the sale date may be highly probative of what occurred over the last several years at BVS.

I'm sort of at a loss about why there is such a time deadline at all.  But, if you want to start with RMS' first communications regarding the BVS property with any entity, up until the present, that should work.

Jonathan Nace
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
202-780-5153



CONFIDENTIALITY NOTICE

The information contained in this e-mail message is legally privileged and confidential, and is intended only for the use of the individual(s) named as recipient(s).  Unless you are a named recipient of this e-mail, you should not read, distribute, or otherwise use this e-mail, and you should immediately notify the sender by e-mail reply or by calling 202-780-5153.  Thank you.

On Jan 27, 2023, at 5:03 PM, Fox, Kieran E. <KFox@moodklaw.com> wrote:

Good afternoon Jon:

As we discussed yesterday, we are willing to produce documents through the sale of the properties, but I did not have the specific date.  The sale was on May 23, 2022, but will agree to produce the documents, subject to any of the other objections that may be in our responses, from Jan. 1, 2016 (as we discussed) through June 30, 2022, which is a few weeks after the sale.

Let me know after you speak with your people.

1

Thanks.

Kieran


**Kieran E. Fox**
**Attorney at Law**
**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
Suite 305 600 Baltimore Avenue
Towson, MD 21204
667-206-5312 Direct | 410-339-6880 Office | 410-339-6881 Fax | kfox@moodklaw.com | www.moodklaw.com
**Pennsylvania • New Jersey • New York • Delaware • Maryland**


**<image003.png>**
This message and any documents accompanying it contain information from the law firm of Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. which may be confidential and/or legally privileged. The information is intended only for the use of the individual or entity named as the original addressee. If you are not the intended recipient, you are hereby notified that any disclosure, forwarding, downloading, printing, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail or telephone and destroy the original transmission and attachments.