IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| **CASA DE MARYLAND, INC.,** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **ARBOR REALTY TRUST, INC.,** *et al.* <br><br> **Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

*COME NOW* Plaintiffs, by and through undersigned counsel, reply in support of their motion to compel Realty Management Services ("RMS") to produce discovery without regard for arbitrary "temporal limitations." RMS' opposition is patently meritless.

Plaintiffs are not asking RMS to engage in any undue burden. Instead, RMS is attempting to rewrite the Rules of Civil Procedure to contain a temporal limitation that does not exist. This cannot be an enormity of documents that would cause some hardship. Further, the documents are likely stored in the same location as the documents RMS is agreeing to provide. Together, it appears that RMS is attempting to shield discoverable information from Plaintiffs based upon frivolous objections to the scope of discovery.

After receiving the Plaintiffs' motion to compel, RMS attempted to broaden the scope of their production of documents, but still asserted a time limitation must be placed upon production. Now, RMS proposes not to limit its production to the time period of collectable damages, but from January 1, 2016 until June 30, 2022. This is still an improper limit on discovery that is not supported by the Rules of Civil Procedure. For this reason, the simple resolution to this dispute is that RMS stop asserting arbitrary dates for limits on the scope of discovery. Instead, produce relevant subject matter in their possession, custody or control for the reasons stated herein.

I. **The requested information is both discoverable and relevant to Plaintiffs' claims**

RMS suggests that information related to the apartment complex in question is somehow a "fishing expedition." Opp. p. 8. But this is obviously meritless.

Discovery, including documents and communications, related to the Bedford and Victoria Station Apartments in RMS' possession will tend to show numerous facts that are relevant to Plaintiffs' claims, including:

- The condition of BVS before RMS began to manage the property
- The knowledge of RMS or other Defendants as to the condition of that property
- Whether maintenance had been routinely performed prior to RMS' management of the property
- Any instructions or direction given to RMS, including from co-Defendants, about expectations for how the property should or should not be managed

Plainly, these facts are relevant to issues of duty, breach and causation. The suggestion that documents about the relevant property, about the subject matter of Plaintiffs' claims, and in RMS' possession are not discoverable because they are not relevant is nothing more than circular logic. If the documents are about the BVS properties, and they are in RMS' possession, they are likely relevant to Plaintiffs' claims.

II. **Plaintiffs' requests for discovery are proportional to the needs of the case**

Plaintiffs have placed reasonable limits on their requests for discovery. It is limited by the subject matter of the claims and defenses in this case, consistent with Rule 26(b). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FRCP 26(b)(1). For example, Plaintiffs are not seeking information about other properties that RMS managed in an effort to show duty, nor are Plaintiffs seeking communications or documents with other co-Defendants about other properties. Here, the requests all seek information that is limited to the subject matter of the BVS apartments.

2

First, the time period in question is not extraordinary or burdensome. RMS began managing the property in January 2016 and stopped in June 2022. Any documents or communications related to the property prior to January 2016 are probably no more than a few months before January 2016. Furthermore, they are likely kept in the same file or on the same drive as all the other documents related to BVS. Similarly, any documents after June 2022 related to BVS cover less than a year, and during a time in which RMS had knowledge of this lawsuit and a need to preserve information. Plaintiffs are not seeking decades of information, as is often the case in environmental matters. Plaintiffs are asking RMS to produce documents about the site in question, and RMS has offered no explanation as to how the production of these documents is burdensome.

Second, the number of documents in question is likely small; but the probative value of these few documents may be extraordinary. Any documents prior to RMS' management of BVS cannot be significant in number. It is unclear why RMS would have large caches of documents for a property it did not manage. But, if it has documents regarding any of the aforementioned subject matter (Defendants' knowledge, requests, or instructions), those documents would be highly probative of the merits of the case, including whether any party had notice of a dangerous condition.

### III. **Plaintiffs complied with their obligations and conferred in good faith to resolve this dispute**

RMS' collaterally attack Plaintiffs' counsel's integrity by flagrantly suggesting that because Plaintiffs did not compromise on the scope of production they did not act in good faith. The reality is that RMS has taken a ridiculous position, and Plaintiffs are not required to compromise what they are entitled to under the Rules of Civil Procedure to resolve a discovery dispute. The history of multiple conferences seeking resolution render the suggestion that Plaintiffs acted in bad faith patently false.

## IV. Conclusion

RMS began by objecting to producing documents that were created prior to the time that damages are obtainable. That position was clearly frivolous as documents that precede the scope of damages is not a basis to withhold discovery that is relevant to question of duty, breach and causation. Now, they are arbitrarily choosing dates on a calendar, even refusing to produce documents that have been created in the last six months under the guise of "burden." But there's no burden to producing these documents.

RMS' request for application of arbitrary "temporal limitations" has no basis in the Federal Rules or case law. RMS must be compelled to produce the documents and information in their custody, control and possession, that relate to the BVS properties that are the subject matter of Plaintiffs' claims.

Respectfully submitted,

**Nidel & Nace, P.L.L.C.**

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of February 2023, I caused a copy of the foregoing to be served upon all parties pursuant to L.R. 104.8(a).

                                                */s/ Jonathan Nace*
                                                Jonathan Nace, Esquire
                                                Bar Number: 18246