IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| CASA DE MARYLAND, INC., *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> ARBOR REALTY TRUST, INC., *et al.* <br><br> **Defendants.** | **Civil Action No. 8:21-cv-01778-DKC** |

**PLAINTIFFS' MOTION TO COMPEL INSPECTION
OF LAND AND COMPLIANCE WITH SUBPOENA**

***COME NOW*** Plaintiffs, by and through undersigned counsel, move this Court to compel Jair Lynch and 1400 University Boulevard, LLC to comply subpoenas for an inspection of the property, pursuant to Federal Rule of Civil Procedure 45 and the Court's inherent authority to compel compliance.

This case arises from a case against the Defendants from acts and omissions during their operation of the Bedford and Victoria Station Apartments ("BVS"). Although Defendants liquidated their interests during the pendency of this litigation, Plaintiffs have reason to believe that the current conditions in the apartments will be relevant for establishing the extent of conditions, namely the extent of deferred maintenance at BVS. Thus, Plaintiffs made their intention to perform inspections of randomly selected apartments from the BVS apartments, that could then be sampled and evaluated on a pass-fail basis.

Plaintiffs first provided a subpoena to Defendants in mid-October pursuant to Rule 45. The following week, the subpoena was served upon Jair Lynch and 1400 University Boulevard. Plaintiffs' counsel served the subpoenas via email per agreement of counsel and specifically indicated a willingness to come to an agreement on a scope of the inspection and dates. Exhibit 1. In response

1

to Plaintiffs' subpoena for production of documents and inspection of land, a meet and confer was held with Plaintiffs' counsel and counsel for Jair Lynch on November 14, 2022. Jair Lynch responded that it would only provide access to the units at Bedford and Victoria Station if the named Plaintiffs agreed to sign a release of liability. While hesitant to release any liabilities, Plaintiffs agreed to consider a proposal in good faith and to avoid discovery litigation. However, a proposed release of liability from Jair Lynch did not materialize until January 30, 2023, despite repeated requests for a proposal.

On the same November 14, 2022 and consistent with the request to discuss the scope of the inspection, *see* Ex. 1, Plaintiffs' counsel also informed counsel for Jair Lynch that they would be seeking access to individual apartments as part of their inspection. Counsel for Jair Lynch did not object to in apartment inspections, acknowledged the request and indicated such access would be granted.

After failing to receive dates for an inspection, and after coming to an impasse on a release of liability for the inspection to occur, Plaintiffs served subpoenas upon 1400 University Boulevard Owner, LLC and Jair Lynch Partners, the owners and operators of the BVS apartments. The subpoenas identified a premises inspection would occur on the BVS property, and that it would occur on March 7, 8, and 9. See Ex. 2.

On February 15, 2023 (four months after first receiving a copy of the subpoena), Defendants sent a letter demanding "(i) the identities of the individuals that will be inspecting and conducting any testing on the properties; (ii) the specific areas or deficiencies that the inspectors will be observing and/or testing for; and (iii) the specific tests that the inspectors intend to conduct at the properties." Plaintiffs objected to providing this specific information and noted that no objection had come from the property owner as to any perceived problem with the subpoena. A copy of Plaintiffs' counsel's letter was sent to counsel for Jair Lynch.

Two days later on February 17, 2023, counsel for Jair Lynch indicated that they would not provide inspections of individual apartments (for the first time and despite agreeing to do so on a

2

November 14, 2022 call), requesting a signing of a release of liability again, and demanded the identities of anyone who would appear.

After several months of attempting to resolve an agreement for a site inspection, and after Plaintiffs' counsel advised Jair Lynch that it would move to compel the site inspection, on February 24, 2023, Jair Lynch, for the first time, argued that it cannot provide inspection of individual apartments because it does not believe it has the authority to enter occupied apartments under county law. This was in contradiction to Pr. G. Code § 13-155, which provides,

> The tenant shall not unreasonably withhold his consent to the landlord to enter into the dwelling unit in order to inspect the premises, make necessary repairs, decorations, alternations or improvements, supply services as agreed, or exhibit the dwelling unit to prospective purchasers, mortgagees or tenants.

