# Exhibit C

# Johnson, Vernon

| | |
|---|---|
| **From:** | Johnson, Vernon |
| **Sent:** | Monday, January 30, 2023 3:01 PM |
| **To:** | pjd@thedonahuelawfirm.com |
| **Subject:** | Casa de Maryland, Inc. et al. v. Arbor Realty Trust, Inc. et al. - Draft Confidential Release of Claims |
| **Attachments:** | Draft Confidential Release of Claims (1-30-2023) 4882-4886-0493 v.1.docx |

Dear Joe,

Attached please find a draft Confidential Release of Claims.  I am coming in to this later than everyone else, but I understand that the concept of this document was discussed previously.  This is prepared for execution by the Plaintiffs in the Litigation.  Our clients, identified in the draft as the "Owner" and "Jair Lynch," are still reviewing this and so we need to reserve rights for further edits and comments, out of an abundance of caution.  We wanted to send it to you, however, to keep the discussions moving on this subject.

If you have questions, please let us know.

Thanks,
Vernon



**Vernon W. Johnson, III**
**Partner**
vjohnson@nixonpeabody.com
T/ 202.585.8401   M/ 202.279.1980   F/ 866.692.7459

Nixon Peabody LLP
799 9th Street NW, Suite 500, Washington, DC 20001-5327
nixonpeabody.com   @NixonPeabodyLLP

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

# **CONFIDENTIAL RELEASE OF CLAIMS**

THIS CONFIDENTIAL RELEASE OF CLAIMS (this "Release") is executed as of January ___, 2022 (the "Effective Date") by and among Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran (the "Releasors"), 1400 University Boulevard Owner, LLC (the "Owner") and Jair Lynch Real Estate Partners ("Jair Lynch").  The Parties enter into this Release on behalf of and for the benefit of themselves and their respective subsidiaries, agents, affiliates, parent entities, heirs, administrators, attorneys, directors, executors, assigns, agents, representatives, beneficiaries, personal representatives, insurers, trustees, lenders, partners, shareholders, managers, members, associates, employees, servants, successors, predecessors, related entities and assigns and such other parties who are all intended third party beneficiaries of this Release (and each of the foregoing shall be encompassed in the scope of the Release given herein).  Each of the Releasors, Owner, and Jair Lynch may be referred to in this Release as a "Party," and they may be referred to collectively as the "Parties."  Owner and Jair Lynch may also be referred to collectively herein as the "Releasees."

## RECITALS

WHEREAS, the Releasors have been engaged in a lawsuit styled as *Casa de Maryland, Inc. et al. v. Arbor Realty Trust, Inc. et al.*, No. 8:21-cv-01778-DKC (the "Litigation");

WHEREAS, after the Litigation was filed, Owner and Jair Lynch acquired the ownership interests in and property management responsibilities for the residential housing complexes known as Bedford Station and Victoria Station apartment complexes and associated real property, common areas, and appurtenances located in Langley Park, Prince George's County, Hyattsville, Maryland (the "Apartments");

WHEREAS, Subpoenas were issued in the Litigation to the Owner and Jair Lynch, seeking documents and third party inspections of the Apartments (the "Subpoenas");

WHEREAS, Owner and Jair Lynch are actively involved in substantial efforts to address and remediate housing conditions at the Apartments, including, but not limited to, the issues raised in the Litigation;

WHEREAS, the Releasors acknowledge the ongoing efforts of the Owner and Jair Lynch; and

WHEREAS, the Releasors desire to release certain claims and rights as set forth in this Release, in consideration of which Owner and Jair Lynch have agreed to provide certain information and take certain actions on the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the mutual covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

1.	As used in this Release, the term "Claims" means all claims, controversies, actions, suits, complaints, demands, losses, liabilities, and causes of action for covenants, warranties, promises, undertakings, obligations, debts, accounts, attorneys' fees, judgments, liabilities, debts, liens, harm, expenses, damages (whether characterized as actual, compensatory, direct, incidental, consequential, derivative, punitive, exemplary, penalty, or otherwise), and losses or other relief of any and every kind and character, by any reason whatsoever, whether now known or unknown, matured or unmatured, now existing or that might accrue in the future, for any act taken or obligation assumed from the beginning of time to the Effective Date, arising under federal law or under the law of any state, arising under constitution, statute, code, administrative rule, regulation, or order, arising under common law, statutory law, or equity, and whether arising under tort, contract, statute, admiralty, or any other theory of recovery, including, but not limited to, all claims, counterclaims, defenses, and requests for relief that were brought or could have been brought in the Litigation (including, but not limited to, claims based on a physical inspection of the Apartments agreed upon and to be conducted by the Parties at a date in the future (including the reports, notes, observations, and conclusions derived from the physical inspection) and any Claims based on the presence and identification of above-mentioned pre-existing conditions, at the time of the physical inspection of the Apartments, or otherwise made pursuant to the Subpoenas.

