# Exhibit H

**Johnson, Vernon**

| | |
|---|---|
| **From:** | Joseph Donahue <pjd@thedonahuelawfirm.com> |
| **Sent:** | Thursday, February 2, 2023 12:23 PM |
| **To:** | Johnson, Vernon |
| **Cc:** | Jonathan Nace; Zachary Kelsay |
| **Subject:** | RE: CASA de Maryland - "Release" |

Vernon,

Just so we are all moving forward with a purpose, I circulated the previously served subpoenas with updated dates for inspections on March 7-9.

We are hopeful that JL is willing to work with us here, as there is really no reason for this to be a confrontational process.  Please let us know where we stand on (1) the production of documents, as well as (2) the inspection protocol.

We are still willing to discuss the protection you seek for your client, but need you to please provide language which is legally (and ethically) palatable.  We can't give JL a complete pass on their obligations to their tenants, after all, that is why their predecessor is in the situation they are in.  Perhaps you can work some language that allows JL to address issues discovered in the inspections within a reasonable time frame.  It is unclear why they wouldn't be legally required to do so anyways.

We look forward to hearing from you.

Sincerely,
Joe


P. Joseph Donahue
Attorney

The Donahue Law Firm, LLC
18 West Street
Annapolis, Maryland 21401
t: 410.280.2023

This email and any attachments may contain confidential and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email and the attachments by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the email and any attachments.

---

**From:** Johnson, Vernon <vjohnson@nixonpeabody.com>
**Sent:** Monday, January 30, 2023 5:10 PM
**To:** Joseph Donahue <pjd@thedonahuelawfirm.com>
**Cc:** Jonathan Nace <jon@nidellaw.com>; Zachary Kelsay <zach@nidellaw.com>
**Subject:** RE: CASA de Maryland - "Release"

Joe,

The Release is only through the Effective Date, and includes "Claims" that might be brought or claimed to accrue later than that (which is the reason for the reference to the California law).  The operative "act taken or obligation assumed" language only applies through the Effective Date.  We are not intending, and I do not think the language provides, for a release of future claims.

This is not a condition of complying with the Subpoena, but I understood that there was a discussion regarding the fact that having this protection will enable us and our clients to provide more information and cooperation than you might otherwise be legally entitled to require.

Again, if you want to discuss concerns or suggest changes to the document, I am prepared to work through that with you and your colleagues.

Vernon

---

**From:** Joseph Donahue <pjd@thedonahuelawfirm.com>
**Sent:** Monday, January 30, 2023 4:50 PM
**To:** Johnson, Vernon <vjohnson@nixonpeabody.com>
**Cc:** Jonathan Nace <jon@nidellaw.com>; Zachary Kelsay <zach@nidellaw.com>
**Subject:** RE: CASA de Maryland - "Release"

Mr. Vernon,

So we are clear, paragraph 1 alone is enough for me to advise my client not to sign.  "the term "Claims" means all claims, controversies, actions, suits, complaints, demands, losses, liabilities, and causes of action for covenants, warranties, promises, undertakings, obligations, debts, accounts, attorneys' fees, judgments, liabilities, debts, liens, harm, expenses, damages (whether characterized as actual, compensatory, direct, incidental, consequential, derivative, punitive, exemplary, penalty, or otherwise), and losses or other relief of any and every kind and character, by any reason whatsoever, whether **now known or unknown, matured or unmatured, <u>now existing or that might accrue in the future</u>**, for any act taken or obligation assumed from the beginning of time to the Effective Date…."

We already had this conversation.  This is the landlord of our tenant client, and you are asking us to have them release that landlord for any conceivable issue that could arise in the future?  What?  It is conceivable our clients could indemnify JL for a matter of months if there are issues with the apartments, those issues are made known to JL, and JL has reasonable time to fix them, but to give a blanket release no matter what would be malpractice for us to advise.  If you would like to propose something that is reasonable, and perhaps applies to laws of the State of Maryland and not California, we would be happy to take a look.  We will work with you on a release, but you need to provide something that has some time limit to it.

Furthermore, as NP is so adamant their client is entitled to this, please advise what federal rule, law, or reg requires my client to sign a release for your client to comply with a subpoena for inspection of premises.

An inspection protocol is a great idea, and I'm glad that is in the works.

Regards,


P. Joseph Donahue
Attorney

The Donahue Law Firm, LLC
18 West Street
Annapolis, Maryland 21401

2

t: 410.280.2023

This email and any attachments may contain confidential and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email and the attachments by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the email and any attachments.

**From:** Johnson, Vernon <vjohnson@nixonpeabody.com>
**Sent:** Monday, January 30, 2023 4:29 PM
**To:** Joseph Donahue <pjd@thedonahuelawfirm.com>
**Cc:** Jonathan Nace <jon@nidellaw.com>; Zachary Kelsay <zach@nidellaw.com>
**Subject:** RE: CASA de Maryland - "Release"

Dear Joe,

We are not certain how much time you had to review the draft before sending the below response.

Our clients are not parties to the Litigation and it was my understanding that the scope of the Release would include claims through the Effective Date, but also that information obtained through any property inspection(s) would not give rise to claims against our clients.  This is what we intended to capture in the draft.  As far as your statement is concerned about "slums," we would hope that our clients' actions even to date show that to be a misplaced assertion.  In any event, I am glad to discuss your concerns with you and/or your colleagues and to review any requested revisions to the document.

I believe that there are two other aspects to this.  One involves document production pursuant to the Subpoenas.  We are working on this, and it certainly helps that the Stipulated Protective Order has now been entered as of January 23, 2023 (although we see from the docket that there are other matters before the Court regarding a requested ethical screen).  We are not delaying with our related efforts.

The other aspect involves the property inspection(s).  We are working on a draft protocol to circulate for review.

Although we do not see a need for a motion to compel, please note that we believe we are cooperating reasonably with you and did not intend to push things off in a different direction.

Vernon

**Vernon W. Johnson, III**
**Partner**
vjohnson@nixonpeabody.com
T/ 202.585.8401   M/ 202.279.1980   F/ 866.692.7459

Nixon Peabody LLP
799 9th Street NW, Suite 500, Washington, DC 20001-5327
nixonpeabody.com   @NixonPeabodyLLP

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Joseph Donahue <pjd@thedonahuelawfirm.com>
**Sent:** Monday, January 30, 2023 4:03 PM
**To:** Johnson, Vernon <vjohnson@nixonpeabody.com>
**Cc:** Dolan, Louis <LDOLAN@nixonpeabody.com>; Gariepy-Bogui, Audrey <agariepy@nixonpeabody.com>; Jonathan Nace <jon@nidellaw.com>; Zachary Kelsay <zach@nidellaw.com>
**Subject:** CASA de Maryland - "Release"

**[EXTERNAL E-MAIL]**
Be Aware of Links and Attachments

Vernon,

I have copied my co-counsel as well as Mr. Dolan and Ms. Gariepy-Bogui.

You are asking our clients to release any and all claims against their own landlord until the end of time.  This is precisely what we told your colleagues that our clients would not be doing.  Based on the language of this "release," it seems your client may be planning to do the same amount of maintenance on these slums as their predecessor.

This is a subpoena.  We were willing to work with you, but you have (1) now completely walked us in a circle on the inspections, and (2) have refused completely to provide documents.   When I spoke with Ms. Gariepy-Bogui just last week she said you were waiting on the confidentiality order that was being hashed out by Defendants, and here we are with a document that has nothing to do with confidentiality, that is just entirely inappropriate, and on a more basic level, it is simply not something your client is entitled to under the law.

I will provide you a copy of our proposed motion to compel served in accordance with the local rules as soon as I have some time to draft it.  It is beyond me why this is so difficult.

P. Joseph Donahue
Attorney

The Donahue Law Firm, LLC
18 West Street
Annapolis, Maryland 21401
t: 410.280.2023

This email and any attachments may contain confidential and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email and the attachments by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the email and any attachments.