# Exhibit E



February 15, 2023

**By Email**

Jonathan Nace, Esquire
Nidel & Nace P.L.L.C.
One Church Street
Suite 802
Rockville, MD 20850
jon@nidellaw.com

Orrick, Herrington & Sutcliffe LLP
353 N Clark Street
Suite 3600
Chicago, IL 60654

+1 312 924 9800

**orrick.com**

**Scott T. Sakiyama**

E  ssakiyama@orrick.com
D  +1 312 924 9893
F  +1 312 924 9899

Re:   *Casa de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*
      Civil Action No. 8:21-cv-01778-DKC

We write regarding the third-party subpoenas for the production of documents and for an on-site inspection of the BVS properties that Plaintiffs re-noticed on February 2, 2023 to non-parties 1400 University Boulevard Owner, LLC ("1400 University Boulevard") and Jair Lynch Real Estate Partners ("Jair Lynch") (collectively, the "Owners").[1]

As you know, on January 25, Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, and Arbor Management Acquisition Company, LLC (the "Hyattsville Defendants") served a document request to Plaintiffs seeking "all documents . . . received from any third-party since the filing of the FAC, whether provided informally or in response to a formal request."  *See* Standard Document Request No. 9.  The scope of this request includes documents received by Plaintiffs in response to the third-party subpoenas served on the Owners.  Counsel for the Owners have advised that with your express permission, they will produce any non-privileged responsive documents in response to Plaintiffs' subpoenas directly to the Hyattsville Defendants at the same time as they are being produced to Plaintiffs.  Such agreement would relieve Plaintiffs of the cost and expense of producing those materials upon receipt from the Owners and would meet Plaintiffs' obligations to produce such materials under Standard Document Request No. 9.  Please confirm your agreement to this arrangement so we may convey it to counsel for the Owners.

With respect to the request to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it," the Hyattsville Defendants anticipate

---

[1] Prior to the re-notice (of the subpoenas seeking inspection), the original subpoenas were served on October 25, 2022 and November 2, 2022, respectively, on 1400 University Boulevard and Jair Lynch.

Jonathan Nace, Esq.
February 15, 2023
Page 2

being present at such inspection for the purposes of conducting appropriate investigation in support of their defenses. However, the Hyattsville Defendants do not believe that the subpoenas, as presently postured, comply with the Parties' obligation to avoid undue burden or expense, as required by Federal Rule of Civil Procedure 45. As a preliminary matter, as Plaintiffs are aware, the BVS properties were purchased by the Owners in May 2022. Since then, the Owners have had sole control over the maintenance and upkeep of the BVS properties. We do not see a credible basis for any claim that any present condition of the BVS properties is reasonably relevant to any of the remaining claims or defenses in this matter. The subpoenas lack any clarity as to what Plaintiffs intend to do upon their entry of the land—including what testing or inspection is going to be done and by whom—to permit analysis of their relevance to the remaining issues in this litigation.

While the Hyattsville Defendants may reserve raising the above issue with the court for another time (pending agreement to the below), the Owners are non-parties. It is anticipated that the Court will not allow multiple inspections of the BVS properties, and the Owners have already indicated that multiple inspections will not be voluntarily permitted.[2] Thus, it is necessary for us to come to an agreement regarding the scope of the proposed inspection so that we can mutually assure that the appropriate experts and consultants may be secured well in advance of an agreed upon date and attend the inspection. Of course, this requires a much clearer understanding as to the purpose and scope of Plaintiffs' proposed inspection of the BVS properties.

In order for the Hyattsville Defendants to meaningfully prepare for and attend such inspection, we require additional information from Plaintiffs concerning: (i) the identities of the individuals that will be inspecting and conducting any testing on the properties; (ii) the specific areas or deficiencies that the inspectors will be observing and/or testing for; and (iii) the specific tests that the inspectors intend to conduct at the properties. Furthermore, we do not anticipate that this inspection will involve the inspection or analysis of individual units, given the limited scope of the subpoenas. Do Plaintiffs anticipate inspecting the units of the named Plaintiffs' individual units or those whom Plaintiffs' counsel represents but are not named as plaintiffs in this litigation?

Accordingly, please advise whether Plaintiffs agree to coordinate with the Hyattsville Defendants to permit a joint inspection of the BVS properties and if you will provide the

---

[2] The Hyattsville Defendants hope to reach an informal agreement on this topic, rather than burdening the Owners with additional subpoenas from Defendants. If necessary, however, the Hyattsville Defendants are prepared to serve their own subpoenas for an on-site inspection of the BVS properties, notwithstanding our understanding that the strong preference of the Owners is for only a single inspection to take place (requiring coordination between the parties regardless).

Jonathan Nace, Esq.
February 15, 2023
Page 3

above requested information.  Kindly let me know when you are available to discuss the scope of the inspections so that we can clarify these details.

Thank you,

Scott T. Sakiyama

cc via email:
    P. Joseph Donahue, Esq. [*pjd@thedonahuelawfirm.com*]
    Zachary Kelsay, Esq. [*zach@nidellaw.com*]
    Jonathan Riedel, Esq. [*jriedel@wearecasa.org*]
    Nicholas C. Katz, Esq. [*nkatz@wearecasa.org*]
    Amanda R. Lawrence, Esq. [*alawrence@orrick.com*]
    Sarah B. Meehan, Esq. [*smeehan@orrick.com*]
    Muhammad U. Faridi, Esq. [*mfaridi@pbwt.com*]
    Peter W. Tomlinson, Esq. [*pwtomlinson@pbwt.com*]
    Gizele Rubeiz, Esq. [*grubeiz@pbwt.com*]
    Ray Daniel McKenzie, Esq. [*ray.mckenzie@wtaii.com*]
    Megan Mantzavinos, Esq. [*mmantzavinos@moodkaw.com*]
    Kieran Fox, Esq. [*kfox@moodklaw.com*]
    Gregory S. Emrick, Esq. [*gregory.emrick@offitkurman.com*]
    Ian Thomas, Esq. [*ithomas@offitkurman.com*]
    Warren Koshofer, Esq. [*warren.koshofer@offitkurman.com*]
    Timothy R. Willman, Esq. [*timothy.willman@offitkurman.com*]
    Vernon Johnson, Esq. [*vjohnson@nixonpeabody.com*]