# Exhibit H



**Jonathan B. Nace, Esquire**
One Church Street
Suite 802
Rockville, MD 20850
T: 202-780-5153
F: 240-766-7973
jon@nidellaw.com
http://www.nidellaw.com

February 21, 2023

**Via Email Only**
Vernon W. Johnson, III
Nixon Peabody LLP
799 9th Street NW, Suite 500
Washington, DC 20001-5327
vjohnson@nixonpeabody.com

      Re:    CASA, et al. v. Arbor, et al.

Dear Mr. Johnson:

I received your response to my letter, and it appears you and your clients have shifted gears since our earlier conversations. Your letter states that you "remain willing to cooperate reasonably with" us, but you are not actually cooperating with us, and you have not done so to date.

First, a meet and confer was held via zoom on November 14 with Plaintiffs' counsel as well and Mr. Dolan regarding this subpoena. During that call, we specifically identified that we would want access to approximately fifty apartments. Mr. Dolan agreed that fifty apartments could be made available for inspection. You were going to provide us certain releases for the inspection itself, which never were provided. You did send a release for claims against your clients, which we instructed you we would not be signing. Now, you appear to be stonewalling us after conversations with defense counsel in this case. Hopefully no party or their counsel has asked you to obstruct a lawfully issued subpoena.

Second, you are incorrect that you do not have access to the individual apartments. Prince George's County Code states unequivocally:

> (a) **The tenant shall not unreasonably withhold his consent to the landlord to enter into the dwelling unit in order to inspect the premises**, make necessary repairs, decorations, alternations or improvements, supply services as agreed, or exhibit the dwelling unit to prospective purchasers, mortgagees or tenants.
>
> (b) The landlord shall not abuse his right to access nor use it in any way to harass the tenant. Except in the event of an emergency, affecting the health, safety, or welfare of the landlord or any tenant or any property thereof, the landlord shall give the tenant at least twenty-four (24) hours written or oral notice of his intent to enter and shall enter only during normal business hours or at such other time as is mutually agreed to by the landlord and the tenant.
>
> (c) In the event that the tenant is absent from the dwelling unit at the time of entry,



> the landlord shall supply the tenant, within twenty-four (24) hours after the entry, with a written report of the entry, setting forth the purpose of the entry and the details of any repair, decoration, alteration or improvement.
>
> (d) The abuse of access rights by either the landlord or the tenant shall be a basis for the termination of the lease by the affected party.

Pr. G. Code § 13-155. - Landlord's right to access (available [here](#)).  So, your assessment that you do not have access to the apartments because they "are the residents' homes" is lacking.  They are the residents' homes, but they are also your clients' property. And you do have legal right to access them.  We have subpoenaed that access.

I'll note that the subpoena does not limit inspection to the common areas, consistent with our prior discussions with Mr. Dolan that apartments would be made available.  If you are refusing to provide notice and access to individual apartments, I suggest your request for a teleconference be a formal meet and confer request from you so that we can discuss.

Please note that we plan to have multiple individuals in the field of industrial hygiene and structural engineering inspecting the property, including but not limited to individual apartments.  We are agreeable to identifying which individual apartments we will seek access to, in advance, if that is helpful to you.  However, if our inspection is limited without court order, we will move to compel and seek costs, including expert fees and attorneys' fees for lost time.

We are also agreeable with coordinating with defense counsel.  With that said, we are going to request access to certain apartments, and we will not be limited by their requests.  Furthermore, I see no reason to identify the experts who will be there with us or the specific issues they will be inspecting.  If there is something else that you believe needs to be coordinated with them, please identify for me what information that is.  Based on the combative tone of your letter, I suspect you will give defense whatever access they need to whatever part of the property they request in the future, without subpoena.

If we do not hear from you requesting a formal meet and confer, we will assume that the inspection is moving forward without restrictions on March 7, 8 and 9.

Sincerely,

Jonathan B. Nace, Esq.

CC:
All counsel