# Exhibit I



**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Vernon W. Johnson, III**
T 202-585-8401
F 202-585-8080
vjohnson@nixonpeabody.com

Nixon Peabody LLP
799 9th Street NW
Suite 500
Washington, DC  20001
202-585-8000

February 24, 2023

**<u>VIA EMAIL AND FIRST CLASS MAIL</u>**

Jonathan B. Nace, Esq.
NIDEL & NACE P.L.L.C.
One Church Street
Suite 802
Rockville, MD 20850

> RE:   *Casa de Maryland, Inc., et al. v. Arbor Realty Trust, Inc, et al.*, In the United States District Court for the District of Maryland (Southern Division), Civil Action No. 8:2021-cv-01778 (DKC) (Judge Deborah K. Chasanow)

Dear Jon:

This letter is in response to yours dated February 21, 2023.

Your letter implies rights of access and other claims that are not in accordance with the applicable law or the prior discussions we and our colleagues have had with you.  It now appears that you are requesting to have some number of unidentified persons come to our clients' real property at unidentified times on certain dates not agreed on, for periods of time not stated, for unspecified purposes, and with other details left unstated.  You appear unwilling to agree to the basic protections that, we understood, you accepted and agreed to in concept on behalf of the Plaintiffs in the above-referenced litigation.  In fact, and among other things, your co-counsel, Mr. Donahue, indicated to us that a property inspection protocol agreement was a great idea.  It now seems you are rejecting the concept out of hand.

Our clients' real property consists of residential apartments and associated common areas.  The only areas in our clients' possession, custody, or control are the common areas.  We cannot force access for you to individual apartments, as you seem to believe.  The applicable Leases do not permit that.  Although you now reference the County Code of Prince George's County, Maryland to claim you have the right to force our clients to give you access to apartments, your claim is misplaced.  The provisions you cite do not give you that right, nor do they supplant what the Leases require.

Jonathan B. Nace, Esq.
NIDEL & NACE P.L.L.C.
February 24, 2023
Page 2

The full Code provision you refer to, in fact, reads as follows:

**Sec. 13-155. - Landlord's right to access.**

(a) The tenant shall not unreasonably withhold his consent to the landlord to enter into the dwelling unit in order to inspect the premises, make necessary repairs, decorations, [alterations] or improvements, supply services as agreed, or exhibit the dwelling unit to prospective purchasers, mortgagees or tenants.

(b) The landlord shall not abuse his right to access nor use it in any way to harass the tenant. Except in the event of an emergency, affecting the health, safety, or welfare of the landlord or any tenant or any property thereof, the landlord shall give the tenant at least twenty-four (24) hours written or oral notice of his intent to enter and shall enter only during normal business hours or at such other time as is mutually agreed to by the landlord and the tenant.

(c) In the event that the tenant is absent from the dwelling unit at the time of entry, the landlord shall supply the tenant, within twenty-four (24) hours after the entry, with a written report of the entry, setting forth the purpose of the entry and the details of any repair, decoration, alteration or improvement.

(d) The abuse of access rights by either the landlord or the tenant shall be a basis for the termination of the lease by the affected party.

These provisions require tenants to allow landlord access only for specific reasons. Access is permitted for the landlord (not a third party, or its consultants, counsel, or other representatives) and only to "inspect the premises, make necessary repairs, decorations, alterations or improvements, supply services as agreed, or exhibit the dwelling unit to prospective purchasers, mortgagees, or tenants." Although you have not stated the specific purpose of your requested access or provided details, it seems obvious that you are not seeking to take any of the actions that are authorized for landlords. Advance notice is also required, and a written report is required within twenty-four hours, under certain circumstances. Importantly, a failure to observe the law can be "a basis for the termination of the lease by the affected party."

You also suggest that there was some prior agreement on our part to give you access to "approximately fifty apartments." This is not an accurate statement of those discussions. We understood that you might want access to individual apartments. Even though we cannot require or guarantee such access (and were quite clear about that), we were willing to work with you to try to seek to facilitate such access, subject to a release (the draft of which we sent you on January 30, 2023) and an appropriate property inspection protocol agreement (the draft of which we sent you on February 17, 2023). Although you accuse us of adopting a "combative tone," that is not our intent. Our clients will comply with their legal obligations. Our clients are willing to also go beyond those obligations, if appropriate protections are provided to them. Our prior discussions with you have been quite clear in that regard.

Jonathan B. Nace, Esq.
NIDEL & NACE P.L.L.C.
February 24, 2023
Page 3

We have told you consistently that you have no right to force our clients to provide you access to apartments, but that we would work with you to cooperate reasonably to try to see if individual residents might agree to provide access, subject to having appropriate protections through the draft documents we have provided. It now appears that you and your clients are not willing to sign any documents and believe you can simply show up and have access to any area you want within these apartment complexes within a several day period (and not even limited to regular business hours, or any particular times of day). You have not given us any suggested revisions to the draft documents we provided, other than to say that your clients will not sign a release. Our clients were open to cooperating reasonably with you, and this remains the case. If we cannot obtain the basic protections that the release and property inspection protocol agreement provide, however, our clients will not do anything more than what the law requires. We would urge you to agree to the documents we have proposed, at which point we can move forward without further delay.

Failing that, however, at this point, you have requested access to our clients' real property on March 7-9, 2023, but have refused to provide details. Access cannot be required and will not be provided under those circumstances. We have no information at present as to what you would like to do on those dates. Although you now say that "we plan to have multiple individuals in the field of industrial hygiene and structural engineering inspecting the property, including but not limited to individual apartments," details are completely lacking. You have not even identified these individuals or their respective firms, or described what you would seek to do, or told us where you might seek to carry out these actions or even how many persons you might have present. Your letter makes clear that you intend not even to "identify the experts who will be there with us or the specific issues they will be inspecting." You have not confirmed that you have no intent to perform any invasive or destructive testing, which is a further matter of concern.

To be clear, no access will be provided to the Property unless and until we know whom you propose to have present, for how long, and for what purposes. We will require specific information about the identities of all persons you request be permitted access, and information as to insurance held by those individuals and their respective firms that protects our clients. Access to apartments leased to residents cannot and will not be provided.

There are also several references in your letter that make incorrect assumptions about actions we have taken or intend to take. We are not "stonewalling" you "after conversations with defense counsel." We are acting on behalf of our clients to protect their interests, not acting on behalf of others. Your statement that "[h]opefully no party or their counsel has asked you to obstruct a lawfully issued subpoena" suggests that you believe that some sort of request along those lines has been made to us. That suggestion is incorrect. We are not acting at the request or suggestion of any other party, nor are we taking action in any way to "obstruct a lawfully issued subpoena." Moreover, the subpoena power you have is limited, and far less expansive than you seem to believe. In addition, although you state that "I suspect you will give defense whatever access they need to whatever part of the property they request in the future, without subpoena,"

Jonathan B. Nace, Esq.
NIDEL & NACE P.L.L.C.
February 24, 2023
Page 4

that supposition is also incorrect (and we have no idea where you arrived at it - we certainly have never made any such statement).

If you would like a call to discuss the matter, we remain open to that.  We had suggested a call among counsel in the pending litigation to work through some of the issues involved, including coordinating any inspections by the parties to the litigation to avoid undue burden on our clients, as the applicable Federal Rules of Civil Procedure require.

Please let us know how you intend to proceed.

Sincerely yours,

Vernon W. Johnson, III