IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASA de MARYLAND, INC., et al.    :

    v.    :    Civil Action No. DKC 21-1778

ARBOR REALTY TRUST, INC., et al.   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this housing conditions case is the motion to dismiss class allegations filed by Defendants Arbor Realty Trust, Inc.; Arbor Realty Limited Partnership; Arbor Realty SR, Inc.; Victoria United, LLC; Bedford United, LLC; Hyattsville United, LLC; Arbor Management Acquisition Company, LLC; and Realty Management Services, Inc.  (ECF No. 89). The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss class allegations will be denied.

Plaintiffs are seven tenants of the BVS multifamily apartments, which include two apartment complexes in Langley Park, Maryland, called Victoria Station and Bedford Station.  While their complaint originally included housing discrimination claims, the only claims that remain are a Breach of Contract claim and a Breach of the Implied Warranty of Habitability claim.  (ECF No. 43 at 156-60; *see also* ECF No. 77).  Plaintiffs allege that Defendants

have failed to perform maintenance and repairs in the apartments and that the units and common areas contain dangerous conditions, including mold infestations, electrical and HVAC problems, and structural issues. They bring these claims on behalf of themselves as well as a class of "[a]ll current and prior tenants for the last three years of Victoria Station or Bedford Station apartment complexes." (ECF No. 43 at 141, 156-58). Plaintiffs have yet to file a motion for class certification, and discovery is currently ongoing.

Defendants argue that the two remaining claims are "wholly unsuitable for class treatment," and "no amount of discovery can overcome the barriers to class certification that are evident from the complaint." (ECF No. 89-1 at 5). Specifically, Defendants contend that "resolution of the remaining state-law claims will require individualized attention to the conditions of each tenant's apartment unit[] and the individual actions of each putative class member," such that Plaintiffs cannot meet the Rule 23(a) commonality requirement. They also contend that Plaintiffs cannot satisfy the requirements of Rule 23(b). (ECF No. 89-1 at 6).

Plaintiffs respond that Defendants' motion is premature and explain that they intend to demonstrate, with information they are in the process of obtaining through discovery, that "the conditions at BVS were so pervasive that the common questions of fact and law

2

greatly overwhelm any individual issues among the proposed class members." (ECF No. 96-1 at 7).

It may be appropriate to dismiss class allegations before discovery where it is clear from the pleadings that the purported class could not possibly meet the requirements of Rule 23. *See Ross-Randolph v. Allstate Ins. Co.*, No. 99-cv-3344-DKC, 2001 WL 36042162, at *4 (D.Md. May 11, 2001) (citing *Cook Cnty. Coll. Tchrs. Union v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972)) ("In determining whether a party complies with Rule 23, a court does not have to wait until class certification is sought."); *see also Strange v. Norfolk & W. Ry. Co.*, No. 85-1929, 809 F.2d 786 (Table), 1987 WL 36160, at *3 (4th Cir. Jan. 12, 1987). In this case, however, dismissing the class claims at this point would be premature. While Defendants have raised serious questions about Plaintiffs' ability to satisfy the requirements of Rule 23, the Amended Complaint is not "so devoid of a basis for a class action as to warrant dismissal before the Plaintiffs even move for class certification." *See Banks v. Wet Dog, Inc.*, No. 13-cv-2294-RDB, 2014 WL 4271153, at *4 (D.Md. Aug. 28, 2014). Thus, the court will wait to address those difficult questions until Plaintiffs have had "a full opportunity to develop a record containing all the facts pertaining to the suggested class." *See Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981).

Accordingly, Defendants' motion will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge