UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593<br>MDD_TJSchambers@mdd.uscourts.gov |

March 21, 2023

LETTER TO COUNSEL:

      Re:    *CASA de Maryland, Inc. v. Arbor Realty Trust, Inc., et al.*
              Civil Case No. DKC-21-1778

Dear Counsel:

      This case was referred to me for all discovery and related scheduling matters. ECF No. 95. Pending before the Court is a Local Rule 104.7 Certificate (ECF No. 128) and Plaintiffs' corresponding Motion to Compel ("Motion") (ECF No. 128-1). Having considered the parties submissions (*see* ECF No. 128), no hearing is deemed necessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted in part and denied in part.

      Plaintiffs in this putative class action are seven tenants "at an apartment conglomerate of Bedford Station and Victoria Station ('BVS') owned and/or operated by Defendants." ECF No. 103 at 1; *see CASA de Maryland, Inc. v. Arbor Realty Trust, Inc.*, No. DKC-21-1778, 2022 WL 4080320, at *2 (D. Md. Sept. 6, 2022). Defendant Realty Management Services ("RMS") "is the management company operating the BVS Properties on behalf of its co-defendants."[1] *Id.* Plaintiffs allege that Defendants "discriminated against them through the deficient maintenance and repair of their apartments." *Id.*

      During discovery, Plaintiffs propounded document production requests on RMS pursuant to Fed. R. Civ. P. 34. *See* ECF No. 128-1 at 10-18 (RMS's response to document requests). RMS objected to more than a dozen of the requests because the temporal scope of the requests was too broad. *See id.* Initially, RMS limited its response to documents "for the time period covered by the applicable statute of limitations (i.e. from July 19, 2018 through the date when this lawsuit was filed (i.e. July 19, 2021)." *Id.* It is unclear what criteria RMS used to determine which documents were among those "for the time period covered by the applicable statute of limitations," but the submissions imply that RMS looked to the creation date of the document to determine whether it would be produced. In any case, Plaintiffs complained that RMS's temporal objection was misplaced and attempted to resolve the dispute without judicial intervention. Ultimately, RMS "agreed to produce some of its documents that were generated outside of the limitations period: from December 1, 2015 (approximately one month before it began managing the property) to June 30, 2022 (approximately one month after the sale of the property)." ECF No. 128 at 1. Plaintiffs

---

[1] According to Plaintiffs, "RMS stopped managing the property in the summer of 2022 when the property was sold to new ownership." ECF No. 128-1 at 5.

are not satisfied with RMS's proposed compromise and now "move to compel RMS to produce all responsive, non-privileged documents, regardless of any temporal limitations." *Id.*

The scope of discovery under Rule 26 is broad. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). A court "*must* limit the frequency or extent of discovery" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

As the party opposing the production of discovery, RMS bears the burden to show why the discovery that Plaintiffs seek should not be allowed. *McNulty v. Casero*, No. SAG-16-2426, 2019 WL 5454900, at *3 (D. Md. Oct. 24, 2019) ("The party resisting discovery generally carries the burden to 'clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules.'") (quoting *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005)); *see also Hake v. Carroll County, Md.*, No. WDQ-13-1312, 2014 WL 3974173, at *5 (D. Md. Aug. 14, 2014) (stating that the party opposing a motion to compel carries the burden "to establish that the information is not relevant, or that the discovery request should be denied").

A "party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000) (Grimm, J.); *Papanicolas v. Project Execution & Control Consulting, LLC*, No. CBD-12-1579, 2015 WL 1242755, at *2 (D. Md. Mar. 17, 2015) (same); *Hake*, 2014 WL 3974173 at *4 (same). "A conclusory assertion of burden and expense is not enough." *Tucker*, 191 F.R.D. at 498; *see also Deutsche Bank Nat'l Tr. Co. v. Fegely*, No. 3:16CV147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020) (explaining that a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden and that merely objecting "that responding to a discovery request will require the objecting party to expend

considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request") (internal quotation marks omitted).

Plaintiffs argue that the production of documents without any temporal limitation is warranted. They state that "Defendants began managing the BVS apartments before the start of the limitations period and continued managing the apartments after Plaintiffs filed this lawsuit." ECF No. 128-1 at 1. Plaintiffs believe that "relevant documents may exist that fall outside of the period that RMS proposes to limit discovery." *Id.* The Court is persuaded by Plaintiffs' argument that RMS may possess documents that fall within the broad scope of relevance under Rule 26, but that also fall outside of RMS's proposed temporal limitation of December 1, 2015, through June 30, 2022. *See id.* at 4 (explaining how documents outside RMS's proposed temporal limitation could be relevant to the elements of Plaintiffs' remaining claims, like Defendants' notice of defective conditions and Defendants' failure to repair or maintain). Plaintiffs argue that production of these documents by RMS would be proportional to the needs of this case because it "involves thousands of potential class members and involves millions of dollars in [potentially] recoverable damages." *Id.* at 3.

RMS argues that it should not be required to produce responsive documents "without any temporal limitations." ECF No. 128-2 at 1. It argues that the potential value of the documents diminishes as the documents get further from the limitations period in this case, and that producing such documents places an "excessive burden" on it. *Id.* RMS also argues that it is unfair that Plaintiffs have been unwilling to compromise on this issue. *Id.* at 3-4. In support of its argument, RMS cites other cases, each arising under different sets of facts, in which courts have imposed temporal limitations on the scope of discovery. *Id.* at 5-7. At no place in its response, however, does RMS actually specify what burden it will face if required to produce the requested documents without any temporal limitation.

The Court finds that RMS has failed to meet its burden to show that the requested discovery should not be allowed. Plaintiffs' discovery requests appear to seek documents that may be relevant to the claims and defenses in this case. Defendants' conclusory assertion that producing the requested documents without any temporal limitation would be unduly burdensome and disproportional to the needs of this case rings hollow. A party resisting discovery on the basis of undue burden and expense must provide specific information about the nature of the burden and expense. Without this information, in most cases it will be impossible for the Court to conduct a proportionality assessment. RMS is in possession of the documents that Plaintiffs seek. As such, RMS should know about how much money it would cost and how much time it would take to produce the documents. Specifically, it should know about how long it would take to search for, retrieve, and assemble the documents for production. It should know about how many documents are at issue. And it should know about how long it would take its attorneys to review the documents and what this would cost. The Court has no independent knowledge of RMS's document storage practices and production capabilities. For this reason, the Court cannot give any weight to RMS's argument that the requested production would be disproportional to the needs of the case.

Plaintiffs' Motion to Compel (ECF No. 128-1) is **GRANTED** to the extent that it seeks the production of all responsive, non-privileged documents, regardless of any temporal limitations.

*See* ECF No. 128 at 1. RMS shall produce the requested documents to Plaintiffs within 14 days of the date of this Order. *See* Fed. R. Civ. P. 37(a).

If RMS does not comply with this order, Plaintiffs may move for sanctions, and the Court may impose the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Plaintiffs seek an award of attorney's fees incurred in connection with their Motion. ECF No. 128-1 at 5. Under Rule 37(a)(5), a party ordered to produce discovery in connection with a motion to compel, or a party that produces discovery after a motion to compel is filed, is generally required to pay the reasonable expenses incurred by the party that made the motion, including attorney's fees. But the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* "A legal position is 'substantially justified' [under Rule 37] if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n. 2 (1988)).

The Court declines to award any attorney's fees to Plaintiffs. Although RMS's opposition to the Motion was unsuccessful, the Court recognizes RMS's apparent good-faith efforts to compromise on the dispute. Because of these efforts, and because RMS's argument was at least logically sound (if not persuasive), the Court finds that an award of expenses would be unjust. Accordingly, the Motion is **DENIED** insofar as Plaintiffs seek an award of attorney's fees.

For these reasons, Plaintiffs' Motion to Compel (ECF No. 128-1) is **GRANTED IN PART** and **DENIED IN PART**.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge
