# Exhibit 4



**Jonathan B. Nace, Esquire**
One Church Street
Suite 802
Rockville, MD 20850
T: 202-780-5153
F: 240-766-7973
jon@nidellaw.com
http://www.nidellaw.com

February 15, 2023

**Via Email Service**
Scott T. Sakiyama
Orrick, Herrington & Sutcliffe LLP
353 N Clark Street
Suite 3600
Chicago, IL 60654
ssakiyama@orrick.com

   *Re:*  *CASA, et al. v. Arbor, et al.*

Dear Scott:

Thank you for your letter. First, I am not clear why, nor am I comfortable negotiating with the current Owners of BVS through your requests as a middleman. It is not clear to me that Jair Lynch or 1400 University Boulevard Owner, LLC has any concerns with the valid subpoena that was served on them in compliance with Rule 4 and Rule 45. Though you claim that they have concerns, I am aware of none.

Second, I am not sure what your second paragraph is seeking. You seem to be asking us to agree that Jair Lynch can email you documents when they email us documents? That is fine with us if that is the case. But I'll note that we have also issued document requests and if you receive any document from Current Ownership that we do not, we expect you to produce it to us as well. And we suggest that any claim that JL or Owners have as to privilege or work product is waived by providing it to you.

Third, the subpoenas absolutely comply with Rule 45. Your assertion that the condition of the properties today cannot be relevant to the claims of this case is absolutely fantastical. We disagree with you that the condition of the property today is due to the current owners. The condition today is representative of the problems your clients created and which Current Owners have not been able to remediate yet.

I further note that you lack standing to object to a non-party subpoena. And finally, I note that we moved to conduct these inspections many months ago and you objected. If you object again, or this evidence is lost, it will be because your clients have caused missing evidence; and we are entitled to an adverse inference as to the condition of the property prior to sale. Your client should have given us access to this evidence before selling the property and hoping it would be destroyed.

As to your requests that we give you the i) identities of the individuals, ii) the "specific areas or deficiencies" that they will inspect, or iii) the "tests" they will perform, the answer is no. You can conduct whatever inspection you like while we conduct ours.



Finally, the inspection absolutely will involve individual units.  Jair Lynch and 1400, LLC are the owners of the property and have rights of ingress with notice.  Each lease gives Landlord the right of entry with twenty-four hours "written or oral notice" to the tenant.  This is consistent with the law in the State of Maryland.  As we have previously informed you and the Court, we intend to conduct testing at randomly chosen apartments for environmental statistical purposes.

We fully expect that the Current Owners will comply with their leases and inform tenants immediately that their apartments may be inspected on March 7, 8 or 9.

Sincerely,

Jonathan B. Nace, Esq.

CC:
All counsel of record

Louis E. Dolan, Esq.
Vernon Johnson, Esq.
*Counsel for Jair Lynch Real Estate Partners* and
*1400 University Boulevard Owner, LLC*