## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| **CASA DE MARYLAND, INC.,** *et al.* | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 8:21-cv-01778-DKC** |
| **ARBOR REALTY TRUST, INC.,** *et al.* | |
| **Defendants.** | |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

*COME NOW* Plaintiffs, by and through undersigned counsel, and respectfully oppose Defendants' joint Motion for Protective Order.  ECF #135.

### I.    INTRODUCTION

Because many of the issues overlap, Plaintiffs respectfully incorporate their Reply in Support of Motion to Compel Inspection of Land and Compliance with Subpoena that is filed this same day. Plaintiffs further note the following:

### II.    ARGUMENT

Defendants admit they were served with subpoenas for an inspection of the premises in October of 2022.  ECF 135-1, at p. 2.  They also admit that they delayed for months to discuss either dates or "protocol" for that inspection.  *Id.* at p. 3 (identifying they sought no information on the date or protocol until February 15, 2023).  On the eve of that inspection, Defendants sent a letter demanding "(i) the identities of the individuals expected to conduct the Inspection and any testing of BVS; (ii) the specific areas or deficiencies to be observed and/or tested for; and (iii) the specific tests to be conducted (the "Requested Information")."  *Id.* at p. 2.  When Defendants made last minute

requests to delay the inspection until they had "specific information," Plaintiffs skeptically (and correctly) viewed it as a delay tactic.

Defendants now have every bit of information they have requested, yet still they object. The obvious purpose of this motion was to delay the inspection until after the motion for class certification was due in an improper attempt to prejudice Plaintiffs. They nearly succeeded. And while Defendants take it upon themselves to admonish Plaintiffs' counsel for alleged noncompliance with Local Rules, *id.* p. 11, Defendants should review Federal Rule of Civil Procedure 1. "[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.*

### A. Plaintiffs provided all the substantive information that Defendants requested.

First, Plaintiffs have provided the identities of the individuals. Second, Plaintiffs have identified they intend to inspect 50-60 randomly selected apartments. Third, Plaintiffs have identified the expertise of the experts and instructed Defendants that the identified Certified Industrial Hygienist and Structural Engineer intend to investigate the apartments for the defects identified in the Amended Complaint. This motion is brought in bad faith—as was the objection to the inspection—all in the name of hindering Plaintiffs' progress in moving for class certification.

Defendants have been provided all the information they requested and have failed to identify any deficiencies in the specific information already provided. Instead, they argue in broad strokes that "it is prudent and necessary for Plaintiffs to elaborate on and identify the specific scope of their intended Inspection" without providing any specific details as to what ***way*** they are lacking. *Id.* at p. 9, fn 5. Plaintiffs have already disclosed the identity of their experts, their scope of expertise, and the deficiencies that these experts will be inspecting. The methods and testing that will be used during the inspection are not novel. Therefore, Defendants cannot identify any deficiencies in the information that Plaintiffs provided.

The closest they come to articulating how information is lacking is when Defendants shamelessly allege "The First Amended Complaint's ("FAC") vagueness only compounds the issue, rendering it impossible for Defendants to determine what Plaintiffs will be looking at or for during any inspection of BVS."  *Id.* at p. 1.  The First Amended Complaint is ***159 pages long*** and has nearly thirty pages of ***pictures*** of the problems at the apartment complex.  If this qualifies as a "vague" complaint, then all legal documents are vague.  Instead, this is a boilerplate objection stated to this Court in the hopes of delay.  If Defendants want Plaintiffs to provide more specificity in what the inspection is, they should identify what information they want.

Plaintiffs note that Defendants have not identified any of their experts to Plaintiffs, nor have they stated that they have any objection to any specific test or concern.  There is simply nothing of substance for Plaintiffs to identify as problematic to Defendants, nor any issue to try to resolve. Defendants simply want "coordination," and "specifics."  But the only specific concern of Defendants that Plaintiffs can ascertain is that the inspection was to go forward.

**B. The Court should not grant Defendants' Motion because the terms are potentially prejudicial to Plaintiffs and others are unnecessary.**

Common sense dictates that the parties will inspect the property at the same time with their respective experts.  But Defendants also demand that Plaintiffs "cooperate with them in…conducting the Inspection."  ECF 135-1, at p. 12.  This is highly generic and potentially highly prejudicial because the Defendants cannot tell Plaintiffs for what they can and cannot inspect.  The idea that Plaintiffs must agree with Defendants as to what type of inspection they can undertake is meritless.  Perhaps Plaintiffs must ***disclose*** with reasonable particularity what they will do is reasonable.  Plaintiffs have done so.  But the idea that Defendants will control what type of inspection they can perform or how long Plaintiffs can inspect any property (presumably a request for strict compliance in any particular apartment or specific place) gives Defendants an unjust sword to prevent the discovery of facts. Perhaps if this was their property, Defendants could make requests not to perform certain tests,

assuming they identified certain tests not to be performed.  But Defendants do not own the property and Ownership has not identified anything that must not be performed on their property.  Most significantly though, Plaintiffs have notified all parties and Ownership repeatedly that they intend to do a visual inspection of the property only.  However, Defendants objected to the inspection when they did own the property despite the possibility of spoliation of evidence.  *See* ECF #71.

Plaintiffs note that Defendants have not identified any of their experts to Plaintiffs, nor have they stated that they have any objection to any specific test or concern.  There is simply nothing of substance for Plaintiffs to identify or any issue to try to resolve.  Defendants simply want "coordination," and "specifics."  The only specific concern of Defendants that Plaintiffs can ascertain is that the inspection was to go forward.

Defendants proposed order parrots the request for identities of individuals, "specific areas" of deficiencies, and "specific tests."  It also makes several requests which are objectionable or ridiculous.

> "(2) All parties will share all raw unedited photos, videos, or audio footage and any materials obtained from the inspection (including photographs, video footage, any samples or materials taken from or of BVS or test results from such sampling, etc.)."

EF 135-14, at p. 2.  This infringes on attorney work product and Rule 26 privileges.  *See* FRCP 26(b)(4)(C) ("Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications…"; *see also* FRCP 26(b)(4)(D) ("Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.").  **If** Plaintiffs list these experts, their files will be provided consistent with Rule 26(a)(2).  Additionally, Defendants never asked for this term prior to filing their motion.

Additionally, Defendants' proposed order states:

> "(4) Defendants' and the Owners' representative(s) and expert(s) shall be allowed to accompany Plaintiffs' representatives and experts during the inspection at all times. The Parties will work together reasonably to accommodate such things as bathroom breaks. Plaintiffs' team members may step off BVS property to confer privately or may do so on the property so long as they stay within view of other party representatives. The Parties and the Owners have the right to photograph or videotape the activities of the Parties' team on the properties;"

*Id.* This is not a good faith reason to delay a site inspection. Bathroom breaks do not need to be ordered. And this Court should not seek to Order the physical geographic restrictions of where people can walk.

Further, Plaintiffs and their experts must be protected against this as they have Rule 26 privileges that prevent opposing parties from discovering communications even from disclosed experts. *Supra.* The Defendants do ***not*** have the right to photograph or video attorney-expert communications simply because they are investigating a property. Plainly, Defendants are not allowed to record conversations between Plaintiffs' counsel and Plaintiffs' accompanying experts. Such a recording would violate all semblance of Rule 26 attorney-expert privileges. *Supra.*

Plaintiffs have already complied with the rest of the proposed protective order and the language is unnecessary. *See e.g.*, *id.* ¶ 7.

### III.   <u>CONCLUSION</u>

Plaintiffs seek a typical site inspection in this case, consistent with the allegations of the Complaint and with no intrusion upon trade secrets, confidential information or the like. Defendants failed to alert Plaintiffs to any of their concerns for months. Then, at the last minute, they coordinated objections with Ownership to delay the inspection until after the critical class certification deadline. Now they seek a protective order that is at times unnecessary and at other times absurd in its requests.

The Court should see this delay as a legal tactic and deny the motion for protective order.

Respectfully submitted,

**Nidel & Nace, P.L.L.C.**

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com
zach@nidellaw.com

## **CERTIFICATE OF SERVICE**

       This is to certify that on this 28th day of March 2023, I caused a copy of the foregoing to be served upon all parties.  I further certify that a copy was sent to counsel for Jair Lynch and 1400 University Owner Boulevard, LLC via email service:

       Vernon W. Johnson, III
       Nixon Peabody LLP
       799 9th Street NW, Suite 500,
       Washington, DC 20001-5327
       vjohnson@nixonpeabody.com

                               */s/ Jonathan Nace*
                               Jonathan Nace, Esquire
                               Bar Number: 18246