**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement") is made on this date of August 21st 2023, between Plaintiff CASA, Inc. ("CASA"), formerly known as Casa de Maryland, Inc. and Defendants Bedford United, LLC and Victoria United, LLC (collectively, "Bedford and Victoria").

### I.   RECITALS

A.   **Parties.** CASA and Bedford and Victoria hereby enter into this Agreement to resolve CASA's claims. CASA and Bedford and Victoria are individually referred to hereinafter as a "Party" and collectively as the "Parties." CASA is an immigrant rights membership organization. Bedford and Victoria are the former owners of the Bedford and Victoria Station apartment complexes (the "Bedford and Victoria Station Apartment Complexes").

B.   **The Lawsuit Encompassed by this Settlement.** On July 19, 2021, CASA filed a lawsuit in the United States District Court for the District of Maryland, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*, Case No. 8:21-cv-01778-DKC (the "Lawsuit"). CASA brought claims on behalf of itself and its members. Additionally, Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran (collectively, "Individual Plaintiffs") brought claims in the Lawsuit, including claims seeking to represent a class. The Court dismissed CASA's claims on September 6, 2022, but that order was not a final judgment because the Lawsuit proceeded as to the claims of the Individual Plaintiffs.

C.   While discovery related to the claims of the Individual Plaintiffs was ongoing, the Parties and Individual Plaintiffs engaged in mediation and, in that process, exchanged information necessary to resolve the dispute. After 3 separate day-long mediation sessions with an experienced

class action mediator, Linda Singer, on April 20, 2023, the Parties reached an agreement in principle to resolve the Lawsuit, including the claims of the Individual Plaintiffs.

        **D.**      **Denial of Liability**. CASA desires to settle its claims alleged against Bedford and Victoria in the Lawsuit regarding the Bedford and Victoria Station Apartment Complexes, having taken into account the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the Lawsuit will be further protracted and expensive.

CASA has conducted an extensive investigation of the facts and applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, CASA considers it to be in its best interests to enter into this Agreement to settle its claims against Bedford and Victoria in the Lawsuit (the "Settlement").

By entering into this Agreement, Bedford and Victoria do not admit that they are liable to CASA. Bedford and Victoria, having taken into account the risks, delay, and difficulties involved in establishing a defense to CASA's potential right to recovery, desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by CASA relating to Bedford's and Victoria's alleged wrongful actions or omissions. Bedford and Victoria deny all liability to CASA.

This Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Lawsuit, or of any fault on the part of Bedford and Victoria, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

E.      In consideration of the foregoing and other valuable consideration, CASA and Bedford and Victoria agree to settle CASA's claims arising from Bedford and Victoria's ownership and management of the Bedford and Victoria Station Apartment Complexes as alleged in the Lawsuit, on the following terms and conditions.

## II.     DEFINITIONS

A.      "Bedford's and Victoria's Counsel" means Amanda Lawrence, Scott Sakiyama, and Sarah Meehan of Orrick, Herrington & Sutcliffe LLP.

B.      "CASA's Counsel" means Jonathan Riedel and Nicholas Katz.

C.      "Class Action Settlement Agreement" means an agreement entered into between the Individual Plaintiffs, as the proposed representatives of the Settlement Class, and Bedford and Victoria to settle the claims of Individual Plaintiffs and the Settlement Class against the Released Entities.

D.      "Class Period" means the time period July 19, 2018, through May 23, 2022.

E.      "Effective Date" means the date on which this Agreement and the Final Approval Orders are effective pursuant to this paragraph. This Effective Date shall be the later of: (i) 31 days after the docketing and entry of the Final Approval Order which is also the day after the last date for filing a Notice of Appeal, or (ii) the day after any order on appeal becomes final and non-appealable and there are no further proceedings on remand, including no further appeal of orders issued on remand.

F.      "Released Claims" means any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by CASA, on behalf of itself or in a representative capacity, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of

3

action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

   **G.** "Released Entities" means Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Realty Management Services, Inc., and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, entities in common control, affiliates, insurers, reinsurers, control persons, predecessors, and successors or any agent acting or purporting to act for them or on their behalf.

   **H.** "Settlement Class" is defined as:

All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.

   **I.** "Tenant" means (i) any person who is listed as a leaseholder or an occupant pursuant to a lease agreement related to a unit at the Bedford and Victoria Station Apartment Complexes during the Class Period, and (ii) any person who otherwise utilized the Bedford and Victoria Station Apartment Complexes as his, her, or their primary residence during the Class Period, regardless of whether such persons were enumerated on a lease agreement.

### III.   RELEASE & CONSIDERATION

In consideration for Bedford and Victoria's agreement to release CASA as outlined below, CASA for and on behalf of its present and future successors, beneficiaries, heirs, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, and forever discharges the Released Entities of the Released Claims and further covenants not to sue any of the Released Entities with respect to any of the Released Claims and any and all claims for attorneys' fees or costs, by lien or otherwise.

In consideration for CASA's agreement to release Bedford and Victoria, Bedford and Victoria for and on behalf of its present and future successors, beneficiaries, heirs, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, and forever discharges CASA of any claim and further covenants not to sue CASA with respect to any of the Released Claims and any and all claims for attorneys' fees or costs, by lien or otherwise.

The Released Entities are the express and intended third-party beneficiaries of this Agreement and shall have the right to enforce its terms.

### IV.   BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of CASA for and on behalf of its present and future successors, beneficiaries, heirs, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through it.

### V.   NOTICES

Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

<u>To CASA's Counsel:</u>

Jonathan Riedel
8151 15th Avenue
Hyattsville, MD 20783
jriedel@wearecasa.org

<u>To Bedford and Victoria's Counsel</u>:

Amanda R. Lawrence
Sarah B. Meehan
2001 M Street NW, Suite 500
Washington, D.C. 20036
alawrence@orrick.com
smeehan@orrick.com

Scott T. Sakiyama
353 N. Clark St., Suite 3600
Chicago, IL 60654
ssakiyama@orrick.com

## VI.     ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties.

## VII.    CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of Maryland without respect to its choice of law principles.

## VIII.   REPRESENTATIONS

CASA represents and warrants that it has not sold, assigned, transferred or otherwise disposed of any of the claims, demands or rights that are the subject of this Agreement; and that it shall take all necessary action to effectuate the terms of this Agreement. CASA warrants that it is

the sole and absolute legal and equitable owner of the Released Claims and has the full right and power to execute and deliver the release of the Release Claims contained herein.

CASA agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated.

## IX.   NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise of disputed claims for purposes of achieving an amicable and efficient settlement. Nothing in this Agreement or any of the procedures carried out pursuant thereto shall constitute or be construed as an admission of liability or wrongdoing on the part of the Released Entities. Nothing in this Agreement shall constitute an admission by the Released Entities that the Lawsuit was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Entities of the propriety of the Lawsuit.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Entities or any person or entity associated in any way with the Released Entities.

## X.   CONFIDENTIALITY

It is further understood and agreed and made a part hereof, that all negotiations leading up to this Agreement, and all information, records or documentation (whether verbal, written or electronic) provided by the Parties in connection with the Lawsuit or this Agreement, shall be kept strictly confidential by the Parties and their counsel, and they shall not disclose, publicize, disseminate, or encourage or permit any person or entity, to disclose, publicize or disseminate any fact with respect to the negotiations or investigation leading up to this Agreement.

The Parties further agree that, upon receipt of any subpoena or notice of any proceeding to obtain a court order seeking to compel a party's testimony or the production or documents relating to this Agreement, such party shall, within 5 calendar days thereof, and in any event within a reasonable period of time prior to the time within which production or testimony is required by the terms of said subpoena or court order, provide written notice to the Parties' counsel of any such request to disclose. The Parties shall use their best efforts to prevent any further dissemination or publication of the information disclosed. In the event that the Parties receive an inquiry from any third party concerning the negotiations leading up to this Agreement, the Parties may disclose to such third party only that the parties have "settled their differences and decline further comment." The Parties further agree to refrain from taking any action related to this matter designed to harm the public perception of one another regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. In addition, the terms of this Agreement and all negotiations concerning this Agreement shall be deemed within the protection afforded to compromises and offers to compromise under Rule 408 of the Federal Rules of Evidence and any analogous state laws and principles. Nothing in this Agreement shall constitute precedent or evidence in any other proceeding, with the exception that this Agreement shall be admissible in any proceeding to enforce the terms hereof.

This section shall not be construed to encompass any publicly available information, including the existence of this Agreement and its terms. Nor shall this section be construed to prevent CASA from posting publicly available information about the case and this Agreement on its firm's respective website or in other promotional materials nor require CASA to review and delete any previously posted information. All terms herein and throughout the Agreement shall be

construed to be consistent with operative ethical rules, including but not limited to, Rule 19-305.6 of the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts.

Within 7 days after the Effective Date, CASA shall destroy any materials received from the Released Entities and non-parties subpoenaed during the course of this Lawsuit (including but not limited to materials treated as confidential under the terms of the Stipulated Protective Order (ECF No. 115) or this Agreement, and materials that were not treated as confidential under the same) and shall notify counsel for the Released Entities and non-parties subpoenaed by Individual Plaintiffs of the same via email. Within 7 days after the Effective Date, the Released Entities shall destroy any materials received from CASA during the course of this Lawsuit (including but not limited to materials treated as confidential under the terms of the Stipulated Protective Order or this Agreement, and materials that were not treated as confidential under the same) and shall notify CASA Counsel of the same via email.

## XI.   MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by CASA's counsel and Bedford's and Victoria's Counsel.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute 1 instrument for all purposes. The several signature pages may be collected and annexed to 1 or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions

or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

CASA, CASA's counsel, Bedford and Victoria, and Bedford's and Victoria's Counsel consider the Settlement to be fair, reasonable, and adequate, and subject to the terms of this Agreement, will use their best efforts to support this Agreement.

Should any paragraph, provision or clause in this Agreement be found to be ineffective, invalid, or unenforceable, the remainder of this Agreement shall be valid and enforceable, and the Parties shall negotiate, in good faith, a substitute, valid and enforceable provision which more clearly reflects the Parties' intent in entering into this Agreement.

This Agreement is executed voluntarily and without any duress or undue influence on the part of behalf of the Parties hereto, with the full intent of releasing certain claims by CASA. All Parties acknowledge that:

A. They have read this Agreement, have the required authority to execute it, and are competent to execute it;
B. The Parties had the opportunity to seek and rely upon the advice of their counsel in the negotiation and execution of this Agreement;
C. They understand the terms and consequences of this Agreement and of the releases and waivers it contains; they have not relied upon any representations or statements made by the other Party, which are not specifically set forth in this Agreement, and they disclaim any reliance in executing the Agreement on any representations not contained herein.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

CASA, Inc.

By: *Jonathan Riedel*  DATE: _____
Jonathan Riedel

Bedford United, LLC

Name: _____  DATE: _____

Signed: [DocuSigned by: B07D524DEF83472...]

Victoria United, LLC

Name: _____  DATE: _____

Signed: [DocuSigned by: B07D524DEF83472...]

APPROVED AS TO FORM AND CONTENT:

NIDEL & NACE, P.L.L.C.

By: _____          DATE: ___8/21/2023___
     Jonathan Nace

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____          DATE: ___8/21/2023___
     Amanda R. Lawrence