IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| CASA DE MARYLAND, INC., et al, <br><br> Plaintiffs, <br><br> v. <br><br> ARBOR REALTY TRUST, INC., et al, <br><br> Defendants. | Civ. Action No.: 8:21-CV-01778-DKC |

## ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

UPON CONSIDERATION OF Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Counsel for Plaintiffs has moved under Federal Rules of Civil Procedure 23(e) for an order: (1) preliminarily approving a class settlement on the terms and conditions set forth in the Class Settlement Agreement (the "Settlement Agreement"); (2) appointing a Settlement Administrator; and (3) approving forms and the procedures for class notice.

The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all exhibits attached thereto. On the basis thereof, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2. For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of the Settlement Class, defined as follows:

   **All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.**

3. In light of the agreement to settle the Action and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to members of the Settlement Class;

   c. The claims of the Settlement Class Representatives are typical of the claims of members of the Settlement Class.

   d. The Settlement Class Representatives, represented by counsel experienced in complex environmental and class action litigation, will fairly and adequately protect the interests of the Settlement Class.

   e. In light of the agreement to settle the Action and the resulting elimination of individual issues that Defendants contend preclude certification of a litigation class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of the Class, and

   f. Certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

4. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped from taking any position relating to class certification.

5. Anita Ramirez, Ramiro Lopez, Ervin Rodas, Jesus Gonzalez, Maria Bonilla, Maria Lara and Norma Guadalupe Beltran are hereby designated as the Settlement Class Representatives for the Settlement Class.

6. The following counsel is designated and authorized to act as Settlement Class Counsel:

    a. Jonathan Nace and Zachary Kelsay of Nidel & Nace PLLC; and P. Joseph Donahue of The Donahue Law Firm, LLC.

7. The Court affirms the authority of Settlement Class Counsel and Settlement Class Representatives to execute the Settlement Agreement on behalf of the Settlement Class Members.

8. The members of the Settlement Class who have not exercised their right to exclude themselves from the Settlement Class agree to release the "Released Entities" (as that term is defined in the Settlement Agreement) from the "Released Claims" (as that term is defined in the Settlement Agreement) including any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

9. The terms and conditions set forth in the Settlement Agreement place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class.

10. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

11. A hearing (the "Final Approval Hearing") shall be held on XXX, 2023, at XX p.m. eastern time before the undersigned via zoom/in person.

12. The date of the Final Approval Hearing will be included in the Notice of Proposed Class Action Settlement.

13. The purpose of the Final Approval Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing this litigation with prejudice bringing the litigation to a conclusion, forever releasing the Released Persons from all Released Claims, and permanently barring Class Members from bringing any lawsuit or other action based on the Released Claims; and (c) consider other Settlement-related matters including an award of appropriate attorneys' fees, costs, and class representative incentive awards.

14. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Class, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Class.

15. The Court appoints American Legal Claims Services to serve as Settlement Administrator.

16. The Court has reviewed the detailed notice of proposed class action settlement (the "Class Notice"), attached to this Order including the Mail Notice, the Email Notice and the Publication Notice.

17. The Court approves as to form each of the Mail Notice, the Email Notice and the Publication Notice.

18. The Court also approves the method of directing notice to eligible members of the Settlement Class, as set forth in paragraph 19 below.

19. Within twenty-one (21) days of this Order, the Settlement Administrator shall prepare and cause individual copies of the Mail Notice (Ex. 1 to this Order) to be sent by United States First Class Mail to eligible members of the Settlement Class whose mailing addresses can be determined through reasonable effort. The Court determines that the "reasonable effort" standard is met in this case based on the use of the existing apartment addresses and the last known addresses obtained by Defendants. The Settlement Administrator also shall mail copies of the Mail Notice to any other potential members of the Settlement Class that request copies or that otherwise come to its attention.

20. The Settlement Administrator shall also cause the Email Notice, the content of which shall be substantially as set forth in Exhibit 2 to this Order, to be sent to known email addresses of individuals known to be within the Class Definition as provided.

21. The Settlement Administrator shall also cause to be published in print form in English in Hyattsville Life and Times and in Spanish in El Tiempo Latino the Publication Notice, attached hereto as Exhibit 3, for four (4) consecutive weeks.

22. Each Notice shall be available on the website dedicated to this Settlement in both English and Spanish, which shall be maintained by the Settlement Administrator.

23. Finally, the Settlement Administrator shall establish a toll-free phone number to answer questions by the Settlement Class Members and shall leave such toll-free line open until the deadline for submission of Claim Forms.

24. The Court finds that the foregoing plan for notice to eligible members of the Settlement Class will provide the best notice practicable under the circumstances and is in compliance with the requirements of Rule 23 and applicable standards of due process.

25. Prior to the Final Approval Hearing, counsel for Defendants and Settlement Class Counsel shall jointly file with the Court an affidavit from a representative of the Settlement Administrator confirming that the plan for disseminating the notice to the Settlement Class has been accomplished in accordance with the provisions above.

26. Members of the Settlement Class who wish to exclude themselves from the Class must request exclusion within sixty-six (66) days of the entry of this Preliminary Approval Order in accordance with the instructions set forth in the Notice.

27. Settlement Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim and Release Form to the Settlement Administrator. Members of the Settlement Class who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim and Release Form to the Settlement Administrator.

28. Members of the Settlement Class who seek compensation from the Settlement Fund must file a claim by submitting a valid Claim Form online or postmarking it to the Settlement Administrator within forty-five (45) days of the Publication Notice Issuance Date.

29. A Settlement Class Member that resided in multiple units within either Bedford Station or Victoria Station is a member of the Class, unless the Class Member opts out of the Class with respect to all eligible apartments.

30. Members of the Settlement Class who do not request exclusion may submit written objections to the Settlement Agreement and/or the Fee and Service Awards Application no later than the date that is sixty-six (66) days after the date this Preliminary Approval Order is entered.

31. Any Member of the Settlement Class who has not requested exclusion may also attend the Final Approval Hearing, in person or through counsel, and may pursue those objections in person, or if the Member of the Settlement Class has submitted a written objection, through counsel.

32. No Member of the Settlement Class, however, shall be entitled to contest the foregoing matter in writing unless the Member of the Settlement Class has served and filed in person or by mail, postmarked no later than the date that is sixty-six (66) days after the date this Preliminary Approval Order is entered, copies of the statement of objection, together with any supporting brief and all other papers the Member of the Settlement Class wishes the Court to consider.

33. To be effective, a notice of intent to object to the settlement must:

    a. Contain a heading which includes the name of the case and case number;

b. Provide the name, eligible apartment address(es), mailing address, email address, if any, and telephone number and signature of the Settlement Class Member filing the objection;

c. Provide documentary proof of membership in the Settlement Class;

d. Indicate the specific factual and legal reasons why the Settlement Class Member objects to the proposed class settlement;

e. List all cases in which the objector has objected to a class action settlement, including case name, court, and docket number;

f. List all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number, if the objector is represented by counsel

g. Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, that attorney must comply with all applicable laws and rules for filing pleadings and documents in United States District Court for the District of Maryland; and

h. State whether the objecting Settlement Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

34. In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Final Approval Hearing and call witnesses:

a. A detailed statement of the specific legal and factual basis for each and every objection;

b. A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony; and

c. State whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class.

d. A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing.

35. Any such objection, brief, notice of appearance, or other related document must be mailed to the Court at the following address:

> Clerk of the Court
> United States District Court for the District of Maryland
> 6500 Cherrywood Lane
> Greenbelt, MD 20770

and served upon each of the following persons:

> Settlement Class Counsel:
> Jonathan B. Nace
> Zachary A. Kelsay
> Nidel & Nace, PLLC
> One Church Street, Suite 802
> Rockville, MD 20850;
>
> P. Joseph Donahue
> The Donahue Law Firm, LLC
> 18 West Street
> Annapolis, MD 21401
>
>
> Defendants' Counsel:
> Amanda R. Lawrence
> Sarah B. Meehan
> Orrick Herrington & Sutcliffe LLP
> 2001 M St. NW, Suite 500
> Washington, DC 20036

>Scott T. Sakiyama
>Orrick Herrington & Sutcliffe LLP
>353 N. Clark St., Suite 3600
>Chicago, IL 60654; and
>
>Settlement Administrator;
>American Legal Claims Services
>XXX.

36. Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above or who does not make a record of his or her objection at the Final Approval Hearing will be deemed to have waived any such objection.

37. The Court establishes the following schedule consistent with the Parties' Settlement Agreement:

| | |
|---|---|
| Establishment of Settlement Fund (as defined by the Settlement Agreement). | 7 days after receipt of a copy of the Settlement Agreement executed by Named Plaintiffs. |
| Deadline for filing attorneys' fee petition. | 30 days prior to "Response Deadline" |
| "Response Deadline" for opting out, objecting, or submitting claim. | 66 days after entry of the Preliminary Approval Order |
| Deadline for class counsel, and defendants to respond to any objections (including responses to any objections to the class settlement, class counsel's attorney's fees and costs, and class representatives' incentive awards). | 7 days prior to Final Approval Hearing |
| Final Approval Hearing to be held at any time at least 76 days after the Notice Date. | TBD by Court. |
| Deadline for Payment of Claims | 30 Days after the "Effective Date" as defined by the Settlement Agreement |

38. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

39. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Class for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement (including this Order) shall become void and have no further force or effect. In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

40. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, Defendants, any Settlement Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

41. The court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.