## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), subject to approval by the Court, is made on this date of August 21, 2023, between Plaintiffs Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran (collectively, "Plaintiffs"), as the proposed representatives of the Settlement Class, as defined herein, and Defendants Bedford United, LLC and Victoria United, LLC (collectively, "Bedford and Victoria").

## I.     RECITALS

**A.     Parties.** Plaintiffs, individually, and as the representatives of the Settlement Class (defined below), and Bedford and Victoria hereby enter into this Agreement to resolve the claims of Plaintiffs and the Settlement Class. Plaintiffs and Bedford and Victoria are individually referred to hereinafter as a Party and collectively as the "Parties."

**B.     The Lawsuit Encompassed by this Settlement.** On July 19, 2021, Plaintiffs filed a lawsuit in the United States District Court for the District of Maryland, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*, Case No. 8:21-cv-01778-DKC (the "Lawsuit").

**C.**     While discovery was ongoing, the Parties engaged in mediation and, in that process, exchanged information necessary to resolve the dispute. After 3 separate day-long mediation sessions with an experienced class action mediator, Linda Singer, on April 20, 2023, the Parties reached an agreement in principle to resolve the Lawsuit. As described below, Plaintiffs shall dismiss Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Arbor Management Acquisition Company, LLC, Hyattsville United, LLC, and Realty Management Services, Inc. from the Lawsuit prior to Class Counsel's submission of the motion for preliminary approval, discussed below.

**D.**     **Denial of Liability**. Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims alleged against Bedford and Victoria in the Lawsuit regarding the apartment complexes owned by Bedford and Victoria (the "Bedford and Victoria Station Apartment Complexes"), having taken into account the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the Lawsuit will be further protracted and expensive.

Plaintiffs have conducted an extensive investigation of the facts and applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs consider it to be in the best interest of the Settlement Class to enter into this Agreement to settle their claims alleged against Bedford and Victoria in the Lawsuit (the "Settlement").

By entering into this Agreement, Bedford and Victoria do not admit that they are liable to Plaintiffs or the Settlement Class, nor do Bedford and Victoria concede that, absent a settlement, Plaintiffs' putative class may properly be certified under the Federal Rules of Civil Procedure. Bedford and Victoria, having taken into account the risks, delay, and difficulties involved in establishing a defense to Plaintiffs' and the Class's potential right to recovery, desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiffs relating to Bedford's and Victoria's alleged wrongful actions or omissions. Bedford and Victoria deny all liability to Plaintiffs and the Settlement Class.

This Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth or falsity of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Lawsuit, or of any fault on the part of Bedford and Victoria, and all such allegations are expressly

denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

  **E.**  In consideration of the foregoing and other valuable consideration, Plaintiffs and Bedford and Victoria agree collectively to settle the claims of Plaintiffs and the Settlement Class arising from Bedford and Victoria's ownership and management of the Bedford and Victoria Station Apartment Complexes as alleged in the Lawsuit, subject to the Court's approval, on the following terms and conditions.

## II. DEFINITIONS

  **A.**  "Administrative Costs" means all costs and expenses associated with providing notices to the Proposed Class, locating Class Members whose current address is not reflected in existing records of Bedford and Victoria, issuing settlement payments, and any other costs of or associated with administration of the Settlement. It does not include any fees, costs or expenses incurred by Class Counsel or any Class Members. All Administrative Costs shall be paid from the Gross Settlement Fund.

  **B.**  "Bedford and Victoria's Counsel" means Amanda Lawrence, Scott Sakiyama, and Sarah Meehan of Orrick, Herrington & Sutcliffe LLP.

  **C.**  "Claim Form" means the applicable template form affidavit, attached as Exhibits 1 and 2 hereto, that shall require a Settlement Class Member to provide their name, mailing address, email address, and attest under penalty of perjury by check box and signing the Claim Form that they resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022, that shall be provided in English and Spanish, and which Class Counsel shall attach to the motion for preliminary approval for Court approval.

**D.**     "Claims Filing Deadline" means 45 days from the Publication Notice Issuance Date.

**E.**     "Class" or "Class Member" is defined as:

All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.

**F.**     "Class Counsel" means Jonathan Nace and Zachary Kelsay of Nidel & Nace, P.L.L.C., and Patrick Joseph Donahue of The Donahue Law Firm, LLC.

**G.**     "Class Member List" means a list of persons who, according to a reasonable search of Bedford and Victoria's business records, fall within the definition of the Class; and the list shall include each such person's last known mailing address and their last known email address.

**H.**     "Class Notice" means the Notice of Proposed Class Action Settlement and Final Hearing and Mail Notice attached as Exhibits 3 and 4 hereto, the Email Notice of Proposed Class Action Settlement and Final Hearing attached as Exhibits 3 and 4 hereto, and the Publication Notice of Proposed Class Action Settlement and Final Hearing attached as Exhibits 5 and 6 hereto, or substantially similar notices approved by the Court, and which Class Counsel shall attach to the motion for preliminary approval for Court approval.

**I.**     "Class Period" means the time period July 19, 2018, through May 23, 2022.

**J.**     "Class Representatives" means Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran.

**K.**     "Effective Date" means the date on which this Agreement and the Final Approval Orders are effective pursuant to this paragraph. This Effective Date shall be the later of: (i) 31 days after the docketing and entry of the Final Approval Order which is also the day after the last date for filing a Notice of Appeal, or (ii) the day after any order on appeal becomes final and non-

appealable and there are no further proceedings on remand, including no further appeal of orders issued on remand.

**L.**     "Email Notice" means the notice to be emailed to Class Members by the Settlement Administrator that shall be provided in English and Spanish, substantially in the form of Exhibits 3 and 4, provided that the Preliminary Approval Order prescribes Class Notice by email.

**M.**     "Fee and Expense Award" means the amount awarded to Class Counsel by the Court to compensate Class Counsel for attorneys' fees and expenses in prosecuting the Lawsuit, to be paid from the Gross Settlement Fund.

**N.**     "Fee and Service Award Application" means Class Counsel's application for a Fee and Expense Award and Service Awards.

**O.**     "Final Approval Hearing" means the hearing at or after which the Court will determine whether to finally approve the Settlement.

**P.**     "Final Approval Order" means an order of the Court finally approving the Settlement. A copy of a proposed Final Approval Order is attached as Exhibit 7.

**Q.**     "Gross Settlement Fund" means a payment by Bedford and Victoria in the amount of $3,000,000.00, from which any Administrative Costs, any Fee and Expense Award, and any Service Award shall be paid, pursuant to the terms of this Settlement Agreement as approved by the Court.

**R.**     "Mail Notice" means the notice to be mailed to Class Members by the Settlement Administrator that shall be provided in English and Spanish, substantially in the form of Exhibits 3 and 4.

**S.**   "Notice" means the notice to be posted on the Settlement Website and mailed to Class Members that discloses the terms of the Settlement Agreement and shall be provided in English and Spanish, substantially in the form of Exhibits 3 and 4.

**T.**   "Net Settlement Fund" means the Gross Settlement Fund minus any Fee and Expense Award, any Service Awards, and any Administrative Costs.

**U.**   "Notice Program" means the procedure for providing Class Notice to the Settlement Class.

**V.**   "Plan of Allocation" means the terms and procedures for allocating the Settlement Fund among, and for distributing amounts to Class Members as proposed in the Class Notice and approved by the Court.

**W.**   "Preliminary Approval Order" means an order from the Court preliminarily approving the Settlement; preliminarily certifying, for settlement purposes only, the Settlement Class; and approving the Class Notice. A copy of a proposed Preliminary Approval Order is attached hereto as Exhibit 8.

**X.**   "Publication Notice" means the notice to be published in El Tiempo Latino that shall be provided in Spanish, substantially in the form of Exhibit 5, and Hyattsville Life and Times that shall be provided in English, substantially in the form of Exhibit 6.

**Y.**   "Publication Notice Issuance Date" means the date on which the Publication Notice is first published in El Tiempo Latino and Hyattsville Life and Times.

**Z.**   "Released Claims" means any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including

any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

AA.    "Released Entities" means Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Realty Management Services, Inc., and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, entities in common control, affiliates, insurers, reinsurers, control persons, predecessors, and successors or any agent acting or purporting to act for them or on their behalf.

BB.    "Response Deadline" means 66 days after entry of the Preliminary Approval Order.

CC.    "Service Award" means such funds as may be awarded by the Court to the Plaintiffs in recognition of their time and effort expended in pursuing the Lawsuit and in fulfilling their obligations and responsibilities as Class Representatives, to be paid from the Gross Settlement Fund.

DD.    "Settlement Administrator" means American Legal Claims Services. The Settlement Administrator was selected by Class Counsel, with input from Bedford and Victoria, after review of proposals submitted by several settlement administrators.

EE.    "Settlement Class Member" and collectively, the "Settlement Class," means all Class Members who do not opt out of the Settlement.

**FF.**    "Settlement Payment" means the payment made to each Settlement Class Member from the Net Settlement Fund pursuant to this Agreement.

**GG.**    "Settlement Website" means an internet website to be established and maintained by the Settlement Administrator. The URL of the Settlement Website shall be BedfordandVictoriaStationSettlement.com.

**HH.**    "Tenant" means (i) any person who is listed as a leaseholder or an occupant pursuant to a lease agreement related to a unit at the Bedford and Victoria Station Apartment Complexes during the Class Period, and (ii) any person who otherwise utilized the Bedford and Victoria Station Apartment Complexes as his, her, or their primary residence during the Class Period, regardless of whether such persons were enumerated on a lease agreement.

## III.    SCHEDULE AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

Solely for the purpose of effectuating the Settlement set forth in this Agreement and subject to Court approval, the Parties state they have stipulated to stay the Lawsuit. The Parties further stipulate that: (1) a Settlement Class shall be certified in accordance with the definition of the Settlement Class set forth in this Agreement; (2) the Class Representatives shall represent the Class for settlement purposes; and (3) Class Counsel shall represent the Class for settlement purposes.

Plaintiffs shall file an unopposed Motion for Preliminary Approval of the Settlement, attaching this Agreement with accompanying exhibits, on or before August 23, 2023 or such other date as is ordered by the Court. In their Motion for Preliminary Approval, Plaintiffs shall request that the Court: (1) enter the Preliminary Approval Order; (2) certify, for settlement purposes only, the Class; (3) appoint Plaintiffs as Class Representatives; (4) appoint Class Counsel as counsel for the Class; (5) approve the Notice Program; (6) approve the procedures for objecting to and requesting exclusion from the Settlement Agreement; (7) schedule a Final Approval Hearing; and

(8) continue to stay the Lawsuit until the Final Approval Hearing. Bedford and Victoria shall not oppose the motion and may file a statement of non-opposition.

Plaintiffs will also submit, by the deadline set by the Court, a motion: (1) seeking entry of the Final Approval Order; (2) confirming certification of the Class for settlement purposes; (3) approving the Settlement; (4) finding the Notice Program to be the best notice practicable under the circumstances and comporting with all applicable requirements of law and due process; (5) confirming the release of the Released Entities and the Released Claims; (6) identifying those who have timely and validly requested exclusion; and (7) confirming the retention of jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, and any order granting any Fee and Expense Award and Service Awards, and for any other necessary purpose. Bedford and Victoria shall not oppose the motion and may file a statement of non-opposition.

This Agreement, which is proposed, will become effective upon the Effective Date. In the event that this Agreement (including the Settlement provided for herein) is not finally approved, or is terminated or cancelled or fails to become effective for any reason whatsoever, the conditional class certification, to which the Parties have stipulated solely for the purpose of the settlement of the Lawsuit, shall be null and void, and the Lawsuit shall revert to the status as it existed prior to the date of this Agreement.

## IV.    THE SETTLEMENT TERMS

### A.    Funding of Settlement

The Gross Settlement Fund shall be used to pay, in the following order: (1) all Administrative Costs; (2) any taxes owed by the Gross Settlement Fund (but not any taxes owed by any individual Class Counsel, Plaintiffs, or Class Members); (3) any Fee and Expense Award

approved by the Court; (4) any Service Awards to the Class Representatives approved by the Court; and (5) Settlement Payments.

Within 7 days after the receipt of a fully executed copy of this Settlement Agreement, Bedford and Victoria shall deposit the Settlement Fund into an interest-bearing account established by the Settlement Administrator and designated as a Qualified Settlement Fund ("QSF") pursuant to the Internal Revenue Code (the "Escrow Account") to be held in escrow pending the Effective Date. Any interest earned shall accrue to the benefit of the Class. The Parties agree to take all necessary and reasonable actions to qualify the Settlement Fund as a QSF. Plaintiffs agree that they will dismiss Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Arbor Management Acquisition Company, LLC, Hyattsville United, LLC, and Realty Management Services, Inc. from the Lawsuit within 5 business days after the Settlement Fund is placed into escrow and prior to submitting the Motion for Preliminary Approval.

If any of the following events occur, Class Counsel shall direct the Settlement Administrator to return the principal and interest in the Escrow Account (the amount deposited plus interest) to Bedford and Victoria within 5 business days after any of the following events: (i) Plaintiffs fail to dismiss Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Arbor Management Acquisition Company, LLC, Hyattsville United, LLC, and Realty Management Services, Inc. from the Lawsuit within 5 business days after the Settlement Fund is placed into escrow or prior to submitting the Motion for Preliminary Approval, (ii) the Court determines not to enter a Final Approval Order, unless otherwise agreed in writing by the Parties; (iii) a Final Approval Order entered by the Court is set aside by an appellate court, unless otherwise agreed in writing by the Parties; or (iv) the Settlement does not occur for some other reason.

### B.      Settlement Payments and Distribution

Settlement Class Members are entitled to receive payment from the Net Settlement Fund pursuant to the process described herein.

Class Members will need to submit a Claim Form, attached hereto as Exhibits 1 and 2, to the Settlement Administrator. In the Claim Form, a claimant must attest under penalty of perjury by check box and signing the Claim Form that he/she/they resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022, complete a W-9, and submit reasonable proof of the same. Reasonable forms of proof of residency may include, for example, a piece of mail listing his/her/their name and address, a bill listing his/her/their name and address, or any documentation (electronic or otherwise) that demonstrates that he/she/they resided at Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022. In order to be timely, Settlement Class Members must submit their Claim Forms by the Claims Filing Deadline.

The Net Settlement Fund will be allocated among Class Members as follows:

Individual Apartment Recovery =      ((N)*Net Settlement Fund) /
(Total Number of Occupancy Years for All Claimed
Units)

N = Maximum Number of partial years residing at BVS during the Class Period (1, 2 or 3) but no more than 3 for a specific unit

Individuals who make a claim on the same apartment and for the same year will divide the apartment's recovery pro rata for the year.

Within 14 days after entry of the Final Approval Order, the Settlement Administrator shall calculate the Net Settlement Fund by deducting: (1) the Administrative Costs incurred in connection with the Notice Program and any other Administrative Costs approved by the Parties; (2) any costs, fees, or other expenses that the Settlement Administrator expects reasonably to incur

through the conclusion of the Settlement ("Projected Administrative Costs"); (3) the amount of any Court-approved Fee and Expense Award; and (4) the amount of any Court-approved Service Awards. The Settlement Administrator will provide Class Counsel and Bedford and Victoria's Counsel with a document demonstrating this calculation. The Parties shall review and approve any Projected Administrative Costs, and approval shall not be unreasonably withheld. In no event, however, shall the Settlement Administrator be paid in excess of the actual Administrative Costs, regardless of the Projected Administrative Costs.

Within 30 days after the occurrence of the Effective Date, the Settlement Administrator shall pay any Fee and Expense Award approved by the Court, and any Service Awards approved by the Court. Wiring instructions and W-9s shall be provided by Class Counsel to the Settlement Administrator on or before this deadline.

Within 14 days after the Effective Date, the Settlement Administrator shall calculate on a percentage basis and dollar basis the allocation to each Settlement Class Member to be made from the Net Settlement Fund and disseminate to the Parties' counsel a final list identifying each Settlement Class Member, the percentage of the Net Settlement Fund to be paid to each Settlement Class Member, and the amount of payment to each Settlement Class Member.

Settlement Payments shall be made by check or by digital payment methods available to Settlement Class Members via the Settlement Website. Within 14 days after the Effective Date, the Settlement Administrator shall send an email to all Settlement Class Members for whom the Settlement Administrator has a functional email address advising them of the option to select a digital payment method on the Settlement Website and stating that any Settlement Class Member who does not select a digital payment method shall receive their Settlement Payment by check.

For Settlement Class Members who select a digital payment option, Settlement Payment will be effectuated within 30 days after the Effective Date unless there is a pending appeal from a Fee and Expense Award. For Settlement Class Members who do not select a digital payment option, Settlement Payment will be mailed by check within 30 days after the Effective Date unless there is a pending appeal from a Fee and Expense Award. If a check is returned and marked "Undeliverable," the Settlement Administrator shall make reasonable efforts to locate the Settlement Class Member, reissue the check and send it to a forwarding address, if such an address is located.

Checks issued under this Settlement Agreement shall be negotiable for 90 days after date of issuance. Individual checks that have not been negotiated within 90 days after issuance shall be void. For good cause shown, Settlement Class Members may request that the Settlement Administrator reissue a check for 1 additional 90-day period.

The Parties agree that all Class Members who do not opt out shall be solely responsible for any and all tax obligations associated with this Settlement. Nothing in this Agreement is intended to constitute legal advice or tax advice. To the extent that this Agreement or any of its accompanying exhibits are interpreted to contain or constitute advice regarding any state or federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code or any applicable state law.

### C.     Service Awards

On or before 30 days prior to the Response Deadline, Class Counsel may apply to the Court for a Service Award from the Gross Settlement Fund for each Class Representative not to exceed $7,500 per Class Representative. Service Awards will be requested in recognition of the Class Representatives' service to the Settlement Class, in addition to any other relief to which they are

entitled. Bedford and Victoria shall not object to the Class Representatives' request for Court approval of Service Awards.

This Settlement Agreement is not conditioned upon the Court awarding any Service Awards and should the Court decline to approve any Service Awards, or should the Court approve Service Awards in amounts less than that sought by Class Counsel, the remaining provisions of the Settlement Agreement shall be binding and effective.

### D.    Class Counsel's Fees and Expenses

On or before 30 days prior to the Response Deadline, Class Counsel may apply to the Court for a Fee and Expense Award from the Gross Settlement Fund, not to exceed 30% of the Gross Settlement Fund as reasonable attorneys' fees, plus Class Counsel's reasonable expenses incurred in the Lawsuit. Bedford and Victoria may respond to the Fee and Service Award Application as they deem appropriate. The Parties agree that the amount of attorneys' fees ultimately paid from the Gross Settlement Fund will not in any way reduce, increase, or otherwise modify Bedford's and Victoria's obligation to pay the agreed-upon sum for the Gross Settlement Fund. Class Counsel Fees shall be subject to approval by the Court. Class Counsel shall be solely responsible for paying any monies due to any and all other counsel for Plaintiffs, out of the Fee and Expense Award. Bedford and Victoria shall not be liable for any claims ensuing from distribution of attorneys' fees and expenses. The Parties did not discuss any award of attorneys' fees or expenses until the material terms of the Settlement Agreement were agreed.

In consideration of this Agreement, Plaintiffs on behalf of themselves and the Class release the Released Entities of any and all claims for attorneys' fees or costs, by lien or otherwise, subject to approval of the fees awarded by the Court. Plaintiffs further agree that the Fee and Expense Award, if any, shall compensate them for all legal work in the Lawsuit up to and including the

Effective Date, as well as for all legal work and costs that may be incurred in the Lawsuit after the Effective Date.

This Settlement Agreement is not conditioned upon the Court awarding any Fee and Expense Award and should the Court decline to make a Fee and Expense Award or approve a Fee and Expense Award less than that sought by Class Counsel, the remaining provisions of the Settlement Agreement shall be binding and effective.

## V.    RELEASE

On the Effective Date, and in consideration for the Settlement Payment and for Bedford's and Victoria's other promises contained herein, Plaintiffs and each Settlement Class Member, for and on behalf of their present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, and forever discharges the Released Entities of the Released Claims and further covenants not to sue any of the Released Entities with respect to any of the Released Claims.

The Released Entities are the express and intended third-party beneficiaries of this Settlement Agreement and shall have the right to enforce its terms.

## VI.    NOTICE TO THE SETTLEMENT CLASS

Bedford and Victoria represent that neither they nor their agents have information sufficient to identify and provide mail or email notice to all Settlement Class Members, though they will assist by providing information available to them as follows. No later than 7 days after entry of the Preliminary Approval Order, Bedford and Victoria shall provide Class Counsel and the Settlement Administrator the Class Member List in an electronic format.

As soon as practicable, but starting no later than 14 days after the date that Bedford and Victoria provide the Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Email Notice to be sent to all Class Members for whom the Class Member List includes an email address, provided that the Preliminary Approval Order prescribes Class Notice by email. Bedford and Victoria make no representations as to the accuracy of any email addresses included in the Class Member List.

As soon as practicable, but starting no later than 14 days after the date that Bedford and Victoria provide the Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Mail Notice to be sent to all Class Members for whom no email address appears on the Class Member List. Prior to mailing Class Notice, the Settlement Administrator will update the last known addresses of the members of the Class using the "National Change of Address" database maintained by the United States Postal Service. Within a reasonable time prior to the Response Deadline, the Settlement Administrator shall also cause the Mail Notice to be sent to all Class Members whose Email Notices are returned undeliverable, after running those Class Members' last known addresses through the "National Change of Address" database. If the Mail Notice is returned with a forwarding address, the Settlement Administrator shall make 1 attempt to remail the Mail Notice to that forwarding address, as soon as reasonably possible before the Response Deadline. If the Mail Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt to locate an updated address and make 1 attempt to remail the Mail Notice to the updated address, as soon as possible before the Response Deadline.

As soon as practicable, but starting no later than 14 days after the date that Bedford and Victoria provide the Class Member List to the Settlement Administrator, the Settlement

Administrator shall arrange for El Tiempo Latino and Hyattsville Life and Times to publish the Publication Notice in a full-page advertisement reprinted in full weekly for a period of 4 consecutive weeks. The content and layout of the advertisement shall be as attached in Exhibit 5 for El Tiempo Latino and Exhibit 6 for Hyattsville Life and Times (the "Publication Notice"). The Publication Notice will include a QR or other code that can be scanned and will direct persons to the Settlement Website and Notice, which will contain hyperlinks to the Claim Forms, when scanned using a smartphone or other device that recognizes QR codes.

The Settlement Administrator shall mail or email the Notice to any Class Member who requests a copy.

Prior to the date on which the Settlement Administrator mails the Mail Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement Website shall contain: (1) the Claim Form in downloadable PDF format in both English and Spanish; (2) the Notice in downloadable PDF format in both English and Spanish; (3) the Notice in HTML format with a clickable table of contents, described as answers to frequently asked questions in both English and Spanish; (4) a contact information page with contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and Bedford's and Victoria's Counsel in both English and Spanish; (5) the Settlement Agreement; (6) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (7) the FAC; and (8) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof. The Settlement Website shall remain accessible until 30 days after the Settlement Administrator has completed its obligations under the Settlement Agreement.

The Settlement Administrator shall also establish a 24-hour toll-free telephone line with information about frequently asked questions about the Settlement. The number shall be included in the Class Notice and posted on the Settlement Website.

The Settlement Administrator shall ensure that timely notice is provided to any state and federal officials as required by the Class Action Fairness Act (28 U.S.C. § 1715).

### VII.    OBJECTIONS AND OPTING OUT OF THE SETTLEMENT

**Request for Exclusion.** Class Members have the right to request exclusion from the Settlement Class. The Class Notice shall advise Class Members of this right and the requirements for doing so.

Any Class Member may seek to be excluded from the Settlement Class by opting out by the Response Deadline. A request for exclusion must be in writing, postmarked on or before the Response Deadline, and include the name of the case. The request must also include the name, address, phone number and signature of the Class Member(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*" The request must be mailed to the address provided in the Class Notice. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Settlement Class Member to the Agreement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to all counsel of record no later than 7 days after receipt.

Any Class Member who opts out of the Settlement Class shall not be bound by the terms of the Settlement Agreement. Any person who opts out of this Settlement is prohibited from objecting to the Settlement.

If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 30, the Parties stipulate and agree that Bedford and Victoria shall have the right to terminate this Agreement without penalty or sanction.

If a person or entity submits both a Claim Form and a request to opt out, the person or entity will be deemed to have waived and withdrawn the request to opt out and shall be treated as a Settlement Class Member for all purposes. In such a circumstance, the Settlement Administrator will notify the Settlement Class Member that such Settlement Class Member is being treated as a Settlement Class Member.

**Objecting to the Settlement.** Settlement Class Members have the right to object to the Settlement and/or the Fee and Service Awards Application. The Class Notice shall advise Class Members of this right and the requirements for doing so.

Any Settlement Class Member may object to this Agreement by delivering an objection, in writing, to Class Counsel and Bedford and Victoria's Counsel and filing the objection (in person or by mail) with the Court on or before the Response Deadline. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption; (3) documentary proof of membership in the Settlement Class; (4) the specific factual basis and legal grounds for the objection, including the address of the apartment the objector resided in at the Bedford and Victoria Station Apartment Complexes during the Class Period; (5) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (6) if the

objector is represented by counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (7) if the objector is represented by counsel, the name, address, bar number, and telephone number of the objector's counsel; (8) a statement indicating whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Approval Hearing; (9) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; and (10) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Approval Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Approval Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Approval Hearing must make such a request in a written brief or as otherwise ordered by the Court, which contains a list of such witnesses, including the address of each witness and a summary of his or her proposed testimony, a detailed description of any evidence the objector may offer, including photocopies of any exhibits the objector may introduce, and a summary of their own requested testimony.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy

of the proposed Settlement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

The Class Representatives, Class Counsel, and/or Bedford and Victoria may file responses to any timely written objections no later than 7 days prior to the Final Approval Hearing. If a Class Member's objection is overruled or otherwise disposed of, the objector is deemed a Settlement Class Member.

**No Solicitation of Settlement Objections or Exclusions**. The Parties agree to use their best efforts to carry out the terms of this Settlement Agreement. At no time shall any of the Parties, Released Entities, or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or to request exclusion from the Class, or to encourage persons to appeal from the Court's final judgment.

## VIII.    OBLIGATIONS OF THE SETTLEMENT ADMINISTRATOR

As discussed in more detail elsewhere in the Agreement, the Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement, including the following: preparing and disseminating the Class Notice; maintaining the Settlement Website to allow class members to elect electronic payments; administering the claims submission and review process; documenting the number and type of Claim Forms submitted by Settlement Class Members; identifying and following up on deficient Claim Forms to give Class Members an opportunity to provide the necessary information; reviewing, evaluating, and determining which claim forms meet the requirements for acceptance and accepting, accordingly; rejecting Claim Forms that appear to be duplicative based on the name, address, email address, and documentation provided; reporting to the Parties as requested

regarding claims administration; preparing reports of its final determinations as to each Claim Form; keeping track of any requests for exclusion from and objections to the Settlement, including maintaining the original envelope in which they were mailed; delivering to Class Counsel and Bedford and Victoria's Counsel copies of any request for exclusion, objection, or, upon request, any other written or electronic communications from the Settlement Class; making Settlement Payments; performing any tax reporting duties required by this Agreement or any applicable law; maintaining adequate records of its activities, including dates of transmission of the Mail Notice and Email Notice, returned mail, and other communications and attempted communications with the Class; confirming in writing its completion of the administration of the Settlement; preparing and disseminating the requisite notifications to appropriate state and federal officials under 28 U.S.C. § 1715; and such other tasks as Class Counsel and Bedford and Victoria's Counsel mutually agree.

The Settlement Administrator may, at any time, request from each claimant, in writing, additional information as the Settlement Administrator may reasonably require in order to evaluate the Claim Form.

Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Settlement Administrator shall request additional information from the claimant and give the claimant 14 days to cure the defect before rejecting the claim. The Settlement Administrator shall request any Claim Form supplementation within 14 days after receipt of such Claim Form. In the event of unusual circumstances interfering with compliance with the 14-day cure period, the claimant may request, and for good cause shown (such as illness, military service, absence from the United States, delivery failures, etc.) shall be given a reasonable extension of the 14-day

deadline in which to comply. However, in no event shall the deadline be extended to later than 14 days after the Claims Filing Deadline without express approval from the Parties. If the defect is not cured within the required period, then the claim will be deemed invalid, and the claimant will not be entitled to payment from the Net Settlement Fund.

On a bi-weekly basis, the Settlement Administrator shall make the Claim Forms it has accepted available electronically to Class Counsel and Bedford and Victoria's Counsel. The Settlement Administrator shall undertake a reasonable review of each claim to determine whether it meets the requirements of this Settlement Agreement, contains all of the required information on the Claim Form, and provides what appears to be the required documentation. The accepted Claim Forms not rejected by the Settlement Administrator in this process shall be the "Approved Claim Forms." The Parties mutually agree to extend these deadlines if the circumstances dictate that a reasonable extension is warranted.

The Settlement Administrator shall provide Class Counsel and Bedford and Victoria's Counsel with a final list of the Approved Claim Forms with each approved claimant's name, address, email address, and access to the Claim Form and related documentation submitted by the claimant within 30 days of the Claims Filing Deadline.

The retainer agreement shall provide that the Settlement Administrator understands and agrees that it will be provided with certain personal identifying information relating to the Class and agrees to keep the information secure utilizing security measures that, at a minimum, comply with all applicable laws, rules, and regulations, not disclose or disseminate it, and use the information solely for purposes of effectuating the Settlement. The Settlement Administrator shall agree that it shall be subject to the jurisdiction of the Court with respect to the administration of this Settlement.

The Settlement Administrator shall also be required to agree to confidentiality requirements, which set forth, among other things, a timeline for the Settlement Administrator to destroy all email addresses. The Settlement Administrator shall not utilize Class members' email addresses for any purpose other than effectuating this settlement.

Starting 7 days after the deadline to begin the Notice Program, the Settlement Administrator shall also provide weekly reports to Class Counsel and Bedford and Victoria's Counsel concerning Claim Forms, requests for exclusion and objections received during the prior week and to date.

Within 5 days after the Response Deadline, the Settlement Administrator shall provide Class Counsel and the Settling Parties' Counsel with a report containing the information regarding requests for exclusion and objection, including timely and untimely requests for exclusion and objection. The Settlement Administrator shall provide a declaration to be submitted in support of the motion for entry of the Final Approval Order detailing the Notice Program and the number of valid requests for exclusion and objections received.

The Settlement Administrator shall also provide Class Counsel and Bedford and Victoria's Counsel with a reconciliation and accounting of the Gross Settlement Fund at each of the following times: (1) no later than 10 days after the Settlement Payments are made; and (2) no later than 180 days after the Settlement Payments are made.

All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed 90 days after the Settlement Administrator's provision of the latter reconciliation and accounting of the Gross Settlement Fund, provided that Class Counsel and Bedford and Victoria's Counsel, or either of them, at their own cost, shall receive a complete copy of the Settlement Administrator's records (excluding specific account information), together with

a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies. To the extent Class Counsel receives a copy of the Class List, it shall be kept confidential by Class Counsel and shall not be used for any purposes other than the implementation of this Agreement.

## IX.    BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of Settlement Class Members, for and on behalf of their present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them.

## X.    NOTICES

Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

To Class Counsel:

Jonathan Nace
Zachary Kelsay
One Church St., Suite 802
Rockville, MD 20850
jon@nidellaw.com
zach@nidellaw.com

P. Joseph Donahue
18 West Street
Annapolis, MD 21401
pjd@thedonahuelawfirm.com

To Bedford and Victoria's Counsel:

Amanda R. Lawrence
Sarah B. Meehan
2001 M Street NW, Suite 500

Washington, D.C. 20036
alawrence@orrick.com
smeehan@orrick.com

Scott T. Sakiyama
353 N. Clark St., Suite 3600
Chicago, IL 60654
ssakiyama@orrick.com

## XI.     ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties. The Parties state that Bedford and Victoria have concurrently entered into an agreement with former plaintiff, CASA de Maryland, Inc. ("CASA"), pursuant to Rule 23(e)(3), attached hereto as Exhibit 9. In this agreement, CASA agrees to release its own claims, including any potential appellate rights stemming from the Lawsuit, in exchange for Bedford's and Victoria's promise to settle the Lawsuit on the terms enumerated herein.

## XII.     CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of Maryland without respect to its choice of law principles.

## XIII.     REPRESENTATIONS

Plaintiffs represent and warrant that they have not sold, assigned, transferred or otherwise disposed of any of the claims, demands or rights that are the subject of this Agreement; and that they shall take all necessary action to effectuate the terms of this Agreement.

The Class Representatives agree to sign this Settlement Agreement and by signing this Settlement Agreement are bound by the terms herein stated, and further agree not to request to be excluded from and agree not to object to any of the terms of this Settlement Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

26

### XIV.   VOIDING OF AGREEMENT AND RIGHT TO WITHDRAW

If the Court declines to approve the Agreement and procedures contemplated herein, then the Agreement is automatically null, void, and of no force and effect. If the Court imposes any additional or increased burden, condition, or obligation upon a Party and that entity finds it to be unacceptable, that entity will have 14 days after written notice of such order becoming final to withdraw from this Agreement, in which case the Agreement shall be null, void, and of no force and effect.

However, in the event the Court determines any proposed Class Representative payment or Fee and Expense Award should be reduced, it is expressly agreed and understood that such a decision by the Court shall not operate as a means by which a Party can withdraw from this Agreement.

### XV.   NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise of disputed claims for purposes of achieving an amicable and efficient settlement. Nothing in this Agreement or any of the procedures carried out pursuant thereto shall constitute or be construed as an admission of liability or wrongdoing on the part of the Released Entities. Nothing in this Agreement shall constitute an admission by the Released Entities that the Lawsuit was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Entities of the propriety of the Lawsuit.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Entities or any person or entity associated in any way with the Released Entities.

## XVI.   CONFIDENTIALITY

It is further understood and agreed and made a part hereof, that all negotiations leading up to this Settlement Agreement, and all information, records or documentation (whether verbal, written or electronic) provided by the Parties in connection with the Lawsuit or this Settlement Agreement, shall be kept strictly confidential by the Parties and their counsel, and they shall not disclose, publicize, disseminate, or encourage or permit any person or entity, to disclose, publicize or disseminate any fact with respect to the negotiations or investigation leading up to this Settlement Agreement.

The Parties further agree that, upon receipt of any subpoena or notice of any proceeding to obtain a court order seeking to compel a party's testimony or the production or documents relating to this Settlement Agreement, such party shall, within 5 calendar days thereof, and in any event within a reasonable period of time prior to the time within which production or testimony is required by the terms of said subpoena or court order, provide written notice to the Parties' counsel of any such request to disclose. The Parties shall use their best efforts to prevent any further dissemination or publication of the information disclosed. In the event that the Parties receive an inquiry from any third-party concerning the negotiations leading up to this Settlement Agreement, the Parties may disclose to such third-party only that the parties have "settled their differences and decline further comment." The Parties further agree to refrain from taking any action related to this matter designed to harm the public perception of one another regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. In addition, the terms of this Settlement Agreement and all negotiations concerning this Settlement Agreement shall be deemed within the protection afforded to compromises and offers to compromise under Rule 408 of the Federal Rules of Evidence and any

analogous state laws and principles. Nothing in this Settlement Agreement shall constitute precedent or evidence in any other proceeding, with the exception that this Settlement Agreement shall be admissible in any proceeding to enforce the terms hereof.

This section shall not be construed to encompass any publicly available information, including the existence of this Settlement Agreement and its terms. Nor shall this section be construed to prevent Class Counsel posting publicly available information about the case and this Settlement Agreement on its firm' respective websites or in other promotional materials. All terms herein and throughout the Settlement Agreement shall be construed to be consistent with operative ethical rules, including but not limited to, Rule 19-305.6 of the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts.

Within 7 days after the Effective Date, Plaintiffs shall destroy any materials received from the Released Entities and non-parties subpoenaed by Plaintiffs during the course of this Lawsuit (including but not limited to materials treated as confidential under the terms of the Stipulated Protective Order (ECF No. 115) or this Settlement Agreement, and materials that were not treated as confidential under the same) and shall notify counsel for the Released Entities and non-parties subpoenaed by Plaintiffs of the same via email. Within 7 days after the Effective Date, the Released Entities shall destroy any materials received from Plaintiffs during the course of this Lawsuit (including but not limited to materials treated as confidential under the terms of the Stipulated Protective Order or this Settlement Agreement, and materials that were not treated as confidential under the same) and shall notify Class Counsel of the same via email.

## XVII.    MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Class Counsel and Bedford and Victoria's Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute 1 instrument for all purposes. The several signature pages may be collected and annexed to 1 or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

Plaintiffs, Class Counsel, Bedford and Victoria, and Bedford and Victoria's Counsel consider the Settlement to be fair, reasonable, and adequate, and subject to the terms of this Agreement, will use their best efforts to support this Agreement and to seek approval of this Agreement from the Court according to its terms without modification, and in responding to any objectors, intervenors, or other persons or entities seeking to preclude the final approval of this Settlement Agreement. The Parties further agree to cooperate and work together in good faith throughout the administration.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Plaintiffs:

Anita Ramirez:          *Anita Ramirez*          DATE: Aug 18 2023 09:46 EST

Ramiro Lopez:           *Ramiro Lopez*           DATE: Aug 18 2023 10:09 EST

Ervin Obdulio Rodas:    *Erwin Rodas*            DATE: Aug 18 2023 10:10 EST

Jesus Gonzalez:         *Jesus Gonzalez*         DATE: Aug 18 2023 14:00 EST

Maria Arely Bonilla:    *Maria Bonilla*          DATE: Aug 18 2023 13:46 EST

Maria Lara:             *Maria Lara*             DATE: Aug 18 2023 10:08 EST

Norma Guadalupe Beltran: *Norma Beltran*         DATE: Aug 18 2023 12:57 EST


Bedford United, LLC

Name: _____          DATE: _____

Signed: DocuSigned by:
        _____
        B07D524DEF83472...


Victoria United, LLC

Name: _____          DATE: _____

Signed: DocuSigned by:
        _____
        B07D524DEF83472...

APPROVED AS TO FORM AND CONTENT:

NIDEL & NACE, P.L.L.C

By: _____          DATE: 8/18/2023
    Jonathan Nace


THE DONAHUE LAW FIRM, LLC

By: _____          DATE:  Aug 18 2023 15:41 EST
    Patrick Joseph Donahue


ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____          DATE:  August 21, 2023
    Amanda R. Lawrence

# Exhibit 1

*CASA de Maryland, Inc. et al. v. Arbor Realty Trust, Inc., et al.*

| CLAIM AND RELEASE FORM |
|:---:|

| INSTRUCTIONS |
|---|

If you resided in an apartment at either Bedford Station or Victoria Station near University Blvd., in Langley Park, MD, during the period **July 19, 2018, through May 23, 2022** you may be eligible for a settlement payment in this lawsuit against Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, and Realty Management Services, Inc. if the final settlement is approved by the Court. **YOU MUST COMPLETE THIS CLAIM AND RELEASE FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT**. The exact amount of any final payment to Class Members will depend on the Court's award of attorneys' fees and expenses, costs of administration, and class representative incentive awards. The amount any individual tenant receives will be calculated by the Settlement Administrator and will be based on the duration of residency at Bedford Station or Victoria Station during the period of July 19, 2018, through May 23, 2022.

**This Claim and Release Form, the enclosed W-9 and any additional required documentation must be postmarked or submitted no later than XXX, 2023.**

Please go to **www.bedfordandvictoriastationsettlement.com** for more details on documentation that can support your claim and other information. If you still have questions, you can call 1-XXX-XXX-XXXX.

| CONTACT INFORMATION |
|---|

**Name:** _____  _____  _____
    *(First)*         *(Middle)*         *(Last)*

**Telephone No.:** _____ – _____ – _____

**Email Address:** _____

**Current Mailing Address:** _____  _____
          *(Street)*              *(Unit/Apt #)*


          *(City)*              *(State)*         *(Zip Code)*

**Social Security No.:** _____ – _____ – _____  ~OR~

**Tax ID No.:** _____ – _____

## APARTMENT INFORMATION

If you believe you resided in an eligible apartment during the relevant time period, please provide the following information, complete the enclosed W-9 Form, and supply the required proof of residency documentation.  If you resided in more than one apartment at Bedford Station or Victoria Station, please print additional Claims and Release Forms available at www.bedfordandvictoriastationsettlement.com or contact 1-XXX-XXX-XXXX to request additional Claim and Release Forms.  One Claim and Release Form must be submitted for each apartment you resided in during the relevant time period.

Address of Eligible Apartment: _____  _____

                                                                *(Street)*                                                *(Unit/Apt #)*


                        *(City)*                                *(State)*                        *(Zip Code)*

**Period of Residency**

1.  When did you begin your residency of the apartment: _____/ _____(Month, Year)

2.  When did you end your residency of the apartment: _____/ _____(Month, Year)

3.  Do you <u>currently</u>, or did you previously, reside in the apartment with anyone else (for example, a spouse or family member)? ***Only list people over the age of eighteen who lived at or leased the apartment with you.***

    ☐ Yes        ☐ No

4.  If your answer to Question 4 is "Yes," please list all other co-owners of the Property.

**Note: Each co-tenant must either complete his or her own Claim and Release Form or sign the Claim and Release Form below to receive his or her own compensation.**


(Co-tenant #1)


(Co-tenant #2)


(Co-tenant #3)

| **PROOF OF RESIDENCY** |
| --- |

Please attach a copy of one of the following types of documents to establish proof of your residency:

- Lease Agreement listing your name and the address of your apartment, covering dates within the relevant period.

- Letter from a government body (e.g., Maryland Department of Human Services) listing your name and the address of your apartment, dated within the relevant period.

- Bank statement or utility bill listing your name and the address of your apartment, dated within the relevant period.

- Postmarked letter from a third party listing your name and the address of your apartment, dated within the relevant period.

- Any other similar document that shows your name, the address of your apartment, and that you were residing in the apartment during the relevant period.

Please note that proof of residency will be subject to verification.


| **SIGN AND DATE THE CLAIM AND RELEASE FORM** |
| --- |

Please go to **www.bedfordandvictoriastationsettlement.com** for more details on documentation that can support your claim and other information.  If you still have questions, you can call 1-XXX-XXX-XXXX.

**You must sign the Claim and Release Form under penalty of perjury.  Therefore, make sure it is truthful.**

**Certification:** I hereby certify under penalty of perjury that (1) the above and foregoing is true and correct; and (2) I believe, in good faith, that I resided in the Eligible Apartment, listed above, for some period during the period **July 19, 2018 through May 23, 2022**.

**Release of Claims:** In exchange for and upon receipt of the settlement payment for which I am submitting this Claim and Release Form, I hereby RELEASE and am forever barred from bringing against the Released Entities, as defined in the following paragraph, any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

For purposes of this complete Release, the "Released Entities" means the Defendants Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Realty Management Services, Inc., and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, entities in common control, affiliates, insurers, reinsurers, control persons, predecessors, and successors or any agent acting or purporting to act for them or on their behalf.

---

### SUBMIT YOUR CLAIM AND RELEASE FORM

Mail this completed Claim and Release Form, and required documentation, postmarked **on or before XXX**, to:

XXX

**You may also complete this Claim and Release Form online at:**
**www.bedfordandvictoriastationsettlement.com**

---

Please go to **www.bedfordandvictoriastationsettlement.com** for more details on documentation that can support your claim and other information.  If you still have questions, you can call 1-XXX-XXX-XXXX.

# Exhibit 2

*__CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.__*

| FORMULARIO DE RECLAMACIÓN Y RENUNCIA |
|:---:|

| INSTRUCCIONES |
|:---:|

Si usted residía en un apartamento en Bedford Station o Victoria Station cerca de University Blvd. en Langley Park, MD, durante el período del **19 de julio de 2018 al 23 de mayo de 2022**, es posible que sea elegible para recibir un pago de acuerdo en esta demanda contra Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership y Realty Management Services, Inc., si el acuerdo final es aprobado por el Tribunal. **DEBE COMPLETAR ESTE FORMULARIO DE RECLAMO Y RENUNCIA PARA RECIBIR UN PAGO DE ACUERDO**. El monto exacto de cualquier pago final para los miembros de la clase dependerá de la asignación del Tribunal de honorarios y gastos de abogados, costos de administración y recompensas de incentivo para los representantes de la clase. La cantidad que reciba cualquier inquilino individual se calculará por el Administrador del Acuerdo y se basará en la duración de su residencia en Bedford Station o Victoria Station durante el período del 19 de julio de 2018 al 23 de mayo de 2022.

Este **Formulario de Reclamación y Renuncia, el W-9 adjunto y cualquier documentación adicional requerida deben ser enviados por correo con matasellos o presentados a más tardar el XXX de 2023.**

Por favor, visite **www.bedfordandvictoriastationsettlement.com** para obtener más detalles sobre la documentación que puede respaldar su reclamación y otra información. Si aún tiene preguntas, puede llamar al 1-XXX-XXX-XXXX.

| DATOS |
|---|
| **Nombre:** _____     _____<br>_____*(Primeros)*_____          _____*(Apellidos)*_____ |
| **Número de teléfono:** _____ – _____ – _____ |
| **Correo Electrónico:** _____ |
| **Dirección Postal Actual:** _____     _____<br>_____*(Calle).*_____          *(# de unidad/apartemento)*<br><br>_____     _____     _____<br>_____*(Ciudad)*_____          *(Estado)*          *(Código Postal)* |
| **No. de Seguro Social (SSN):** _____ – _____ – _____     ~O~<br><br>**No. de identificación para declaraciones de impuestos (ITIN):** _____ – _____ – _____ |

| INFORMACION DEL APARTAMENTO |
|---|

Si Ud. cree que residía en un apartamento elegible durante el período relevante, proporcione la siguiente información, complete el Formulario W-9 adjunto y presente la documentación requerida de prueba de residencia. Si vivió en más de un apartamento en Bedford Station o Victoria Station, por favor imprima copias adicionales de este Formulario de Reclamación y Renuncia, disponibles en www.bedfordandvictoriastationsettlement.com, o comuníquese al 1-XXX-XXX-XXXX para solicitar Formulario de Reclamación y Renuncia adicionales. Un Formulario de Reclamación y Renuncia debe presentarse para cada apartamento en el que haya vivido durante el período relevante.

**Dirección del apartamento elegible:** _____   _____

*(Calle)*                                                    *(# de unidad/apartamento)*


_____          _____          _____

*(Ciudad)*                                          *(Estado)*                  *(Código Postal)*

**Período de Residencia**

1. ¿Cuándo comenzó su residencia en el apartamento? _____ / _____ (Mes, Año)

2. ¿Cuándo terminó su residencia en el apartamento?_____ / _____ (Mes, Año)

3. ¿Reside usted <u>actualmente</u>, o anteriormente residía, en el apartamento con otra persona (por ejemplo, un cónyuge o un familiar)? ***Apunte solo a las personas mayores de dieciocho años que residían o alquilaban el apartamento con usted.***

   ☐ Sí      ☐ No

4. Si su respuesta a la Pregunta 4 es "Sí", enumere todos los demás copropietarios de la Propiedad.

**Nota: Cada co-inquilino debe completar su propio Formulario de Reclamación y Liberación o firmar el Formulario de Reclamación y Liberación a continuación para recibir su propia compensación.**

(Co-inquilina #1)

(Co-inquilina #2)

(Co-inquilina #3)

---

## PRUEBA DE RESIDENCIA

Por favor, adjunte una copia de uno de los siguientes tipos de documentos para establecer la prueba de su residencia:

• Contrato de arrendamiento que indique su nombre y la dirección de su apartamento, cubriendo fechas dentro del período relevante.

• Carta de un organismo gubernamental (por ejemplo, el Departamento de Servicios Humanos de Maryland) que indique su nombre y la dirección de su apartamento, con fecha dentro del período relevante.

• Estado de cuenta bancario o factura de servicios públicos que indique su nombre y la dirección de su apartamento, con fecha dentro del período relevante.

• Carta con matasellos de un tercero que indique su nombre y la dirección de su apartamento, con fecha dentro del período relevante.

• Cualquier otro documento similar que muestre su nombre, la dirección de su apartamento y que haya residido en el apartamento durante el período relevante.

Tenga en cuenta que la prueba de residencia estará sujeta a verificación.

---

## FIRME EL FORMULARIO DE RECLAMACIÓN Y RENUNCIA Y ESCRIBA LA FECHA

**Debe firmar el Formulario de Reclamación y Renuncia bajo pena de perjurio. Por lo tanto, asegúrese de que sea veraz.**

**Certificación:** Por la presente certifico bajo pena de perjurio que (1) lo anterior es verdadero y correcto; y (2) creo, de buena fe, que residía en el apartamento elegible, mencionado anteriormente, durante algún período del 19 de **julio de 2018 al 23 de mayo de 2022.**

**Renuncia de reclamos:** A cambio y luego de recibir el pago del acuerdo por el cual envío este Formulario de Reclamación y Renuncia, por la presente RENUNCIO y se me prohíbe para siempre presentar contra las Entidades Liberadas, como se define en el siguiente párrafo, cualquier y todas las acciones, causas de acciones, reclamos, demandas que hayan sido o podrían haber sido afirmadas de cualquier forma por los Miembros de la clase, incluidas, entre otras, las reclamaciones basadas en violaciones legales o reglamentarias, agravio (excluyendo lesiones personales y muerte por negligencia), contrato, causas de acción de derecho consuetudinario y cualquier reclamo por daños (incluidos daños compensatorios, daños especiales, daños consecuentes, daños punitivos, multas o sanciones legales, honorarios de abogados, costos y cualquier compensación equitativa), directos o indirectos, ya sea que se desconozcan o no actualmente, que surjan de, se basen o estén relacionados de alguna manera con las alegaciones establecidas en la Primera Reclamación Enmendada (el "FAC", ECF No. 43).

A los fines de esta Renuncia completa, las "Entidades Liberadas" significan los Demandados Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Realty Management Services, Inc., y cada uno de sus directores, funcionarios (ya sea que actúen en tal capacidad o individualmente), accionistas, asesores, propietarios, socios, empresas conjuntas pasados, presentes y futuros, mandantes, síndicos, acreedores, firmas de abogados, abogados, representantes, empleados, gerentes, matrices, subsidiarias directas o indirectas, divisiones, subdivisiones, departamentos, entidades de control común, afiliadas, aseguradoras, reaseguradoras, personas de control, antecesores y sucesores o cualquier agente que actúe o pretenda actuar por ellos o en su nombre.

---

## ENVÍE SU FORMULARIO DE RECLAMACIÓN Y RENUNCIA

Envíe por correo este Formulario de Reclamación y Renuncia completo, y la documentación requerida, con matasellos del <mark>XXX o antes</mark>, a:

<mark>XXX</mark>

**También puede completar este Formulario de Reclamación y Renuncia en línea en:**
**<mark>www.bedfordandvictoriastationsettlement.com</mark>**

# Exhibit 3

***CASA de Maryland, Inc, et al. v. Arbor Realty Trust Inc., et al.;***

**Civil Action No. 8:21-cv-01778-DKC; United States District Court for the District of Maryland**

**If you resided in an apartment at Bedford Station or Victoria Station near University Blvd., in Langley Park, MD, between July 19, 2018, and May 23, 2022, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If you are a class member, your legal rights are affected whether you act or don't act. Read this notice carefully

Questions? Call toll-free XXXXXXXXX or visit
BedfordandVictoriaStationSettlement.com
**PLEASE DO NOT CONTACT THE COURT**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim and Release Form**<br><br>**Deadline:** [Date] | The only way to get a cash payment. |
| **Exclude Yourself**<br><br>**Deadline:** [Date] | Get no payment. This is the only option that allows you to possibly ever be part of any other lawsuit concerning your residency at the Bedford Station or Victoria Station apartment complexes including claims against Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, and Realty Management Services, Inc. and relates to the legal claims in this case. Exclude yourself by submitting a request to the Settlement Administrator and Parties as explained below. |
| **Object**<br><br>**Deadline:** [Date] | Write to the Court about why you do not agree with the Settlement but remain a class member. |
| **Go To a Hearing**<br><br>**Deadline:** [Date] | Ask to speak in Court about the fairness of the Settlement, but you must remain a class member to speak. |
| **Do Nothing** | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice. Additional information is available at **BedfordandVictoriaStationSettlement.com.**

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

Questions? Call toll-free 1-XXX-XXX-XXXX or visit BedfordandVictoriaStationSettlement.com
**PLEASE DO NOT CONTACT THE COURT**

**1.        Why did I get this notice package?**

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, certain current and prior tenants of the Bedford Station and Victoria Station apartment complexes, near University Boulevard in Langley Park, Maryland ("Bedford and Victoria Station Apartment Complexes") who submitted a claim and release form will receive the settlement benefits described in this notice.

The Court in charge of the case is the United States District Court for the District of Maryland and the case is known as *Casa de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, Civil Action No. 8:21-cv-01778-DKC.

This notice summarizes the proposed settlement and your rights. For the precise terms and conditions of the settlement, please see the settlement agreement available at BedfordandVictoriaStationSettlement.com, contact the Settlement Administrator at [phone number] or contact Class Counsel at the address listed in Part 19 below, access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mdd.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**2.        What is this lawsuit about?**

This lawsuit arises out of the alleged conditions at the Bedford and Victoria Station Apartment Complexes. The lawsuit claims that between July 19, 2018 and May 23, 2022 (the "Class Period") the Bedford and Victoria Station Apartment Complexes were not habitable and that Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, and Realty Management Services, Inc. (the "Defendants") breached their lease agreements with leaseholders by failing to provide habitable housing.  The Defendants deny that they have done anything wrong.

The Amended Complaint in this action is posted on BedfordandVictoriaStationSettlement.com and contains all of the allegations and claims asserted against the Defendants.

**3.        Why is this a class action?**

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. All these  people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4.        Why is there a settlement?**

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides agreed  to a settlement. That way, they avoid the costs and risk of a trial, and the people affected will receive compensation. The Class Representatives and Class Counsel think the Settlement is best for Class Members who believe they were injured.

**5.        How do I know if I am a part of the Settlement?**

If you received this notice in the mail without requesting it, leasing records show you may be a current or former tenant of an apartment covered by this settlement. But you should verify that you are a Class Member according to the definition below.

The Court has decided that everyone who fits the following description is a Class Member:

>        **All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.**

**6.        Which companies are included in the "Defendants"?**

Questions? Call toll-free 1-XXX-XXX-XXXX or visit BedfordandVictoriaStationSettlement.com
**PLEASE DO NOT CONTACT THE COURT**

The Defendants are Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, and Realty Management Services, Inc. d/b/a Ross Management.

**7.      If I resided in an apartment at Bedford Station or Victoria Station but I don't think my apartment has or had a problem, am I included?**

Yes, you are still included in the Class and are entitled to benefits as long as you resided in an apartment at Bedford and Victoria Station Apartment Complexes during the Class Period, even if you did not have a complaint about your apartment or even if you were not a signatory on the lease.

**8.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can call 1-**XXX-XXX-XXXX** and ask for assistance in determining whether you are a member of the Class or you can visit BedfordandVictoriaStationSettlement.com, which contains a complete list of addresses within the Bedford and Victoria Station Apartment Complexes. The website also contains additional details about the Settlement.

If you are a Class Member, the Claim and Release Form is attached to this Notice.

**9.      What does the Settlement provide?**

In accordance with the Settlement Agreement, Bedford United, LLC, and Victoria United, LLC, must place Three Million Dollars ($3,000,000) in a court-approved fund to settle this matter.

The Settlement provides for a monetary payment to the class members. The exact amount of any final payment to the class will depend on the Court's award of attorneys' fees and expenses, the Court's award of class representative incentive awards, and the costs of settlement administration. The eligible payment amount will be calculated by the Settlement Administrator once all of these other costs are known. Your fraction of this per-apartment payment will be based on the duration of your tenancy during the Class Period: between July 19, 2018 and May 23, 2022.

**10.     What if there are multiple people who lived in my apartment at the same time I did?**

In order to be included in the Settlement, you must have resided in an apartment at the Bedford and Victoria Station Apartment Complexes any time during the Class Period: between July 19, 2018 and May 23, 2022.

If you resided in an apartment at the Bedford and Victoria Station Apartment Complexes during this period, but someone else also resided in the same apartment either before or after you and also during this time period, you will each receive payment based on how long you each resided in the apartment within the Class Period.

If multiple people resided in the same apartment at the same time and each of them files a valid Claim and Release Form, the Settlement Administrator will write a single check payable to all co-residents of the apartment.

**11.     How can I get a payment?**

**To qualify for a payment, you must send in a Claim and Release Form and all required documentation.** A Claim and Release Form is attached to this Notice. Read the instructions carefully, fill out the form, include all documents the form asks for, sign it, and mail it postmarked no later than **XXXXXXX**. You may also complete this Claim and Release Form online at BedfordandVictoriaStationSettlement.com with the login information provided with your Claim and Release Form.

Payments will be made, at the class member's election, by check mailed to approved class members or by a digital method. Checks will be valid for 90 days. Settlement class members may request that the Settlement Administrator reissue a check for one additional 90-day period for good cause shown.

**12.     When would I get a payment?**

The Court will hold a hearing called a "Final Approval Hearing" on XXX Eastern Time to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**13.    What am I giving up if I remain in the Class?**

Unless you exclude yourself, you will remain a member of the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants related to the legal issues in *this* case. You are giving up or "releasing" the Defendants from any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint, which is available at BedfordandVictoriaStationSettlement.com.

It also means that all of the Court's orders will apply to you and legally bind you.

**14.    How do I get out of the Settlement?**

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the legal issues in this case, then you *must* take steps to get out of the Class. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Class.

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, No. 8:21-cv-01778-DKC (D. Md.). Be sure to include your name, address, telephone number, and your signature. Your exclusion request must clearly state your desire not to be included in the Settlement. You must mail your exclusion request postmarked no later than XXX to:

[enter settlement administrator info]

**15.    If I don't exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this settlement resolves. If you have a pending lawsuit related to the claims at issue in this case, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is XXX.

**16.    If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you do not send in a Claim and Release Form to ask for money, and you will not receive any money.

**17.    Do I have a lawyer in this case?**

The Court has asked Jonathan Nace and Zachary Kelsay of Nidel & Nace PLLC; and P. Joseph Donahue of The Donahue Law Firm, LLC to represent you and other Class Members. Together, the lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.    How will the lawyers be paid?**

Class Counsel may ask the Court for attorneys' fees up to $900,000, plus costs and expenses reasonably incurred in the Litigation. Class Counsel will also request court approval of Service Awards to the Class Representatives in the amount of $7,500 each. Class Counsel will file the request, along with all supporting documents, at least 30 days prior to the deadline to opt out from or object to the Settlement. The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at BedfordandVictoriaStationSettlement.com. The

Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

**You are not required to make any payments to Class Counsel in this action.**

**19.     How do I tell the Court that I don't like the Settlement?**

You can tell the Court that you don't agree with the Settlement or some part of it.  If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must send a letter saying that you object to *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*, No. 8:21-cv-01778-DKC (D. Md.) and you must specifically state your objections.  Your objection must include the following:

-    Your name, address, email address (if any), and phone number;
-    Documentary proof of membership in the Settlement Class;
-    The case caption, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*; Case No. 8:21-cv-01778-DKC (D. Md.);
-    The specific legal and factual bases for your objection, including the address or the apartment you resided in at the Bedford and Victoria Station Apartment Complexes during the Class Period;
-    A list of all cases in which you have objected to a class action settlement, including case name, court, and docket number;
-    If you are represented by counsel, a list of all cases in which your counsel has represented an objector in objecting to a class action settlement, including the case name, court, and docket number;
-    If you are represented by counsel, the name, address, bar number, and telephone number of your counsel;
-    A statement indicating whether you and/or your counsel intend to appear at the Final Fairness Hearing;
-    A list of witnesses, if any, that you intend to call;
-    Whether the objection relates only to you, to a subset of the Settlement Class, or to the entire Settlement Class; and
-    Your signature.

You must mail your objection to each of the three places below, postmarked no later than [Response Deadline]:


| Courthouse | Class Counsel | Defendants' Counsel |
|---|---|---|
| U.S. District Court for the District of Maryland | Jonathan B. Nace | Amanda R. Lawrence |
| 6500 Cherrywood Lane | Zachary Kelsay | Sarah B. Meehan |
| Greenbelt, MD 20770 | Nidel & Nace, PLLC | Orrick Herrington & Sutcliffe LLP |
| | One Church Street, Suite 802 | 2001 M St. NW, Suite 500 |
| | Rockville, MD 20850 | Washington, DC 20036 |
| | P. Joseph Donahue | |
| | The Donahue Law Firm, LLC | Scott T. Sakiyama |
| | 18 West Street | Orrick Herrington & Sutcliffe LLP |
| | Annapolis, MD 21401 | 353 N. Clark St., Suite 3600 |
| | | Chicago, IL 60654 |


**20.     What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the case no longer affects you.

**21.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement on ==XXX==. You may attend and you may ask to speak, but you don't have to.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have attended and who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. At the hearing, the Court will decide whether to approve the Settlement.

You may ask the Court for permission to speak and call witnesses at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

-     Your name, address and telephone number;

-     A statement that this is your "Notice of Intention to Appear" at the Final Fairness Hearing for the Settlement in *Casa De Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, Civil Action No. 8:21-cv-01778-DKC (D. Md.);

-     The reasons you want to be heard;

-     A list of witnesses you intend to call, including their address and a summary of their proposed testimony;

-     A detailed description of any evidence you intend to offer;

-     Copies of any papers, exhibits, or other evidence of information that is to be presented to the Court at the Final Fairness Hearing; and

-     Your signature.

You must submit your Notice of Intention to Appear no later than [==Response deadline==], to the Settlement Administrator, Courthouse, Settlement Class Counsel, and Defendants' Counsel using the addresses listed in Part 19.

**22.     Do I have to participate in the hearing?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

Any Class Member who has not submitted a timely request for exclusion may appear at the Final Approval Hearing either in person or through an attorney. However, if the class member intends to appear through counsel, the class member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony. These written notice requirements may be excused upon a showing of good cause.

**23.     What happens if I do nothing at all?**

If you do nothing at all, you'll get no money from this settlement. But if you resided in an eligible apartment at the Bedford and Victoria Station Apartment Complexes during the Class Period, unless you exclude yourself, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case ever again. If the settlement receives final approval from the Court, the settlement will be legally

Questions? Call toll-free 1-==XXX-XXX-XXXX== or visit BedfordandVictoriaStationSettlement.com
**PLEASE DO NOT CONTACT THE COURT**

binding on all class members. The full terms of the release, which will bind all class members as to the claims in *Casa de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, Civil Action No. 8:21-cv-01778-DKC (D. Md.), against the Defendants and certain affiliates and related entities are set forth in the Settlement Agreement, which is on file with the Court and accessible at the link referenced below. Please see the response to question 11: **How can I get payment?** for more information on how to submit a Claim and Release Form.

**24.    Are there more details about the settlement?**

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement as well as other information on the Settlement by visiting:

**BedfordandVictoriaStationSettlement.com**

# Exhibit 4

***CASA de Maryland, Inc., et al. v. Arbor Realty Trust Inc., et al.;***

**Civil Action No. 8:21-cv-01778-DKC; Tribunal de Distrito de los Estados Unidos para el Distrito de Maryland**

**Si Ud. residió en un apartamento en Bedford Station o Victoria Station cerca de University Blvd., en Langley Park, MD, entre el 19 de julio de 2018 y el 23 de mayo de 2022, es posible que tenga derecho a recibir un pago como parte de un acuerdo de demanda colectiva.**

*Un tribunal federal autorizó esta notificación. Esto no es una solicitud de un abogado.*

- Si Ud. es un miembro de esta clase, sus derechos legales se ven afectados, ya sea que actúe o no. Lea este aviso detenidamente.

¿Preguntas? Llame al número gratuito XXXXXXXXX o visite
BedfordandVictoriaStationSettlement.com
**POR FAVOR, NO SE COMUNIQUE CON EL TRIBUNAL.**

| TUS DERECHOS LEGALES Y OPCIONES EN ESTE ACUERDO DE CONCILIACIÓN | |
|---|---|
| **Presentar un Formulario de Reclamación y Renuncia**<br><br>**Fecha límite:** [**Fecha**] | La única forma de recibir un pago en efectivo. |
| **Excluirse a sí mismo.**<br><br>**Fecha límite:** [**Fecha**] | No recibir ningún pago. Esta es la única opción que le permite posiblemente participar en futuros litigios relacionados con su residencia en los complejos de apartamentos Bedford Station o Victoria Station, incluidas las reclamaciones contra Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, y Realty Management Services, Inc., y los cuales se relacionan a las reclamaciones legales en este caso. Exclúyase a sí mismo enviando una solicitud al Administrador del Acuerdo y a las Partes según se explica a continuación. |
| **Objeto**<br><br>**Fecha límite:** [**Fecha**] | Escriba al Tribunal explicando por qué no está de acuerdo con el Acuerdo, pero aún desea permanecer como miembro de la clase. |
| **Ir a una audiencia**<br><br>**Fecha límite:** [**Fecha**] | Solicite hablar en el Tribunal sobre la equidad del Acuerdo, pero debe permanecer como miembro de la clase para hablar. |
| **No hacer nada.** | No recibir ningún pago. Renunciar a derechos. |

- Estos derechos y opciones, así como las fechas límites para ejercerlos, se explican en este aviso. Información adicional está disponible en **BedfordandVictoriaStationSettlement.com.**

- El tribunal a cargo de este caso aún debe decidir si aprueba el Acuerdo. Los pagos se realizarán si el tribunal aprueba el Acuerdo y después de que se resuelvan las apelaciones. Por favor, tenga paciencia.

¿Preguntas? Llame al número gratuito XXXXXXXXX o visite BedfordandVictoriaStationSettlement.com
**POR FAVOR, NO SE COMUNIQUE CON EL TRIBUNAL.**

**1.      ¿Por qué recibí este paquete de notificación?**

El tribunal le envió esta notificación porque tiene el derecho de conocer sobre un acuerdo propuesto en una demanda colectiva antes de que el tribunal decida si aprueba el acuerdo. Si el tribunal lo aprueba, y después de resolver objeciones y apelaciones, ciertos inquilinos actuales y anteriores de los complejos de apartamentos Bedford Station y Victoria Station, cerca de University Boulevard en Langley Park, Maryland ("Complejos de Apartamentos Bedford y Victoria Station") que hayan presentado un formulario de reclamación y liberación recibirán los beneficios del acuerdo descritos en esta notificación.

El tribunal a cargo del caso es el Tribunal de Distrito de los Estados Unidos para el Distrito de Maryland y el caso se conoce como *Casa de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, Número de Caso Civil 8:21-cv-01778-DKC.

Esta notificación resume el acuerdo propuesto y sus derechos. Para conocer los términos y condiciones precisos del acuerdo, consulte el acuerdo de arreglo disponible en BedfordandVictoriaStationSettlement.com, comuníquese con el Administrador del Acuerdo al [número de teléfono] o contacte al Abogado de la Clase en la dirección que se indica en la Parte 19 a continuación, acceda al expediente del tribunal en este caso, por una tarifa, a través del sistema de Registros Electrónicos de Acceso Público del Tribunal (PACER) en https://ecf.mdd.uscourts.gov, o visite la oficina del Secretario del Tribunal de Distrito de los Estados Unidos para el Distrito de Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770 entre las 9:00 a.m. y las 4:00 p.m., de lunes a viernes, excluyendo días feriados del tribunal.

**2.      ¿De qué se trata esta demanda?**

Esta demanda tiene que ver con las condiciones presuntas en los complejos de apartamentos Bedford y Victoria Station. La demanda afirma que durante el período entre el 19 de julio de 2018 y el 23 de mayo de 2022 (el "Período de la Clase"), los complejos de apartamentos no eran habitables y que los Demandados, incluidos Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership y Realty Management Services, Inc. (los "Demandados"), incumplieron sus contratos de arrendamiento con los inquilinos al no proporcionar viviendas habitables. Los Demandados niegan haber hecho algo incorrecto.

La Demanda enmendada en esta acción se encuentra publicada en BedfordandVictoriaStationSettlement.com y contiene todas las alegaciones y reclamaciones presentadas contra los Demandados.

**3.      ¿Por qué se trata de una demanda colectiva?**

En una acción colectiva, una o más personas, llamadas Representantes de la Clase, demandan en nombre de personas que tienen reclamaciones similares. Todas estas personas son una "Clase" o "Miembros de la Clase". Un tribunal resuelve los problemas para todos los Miembros de la Clase, excepto aquellos que se excluyen de la Clase.

**4.      ¿Por qué hay un acuerdo?**

El tribunal no decidió a favor de los Demandantes ni de los Demandados. En su lugar, ambas partes llegaron a un acuerdo de conciliación. De esta manera, evitan los costos y riesgos de un juicio, y las personas afectadas recibirán una compensación. Los Representantes de la Clase y los Abogados de la Clase creen que el Acuerdo es lo mejor para los Miembros de la Clase que creen que han sufrido daños.

**5.      ¿Cómo sé si formo parte del Acuerdo?**

Si recibió esta notificación por correo sin haberla solicitado, los registros de arrendamiento indican que puede ser un inquilino actual o anterior de un apartamento incluido en este acuerdo. Sin embargo, debe verificar si es un Miembro de la Clase según la siguiente definición. El tribunal ha decidido que todas las personas que cumplen con la siguiente descripción son Miembros de la Clase:

> **Todos los inquilinos actuales y anteriores que residían en los complejos de apartamentos Bedford y Victoria Station entre el 19 de julio de 2018 y el 23 de mayo de 2022.**

¿Preguntas? Llame al número gratuito XXXXXXXX o visite BedfordandVictoriaStationSettlement.com
**POR FAVOR, NO SE COMUNIQUE CON EL TRIBUNAL.**

**6.      Cuáles compañías están incluidas como "Demandados"?**

Los Demandados son Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership y Realty Management Services, Inc. d/b/a Ross Management.

**7.      Si residía en un apartamento en Bedford Station o Victoria Station pero no creo que mi apartamento tenga o haya tenido un problema, ¿estoy incluido?**

Sí, aún está incluido en la Clase y tiene derecho a los beneficios con tal de que haya residido en un apartamento en los Complejos de Apartamentos Bedford y Victoria Station durante el Período de la Clase, incluso si no tenía quejas sobre su apartamento o si no firmó el contrato de arrendamiento.

**8.      Todavía no estoy seguro de si estoy incluido.**

Si aún no está seguro de si está incluido, puede solicitar ayuda gratuita. Puede llamar al <mark>1-XXX-XXX-XXXX</mark> y solicitar asistencia para determinar si es miembro de la Clase, o puede visitar BedfordandVictoriaStationSettlement.com, donde encontrará una lista completa de direcciones dentro de los Complejos de Apartamentos Bedford y Victoria Station. El sitio web también contiene detalles adicionales sobre el Acuerdo.

Si es un miembro de la Clase, el Formulario de Reclamación y Renuncia está adjunto a esta Notificación..

**9.      ¿Qué proporciona el Acuerdo?**

Según lo establecido en el Acuerdo de Conciliación, Bedford United, LLC y Victoria United, LLC deben depositar Tres Millones de Dólares ($3,000,000) en un fondo aprobado por el tribunal para resolver este asunto.

El Acuerdo de Conciliación proporciona un pago monetario a los miembros de la clase. El monto exacto del pago final a la clase dependerá de la asignación del tribunal de honorarios y gastos de abogados, premios de incentivo para los representantes de la clase y los costos de administración del acuerdo. El monto elegible del pago se calculará por el Administrador del Acuerdo una vez que se conozcan todos estos otros costos. Su parte de este pago por apartamento se basará en la duración de su arrendamiento durante el Período de Clase: entre el 19 de julio de 2018 y el 23 de mayo de 2022.

**10.      ¿Qué pasa si hay varias personas que vivían en mi apartamento al mismo tiempo que yo?**

Para ser incluido en el Acuerdo de Conciliación, debe haber residido en un apartamento en los complejos de apartamentos Bedford y Victoria Station en cualquier momento durante el Período de Clase: entre el 19 de julio de 2018 y el 23 de mayo de 2022.

Si vivía en un apartamento en los complejos Bedford y Victoria Station durante este período, pero alguien más también vivía en el mismo apartamento antes o después de Ud. y también durante este período, cada uno recibirá un pago basado en el tiempo que haya vivido en el apartamento dentro del Período de Clase.

Si varias personas vivían en el mismo apartamento al mismo tiempo y cada una de ellas presenta un Formulario de Reclamación y Renuncia válido, el Administrador del Acuerdo emitirá un solo cheque a nombre de todos los co-residentes del apartamento.

**11.      ¿Cómo puedo obtener un pago?**

**Para calificar para un pago, debe enviar un Formulario de Reclamación y Renuncia junto con toda la documentación requerida.** Se adjunta un Formulario de Reclamación y Liberación a esta Notificación. Lea las instrucciones detenidamente, complete el formulario, incluya todos los documentos solicitados, firme y envíe por correo con matasellos a más tardar el <mark>XXXXXXX</mark>. También puede completar este Formulario de Reclamación y

Renuncia en línea en BedfordandVictoriaStationSettlement.com con la información de inicio de sesión proporcionada con su Formulario de Reclamación y Renuncia.

Los pagos se realizarán, a elección del miembro de la clase, mediante un cheque enviado por correo a los miembros de la clase aprobados o mediante un método digital. Los cheques tendrán una validez de 90 días. Los Miembros de la Clase del acuerdo de conciliación pueden solicitar que el Administrador del Acuerdo emita un nuevo cheque por un período adicional de 90 días si se muestra una buena causa.

### 12.    ¿Cuándo recibiría un pago?

El Tribunal llevará a cabo una audiencia llamada "Audiencia de Aprobación Final" el día XXX a las XXX, hora del este, para decidir si aprueba el Acuerdo. Si el Tribunal aprueba el Acuerdo, puede haber apelaciones. Siempre existe incertidumbre sobre si estas apelaciones pueden resolverse y resolverlas puede llevar tiempo, quizás más de un año. Por favor, tenga paciencia.

### 13.    ¿A qué estoy renunciando si permanezco en la Clase?

A menos que se excluya, seguirá siendo miembro de la Clase, lo que significa que no podrá demandar, continuar demandando ni formar parte de ninguna otra demanda contra los Demandados relacionada con los problemas legales de *este* caso. Está renunciando a los Demandados de cualquier acción, causa de acción, reclamo o demanda que haya sido o podría haber sido presentado en cualquier forma por los Miembros de la Clase, incluyendo, entre otros, reclamos basados en violaciones estatutarias o reglamentarias, daños y perjuicios (excluyendo lesiones personales y muerte injusta), contratos, causas de acción comunes y cualquier reclamo por daños (incluyendo daños compensatorios, daños especiales, daños consecuentes, daños punitivos, multas o penalidades estatutarias, honorarios de abogados, costos y cualquier remedio equitativo), directa o indirectamente, ya sea actualmente desconocido o no, que surja de, se base en, o esté relacionado de alguna manera con las alegaciones establecidas en la Primera Reclamación Enmendada, la cual está disponible en BedfordandVictoriaStationSettlement.com.

También significa que todas las órdenes del Tribunal le serán aplicables y le vincularán legalmente.

### 14.    ¿Cómo salgo del Acuerdo?

Si no desea recibir un pago de este acuerdo, pero quiere mantener el derecho de demandar o seguir demandando a los Demandados por su propia cuenta sobre los problemas legales de este caso, *debe* tomar medidas para salir de la Clase. Esto se conoce como excluirse a sí mismo, o a veces se le llama "optar por no participar" en la Clase. Para excluirse del Acuerdo, debe enviar una carta por correo que indique que desea ser excluido de *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, No. 8:21-cv-01778-DKC (D. Md.). Asegúrese de incluir su nombre, dirección, número de teléfono y su firma. Su solicitud de exclusión debe indicar claramente su deseo de no ser incluido en el Acuerdo. Debe enviar su solicitud de exclusión con sello postal antes del XXX a:

[ingrese la información del administrador de liquidación]

### 15.    Si no me excluyo, ¿puedo demandar a los Demandados por lo mismo más adelante?

No. A menos que se excluya a sí mismo, renuncia al derecho de demandar a los Demandados por las reclamaciones que este acuerdo resuelve. Si tiene una demanda pendiente relacionada con las reclamaciones de este caso, hable de inmediato con su abogado en esa demanda. Debe excluirse de esta Clase para continuar con su propia demanda. Recuerde que la fecha límite para la exclusión es el XXX.

### 16.    Si me excluyo, ¿puedo obtener dinero de este acuerdo?

No. Si se excluye a sí mismo, no envíe un Formulario de Reclamación y Renuncia para solicitar dinero, y no recibirá ningún dinero.

### 17.    ¿Tengo un abogado en este caso?

¿Preguntas? Llame al número gratuito XXXXXXXXX o visite BedfordandVictoriaStationSettlement.com
**POR FAVOR, NO SE COMUNIQUE CON EL TRIBUNAL.**

El Tribunal ha designado a Jonathan Nace y Zachary Kelsay de Nidel & Nace PLLC; y P. Joseph Donahue de The Donahue Law Firm, LLC para representarle a Ud. y a otros miembros de la Clase. En conjunto, los abogados son llamados Abogados de la Clase. Si desea ser representado por su propio abogado, puede contratar uno por su cuenta y gasto personal.

**18.      ¿Cómo se les pagará a los abogados?**

Los Abogados de la Clase pueden solicitar al Tribunal honorarios de abogados de hasta $900,000, más los costos y gastos razonables incurridos en el litigio. También solicitarán la aprobación del Tribunal para otorgar Pagos de Servicio a los Representantes de la Clase en la cantidad de $7,500 cada uno. Los Abogados de la Clase presentarán la solicitud, junto con todos los documentos de respaldo, al menos 30 días antes de la fecha límite para excluirse o presentar objeciones al Acuerdo. La Solicitud de Honorarios y Pagos de Servicio y todos los documentos de respaldo estarán disponibles para su revisión en el sitio web del acuerdo en BedfordandVictoriaStationSettlement.com. El Tribunal determinará la cantidad adecuada de los honorarios de abogados y los pagos a otorgar. El Acuerdo no está condicionado a la aprobación de ninguna de las cantidades de honorarios de abogados, costos o pagos de servicio.

**No está obligado a hacer ningún pago a los Abogados de la Clase en esta acción.**

**19.      ¿Cómo le digo al Tribunal que no me gusta el Acuerdo?**

Puede informar al Tribunal que no está de acuerdo con el Acuerdo de Conciliación o con alguna de sus partes. Si es un Miembro de la Clase, puede oponerse al Acuerdo de Conciliación si no le gusta alguna de sus partes. Puede dar razones por las cuales considera que el Tribunal no debería aprobarlo. El Tribunal tomará en cuenta sus opiniones.

No puede pedirle al Tribunal que ordene un acuerdo de conciliación diferente; el Tribunal solo puede aprobar o rechazar el acuerdo actual de conciliación. Si el Tribunal deniega la aprobación, no se realizarán pagos de conciliación y la demanda continuará. Si eso es lo que desea que suceda, debe presentar una objeción.

Para oponerse, debe enviar una carta que indique que se opone a *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*, No. 8:21-cv-01778-DKC (D. Md.) y debe especificar sus objeciones. Su objeción debe incluir lo siguiente:

- - Su nombre, dirección, dirección de correo electrónico (si tiene) y número de teléfono.
- - Prueba documental de ser Miembro de la Clase de Conciliación.
- - El título del caso, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*; Caso No. 8:21-cv-01778-DKC (D. Md.).
- - Las bases legales y fácticas específicas de su objeción, incluyendo la dirección o apartamento en el que Ud. residía en los Complejos de Apartamentos de Bedford y Victoria Station durante el Período de la Clase.
- - Una lista de todos los casos en los que se ha opuesto a un acuerdo de conciliación de acción colectiva, incluyendo el nombre del caso, el tribunal y el número de expediente.
- - Si está representado por un abogado, una lista de todos los casos en los que su abogado ha representado a un opositor en objeciones a acuerdos de conciliación de acción colectiva, incluyendo el nombre del caso, el tribunal y el número de expediente.
- - Si está representado por un abogado, el nombre, dirección, número de Colegio de Abogados, y número de teléfono su abogado.
- - Una declaración indicando si Ud. y/o su abogado tienen la intención de asistir a la Audiencia Final de Equidad.
- - Una lista de testigos, si los hay, que tiene la intención de llamar.
- - Si la objeción se refiere solo a Ud., a un subconjunto de la Clase de Conciliación o a toda la Clase de Conciliación.
- - Su firma.

Debe enviar su objeción por correo a cada uno de los tres lugares abajo, con matasellos a más tardar el <mark>[Fecha límite de respuesta]</mark>:

| Palacio de justicia | Abogados de la Clase | Abogados de los Demandados |
|---|---|---|
| U.S. District Court for the District of Maryland 6500 Cherrywood Lane Greenbelt, MD 20770 | Jonathan B. Nace Zachary Kelsay Nidel & Nace, PLLC One Church Street, Suite 802 Rockville, MD 20850 | Amanda R. Lawrence Sarah B. Meehan Orrick Herrington & Sutcliffe LLP 2001 M St. NW, Suite 500 Washington, DC 20036 |
|  | P. Joseph Donahue The Donahue Law Firm, LLC 18 West Street Annapolis, MD 21401 | Scott T. Sakiyama Orrick Herrington & Sutcliffe LLP 353 N. Clark St., Suite 3600 Chicago, IL 60654 |

## 20. ¿Cuál es la diferencia entre objetar y excluirme?

Objetar simplemente significa informar al Tribunal que no le gusta algo sobre el Acuerdo de Conciliación. Puede objetar solo si permanece en la Clase de Conciliación. Excluirse significa informar al Tribunal que no desea ser parte de la Clase de Conciliación. Si se excluye de la Clase de Conciliación, no tiene base para objetar porque el caso ya no le afecta.

## 21. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo?

El Tribunal llevará a cabo una audiencia para decidir si aprueba el Acuerdo de Conciliación el XXX. Puede asistir y pedir hablar, pero no es obligatorio. En esta audiencia, el Tribunal evaluará si el Acuerdo de Conciliación es justo, razonable y adecuado. Si hay objeciones, el Tribunal las considerará. El Tribunal escuchará a las personas que hayan asistido y hayan pedido hablar en la audiencia. También el Tribunal puede decidir la cantidad a pagar a los Abogados de la Clase. Durante la audiencia, el Tribunal decidirá si aprueba el Acuerdo de Conciliación.

Puede solicitar al Tribunal permiso para hablar y presentar testigos en la Audiencia Final de Aprobación. Para hacerlo, debe enviar una carta indicando que tiene la intención de comparecer y que desea ser escuchado. Su Notificación de Intención de Comparecer debe incluir lo siguiente:

- Su nombre, dirección y número de teléfono;

- Una declaración de que esta es su "Notificación de Intención de Comparecer" en la Audiencia Final de Equidad para el Acuerdo de Conciliación en *Casa De Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, Número de Caso Civil 8:21-cv-01778-DKC (D. Md.);

- Las razones por las que desea ser escuchado;

- Una lista de los testigos que tiene la intención de llamar, incluyendo dirección y un resumen de su testimonio propuesto;

- Una descripción detallada de cualquier evidencia que pretenda presentar;

- Copias de cualquier documento, exposición u otra evidencia o información que se presentará ante el Tribunal en la Audiencia Final de Equidad; y

- Su firma.

Debe presentar su Notificación de Intención de Comparecer a más tardar el [Fecha límite de respuesta], al Administrador de Conciliación, al Tribunal, a los Abogados de la Clase y a los Abogados de los Demandados utilizando las direcciones indicadas en la Parte 19.

¿Preguntas? Llame al número gratuito XXXXXXXXX o visite BedfordandVictoriaStationSettlement.com
**POR FAVOR, NO SE COMUNIQUE CON EL TRIBUNAL.**

**22.     ¿Tengo que participar en la audiencia?**

No. Los Abogados de la Clase responderán a las preguntas que pueda tener el Tribunal. Pero Ud. es bienvenido a asistir por su cuenta y a su propio costo. Si envía una objeción, no es necesario que venga al Tribunal para hablar sobre ella. Si Ud. envió su objeción por escrito a tiempo, el Tribunal la considerará. También puede contratar a su propio abogado para que asista, pero no es necesario.

Cualquier Miembro de la Clase que no haya presentado una solicitud de exclusión a tiempo puede presentarse en la Audiencia Final de Aprobación en persona o a través de un abogado. Sin embargo, si el miembro de la clase tiene la intención de presentarse a través de un abogado, el miembro de la clase debe haber presentado una objeción por escrito de acuerdo con esta sección. Cualquier abogado que tenga la intención de presentarse en la Audiencia Final de Equidad también debe presentar una Notificación Escrita de Comparecencia del Abogado ante el Secretario del Tribunal a más tardar el fecha límite de respuesta. Cualquier Miembro del Acuerdo de Conciliación que tenga la intención de solicitar al Tribunal que le permita llamar a testigos en la Audiencia Final de Equidad debe hacerlo a través de un escrito que contenga una lista de dichos testigos y un resumen de su testimonio solicitado. Estos requisitos de notificación por escrito pueden ser dispensados con una demostración de buena causa.

**23.     ¿Qué sucede si no hago nada en absoluto?**

Si Ud. no hace nada en absoluto, no recibirá dinero de este acuerdo. Pero si vivía en un apartamento elegible en los complejos de apartamentos Bedford and Victoria Station durante el Período de Clase, a menos que se excluya, no podrá iniciar una demanda, continuar una demanda ni ser parte de ninguna otra demanda contra los Demandados sobre los problemas legales de este caso en el futuro. Si el acuerdo recibe la aprobación final del Tribunal, será legalmente vinculante para todos los miembros de la clase. Los términos completos de la renuncia, que serán vinculantes para todos los miembros de la clase en relación con las reclamaciones en *Casa de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*, Civil Action No. 8:21-cv-01778-DKC (D. Md.), contra los Demandados y ciertas filiales y entidades relacionadas, se establecen en el Acuerdo de Conciliación, que se encuentra archivado en el Tribunal y es accesible en el enlace mencionado a continuación. Por favor, consulta la respuesta a la pregunta 11: **¿Cómo puedo obtener el pago?** para obtener más información sobre cómo presentar un Formulario de Reclamación y Renuncia.

**24.     ¿Hay más detalles sobre el acuerdo?**

Este Aviso resume el acuerdo propuesto. Más detalles se encuentran en el Acuerdo de Conciliación. Puede obtener una copia del Acuerdo de Conciliación, así como otra información sobre el Acuerdo, visitando:

**BedfordandVictoriaStationSettlement.com**

# Exhibit 5

# Si usted residía en un apartamento en Bedford Station Apartments o Victoria Station Apartments cerca de University Blvd. en Langley Park, MD, entre el 19 de julio de 2018 y el 23 de mayo de 2022, puede ser elegible para recibir un pago de un acuerdo de demanda colectiva.

**Aviso de Propuesta de Acuerdo de Demanda Colectiva y Sus Derechos**

*Una corte federal autorizó este aviso.*
*No es una solicitud de un abogado.*

- Sus derechos legales se ven afectados, ya sea que actúe o no. Lea este aviso detenidamente.

- El acuerdo creará un fondo de liquidación en efectivo de $3,000,000.00, que se utilizará para pagar (i) pagos en efectivo a inquilinos elegibles; (ii) honorarios y gastos de los abogados de los Abogados de la Clase; (iii) premios de incentivo a los Representantes de la Clase; y (iv) administración del acuerdo.

- El acuerdo pagará a los residentes elegibles de los complejos de apartamentos Bedford Station o Victoria Station ("Complejos de Apartamentos Bedford y Victoria Station") para resolver reclamaciones relacionadas con presuntas condiciones inhabitables en los apartamentos. Los pagos se realizarán a cambio de una renuncia de reclamaciones contra Bedford United, LLC, Victoria United, LLC, Realty Management Services, Inc. d/b/a "Ross Management" y otros Demandados, como se describe más detalladamente en BedfordandVictoriaStationSettlement.com.

- Si residía en un apartamento en los Complejos de Apartamentos Bedford y Victoria en el 19 de julio de 2018 y el 23 de mayo de 2022, usted es miembro de la clase.

- El acuerdo proporciona un pago monetario a los residentes de cada apartamento elegible. El monto exacto de cualquier pago final a los residentes dependerá de la asignación del tribunal de los honorarios y gastos de abogados, la asignación del tribunal de los incentivos para los representantes de la clase, los costos de administración del acuerdo y el número de reclamaciones válidas presentadas. El pago por propiedad elegible será

calculado por el Administrador del Acuerdo una vez que se conozcan todos estos otros costos. Los pagos individuales a los miembros de la clase serán determinados según la duración de la residencia entre el 19 de julio de 2018 y el 23 de mayo de 2022 (el "Período de la Clase").

- PARA RECIBIR UN PAGO, DEBE COMPLETAR UN FORMULARIO DE RECLAMACIÓN y demostrar que residió en un apartamento cubierto por el acuerdo durante el Período de la Clase. El formulario de reclamación está disponible en línea en BedfordandVictoriaStationSettlement.com o puede llamar al 1-xxx-xxx-xxxx para solicitar que le envíen un formulario. Debe devolver el formulario de reclamación y liberación antes del XXX.

- Si no desea participar ni estar sujeto al acuerdo, debe excluirse presentando un aviso de "optar por no participar" o "exclusión" antes de XXX, de lo contrario, se le prohibirá presentar cualquier acción legal que resuelva este acuerdo en el futuro. Los detalles sobre cómo optar por no participar o excluirse están disponibles en BedfordandVictoriaStationSettlement.com. Si se excluye, no recibirá ningún pago bajo el acuerdo.

- El tribunal llevará a cabo una audiencia en este caso, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*; Número de Caso Civil 8:21-cv-01778-DKC (D. Md.), el XXX a las XXX, hora del este, para considerar si aprueba el acuerdo y la solicitud de honorarios y gastos de los Abogados de la Clase. Tiene derecho a comparecer en esta audiencia personalmente o a través de un abogado a su cargo, aunque no está obligado a hacerlo. Para obtener más información o solicitar un aviso más detallado, visite BedfordandVictoriaStationSettlement.com o llame al 1-XXX-XXX-XXXX.

# Exhibit 6

# If you resided in an apartment at Bedford Station Apartments or Victoria Station Apartments near University Blvd. in Langley Park, MD, between July 19, 2018, and May 23, 2022, you may be eligible for a payment from a class action settlement.

### Notice Of Proposed Class Action Settlement And Your Rights

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- The settlement will create a cash settlement fund that equals $3,000,000.00, which will be used to pay (i) cash payments to eligible tenants; (ii) Class Counsel's attorneys' fees and expenses; (iii) Class Representative incentive awards; and (iv) settlement administration.

- The settlement will pay eligible residents of Bedford Station or Victoria Station apartment complexes ("Bedford and Victoria Station Apartment Complexes") to settle claims related to alleged uninhabitable conditions at the apartments. The payments will be made in exchange for a release of claims against Bedford United, LLC, Victoria United, LLC, Realty Management Services, Inc. d/b/a "Ross Management" and other Defendants as more fully described at BedfordandVictoriaStationSettlement.com.

- If you resided in an apartment within the Bedford and Victoria Station Apartment Complexes between July 19, 2018 and May 23, 2022, you are a class member.

- The settlement provides for a monetary payment to the residents of each eligible apartment. The exact amount of any final payment to the residents will depend on the Court's award of attorneys' fees and expenses, the Court's award of class representative incentive awards, the costs of settlement administration, and the number of valid claims submitted. The eligible property payment amount will be calculated by the Settlement Administrator once all of these other costs are known.

Individual class member payments will be weighted based on the duration of residence between July 19, 2018, and May 23, 2022 (the "Class Period").

- TO RECEIVE A PAYMENT, YOU MUST FILL OUT A CLAIM FORM and demonstrate that you resided in an apartment covered by the settlement during the Class Period. The claim form is available online at BedfordandVictoriaStationSettlement.com or you can call 1-xxx-xxx-xxxx to request that a form be sent to you. You must return the claim and release form by XXX.

- If you do not wish to participate in or be bound by the settlement, you must exclude yourself by filing an "opt-out" or "exclusion" notice by XXX, or you will be barred from bringing any legal action that this settlement resolves in the future. Details regarding how to opt-out or exclude yourself are available at BedfordandVictoriaStationSettlement.com. If you exclude yourself, you will not receive any payment under the settlement.

- The Court will hold a hearing in this case, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al*; Civil Action No. 8:21-cv-01778-DKC (D. Md.), on XXX at xxx Eastern Time to consider whether to approve the settlement and class counsel's request for fees and expenses. You have the right to appear at this hearing personally or through counsel at your own expense, although you do not have to. For more information, or to request a more detailed notice, go to BedfordandVictoriaStationSettlement.com or call 1-XXX-XXX-XXXX

# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Southern Division)

CASA DE MARYLAND, INC., et al,

               Plaintiffs,

v.

ARBOR REALTY TRUST, INC., et al,

               Defendants.

Civ. Action No.: 8:21-CV-01778-DKC

## PROPOSED ORDER GRANTING FINAL
## APPROVAL OF CLASS ACTION SETTLEMENT

On this ____day of _____, 2023, the Court considered the Plaintiffs' Unopposed Brief in Support of Final Approval of Class Action Settlement ("Unopposed Motion for Final Approval") and Class Counsel's Motion in Support of Award of Costs and Fees ("Fee Application"). The Court also considered all objections filed, whether withdrawn or not, in the context of considering the Unopposed Motion for Final Approval and the Fee Application.

The Unopposed Motion for Final Approval requests (a) certification of the class for settlement purposes only; (b) final approval of the settlement preliminarily approved by this Court on XXX; and (c) entry of final judgment and dismissal with prejudice of Plaintiffs' and Settlement Class Members' claims against Released Persons (as that term is defined in the Class Settlement Agreement and General Release). Settlement Class Members and Settlement Class Counsel have requested approval of Class Counsel's Fee Application, which includes Settlement Class Representatives' fee award request.

WHEREAS, Plaintiffs and Defendants in the above-captioned class action (the "Action") entered into a Class Action Settlement Agreement (the "Settlement Agreement"), as of August 21,

2023, (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement);

WHEREAS, Plaintiffs in the Action moved under Rule 23(e) for an order preliminarily approving the proposed settlement of the Settlement Class Members' claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Settlement Agreement;

WHEREAS, in its Order entered on XXX (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action on behalf of the following settlement class:

**All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.**

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to potential members of the Settlement Class and directed that appropriate notice of the Settlement be given to potential members of the Settlement Class;

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Settlement Administrator caused to be mailed and emailed to potential members of the Settlement Class the Notice of Proposed Class Action Settlement ("Mail Notice") on XXX, 2023, caused to be published the Notice of Proposed Class Action Settlement ("Publication Notice"), and published a copy of the Notice on a website maintained by the Claims Administrator; (2) a declaration of mailing and emailing the Mail Notice and publication of the Publication Notice was filed with the Court prior to this hearing; and (3) the declaration of mailing and emailing the Mail Notice and publication of the Publication Notice filed with this Court demonstrates compliance with the Preliminary Approval Order with respect to the Mail Notice and the

Publication Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on <mark>XXX</mark>, 2023, this Court held a hearing on whether (1) the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members, and (2) the Settlement Class Counsel's application for attorneys' fees and expenses and Class Representatives' incentive awards are fair and reasonable (the "Final Approval Hearing");

WHEREAS, all Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against the Released Persons;

WHEREAS, any Settlement Class Member who failed to request exclusion under the terms set forth in the notice campaign voluntarily waived the right to pursue an independent remedy against the Released Entities;

WHEREAS, the notice campaign advised Settlement Class Members of the method by which they could properly file objections and request to be heard at the Final Approval Hearing; and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Final Approval Hearing; having considered all of the files, records, and proceedings in the Action, the benefits to the Settlement Class Members under the Settlement Agreement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, the Settlement Class Members, and Defendants.

2. The Settlement Agreement has been filed with the Court and made available to Settlement Class Members through the website maintained by the Settlement Administrator. The Settlement Agreement is incorporated herein by reference.

3. The Settlement Class Representatives and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class Members in connection with the Settlement Agreement.

4. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Plaintiffs, Settlement Class Counsel, and Defendants and their counsel, and the representatives of the Plaintiffs and Defendants were represented by capable and experienced counsel. In addition, the Court finds that approval of the Agreement and the proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is the product of extensive litigation discovery and motion practice that has effectively informed the litigants of the strengths and weaknesses of their respective litigation positions.

5. The form, content, and method of dissemination of the notice given to potential members of the Settlement Class, including both published notice and individual notice via direct mail and email to all potential members of the Settlement Classes who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

6. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement. The Court has

evaluated the factors identified in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991) and determined the settlement was both fair and adequate.

7. Settlement Class Members have been permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

8. The certification of the Settlement Classes, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed. The Court reaffirms its appointments of Settlement Class Counsel, Settlement Class Representatives, and the Settlement Administrator as set out in the Preliminary Approval Order.

9. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

10. The notice process provided for a fair and reasonable process for those Class Members who do not wish to participate in the class settlement to exclude themselves (or "opt-out"). A list of Persons who properly opted out of the class settlement is attached as Exhibit 1. These opt-out Persons are not bound by this Order and the release of claims described in Paragraph 11. But these opt-out Persons are also forever barred from participating in the class settlement benefits including any monetary payments.

11. After this Order and Judgment has become Final, and all periods for appeal or request for review have either expired or have been resolved (hereafter "the Final Judgment Date"), Defendants and the Released Entities (as that term is defined in the Settlement Agreement) shall be released from any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members,

including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

12. Upon the Final Judgment Date, all Settlement Class Members (whether or not they file a claim) shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims.

13. The expenses of administering the Settlement Agreement shall be paid to the Settlement Administrator in the manner set forth in the Settlement Agreement. Defendants shall have no liability for any fees or costs incurred by the Settlement Administrator or Settlement Class Counsel except as specifically set out in the Settlement Agreement.

14. Incentive awards to the Settlement Class Representatives in the following amount $7,500 each to the filing Plaintiffs Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Bonilla, Maria Lara and Norma Guadalupe Beltran are reasonable and are approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

15. Attorneys' fees, costs and expenses for Settlement Class Counsel in the following amount $900,000 in attorneys' fees and $XXX in costs are reasonable and are

approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

16. Any dispute concerning the aggregate amount or allocation of Settlement Class Counsel's attorneys' fees and expense award shall be a separate and severable matter from all other matters in this Final Judgment and from the finality and fairness of the Agreement with the Settlement Class Members. Any appeal of the Settlement Class Counsel attorneys' fees and expense award shall be severed from this final judgment and shall not affect the finality of this judgment as to the settlement and release of the Settlement Class Members' claims against the Released Parties.

17. Each Class Member who has submitted a timely and complete Claim and Release Form to the Settlement Administrator shall be paid the amount determined by the Settlement Administrator to be awarded to that Class Member in accordance with the terms of the Settlement Agreement.

18. Without in any way affecting the finality of this Final Judgment, the Court hereby reserves its exclusive, general, and continuing jurisdiction over the parties to the Settlement Agreement, including Defendants, all Settlement Class Members, and the Released Entities, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

19. This Order is a Final Judgment, and is in all respects a final, appealable order, and represents res judicata with respect to the Released Claims of the Settlement Class Members.

20. Except as expressly stated otherwise in this Order, the Preliminary Approval Order, or the Settlement Agreement, all costs shall be borne by the party incurring them.


IT IS SO ORDERED:

Date:


_____
Hon. Deborah K. Chasanow

# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| CASA DE MARYLAND, INC., et al, | |
| Plaintiffs, | |
| v. | Civ. Action No.: 8:21-CV-01778-DKC |
| ARBOR REALTY TRUST, INC., et al, | |
| Defendants. | |

**ORDER CERTIFYING SETTLEMENT CLASS AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

UPON CONSIDERATION OF Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Counsel for Plaintiffs has moved under Federal Rules of Civil Procedure 23(e) for an order: (1) preliminarily approving a class settlement on the terms and conditions set forth in the Class Settlement Agreement (the "Settlement Agreement"); (2) appointing a Settlement Administrator; and (3) approving forms and the procedures for class notice.

The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all exhibits attached thereto. On the basis thereof, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2. For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of the Settlement Class, defined as follows:

   **All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.**

3. In light of the agreement to settle the Action and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to members of the Settlement Class;

    c. The claims of the Settlement Class Representatives are typical of the claims of members of the Settlement Class.

    d. The Settlement Class Representatives, represented by counsel experienced in complex environmental and class action litigation, will fairly and adequately protect the interests of the Settlement Class.

    e. In light of the agreement to settle the Action and the resulting elimination of individual issues that Defendants contend preclude certification of a litigation class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of the Class, and

    f. Certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

4. If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped from taking any position relating to class certification.

5. Anita Ramirez, Ramiro Lopez, Ervin Rodas, Jesus Gonzalez, Maria Bonilla, Maria Lara and Norma Guadalupe Beltran are hereby designated as the Settlement Class Representatives for the Settlement Class.

6. The following counsel is designated and authorized to act as Settlement Class Counsel:

    a. Jonathan Nace and Zachary Kelsay of Nidel & Nace PLLC; and P. Joseph Donahue of The Donahue Law Firm, LLC.

7. The Court affirms the authority of Settlement Class Counsel and Settlement Class Representatives to execute the Settlement Agreement on behalf of the Settlement Class Members.

8. The members of the Settlement Class who have not exercised their right to exclude themselves from the Settlement Class agree to release the "Released Entities" (as that term is defined in the Settlement Agreement) from the "Released Claims" (as that term is defined in the Settlement Agreement) including any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

9.  The terms and conditions set forth in the Settlement Agreement place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class.

10. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

11. A hearing (the "Final Approval Hearing") shall be held on XXX, 2023, at XX p.m. eastern time before the undersigned via zoom/in person.

12. The date of the Final Approval Hearing will be included in the Notice of Proposed Class Action Settlement.

13. The purpose of the Final Approval Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing this litigation with prejudice bringing the litigation to a conclusion, forever releasing the Released Persons from all Released Claims, and permanently barring Class Members from bringing any lawsuit or other action based on the Released Claims; and (c) consider other Settlement-related matters including an award of appropriate attorneys' fees, costs, and class representative incentive awards.

14. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Class, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Class.

15. The Court appoints American Legal Claims Services to serve as Settlement Administrator.

16. The Court has reviewed the detailed notice of proposed class action settlement (the "Class Notice"), attached to this Order including the Mail Notice, the Email Notice and the Publication Notice.

17. The Court approves as to form each of the Mail Notice, the Email Notice and the Publication Notice.

18. The Court also approves the method of directing notice to eligible members of the Settlement Class, as set forth in paragraph 19 below.

19. Within twenty-one (21) days of this Order, the Settlement Administrator shall prepare and cause individual copies of the Mail Notice (Ex. 1 to this Order) to be sent by United States First Class Mail to eligible members of the Settlement Class whose mailing addresses can be determined through reasonable effort. The Court determines that the "reasonable effort" standard is met in this case based on the use of the existing apartment addresses and the last known addresses obtained by Defendants. The Settlement Administrator also shall mail copies of the Mail Notice to any other potential members of the Settlement Class that request copies or that otherwise come to its attention.

20. The Settlement Administrator shall also cause the Email Notice, the content of which shall be substantially as set forth in Exhibit 2 to this Order, to be sent to known email addresses of individuals known to be within the Class Definition as provided.

21. The Settlement Administrator shall also cause to be published in print form in English in Hyattsville Life and Times and in Spanish in El Tiempo Latino the Publication Notice, attached hereto as Exhibit 3, for four (4) consecutive weeks.

22. Each Notice shall be available on the website dedicated to this Settlement in both English and Spanish, which shall be maintained by the Settlement Administrator.

23. Finally, the Settlement Administrator shall establish a toll-free phone number to answer questions by the Settlement Class Members and shall leave such toll-free line open until the deadline for submission of Claim Forms.

24. The Court finds that the foregoing plan for notice to eligible members of the Settlement Class will provide the best notice practicable under the circumstances and is in compliance with the requirements of Rule 23 and applicable standards of due process.

25. Prior to the Final Approval Hearing, counsel for Defendants and Settlement Class Counsel shall jointly file with the Court an affidavit from a representative of the Settlement Administrator confirming that the plan for disseminating the notice to the Settlement Class has been accomplished in accordance with the provisions above.

26. Members of the Settlement Class who wish to exclude themselves from the Class must request exclusion within sixty-six (66) days of the entry of this Preliminary Approval Order in accordance with the instructions set forth in the Notice.

27. Settlement Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim and Release Form to the Settlement Administrator. Members of the Settlement Class who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim and Release Form to the Settlement Administrator.

28. Members of the Settlement Class who seek compensation from the Settlement Fund must file a claim by submitting a valid Claim Form online or postmarking it to the Settlement Administrator within forty-five (45) days of the Publication Notice Issuance Date.

29. A Settlement Class Member that resided in multiple units within either Bedford Station or Victoria Station is a member of the Class, unless the Class Member opts out of the Class with respect to all eligible apartments.

30. Members of the Settlement Class who do not request exclusion may submit written objections to the Settlement Agreement and/or the Fee and Service Awards Application no later than the date that is sixty-six (66) days after the date this Preliminary Approval Order is entered.

31. Any Member of the Settlement Class who has not requested exclusion may also attend the Final Approval Hearing, in person or through counsel, and may pursue those objections in person, or if the Member of the Settlement Class has submitted a written objection, through counsel.

32. No Member of the Settlement Class, however, shall be entitled to contest the foregoing matter in writing unless the Member of the Settlement Class has served and filed in person or by mail, postmarked no later than the date that is sixty-six (66) days after the date this Preliminary Approval Order is entered, copies of the statement of objection, together with any supporting brief and all other papers the Member of the Settlement Class wishes the Court to consider.

33. To be effective, a notice of intent to object to the settlement must:

    a.   Contain a heading which includes the name of the case and case number;

    b.   Provide the name, eligible apartment address(es), mailing address, email address, if any, and telephone number and signature of the Settlement Class Member filing the objection;

    c.   Provide documentary proof of membership in the Settlement Class;

    d.   Indicate the specific factual and legal reasons why the Settlement Class Member objects to the proposed class settlement;

    e.   List all cases in which the objector has objected to a class action settlement, including case name, court, and docket number;

    f.   List all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number, if the objector is represented by counsel

    g.   Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, that attorney must comply with all applicable laws and rules for filing pleadings and documents in United States District Court for the District of Maryland; and

    h.   State whether the objecting Settlement Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

34. In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Final Approval Hearing and call witnesses:

    a.   A detailed statement of the specific legal and factual basis for each and every objection;

b.  A list of any and all witnesses whom the Objector may call at the Final Approval

Hearing, with the address of each witness and a summary of his or her proposed

testimony; and

c.  State whether the objection relates only to the objector, or to a subset of the

Settlement Class, or to the entire Settlement Class.

d.  A detailed description of any and all evidence the Objector may offer at the Final

Approval Hearing, including photocopies of any and all exhibits which the Objector

may introduce at the Final Approval Hearing.

35. Any such objection, brief, notice of appearance, or other related document must be mailed

to the Court at the following address:

Clerk of the Court
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

and served upon each of the following persons:

Settlement Class Counsel:
Jonathan B. Nace
Zachary A. Kelsay
Nidel & Nace, PLLC
One Church Street, Suite 802
Rockville, MD 20850;

P. Joseph Donahue
The Donahue Law Firm, LLC
18 West Street
Annapolis, MD 21401

Defendants' Counsel:
Amanda R. Lawrence
Sarah B. Meehan
Orrick Herrington & Sutcliffe LLP
2001 M St. NW, Suite 500
Washington, DC 20036

Scott T. Sakiyama
Orrick Herrington & Sutcliffe LLP
353 N. Clark St., Suite 3600
Chicago, IL 60654; and

Settlement Administrator;
American Legal Claims Services
XXX.

36. Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above or who does not make a record of his or her objection at the Final Approval Hearing will be deemed to have waived any such objection.

37. The Court establishes the following schedule consistent with the Parties' Settlement Agreement:

| | |
|---|---|
| Establishment of Settlement Fund (as defined by the Settlement Agreement). | 7 days after receipt of a copy of the Settlement Agreement executed by Named Plaintiffs. |
| Deadline for filing attorneys' fee petition. | 30 days prior to "Response Deadline" |
| "Response Deadline" for opting out, objecting, or submitting claim. | 66 days after entry of the Preliminary Approval Order |
| Deadline for class counsel, and defendants to respond to any objections (including responses to any objections to the class settlement, class counsel's attorney's fees and costs, and class representatives' incentive awards). | 7 days prior to Final Approval Hearing |
| Final Approval Hearing to be held at any time at least 76 days after the Notice Date. | TBD by Court. |
| Deadline for Payment of Claims | 30 Days after the "Effective Date" as defined by the Settlement Agreement |

38. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

39. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Class for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement (including this Order) shall become void and have no further force or effect. In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

40. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, Defendants, any Settlement Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

41. The court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

# Exhibit 9

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made on this date of August 21st 2023, between Plaintiff CASA, Inc. ("CASA"), formerly known as Casa de Maryland, Inc. and Defendants Bedford United, LLC and Victoria United, LLC (collectively, "Bedford and Victoria").

## I.   RECITALS

**A.   Parties.** CASA and Bedford and Victoria hereby enter into this Agreement to resolve CASA's claims. CASA and Bedford and Victoria are individually referred to hereinafter as a "Party" and collectively as the "Parties." CASA is an immigrant rights membership organization.  Bedford and Victoria are the former owners of the Bedford and Victoria Station apartment complexes (the "Bedford and Victoria Station Apartment Complexes").

**B.   The Lawsuit Encompassed by this Settlement.** On July 19, 2021, CASA filed a lawsuit in the United States District Court for the District of Maryland, *CASA de Maryland, Inc., et al. v. Arbor Realty Trust, Inc., et al.*, Case No. 8:21-cv-01778-DKC (the "Lawsuit"). CASA brought claims on behalf of itself and its members. Additionally, Anita Ramirez, Ramiro Lopez, Ervin Obdulio Rodas, Jesus Gonzalez, Maria Arely Bonilla, Maria Lara, and Norma Guadalupe Beltran (collectively, "Individual Plaintiffs") brought claims in the Lawsuit, including claims seeking to represent a class. The Court dismissed CASA's claims on September 6, 2022, but that order was not a final judgment because the Lawsuit proceeded as to the claims of the Individual Plaintiffs.

**C.   **While discovery related to the claims of the Individual Plaintiffs was ongoing, the Parties and Individual Plaintiffs engaged in mediation and, in that process, exchanged information necessary to resolve the dispute. After 3 separate day-long mediation sessions with an experienced

class action mediator, Linda Singer, on April 20, 2023, the Parties reached an agreement in principle to resolve the Lawsuit, including the claims of the Individual Plaintiffs.

      **D.**    **Denial of Liability**. CASA desires to settle its claims alleged against Bedford and Victoria in the Lawsuit regarding the Bedford and Victoria Station Apartment Complexes, having taken into account the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the Lawsuit will be further protracted and expensive.

      CASA has conducted an extensive investigation of the facts and applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, CASA considers it to be in its best interests to enter into this Agreement to settle its claims against Bedford and Victoria in the Lawsuit (the "Settlement").

      By entering into this Agreement, Bedford and Victoria do not admit that they are liable to CASA. Bedford and Victoria, having taken into account the risks, delay, and difficulties involved in establishing a defense to CASA's potential right to recovery, desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by CASA relating to Bedford's and Victoria's alleged wrongful actions or omissions. Bedford and Victoria deny all liability to CASA.

      This Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Lawsuit, or of any fault on the part of Bedford and Victoria, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

**E.**     In consideration of the foregoing and other valuable consideration, CASA and Bedford and Victoria agree to settle CASA's claims arising from Bedford and Victoria's ownership and management of the Bedford and Victoria Station Apartment Complexes as alleged in the Lawsuit, on the following terms and conditions.

## II.     DEFINITIONS

**A.**     "Bedford's and Victoria's Counsel" means Amanda Lawrence, Scott Sakiyama, and Sarah Meehan of Orrick, Herrington & Sutcliffe LLP.

**B.**     "CASA's Counsel" means Jonathan Riedel and Nicholas Katz.

**C.**     "Class Action Settlement Agreement" means an agreement entered into between the Individual Plaintiffs, as the proposed representatives of the Settlement Class, and Bedford and Victoria to settle the claims of Individual Plaintiffs and the Settlement Class against the Released Entities.

**D.**     "Class Period" means the time period July 19, 2018, through May 23, 2022.

**E.**     "Effective Date" means the date on which this Agreement and the Final Approval Orders are effective pursuant to this paragraph. This Effective Date shall be the later of: (i) 31 days after the docketing and entry of the Final Approval Order which is also the day after the last date for filing a Notice of Appeal, or (ii) the day after any order on appeal becomes final and non-appealable and there are no further proceedings on remand, including no further appeal of orders issued on remand.

**F.**     "Released Claims" means any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by CASA, on behalf of itself or in a representative capacity, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of

3

action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the First Amended Complaint (the "FAC," ECF No. 43).

      **G.**     "Released Entities" means Bedford United, LLC, Victoria United, LLC, Hyattsville United, LLC, Arbor Management Acquisition Company, LLC, Arbor Realty Trust, Inc., Arbor Realty SR, Inc., Arbor Realty Limited Partnership, Realty Management Services, Inc., and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, entities in common control, affiliates, insurers, reinsurers, control persons, predecessors, and successors or any agent acting or purporting to act for them or on their behalf.

      **H.**     "Settlement Class" is defined as:

      All current and prior Tenants who resided at the Bedford and Victoria Station Apartment Complexes between July 19, 2018, and May 23, 2022.

      **I.**     "Tenant" means (i) any person who is listed as a leaseholder or an occupant pursuant to a lease agreement related to a unit at the Bedford and Victoria Station Apartment Complexes during the Class Period, and (ii) any person who otherwise utilized the Bedford and Victoria Station Apartment Complexes as his, her, or their primary residence during the Class Period, regardless of whether such persons were enumerated on a lease agreement.

### III.    RELEASE & CONSIDERATION

In consideration for Bedford and Victoria's agreement to release CASA as outlined below, CASA for and on behalf of its present and future successors, beneficiaries, heirs, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, and forever discharges the Released Entities of the Released Claims and further covenants not to sue any of the Released Entities with respect to any of the Released Claims and any and all claims for attorneys' fees or costs, by lien or otherwise.

In consideration for CASA's agreement to release Bedford and Victoria, Bedford and Victoria for and on behalf of its present and future successors, beneficiaries, heirs, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally and irrevocably remises, releases, and forever discharges CASA of any claim and further covenants not to sue CASA with respect to any of the Released Claims and any and all claims for attorneys' fees or costs, by lien or otherwise.

The Released Entities are the express and intended third-party beneficiaries of this Agreement and shall have the right to enforce its terms.

### IV.    BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of CASA for and on behalf of its present and future successors, beneficiaries, heirs, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through it.

### V.    NOTICES

Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

5

<u>To CASA's Counsel:</u>

Jonathan Riedel
8151 15th Avenue
Hyattsville, MD 20783
jriedel@wearecasa.org

<u>To Bedford and Victoria's Counsel:</u>

Amanda R. Lawrence
Sarah B. Meehan
2001 M Street NW, Suite 500
Washington, D.C. 20036
alawrence@orrick.com
smeehan@orrick.com

Scott T. Sakiyama
353 N. Clark St., Suite 3600
Chicago, IL 60654
ssakiyama@orrick.com

## VI.     ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties.

## VII.     CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of Maryland without respect to its choice of law principles.

## VIII.     REPRESENTATIONS

CASA represents and warrants that it has not sold, assigned, transferred or otherwise disposed of any of the claims, demands or rights that are the subject of this Agreement; and that it shall take all necessary action to effectuate the terms of this Agreement. CASA warrants that it is

the sole and absolute legal and equitable owner of the Released Claims and has the full right and power to execute and deliver the release of the Release Claims contained herein.

CASA agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated.

## IX.    NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise of disputed claims for purposes of achieving an amicable and efficient settlement. Nothing in this Agreement or any of the procedures carried out pursuant thereto shall constitute or be construed as an admission of liability or wrongdoing on the part of the Released Entities. Nothing in this Agreement shall constitute an admission by the Released Entities that the Lawsuit was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Entities of the propriety of the Lawsuit.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Entities or any person or entity associated in any way with the Released Entities.

## X.    CONFIDENTIALITY

It is further understood and agreed and made a part hereof, that  all negotiations leading up to this Agreement, and all information, records or documentation (whether verbal, written or electronic) provided by the Parties in connection with the Lawsuit or this Agreement, shall be kept strictly confidential by the Parties and their counsel, and they shall not disclose, publicize, disseminate, or encourage or permit any person or entity, to disclose, publicize or disseminate any fact with respect to the negotiations or investigation leading up to this Agreement.

7

The Parties further agree that, upon receipt of any subpoena or notice of any proceeding to obtain a court order seeking to compel a party's testimony or the production or documents relating to this Agreement, such party shall, within 5 calendar days thereof, and in any event within a reasonable period of time prior to the time within which production or testimony is required by the terms of said subpoena or court order, provide written notice to the Parties' counsel of any such request to disclose. The Parties shall use their best efforts to prevent any further dissemination or publication of the information disclosed. In the event that the Parties receive an inquiry from any third party concerning the negotiations leading up to this Agreement, the Parties may disclose to such third party only that the parties have "settled their differences and decline further comment." The Parties further agree to refrain from taking any action related to this matter designed to harm the public perception of one another regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. In addition, the terms of this Agreement and all negotiations concerning this Agreement shall be deemed within the protection afforded to compromises and offers to compromise under Rule 408 of the Federal Rules of Evidence and any analogous state laws and principles. Nothing in this Agreement shall constitute precedent or evidence in any other proceeding, with the exception that this Agreement shall be admissible in any proceeding to enforce the terms hereof.

This section shall not be construed to encompass any publicly available information, including the existence of this Agreement and its terms. Nor shall this section be construed to prevent CASA from posting publicly available information about the case and this Agreement on its firm's respective website or in other promotional materials nor require CASA to review and delete any previously posted information. All terms herein and throughout the Agreement shall be

8

construed to be consistent with operative ethical rules, including but not limited to, Rule 19-305.6 of the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts.

Within 7 days after the Effective Date, CASA shall destroy any materials received from the Released Entities and non-parties subpoenaed during the course of this Lawsuit (including but not limited to materials treated as confidential under the terms of the Stipulated Protective Order (ECF No. 115) or this Agreement, and materials that were not treated as confidential under the same) and shall notify counsel for the Released Entities and non-parties subpoenaed by Individual Plaintiffs of the same via email. Within 7 days after the Effective Date, the Released Entities shall destroy any materials received from CASA during the course of this Lawsuit (including but not limited to materials treated as confidential under the terms of the Stipulated Protective Order or this Agreement, and materials that were not treated as confidential under the same) and shall notify CASA Counsel of the same via email.

## XI.    MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by CASA's counsel and Bedford's and Victoria's Counsel.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute 1 instrument for all purposes. The several signature pages may be collected and annexed to 1 or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions

or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

CASA, CASA's counsel, Bedford and Victoria, and Bedford's and Victoria's Counsel consider the Settlement to be fair, reasonable, and adequate, and subject to the terms of this Agreement, will use their best efforts to support this Agreement.

Should any paragraph, provision or clause in this Agreement be found to be ineffective, invalid, or unenforceable, the remainder of this Agreement shall be valid and enforceable, and the Parties shall negotiate, in good faith, a substitute, valid and enforceable provision which more clearly reflects the Parties' intent in entering into this Agreement.

This Agreement is executed voluntarily and without any duress or undue influence on the part of behalf of the Parties hereto, with the full intent of releasing certain claims by CASA. All Parties acknowledge that:

A. They have read this Agreement, have the required authority to execute it, and are competent to execute it;

B. The Parties had the opportunity to seek and rely upon the advice of their counsel in the negotiation and execution of this Agreement;

C. They understand the terms and consequences of this Agreement and of the releases and waivers it contains; they have not relied upon any representations or statements made by the other Party, which are not specifically set forth in this Agreement, and they disclaim any reliance in executing the Agreement on any representations not contained herein.

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

CASA, Inc.

By: _Jonathan Riedel_                    DATE: _____
_____
Jonathan Riedel


Bedford United, LLC

Name: _____           DATE: _____

Signed: _____


Victoria United, LLC

Name: _____           DATE: _____

Signed: _____


11

APPROVED AS TO FORM AND CONTENT:


NIDEL & NACE, P.L.L.C.


By: _____          DATE: ___8/21/2023___
Jonathan Nace


ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____          DATE: 8/21/2023
Amanda R. Lawrence

12