**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA DE MARYLAND, INC., et al, | |
| Plaintiffs, | |
| v. | Civ. Action No.: 8:21-CV-01778-DKC |
| ARBOR REALTY TRUST, INC., et al, | |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

***COME NOW*** Plaintiffs and respectfully file this short supplement in support of Plaintiffs' Petition for Plaintiff Awards, Award of Attorneys' Fees and Reimbursement of Expenses.  ECF #163. In support of this, Plaintiffs state the following:

1. On this March 8, 2024, the Court heard argument on Plaintiffs' Motion for Final Approval of Settlement and the Petition for Attorneys' Fees.

2. The Court in its duty to ensure the settlement and the fee petition are fair and reasonable to the class, inquired as to whether the hours indicated in Plaintiffs' petition in support of the *lodestar* cross-check included hours spent on claims that were dismissed in a preliminary motion, namely the federal Fair Housing Act claims.

3. As Judge Bennett has explained, "where the lodestar fee is used as a mere cross-check to the percentage method of determining reasonable attorneys' fees, the hours documented by counsel need not be exhaustively scrutinized by the district court." *Fangman v. Genuine Title, LLC*, Civil Action No. RDB-14-0081, at *12 (D. Md. June 15, 2017) (cleaned up).

4. Counsel respectfully states that because the FHA claims and the surviving common law claims sought compensation for and were based on the alleged defects rendering the homes uninhabitable, the claims are so intertwined such that no reduction for lost claims is necessary.

5.  Plaintiffs respectfully refer the Court to *Brodziak v. Runyon*, 145 F.3d 194 (4th Cir. 1998) and

    suggest the analysis of the fee petition here is similar to that in *Brodziak*.

6.  In *Brodziak* the Fourth Circuit ruled that

    > "the most critical factor" in calculating a reasonable fee award "is the degree
    > of success obtained"; when "a plaintiff has achieved only partial or limited
    > success, the product of hours reasonably expended on the litigation as a whole
    > times a reasonable hourly rate may be an excessive
    > amount." However, the *Hensley* Court explicitly rejected the notion that a
    > court may calculate an award of attorneys' fees by means of a purely
    > mathematical comparison between the number of claims pressed and the
    > number prevailed upon, observing that "[s]uch a ratio provides little aid in
    > determining what is a reasonable fee in light of all the relevant
    > factors." Rather, the appropriate inquiry concerns whether the claims on
    > which the plaintiff prevailed are related to those on which he did not.

    *Brodziak*, 145 F.3d at 196–97 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435, n.11, 436, 103

    S.Ct. 1933, 76 L.Ed.2d 40 (1983); (citing *Farrar v. Hobby*, 506 U.S. 103, 114–15, 113 S.Ct.

    566, 121 L.Ed.2d 494 (1992).

7.  Here, like in *Brodziak* asking for a percentage of hours of successful versus on successful claims

    would produce "[s]uch a ratio [that] provides little aid in determining what is a reasonable fee

    in light of all the relevant factors." *Id.*

8.  This is the type of case in which "…all claims 'involve a common core of facts . . . [m]uch of

    counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide

    the hours expended on a claim-by-claim basis.'" *Id.* at 197

9.  With citation to the Supreme Court, the doctrine that there should be no reduction for

    "unsuccessful claims" was aptly summarized thusly:

    > *Hensley* instructs that courts should not reduce fees simply because a plaintiff has not
    > prevailed on all claims. 461 U.S. at 434-37; *Hescott v. City of Saginaw*, 757 F.3d 518, 527
    > (6th Cir. 2014) ("We have repeatedly rejected mechanical reductions in fees based on
    > the number of issues on which a plaintiff has prevailed.") (quoting *De ja Vu, Inc. v.
    > Metro. Gov't of Nashville & Davidson Cnty, Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005) );
    > *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("In no case should
    > a court reduce the full fee award 'simply by using a ratio of successful claims to claims
    > raised.' ") (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013)).

Rather, the court should consider whether work performed for one or more unsuccessful claims can also apply to successful claim(s). Where a plaintiff's claims involve "a common core of facts" or are based on "related legal theories, ... [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435; see also, *Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) ("... when claims 'involve a common core of facts' or are 'based on related legal theories,' the district court's rejection of certain grounds is not a sufficient reason for reducing a fee. There is no precise test for determining whether claims are related.") (quoting *Hensley*, 461 U.S. at 437); *Thurman v. Yellow Freight Sys.*, Inc., 90 F.3d 1160, 1169 (6th Cir. 1996) ("When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.")

*Robinson v. Hosto & Buchan*, PLLC, No. 2:12-CV-30-CLC-CHS, 2016 WL 11431829, at *2 (E.D. Tenn. Jan. 27, 2016), report and recommendation adopted sub nom. *Robinson v. Sherman Fin. Grp., LLC*, No. 2:12-CV-30, 2016 WL 1313082 (E.D. Tenn. Apr. 4, 2016)

10. Plaintiffs also kindly refer the Court to *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241 (3d Cir. 2009), in which the Third Circuit denied an objection to a district court's approval of attorneys' fees without reduction for certain lost claims and cited the district court's refusal to do so approvingly.

11. The Third Circuit approvingly noted: "The District Court rejected the claim that Class Counsel was seeking to recover fees based on non-Zurich Settlement related issues, explaining that there are situations where the plaintiffs [sic] claims for relief will involve a common core of facts or will be based on related legal theories and that much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'" *In re Ins.*, at 282 (cleaned up).

12. Understanding this Court is seeking to fulfill its duty to ensure fairness to the class, Plaintiffs suggest that the Court is not required to approve fees only on won claims, especially given the interrelatedness of the claims here.

13. Ultimately, the FHA and the common law claims **all** sought to address the living conditions

at the Bedford United and Victoria United apartment complexes, and the settlement to the class provided such.  These claims are all factually intertwined.

14. Plaintiffs also note 1) without the *lodestar* cross-check the amount of the percentage of recovery sought (30%) is fair, 2) Plaintiffs' counsel noted but did not attempt to quantify the relief obtained with the filing of the lawsuit related to the sale of the property by the Defendants to new ownership, and 3) the ultimate outcome to the class is a very good result resulting in thousands of dollars to each validated class member that submitted a claim.

15. Plaintiffs and counsel reincorporate the arguments already made in ECF #163 supporting their Petition for Attorneys' Fees as a percentage of the fund.

**WHEREFORE**, Plaintiffs respectfully supplement their Petition for Attorneys' Fees and Petition.

Respectfully submitted,

/s/ Jonathan Nace
**Nidel & Nace, P.L.L.C.**
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com
zach@nidellaw.com

P. Joseph Donahue
Bar Number 06245
**The Donahue Law Firm, LLC**
18 West Street
Annapolis, Maryland 21401
Telephone: (410) 280-2023
pjd@thedonahuelawfirm.com

*Attorneys for the Named Plaintiffs*
*and the Putative Class*

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of March 2024, I caused a copy of the foregoing to be served upon all parties and the Court via ECF service.

*/s/ Jonathan Nace*
Jonathan Nace, Esquire
Bar Number: 18246