During a meet and confer on February 28, 2023, Plaintiffs' counsel gave the identity of the experts and their expertise to Defendants and the non-parties. But the goal posts moved again, and the counsel for Jair Lynch suggested Plaintiffs provide a "document from your experts" to Defendants that outlines what their experts are going to do. Plaintiffs' counsel also informed all parties and Jair Lynch that no destructive testing will be done, but visual inspection for defects as alleged in the Complaint will be performed.

Under Federal Rule of Civil Procedure 45(d)(2), if a non-party fails to comply with a subpoena, the party that issued the subpoena may seek an order to compel compliance. The Court may also impose sanctions against the non-party, including monetary sanctions, attorneys' fees, and costs. In addition, if the non-party's failure to comply with the subpoena was willful or in bad faith, the court may hold the non-party in contempt.

These arguments by Jair Lynch are without merit. As a landlord, Jair Lynch has legal access to the property that it **owns** and leases to its tenants under a lawfully issued subpoena for inspection of property in federal court because it maintains control of the units.

> There is a way to obtain access to property owned or controlled by a third party for purposes of inspection, and that is to proceed by subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, a point made in Rule 34 itself. Rule 45 authorizes the issuance of a subpoena to a third party for various purposes, including to permit the inspection of premises.

*Johnson v. Air Liquide Large Indus. U.S. L.P.*, No. 2:18-CV-259-WCB, at *3–4 (E.D. Tex. Sep. 13, 2019) (quoting Fed. R. Civ. P. 45(c)(2) ("A subpoena may command: . . . (B) inspection of premises at the premises to be inspected."); Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring a subpoena to "command each person to whom it is directed to do the following at a specified time and place: . . . permit the inspection of premises.")). Because Jair Lynch maintains a possessory interest in each apartment, *i.e.* it owns each, and because it has statutory legal authority to gain entry to the premises, the subpoena can compel Jair Lynch to make the apartments available for inspection. Finally, on information and belief, including as to terms in some of Plaintiffs' own leases, the lease agreements may indicate that the Landlord may gain access to an apartment with notice.[1]

Jair Lynch's refusal to comply with the court-issued subpoena has caused significant prejudice to both parties, which were preparing for a site inspection on March 7-9, 2023. Plaintiffs have already solicited experts to perform the site inspection. Because of Jair Lynch's resistance to a lawful subpoena, the parties' ability to conduct a thorough inspection of the property and obtain important evidence in this matter is at jeopardy. The expedited resolution of this Motion to Compel is crucial to both parties' ability to prepare for mediation and briefing of the motion for class certification.

Plaintiffs have gone beyond that which is required under the Rules of Civil Procedure to gain access to a property for an inspection, but unreasonable requests such as providing documents in advance of it or signing releases of liability are being demanded. Plaintiffs have a deadline to Move for Class Certification on or before March 27, 2023, which necessitates the filing of this motion.

---

[1] Some lease agreements of Plaintiffs expressly authorize entry with notice. Others are silent. No lease agreement states that the landlord may not gain access to its own property.

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion and order Jair Lynch to grant access to the parties for the site inspection under the subpoena for March 7-9, 2023.

Respectfully submitted,

**Nidel & Nace, P.L.L.C.**

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com
zach@nidellaw.com

**CERTIFICATE OF COMPLIANCE WITH L.R. 104.7**

Plaintiffs state that the parties conferred on February 28, 2023, at 2:30 p.m. via Zoom call. Counsel for all parties and Mr. Vernon Johnson, counsel for non-party Jair Lynch and 1400 University Boulevard Owner, LLC were present. The parties were unable to resolve the discovery dispute. Plaintiffs accordingly state that this motion is in compliance with L.R. 104.7.

Respectfully submitted,

**Nidel & Nace, P.L.L.C.**


/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com
zach@nidellaw.com

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 28th day of February 2023, I caused a copy of the foregoing to be served upon all parties. I further certify that a copy was sent to counsel for Jair Lynch and 1400 University Owner Boulevard, LLC:

Vernon W. Johnson, III
Nixon Peabody LLP
799 9th Street NW, Suite 500,
Washington, DC 20001-5327
vjohnson@nixonpeabody.com

                                           */s/ Jonathan Nace*
                                           Jonathan Nace, Esquire
                                           Bar Number: 18246