2.	For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Releasors hereby release, remise, and discharge the Owner and Jair Lynch from all Claims.  For additional explanation, Releasors acknowledge that the issues that were raised or could have been raised in the Litigation predate the involvement of Owner and Jair Lynch with the Apartments.  This Release is intended to be a general release of any and all Claims to the fullest extent permissible by law and as of the Effective Date and on the terms set forth herein.

3.	It is the express understanding and intention of the Parties that the releases entered into as part of this Release shall be effective as a bar to any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of any character, nature or kind, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, foreseeable or unforeseeable, to be so barred.  In furtherance of said understandings and intentions, each of the Parties expressly waives and relinquishes any and all rights or benefits available to them under the provisions of Section 1542 of the *Civil Code* of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

By initialing below, the Parties hereby waive the provisions of Section 1542 in connection with the matters that are the subject of this Release.

_____        _____
RELEASORS' INITIALS                                  RELEASEES' INITIALS

The Parties each fully understand and agree that if the facts with respect to which this Release is executed are found hereinafter to be other than or different from the facts in that connection now believed by them to be true, they expressly accept and assume the risk of such possible difference in the facts and agree that this Release shall be and remain effective, notwithstanding any such difference in facts.

4. No liability or admission of any wrongdoing is made by any Party to this Release. Owner and Jair Lynch expressly deny any wrongdoing or liability with respect to the Apartments, the Litigation, or otherwise.

5. The Parties shall cooperate reasonably in determining the information and documents to be provided by Releasees and permitting reasonable non-invasive physical inspections of the Apartments under an agreed on written inspection protocol (the "Protocol") that comply with all requirements for tenant notification and/or approval under the applicable leases or law. The Parties shall cooperate reasonably in developing the Protocol to govern any such physical inspections, including provisions for liability insurance, indemnity, and other reasonable and customary protections for Releasees and the property comprising the Apartments. Any information obtained thereby, including the results of such physical inspections and documentation thereof, shall not be used by Releasors for any purposes whatsoever other than preparing for and conducting the Litigation. Releasors shall also not seek to assert, offer in evidence, or otherwise employ any information obtained thereby, including the results of such physical inspections and documentation thereof, to pursue, or assist in the pursuit of, any claims against Owner and/or Jair Lynch. Releasors shall provide Releasees with a complete copy of all inspection reports promptly upon their coming within the Releasors' possession, custody, or control. All documents designated by Owner and/or Jair Lynch as "Confidential" pursuant to the Stipulated Protective Order entered in the Litigation shall be subject to and used only in strict conformance with the provisions of the Stipulated Protective Order. All results of physical inspections and documentation thereof shall be further given and treated with the same "Confidential" designation by Releasors, and shall be labeled as "Confidential" before being produced in the Litigation.

6. Notwithstanding any provision of this Release to the contrary, by executing this Release, Releasors are not releasing any Claims that cannot be waived by law. Releasees waive no claims.

7. This Release may not be modified or changed orally, but only by an agreement in writing signed by all Parties.

8. All obligatory written notices and correspondence pertaining to this Release shall be sent to the following:

**For Jair Lynch and Owner (Releasees):**
1400 University Boulevard Owner, LLC
Jair Lynch Real Estate Partners
c/o Michael S. Long, Esq.
Eroncia M. Berry, Esq.
Jair Lynch Real Estate Partners

1400 Sixteenth Street, N.W., Suite 430
Washington, D.C. 20036
msl@jairlynch.com
emb@jairlynch.com

And with a copy to:
Louis E. Dolan, Jr., Esq.
NIXON PEABODY LLP
799 9th Street, NW, Suite 500
Washington, DC 20001-4501
Fax: (202) 585-8080
ldolan@nixonpeabody.com

**For Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran (Releasors):**
c/o Jonathan B. Nace, Esq.
Nidel & Nace, PLLC
One Church Street, Suite 802
Rockville, MD 20850
jon@nidellaw.com

c/o P. Joseph Donahue. Esq.
The Donahue Law Firm, LLC
19 West Street
Annapolis, MD 21401
pjd@thedonahuelawfirm.com

     9.    Each of the Releasors expressly understands, acknowledges, agrees, warrants and represents to the Releasees, as confirmed by their respective initials where indicated, knowing that the Releasees intend to rely thereon, as follows:

_____    (a)    I have read and understand the meaning and effect of this Release;
Releasors'
Initials

_____    (b)    I am specifically, freely, and voluntarily agreeing, without any degree of
Releasors'    duress or compulsion whatsoever, to the terms contained in this Release because
Initials    the Releasees have agreed to allow physical inspection of the Apartments in connection with the Litigation and to begin remedial efforts pertaining to the housing conditions in the Apartments within the next three years, in consideration for my execution of this Release;

_____    (c)    I own and hold all of the Claims being released herein, I have full right,
Releasors'    power, and authority to enter into this Release, and I have not sold, assigned,
Initials    conveyed, pledged, encumbered, or otherwise transferred any interest in any of such released Claims to any person, firm, business, or entity;

_____
Releasors'
Initials

(d) I, (i) have read this Release before signing it, (ii) have been provided with adequate time to seek legal counsel prior to executing this Release, (iii) have been advised by counsel prior to executing this Release, (iv) have had an opportunity to have any questions that I may have about the terms or effect of this Release answered by attorneys of my own choosing, (v) have either consulted with an attorney of my own choosing prior to executing this Release or have knowingly waived my right to do so, (vi) fully understand this Release, its provisions, and its final and binding effect, and (vii) am entering into and signing this Release voluntarily, knowingly, and of my own free will, and not under any compulsion, coercion, duress, or undue influence of any kind;

_____
Releasors'
Initials

(e) this Release contains all of the understandings and agreements relating in any way to the Claims being released herein, and I am not relying on any statements, representations, promises, or agreements of the Releasees or any of its representatives or anyone else other than those specifically set forth in writing in this Release; and

_____
Releasors'
Initials

(f) As a material term of this Release, I agree to keep STRICTLY CONFIDENTIAL the terms of this Release and the conclusions and findings of the physical inspection of the Apartments made pursuant to the Subpoenas, on behalf of Releasors and the Plaintiffs in the Litigation. My agents and I specifically agree that we will NOT voluntarily communicate, publish, publicize, disclose or cause to be communicated, published, publicized or disclosed to any third parties, any information relating to the terms of this Release to anyone, except to my legal representatives, who are bound by this confidentiality provision.

10. In the event that any Releasor is issued or served with a subpoena, discovery requests, court order or other requests, which purport to mandate or elicit the disclosure of documents or information related to the physical inspection of the Apartments, including but not limited to the findings, reports, conclusions, inspection protocols, pictures, imaging, testing, analyses, and/or surveys, or the other information provided by Releasees to Releasors regarding the Apartments, any such Releasor must notify Releasees of their intent to disclose such information at least ten (10) business days prior to disclosure and with sufficient warning so that the Releasees have an opportunity to object to the disclosure and/or request that any such disclosure be subject to a protective or confidentiality order, or if applicable, that it be filed under seal.

11. This Release shall be governed by and construed in accordance with the laws of the State of Maryland without regard to any conflicts of law principles that would require the application of the laws of any other state or jurisdiction.

12. I HEREBY IRREVOCABLY WAIVE ANY AND ALL RIGHTS THAT I MAY HAVE TO REQUEST OR DEMAND THAT ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM BASED UPON OR ARISING OUT OF OR RELATING IN ANY WAY TO THIS RELEASE BE TRIED BY A JURY. THIS WAIVER OF MY RIGHT TO A JURY

TRIAL EXTENDS TO ANY AND ALL RIGHTS TO DEMAND A TRIAL BY JURY ARISING FROM ANY SOURCE INCLUDING, BUT NOT LIMITED TO, THE CONSTITUTIONS OF THE UNITED STATES OR THE STATE OF MARYLAND, COMMON LAW, OR ANY APPLICABLE LAW, STATUTE, OR REGULATIONS. I ACKNOWLEDGE AND AGREE THAT I AM KNOWINGLY AND VOLUNTARILY WAIVING MY RIGHT TO DEMAND TRIAL BY JURY. THE PARTIES SHALL NOT SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THIS WAIVER IS ABSOLUTE AND UNCONDITIONAL AND CANNOT BE MODIFIED IN ANY RESPECT OR RELINQUISHED BY THE PARTIES EXCEPT IN A WRITTEN INSTRUMENT SIGNED BY ALL PARTIES TO THIS RELEASE.

13. This Release may be i) executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and ii) executed and delivered electronically via facsimile, electronic mail (including pdf or any electronic signature complying with the United States federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

14. The Parties understand and agree that they were each represented by and had the opportunity to consult with counsel regarding the terms hereof and to participate in the drafting hereof and it is, therefore, understood and agreed that in interpreting this Release the principle of construing language against the drafting party will not apply.

15. If for any reason any provision of this Release is determined to be invalid or unenforceable, the remaining provisions of this Release will nevertheless be construed, performed, and enforced as if the invalidated or unenforceable provision had not been included in the text of this Release.

16. The waiver by any of the Parties hereto of any breach of any provision of this Release will not constitute or operate as a waiver of any other breach of such provision or of any other provision hereof, nor will any failure to enforce any provision hereof operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK;**

**SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, has executed this Confidential Release of Claims as of the date set forth below.

Date:_____     By:_____
                                  Anita Ramirez

Date:_____     By:_____
                                  Ramiro Lopez

Date:_____     By:_____
                                  Ervin Obdulio Rodas

Date:_____     By:_____
                                  Jesus Gonzalez

Date:_____     By:_____
                                  Maria Arely Bonilla

Date:_____     By:_____
                                  Maria Lara

Date:_____     By:_____
                                  Norma Guadalupe Beltran

Accepted and agreed to by:

**1400 UNIVERSITY BOULEVARD OWNER, LLC**

By:_____
Name:
Title:

Accepted and agreed to by:

**JAIR LYNCH REAL ESTATE PARTNERS**

By:_____
Name:
Title: